# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>    **Plaintiffs**<br><br><br>**v.**<br><br><br><br>LEXMARK INTERNATIONAL, INC.<br><br>    **Defendant and Third-Party Plaintiff**<br><br><br>**v.**<br><br><br><br>COMPAQ COMPUTER CORPORATION<br><br>    **Third-Party Defendant** | Civil Action No. 04-CV-583 (GMS) |

## REPLY IN SUPPORT OF LEXMARK'S MOTION FOR
## THE COURT TO ORDER A TRIAL BY JURY

On February 9, 2005, Defendant and Third-Party Plaintiff Lexmark International, Inc. ("Lexmark"), pursuant to Rule 39(b) of the Federal Rules of Civil Procedure, filed its motion ("Lexmark Motion") for the Court to order a trial by jury of the issues raised by Plaintiff InaCom Corp. ("InaCom") in its complaint against Lexmark, and of the issues raised by Lexmark in its third-party complaint against Third-Party Defendant Compaq Computer Corporation ("Compaq").  (Lexmark Motion / D.I. 25, 26).  On February 22, 2005, InaCom filed a response

("InaCom Response") in opposition to the motion.[1]  (InaCom Response / D.I. 29).  Compaq did not file a response to the motion.

InaCom agrees with Lexmark that the test for whether the Court should exercise its discretion and grant Lexmark's motion for a jury trial is set out in *SEC v. The Infinity Group Co.,* 212 F.3d 180 (3d Cir. 2000).  The five factors to be considered in applying the test are

> 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for the failure to file a timely demand.

*Id.* at 196.  InaCom disputes that Lexmark has satisfied four of the five factors.  InaCom indicates that the only factor perhaps satisfied is whether granting the motion disrupts the Court's schedule.  However, review of Lexmark's opening memorandum and InaCom's response memorandum make clear that Lexmark has satisfied each of the five factors.  Accordingly, Lexmark will only address in this reply the most important factor — whether the adverse parties would be prejudiced.

In addressing whether Lexmark has satisfied the most important factor, whether any prejudice would result to the adverse party, InaCom candidly argues that it will be prejudiced if a jury trial is held because a jury will be less sympathetic than the Court in considering a preference claim.  (InaCom Response at 7-9 / D.I. 29).  Of course, InaCom's conclusion is highly speculative.  More importantly, even assuming InaCom is correct in its belief, "having to try a case before a jury rather than a court is not a factor prejudicial to the non-moving party."  *EXDS, Inc. v. RK Electric, Inc.*, 301 B.R. 436 (Bankr. D. Del. 2003).  This is not surprising.  "Although cases have held that the right to a jury trial can be waived due to an untimely request caused by mere inadvertence or mistake, . . . waiver of a constitutional right should not be made lightly."

---

[1]    InaCom's response was served on February 22, 2005, but not received by lead counsel for Lexmark until February 28, 2005.

SL1 521886v1/04907.003

*Truesdale v. State Farm Fire & Casualty Co.*, 960 F. Supp. 1511, 1521 (N.D. Okla. 1997) (citations omitted).    "[A]bsent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." *Id.*

While InaCom has opposed Lexmark's motion for a jury trial, it will not be prejudiced if a jury trial is held of the claims alleged in its complaint against Lexmark.  In addition, Compaq has not objected to a jury trial of the claims alleged by Lexmark in its third-party complaint against Compaq.  Under the circumstances, Lexmark submits that its motion for a jury trial should be granted.

Respectfully submitted,


 */s/ Joseph Grey*
Joseph Grey (No. 2358)
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel:    (302) 425-3307
Fax:    (302) 654-5181

and

Culver V. Halliday
Adam T. Goebel
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel:    (502) 568-9100
Fax:    (502) 568-5700

Counsel for Defendant and Third-Party
Plaintiff Lexmark International, Inc.

March 7, 2005

3