## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

**INACOM CORP., et al.**

    **Plaintiffs**

v.

**LEXMARK INTERNATIONAL, INC.**

    **Defendant and Third-Party Plaintiff**

v.

**COMPAQ COMPUTER CORPORATION**

    **Third-Party Defendant**

Civil Action No. 04-CV-583 (GMS)

## OPENING MEMORANDUM IN SUPPORT OF LEXMARK'S MOTION FOR THE COURT TO ORDER A TRIAL BY JURY

STEVENS & LEE, P.C.

Joseph Grey (No. 2358)
Thomas G. Whalen Jr. (No. 4034)
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel:    (302) 425-3304
Fax:    (610) 371-8512

STOLL, KEENON & PARK, LLP

Culver V. Halliday
Adam T. Goebel
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel:    (502) 568-9100
Fax:    (502) 568-5700

Dated: February 9, 2005

*Attorneys For Defendant And Third-Party Defendant Lexmark International, Inc.*

DKT. NO. 26
DT. FILED 2|9|05

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS……………………………………………………..  i

TABLE OF AUTHORITIES……………………………………………….ii

I.    INTRODUCTION……………………………………………………… 1

II.   NATURE AND STAGE OF THE PROCEEDINGS……………………… 1

III.  SUMMARY OF THE ARGUMENT…………………………………… 2

IV.   STATEMENT OF FACTS…………………………………………… 3

V.    ARGUMENT AND AUTHORITIES…………………………………… 5

     A.    Lexmark Did Not Waive Its Right To A Jury Trial Because It Did Not File A Proof Of Claim…………………………………………5

     B.    The Court Should Exercise Its Discretion And Order A Jury Trial…6

          1.    The First Factor…………………………………………..7

          2.    The Second Factor……………………………………… 7

          3.    The Third Factor…………………………………………. 8

          4.    The Fourth Factor……………………………………….. 9

          5.    The Fifth Factor…………………………………………. 9

VI.   CONCLUSION…………………………………………………….. 12

SL1 514513v1/04907.003

# TABLE OF AUTHORITIES

**Page**

## Cases:

*SEC v. The Infinity Group Company*, 212 F.3d 180 (3d Cir. 2000)................... 2-3

*Goldstein v. K-Swiss, Inc.*, Nos. 99-4110 – 99-4117, 2002 Bankr. LEXIS 330
    (Bankr. D. Del. April 9, 2002)........................................................... 6

*Travelers Int'l AG v. Robinson*, 982 F.2d 96 (3d Cir. 1992)............................. 6

*Schoenthal v. Irving Trust Co.*, 287 U.S. 92 (1932)....................................7

*Amoco Oil Co. v. Torcomian*, 722 F.2d 1099 (3d Cir. 1983)........................... 7

*Liriano v. Hobart Corp.*, 162 F.R.D. 453 (S.D.N.Y. 1995)............................ 8

*Thompson v. Fritsch*, 172 F.R.D. 269 (S.D. Mich. 1997)............................... 8

*Richardson v. Advanced Pulver Systems, Inc.*, No. 01-CV-3459,
    2002 U.S. Dist. LEXIS 12145 (E.D. Pa. March 12, 2002).................... 8

*Miller v. Acxiom Corp.*, No. 95-7121, 1996 U.S. Dist. LEXIS 7461
    (E.D. Pa. May 30, 1996)............................................................. 9

*Official Committee of Unsecured Creditors of Integrated Health Services, Inc. v.
    Elkins (In re Integrated Health Services, Inc.)*, 291 B.R. 615
    (Bankr. D. Del. 2003)................................................................ 9

*Truesdale v. State Farm Fire & Casualty Co.*, 960 F. Supp. 1511
    (N.D. Okla. 1997)................................................................... 10

*Lee v. Boyle-Midway Household Prods., Inc.*, 785 F. Supp. 533 (W.D. Pa. 1992)... 11

## Rules of Procedure:

Fed. R. Civ. P. 39(b)................................................................... 2

Fed. R. Civ. P. 38(b)................................................................... 6

**Other Authorities:**

9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2334
    (2d ed. 1995)..................................................................................11

iii

## I. INTRODUCTION

Defendant and Third-Party Plaintiff Lexmark International, Inc. ("**Lexmark**"), pursuant to Rule 39(b) of the Federal Rules of Civil Procedure, moves the Court to order a trial by jury of the issues raised by Plaintiff InaCom Corp. ("**InaCom**") in its complaint against Lexmark, and of the issues raised by Lexmark in its third-party complaint against Third-Party Defendant Compaq Computer Corporation ("**Compaq**").

## II. NATURE AND STAGE OF PROCEEDINGS

On June 28, 2004, the Court's order was entered withdrawing the reference to the Bankruptcy Court of a number of adversary proceedings brought by InaCom — including the adversary proceeding brought by InaCom against Lexmark.

On September 27, 2004, the Court held a telephonic scheduling conference in eight of the former adversary proceedings brought by InaCom where the reference to the Bankruptcy Court had been withdrawn. In addition to this action against Lexmark, the other seven actions are *InaCom Corp., et al. v. Tech Data Corp.*, Civil Action No. 04-CV-148 (GMS), *InaCom Corp., et al. v. Ingram Micro, Inc.*, Civil Action No. 04-CV-580 (GMS), *InaCom Corp., et al. v. Dell Computer Corp.*, Civil Action No. 04-CV-582 (GMS), *InaCom Corp., et al. v. Resilien Inc.*, Civil Action No. 04-CV-584 (GMS), *InaCom Corp., et al. v. Nextel Communications, Inc.*, Civil Action No. 04-CV-592 (GMS), *InaCom Corp., et al. v. Ingram Entertainment Inc.*, Civil Action No. 04-CV-593 (GMS) and *InaCom Corp., et al. v. Sigma Data Inc.*, Civil Action No. 04-CV-601 (GMS).[1]    During the conference, counsel for Lexmark advised the Court that, the

---

[1]        A stipulation of dismissal of the action styled *InaCom Corp., et al. v. Ingram Micro, Inc.*, Civil Action No. 04-CV-580 (GMS) was entered by the Court on January 28, 2005.

1

reference to the Bankruptcy Court having been withdrawn, Lexmark was considering moving for a trial by jury.

Following the telephonic scheduling conference, on November 24, 2004, the Court entered a scheduling order scheduling various pretrial deadlines and the eight actions for trial by the Court without a jury beginning on October 17, 2005.

InaCom, Lexmark and the other defendants to the actions, Tech Data Corp., Dell Computer Corporation, Resilien Inc., Nextel Communications, Inc., Ingram Entertainment Inc. and Sigma Data Inc., on January 13, 2005 tendered an agreed order to the Court. The agreed order provides for the enlargement of the periods originally provided for pretrial matters, including the completion of discovery. The agreed order does not presume to change the date of the trial of the actions or in any other way to affect the Court's docket.

### III. SUMMARY OF THE ARGUMENT

This Court has the discretion to grant Lexmark's untimely motion for a jury trial under Fed. R. Civ. P. 39(b). Lexmark did not file a claim in InaCom's bankruptcy, and therefore did not waive its right to a trial by jury in that manner.

While Lexmark did delay in bringing its motion for a jury trial, the delay was due to more than mere inadvertence or mistake. It was due to the fact that the Bankruptcy Court, in which this action was originally brought, has not been given the power to conduct jury trials, and thus, any demand for a trial at that point would have been meaningless.

Even if this Court finds that the delay was due to inadvertence or mistake, four of the five factors looked at by the Third Circuit in *SEC v. The Infinity Group Company*, 212

2

F.3d 180, 196 (3d Cir. 2000), weigh in favor of granting Lexmark a jury trial. Thus, Lexmark's motion should be granted.

## IV. STATEMENT OF FACTS

As is alleged in the complaint it filed against Lexmark ("**Complaint**"), InaCom was a "leading single-source provider of information technology products and technology management services to primarily Fortune 1000 clients."[2] (Complaint ¶ 1 / D.I. 2). As is also alleged in the Complaint, Lexmark was one of InaCom's vendors. (Complaint ¶ 2 / D.I. 2).

InaCom filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the District of Delaware ("**Bankruptcy Court**"), on June 16, 2000. (Complaint ¶ 1 / D.I. 2). Thereafter, in May 2002, InaCom filed a number of adversary proceeding complaints against those that had received payments from InaCom within the ninety-day period preceding the filing of its bankruptcy petition. The defendants to the adversary proceedings included companies like Lexmark that had supplied InaCom with the information technology products it sold.

InaCom filed the Complaint against Lexmark on May 23, 2002. InaCom alleged in the Complaint that it had made payments totaling $2,928,090.91 to Lexmark during the ninety-day period preceding the filing of InaCom's bankruptcy petition. (Complaint ¶ 7 / D.I. 2). InaCom asked the Bankruptcy Court to "avoid" the payments and order Lexmark to repay the money to InaCom, pursuant to 11 U.S.C. §§ 547 and 550.

---

[2]     "InaCom" includes the affiliated debtors InaCom Corp., InaCom Latin America, InaCom Solutions, Inc., InaCom Communications, Inc., InaCom Financial Services, Inc., Perigee Communications, Inc., Networks, Inc., Gorham Clark, Inc., InaCom International, Inc., InaCom Tennessee, Inc., InaCom Professional Services, Inc., Kure Associates, Inc., Office Products of Minnesota, Inc., Boston Computer Exchange Corporation, PC Technical Services, Inc., Vanstar Corporation, Computerland International Development, Inc., Computerport World Trade, Inc., Vanstar International Corporation, VST West, Inc., VST Illinois, Inc., VSTNC, Inc., Cland Tex, Inc., InaCom Government Systems, Inc., Contract Data, Inc., Computer Professionals, Inc. and Vanstar Professional Technical Resources, Inc. (Complaint n.1 / D.I. 2).

3

Lexmark filed its answer ("**Answer**") to the Complaint on June 21, 2002. After obtaining leave from the Bankruptcy Court, Lexmark also filed a third-party complaint ("**Third-Party Complaint**") against Compaq and ITY Corp., a wholly owned subsidiary of Compaq, on December 12, 2002. ITY Corp. subsequently changed its name to Custom Edge, Inc. and was merged with Compaq. Compaq was the surviving company. Compaq, after the occurrence of the matters at issue here, merged with Hewlett-Packard Company ("**HP**"). HP is the surviving company. HP is the successor in interest for ITY Corp., Custom Edge, Inc. and Compaq.

Lexmark alleged in the Answer that it was not liable to InaCom for any claim alleged in the Complaint. In defense of InaCom's claims, Lexmark alleged in the Answer that InaCom had not been insolvent when the payments were made, and the payments were made in the ordinary course and according to ordinary business terms. (Answer ¶¶ 2, 10 / D.I. 2). Lexmark also alleged in the Answer that the monies paid to Lexmark had been "earmarked" for that purpose by InaCom and Compaq. (Answer ¶ 12 / D.I. 2).

As is alleged in the Third-Party Complaint, an agreement ("**Asset Purchase Agreement**") was entered into by InaCom, Compaq and ITY Corp. on January 4, 2000, whereby ITY Corp. acquired assets of InaCom and some of its liabilities. (Third-Party Complaint ¶¶ 9, 10, 11 / D.I. 2). Among the liabilities assumed by ITY Corp. was responsibility for payment of InaCom's accounts payable obligations to certain vendors — including Lexmark. (Asset Purchase Agreement, Schedule 2.03).[3] By letter dated February 16, 2000, Bill Francis, Director of Corporate Finance for Compaq, confirmed that Compaq had "assumed the obligation to pay all of the outstanding amount" owed on

---

[3]    A copy of the Asset Purchase Agreement is attached as "Exhibit A" to the Third-Party Complaint (D.I. 2).

4

InaCom's account with Lexmark.[4]  Lexmark alleges in the Third-Party Complaint that if it must repay to InaCom the money that InaCom paid to it, then Compaq must make payment to Lexmark.  (Third-Party Complaint ¶ 21 / D.I. 2).

## V. ARGUMENT AND AUTHORITIES

Lexmark moves the Court to order a trial by jury of the issues raised in the Complaint by InaCom against Lexmark, and of the issues raised in the Third-Party Complaint by Lexmark against Compaq, pursuant to Fed. R. Civ. P. 39(b).  Lexmark did not submit a proof of claim against InaCom's bankruptcy estate, and thus did not waive its right to a jury trial.  The reference to the Bankruptcy Court having been withdrawn, Lexmark respectfully submits that the Court should, in the exercise of its sound discretion, grant Lexmark's motion and order a trial by jury.

### A. Lexmark Did Not Waive Its Right To A Jury Trial Because It Did Not File A Proof Of Claim

In considering whether Lexmark's motion for a trial by jury should be granted, the first issue is whether Lexmark waived its right by submitting a claim.  The right to a jury trial of a preference claim depends on whether a creditor has submitted a claim against the bankruptcy estate:

> Specifically, if a creditor files claims against the bankruptcy estate and is then met with a preference action from the trustee, that action becomes part of the claims allowance process which is triable only in equity. *Langenkamp v. Culp*, 498 U.S. at 44.  Thus, there is no Seventh Amendment right to a jury trial.  *Id.*  If, however, the creditor has not filed a claim against the debtor's estate, the creditor is entitled to a jury trial on the issue of whether the payments constituted an avoidable preference.  *Id.* This exception is intended for individuals who have not filed claims but from whom the trustee seeks to recover an allegedly fraudulent or preferential transfer.

---

[4]     A copy of Mr. Francis's February 16, 2000 letter is attached as "Exhibit B" to the Third-Party Complaint (D.I. 2).

*Goldstein v. K-Swiss, Inc.*, Nos. 99-4110 – 99-4117, 2002 Bankr. LEXIS 330, at \*2 (Bankr. D. Del. April 9, 2002). *See also Travelers Int'l AG v. Robinson*, 982 F.2d 96, 98 (3d Cir. 1992) (by submitting a proof of claim to the debtor's estate a creditor "effectively waived it right to a jury trial and submitted itself to the equitable jurisdiction of the bankruptcy court").

Lexmark did not file or otherwise submit a proof of claim to InaCom's bankruptcy estate. Therefore, Lexmark did not waive its Seventh Amendment right to a jury trial.

## B. The Court Should Exercise Its Discretion And Order A Jury Trial

Fed. R. Civ. P. 38(b) provides that a party may demand a trial by jury of any issue triable of right by a jury by serving on the other parties "a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." *Id.* Lexmark did not do so. However, as discussed above, Lexmark did not submit a proof of claim against InaCom's bankruptcy estate, and thus did not waive its right to a jury trial. The Court has authority to order a jury trial under Fed. R. Civ. P. 39(b).

Fed. R. Civ. P. 39(b) provides as follows:

**(b) By the Court.** Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues.

*Id.* (Emphasis in original). Five factors to be considered by a district court in determining whether to grant an untimely jury demand are

6

> 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for the failure to file a timely demand.

*SEC v. The Infinity Group Company*, 212 F.3d 180, 196 (3d Cir. 2000). Consideration of the factors here makes clear that Lexmark's motion for a jury trial should be granted.

### 1. The First Factor

With respect to the first factor to be considered by the Court, whether the issues are suitable for a jury, there can be no dispute. InaCom has brought preference claims against Lexmark in the Complaint. If the "creditor against whom the preference action is brought has not filed a proof of claim, the preference action 'amounts only to a legal action to recover a monetary transfer.'" *Goldstein v. K-Swiss, Inc.*, Nos. 99-4110 – 99-4117, 2002 Bankr. LEXIS 330, at *3-4 (Bankr. D. Del. April 9, 2002) (quoting *In re Heater*, 261 B.R. 145, 148 (Bankr. W.D. Pa. 2001)) (copy at tab 1). Where the preference action is for money payments of definite amounts, the remedy is at law. *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 95 (1932). Likewise, the breach of contract claim brought by Lexmark against Compaq in the Third-Party Complaint is clearly an issue of law for a jury. *Amoco Oil Co. v. Torcomian*, 722 F.2d 1099, 1104 & n.12 (3d Cir. 1983) (holding that "[a] routine claim such as that presented here for damages stemming from breach of contract is legal" and stating that a breach of contract claim is "an indisputably legal claim").

### 2. The Second Factor

The second factor is whether a jury trial would disrupt the schedule of the Court or adverse parties. It would not. The trial of the action is set to begin on October 17,

7

2005. The Court's docket will not be affected by granting Lexmark's motion as ordering a jury trial requires no change of the trial date. While Lexmark cannot imagine what discovery would be necessary for a jury trial that is not necessary for a bench trial, there is no shortage of time to accomplish such discovery. Any additional discovery InaCom and Compaq may believe is necessary to prepare for a jury trial can be accomplished in the over eight months remaining before the trial.[5]

### 3. The Third Factor

The third factor is whether any prejudice would result to the adverse parties. "In the context of a Rule 39(b) motion, prejudice must arise from the untimeliness of a jury demand and not simply from the possibility that the trier of fact may be a jury or the Court." *Liriano v. Hobart Corp.*, 162 F.R.D. 453, 456 (S.D.N.Y. 1995).[6] Any claimed prejudice must be shown with specificity. *See Thompson v. Fritsch*, 172 F.R.D. 269, 270 (S.D. Mich. 1997) ("This Court is satisfied that defendants' conclusory proclamations of prejudice are insufficient, in light of the Seventh Amendment right to a jury trial, to prevent this Court from allowing plaintiff's case to be heard by a jury.").

Prejudice is usually only found if a motion for a jury trial is made after the completion of discovery and on the eve of trial. Where, as here, discovery is ongoing and the trial of the action is eight months away there is no prejudice to the adverse parties. *Richardson v. Advanced Pulver Systems, Inc.*, No. 01-CV-3459, 2002 U.S. Dist. LEXIS

---

[5]        As previously stated, on January 13, 2005, the parties tendered to the Court an agreed order enlarging through March 31, 2005 the period for discovery.

[6]        In *EXDS, Inc. v. RK Electric, Inc.*, 301 B.R. 436 (Bankr. D. Del. 2003), the bankruptcy court, in considering a creditor's motion to withdraw its proof of claim to allow a trial by jury of a preference claim against it, held that "having to try a case before a jury rather than a court is not a factor prejudicial to the non-moving party."

8

12145 (E.D. Pa. March 12, 2002) (copy at tab 2). InaCom and Compaq will have more than adequate time to prepare for a jury trial.

### 4. The Fourth Factor

The fourth factor is how long the party delayed in bringing the motion for a jury trial. The last pleading in this matter, Compaq's answer to the Third-Party Complaint, was filed with the Bankruptcy Court on January 8, 2003. Lexmark had ten (10) days from the service of the Third-Party Complaint to demand a trial by jury under Fed. R. Civ. P. 38(b). It did not do so. However, while Lexmark may have delayed two years in bringing its motion, the delay is not significant if InaCom and Compaq have adequate time to prepare for a jury trial. *Miller v. Acxiom Corp.*, No. 95-7121, 1996 U.S. Dist. LEXIS 7461, at \*7 (E.D. Pa. May 30, 1996) (copy at tab 3). Eight months is adequate time to prepare.

### 5. The Fifth Factor

The fifth factor to consider is the reason or reasons for the failure to file a timely demand. Lexmark did not file a timely demand for a trial by jury because the action began as an adversary proceeding filed with the Bankruptcy Court. A demand by Lexmark for a jury trial would have been ineffective, as this Court has not given authority for the judges of the Bankruptcy Court to conduct jury trials. *See Official Committee of Unsecured Creditors of Integrated Health Services, Inc. v. Elkins (In re Integrated Health Services, Inc.)*, 291 B.R. 615, 622 (Bankr. D. Del. 2003) ("In this District [District of Delaware], the Bankruptcy Judges have not been specifically designated by the District Court to conduct a jury trial. Therefore, even if the parties consent, we may not

9

conduct a jury trial."). The reference to the Bankruptcy Court having been withdrawn, Lexmark has now made the appropriate motion for a trial by jury.

In *Thompson v. Fritsch*, 172 F.R.D. 269, 270 (E.D. Mich. 1997) (citations omitted), the district court explained that, while the Second and Ninth Circuit "have held that a Rule 39(b) motion must be denied if the only reason for delay was mistake or inadvertence," the "Sixth Circuit has adopted the more liberal approach of granting Rule 39(b) motions in the absence of strong and compelling reasons to the contrary." Obviously, the failure of Lexmark to make a timely demand for a jury trial was not a matter of mistake or inadvertence. However, assuming arguendo that it had been, Lexmark's motion for a jury trial should still be granted.

As the district court held in *Truesdale v. State Farm Fire & Casualty Co.*, 960 F. Supp. 1511, 1521 (N.D. Okla. 1997) (citations omitted), "[a]lthough cases have held that the right to a jury trial can be waived due to an untimely request caused by mere inadvertence or mistake, . . . waiver of a constitutional right should not be made lightly," and in the Tenth Circuit, "absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial."

The Third Circuit has not addressed whether the failure to timely demand a jury trial because of mere inadvertence or mistake requires denial of a motion for a trial by jury under Fed. R. Civ. P. 39(b). Lexmark submits that, in the event the Court was to determine the failure to make a timely demand was the result of mere inadvertence or mistake, the better view is that there is no waiver. "Technical insistence upon imposing a penalty for failing to follow the demand procedure by denying a jury trial is not in the

10

spirit of the Federal Rules." 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2334 (2d ed. 1995).

In *Richardson v. Advanced Pulver Systems, Inc.*, No. 01-CV-3459, 2002 U.S. Dist. LEXIS 12145 (E.D. Pa. March 12, 2002), the district court for the Eastern District of Pennsylvania applied the five factors in deciding whether to grant a jury trial under Fed. R. Civ. P. 39(b) where a demand had not been timely made. The district court, finding the failure to make a timely demand was the result of mere inadvertence, oversight or lack of diligence, held that the fifth factor weighed "against granting Plaintiff's request." *Id.* at *6. However, because all other factors weighed "in favor of granting Plaintiff's request for a jury trial," the district Court granted the request. *Id. See also Lee v. Boyle-Midway Household Prods., Inc.*, 785 F. Supp. 533, 535 (W.D. Pa. 1992) (stating that "no single factor is determinative" when looking at the five factors to determine if a jury trial should be granted under Rule 39(b)). Likewise, here, if the Court were to conclude that Lexmark's failure to timely demand a trial was the result of mere inadvertence or mistake, all other factors weighing in favor of granting Lexmark's motion, a jury trial should be ordered.

11

## VI. CONCLUSION

For the foregoing reasons, Lexmark's motion for the Court to order a trial by jury of the issues raised in the Complaint and Third-Party Complaint by Lexmark, should be granted.

Dated: February 9, 2005

Respectfully submitted,

Joseph Grey (No. 2358)
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel:     (302) 425-3304
Fax:    (610) 371-8512
E-mail: tgw@stevenslee.com

and

Culver V. Halliday
Adam T. Goebel
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel:     (502) 568-9100
Fax:    (502) 568-5700

*Attorneys for Defendant and Third-Party Plaintiff Lexmark International, Inc.*

12

TAB 1

LEXSEE 2002 BANKR. LEXIS 330

**IN RE: Just for Feet, Inc., et al., Debtors, Charles R. Goldstein, Chapter 7 Trustee, Plaintiff, v. K-Swiss, Inc., Defendant**

**Bankruptcy No. 99-4110 through 99-4117 (jointly administered), Chapter 7, Adversary No. 01-08306 (JKF)**

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

*2002 Bankr. LEXIS 330*

**April 9, 2002, Decided**

**DISPOSITION:** Defendant entitled to a jury trial in this avoidance action. Chapter 7 trustee's motion to strike the demand for jury trial denied. Court recommended that the District Court grant the motion to withdraw the reference to the bankruptcy court.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] John T. Carroll III, Esquire, Martin T. Fletcher, Esquire, for Plaintiff Charles R. Goldstein, Chapter 7 Trustee.

Joseph Grey, Esquire, Mitchell A. Karlan, Esquire, for Defendant K-Swiss, Inc.

**JUDGES:** Judith K. Fitzgerald, U.S. Bankruptcy Judge.

**OPINIONBY:** Judith K. Fitzgerald

**OPINION:**

**RECOMMENDATION AND ORDER**

The Chapter 7 Trustee filed a complaint against Defendant K-Swiss Inc. to avoid preferential transfers and to recover property pursuant to *11 U.S.C. § 547*. In response, K-Swiss, Inc., filed three pleadings: (1) Answer and Jury Trial Demand; (2) Motion for Determination of Core Status; and (3) Motion to Withdraw the Reference to the Bankruptcy Court. The parties agree and the court finds that this avoidance action is a core proceeding pursuant to *28 U.S.C. § 157*(b)(2)(F). Thus, the court will address the Jury Trial

Demand, the Chapter 7 Trustee's motion to strike the jury trial demand, and the Motion to Withdraw the Reference.

*I. Jury Trial Demand*

The U.S. Supreme Court has held that "'a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the [*2] estate.'" *Langenkamp v. Culp, 498 U.S. 42, 45, 112 L. Ed. 2d 343, 111 S. Ct. 330 (1990)*, rehearing denied, *498 U.S. 1043, 112 L. Ed. 2d 709, 111 S. Ct. 721 (1990)*, quoting *Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58, 106 L. Ed. 2d 26, 109 S. Ct. 2782 (1989)*. Specifically, if a creditor files claims against the bankruptcy estate and is then met with a preference action from the trustee, that action becomes part of the claims allowance process which is triable only in equity. *Langenkamp v. Culp, 498 U.S. at 44*. Thus, there is no Seventh Amendment right to a jury trial. Id. If, however, the creditor has not filed a claim against the debtor's estate, the creditor is entitled to a jury trial on the issue of whether the payments constituted an avoidable preference. Id. This exception is intended for individuals who have not filed claims but from whom the trustee seeks to recover an allegedly fraudulent or preferential transfer.

Similarly, the Third Circuit Court of Appeals has held that by submitting a proof of claim to the debtor's estate, the creditors effectively waive their right to a jury trial and instead [*3] submit themselves to the equitable jurisdiction of the bankruptcy court. See *Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242* (3d. Cir.), cert. denied *513 U.S. 999, 130 L. Ed. 2d 416, 115 S. Ct. 508 (1994)*; *Travellers International AG v. Robinson, 982 F.2d 96, 98 (3d. Cir. 1992)*, cert. denied

*507 U.S. 1051, 123 L. Ed. 2d 651, 113 S. Ct. 1946 (1993).* A creditor who files a proof of claim against the bankruptcy estate "'triggers the process of 'allowance and disallowance of claims', thereby subjecting himself to the bankruptcy court's equitable power'". *In re Heater, 261 B.R. 145, 148 (Bankr.W.D.Pa. 2001),* quoting *Langenkamp, 498 U.S. at 44.* In other words, if that creditor later becomes a defendant in a preference action in which it would normally have a right to a jury trial, that action becomes part of the claims allowance process and is triable only in equity. *In re Heater, 261 B.R. at 148.* If, however, the creditor against whom the preference action is brought has not filed a proof of claim, the preference action "amounts only to a legal action to recover [*4] a monetary transfer." Id. In this situation, the creditor retains the right to a jury trial. Id.

Because K-Swiss, Inc., has not filed a claim against the estate, it is entitled to a jury trial in this avoidance action. If, however, K-Swiss had filed a claim, it would not be entitled to a jury trial. Therefore, this court holds that Defendant K-Swiss, Inc., is entitled to a jury trial in this avoidance action only because it has not filed a claim against the estate.

*II. Motion of Plaintiff to Strike*

For the reasons expressed above, the Chapter 7 Trustee's motion to strike K-Swiss, Inc.'s jury trial demand is denied.

*III. Motion to Withdraw the Reference to the Bankruptcy Court*

Pursuant to *28 U.S.C. § 157*(d), "the district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Both parties agree that the motion was timely filed. Furthermore, even the Chapter 7 Trustee in his Response in Opposition to the Motion of the Defendant to Withdraw the Reference to the Bankruptcy Court correctly asserts that most courts have held that the right

[*5] to a jury trial constitutes sufficient cause for withdrawal of the reference. See *In re Kenai Corp., 136 B.R. 59, 61 (S.D.N.Y. 1992).* Therefore, because Defendant K-Swiss, Inc., is entitled to a jury trial in this avoidance action as it has not submitted a claim against the estate, the Motion to Withdraw the Reference to the Bankruptcy Court should be granted.

*IV. Conclusion*

For the foregoing reasons, Defendant is entitled to a jury trial and the reference should be withdrawn. An appropriate recommendation to the District Court will be entered.

DATE: April 9, 2002

Judith K. Fitzgerald

U.S. Bankruptcy Judge

**ORDER AND RECOMMENDATION**

**AND NOW**, this 9th day of **April, 2002**, for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED, and DECREED** that Defendant K-Swiss, Inc. is entitled to a jury trial in this avoidance action as it has not filed a claim against the estate.

It is **FURTHER ORDERED** that the Chapter 7 Trustee's motion to strike the demand for jury trial is **DENIED**.

It is **FURTHER ORDERED** that the Clerk shall forthwith transmit the motion to withdraw the reference to the District [*6] Court.

Further, it is **RECOMMENDED** that the District Court grant the motion to withdraw the reference.

Judith K. Fitzgerald

U.S. Bankruptcy Judge

TAB 2

LEXSEE 2002 U.S. DIST. LEXIS 12145

**RHONDA RICHARDSON v. ADVANCED PULVER SYSTEMS, INC., et al.**

**CIVIL ACTION NO. 01-CV-3459**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*2002 U.S. Dist. LEXIS 12145*

**March 12, 2002, Decided**

**DISPOSITION:** [*1] Defendant's motion to strike plaintiff's untimely demand for jury trial denied. Plaintiff's request for jury trial granted.

**LexisNexis(R) Headnotes**

**COUNSEL:** For RHONDA RICHARDSON, PLAINTIFF: PETER J. MC NAMARA, LAW OFFICES OF PETER J. McNAMARA, PHILADELPHIA, PA USA.

For RHONDA RICHARDSON, PLAINTIFF: PAUL J. DRUCKER, THE LAW OFFICES OF PETER MCNAMARA, PHILADELPHIA, PA USA.

For ADVANCED PULVER SYSTEMS, INC., PULVER SYSTEMS, INC., DEFENDANTS: PETER J. LEYH, KAUFMAN, COREN, RESS & WEIDMAN, P.C., PHILA, PA USA.

For ADVANCED PULVER SYSTEMS, INC., DEFENDANT: PAUL B. BECKER, J. JOSEPH WILDER, WILDER & LINNEBALL, LLP, BUFFALO, NY.

**JUDGES:** BRUCE W. KAUFFMAN, J.

**OPINIONBY:** BRUCE W. KAUFFMAN

**OPINION:**

    **MEMORANDUM & ORDER**

Kauffman, J.

    March 12, 2002

    Plaintiff Rhonda Richardson brought this products liability action against Defendant Advanced Pulver Systems, Inc., alleging claims of negligence and strict liability. n1 Now before the Court is Defendant's Motion To Strike Plaintiff's Untimely Demand for a Jury Trial. For the reasons set forth below, the Motion will be denied and Plaintiff's request for a jury trial will be granted.

    n1 The Court has diversity jurisdiction over this case pursuant to *28 U.S.C. § 1332.*

[*2]

    Plaintiff filed her Complaint in the Philadelphia Court of Common Pleas on June 12, 2001. Approximately one month later, Defendant removed the action to this Court, and filed its Answer and Affirmative Defenses on July 26, 2001. Neither the Complaint nor the Answer contained a jury demand, and, as both Plaintiff and Defendant agree, neither party is entitled to a jury as a matter of right under *Federal Rule of Civil Procedure 38(b).* n2 Plaintiff, however, filed an untimely request for a jury trial on August 16, 2001, which Defendant now moves to strike.

    n2 Rule 38(b) provides:

    any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and

not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).

Plaintiff's request may be granted pursuant to *Federal Rule of Civil Procedure 39(b)*, which [*3] grants the Court discretion to order a jury trial notwithstanding a party's failure to make a timely demand. n3 The United States Court of Appeals for the Third Circuit has set forth five factors that a district court should consider in deciding whether to grant a jury demand under Rule 39(b):

1) whether the issues are suitable for a jury;
2) whether granting the motion would disrupt the schedule of the Court or the adverse party;
3) whether any prejudice would result to the adverse party;
4) how long the party delayed in bringing the motion; and
5) the reasons for the failure to file a timely demand.

*S.E.C. v. Infinity Group Co., 212 F.3d 180, 195-96 (3d Cir. 2000)*, cert. denied, *Springer v. S.E.C., 532 U.S. 905, 121 S. Ct. 1228, 149 L. Ed. 2d 138 (2001).*

n3 Rule 39(b) states that "issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." The court's exercise of such discretion, however, "must be firmly based upon circumstances warranting its exercise of discretion lest discretion become a mere arbitrary act of the court." *Gonzalez v. Old Kent Mortg. Co., 2000 U.S. Dist. LEXIS 12314, Civ. No. 99-5959, 2000 WL 1230460,* at *2 (E.D. Pa. Aug. 16, 2000) (quotation and internal marks omitted).

[*4]

With respect to the first factor, Plaintiff's claims are based on products liability, and, thus, they present issues that are clearly suitable for a jury. See *Vincent v. AST*

*Research, Inc., 199 F.R.D. 95, 97 (N.D.N.Y. 2001)* ("This is a products liability case seeking recovery for personal injuries. Such a case is one normally tried to a jury."). Consequently, the first factor weighs in favor of granting Plaintiff's request for a jury.

Regarding the second and third factors, discovery is still being conducted in this case and trial is not scheduled until September 13, 2002; thus, granting Plaintiff's jury demand will not disrupt the schedule of the Court. Additionally, Defendant does not allege that its schedule will be disrupted or that it will be unfairly prejudiced. Consequently, both the second and third factors also weigh in favor of granting Plaintiff's request.

With respect to the fourth factor, Defendant contends that Plaintiff's jury demand was filed twenty-one days after the ten-day period allowed under the Federal Rules of Civil Procedure. The Court finds this amount of delay to be insignificant, particularly in light of the fact that Plaintiff's request [*5] was made prior to the commencement of discovery and well in advance of trial. See *Miller v. Acxiom Corp., Civ. No. 95-7121, 1996 U.S. Dist. LEXIS 7461,* at *7 (E.D. Pa. May 30, 1996) (granting plaintiff's untimely jury request that was filed more than four months before the trial date because defendant would have adequate time to prepare for a jury trial). n4 Accordingly, the fourth factor weighs in favor of granting Plaintiff's jury demand.

n4 Additionally, although many courts have denied parties' jury requests based on their untimeliness, the delay in bringing those requests was substantially longer than Plaintiff's delay in this case. See *Infinity Group Co., 212 F.3d at 196* (denying request that was made only two weeks before trial, and not fully briefed until one week before trial); *Katzenmoyer v. City of Reading, Civ. No. 00- CV-5574, 2001 U.S. Dist LEXIS 15930,* at *5 (E.D. Pa. Aug. 6, 2001) (denying request made by party who proceeded for almost three months into the discovery period without moving for a jury trial); *Ballas v. City of Reading, Civ. No. 00- CV-2943, 2001 U.S. Dist LEXIS 7966,* at *3 (E.D. Pa. June 12, 2001) (denying jury request that was six months late and made only one month before trial); *McGuinn v. Allstate Insurance Company, C.A. No. 97-5661, 1998 U.S. Dist. LEXIS 5720,* at *3 (E.D. Pa. Apr. 13, 1998) (denying request filed five months after deadline had passed).

[*6]

With respect to the fifth and final factor, Plaintiff represents that her request was untimely because "there

2002 U.S. Dist. LEXIS 12145, *

is a substantial increment charged for the filing of a jury trial demand" in the Common Pleas Court, and thus, her "counsel never files a demand . . . in the initial pleading because [it] is almost always made and paid for by the defendant." (Pl.'s Resp. at 1.) Mere inadvertence, oversight, or lack of diligence by counsel does not justify granting a party's untimely demand for a jury trial, see *Fort Washington Res. v. Tannen, 852 F. Supp. 341, 342 (E.D. Pa. 1994); Personal Touch, Inc. v. Lenox, Inc., 122 F.R.D. 470, 472 (E.D. Pa. 1988)*, and, thus, the fifth factor weighs against granting Plaintiff's request.

All other factors, however, weigh in favor of granting Plaintiff's request for a jury trial. Accordingly, the Court will deny Defendant's Motion To Strike Plaintiff's Demand for a Jury Trial. An appropriate Order follows.

**ORDER**

**AND NOW**, this 12th day of March, 2002, upon consideration of Defendant's Motion To Strike Plaintiff's Untimely Demand for a Jury Trial (docket # 7), Plaintiff's Response thereto (docket # 10), [*7] and Defendant's Reply Memorandum of Law (docket # 13), **IT IS ORDERED** that the Motion is **DENIED** and that Plaintiff's Request for a Jury Trial is **GRANTED**.

**BY THE COURT:**

**BRUCE W. KAUFFMAN, J.**

TAB 3

LEXSEE 1996 U.S. DIST. LEXIS 7461

**RONALD MILLER V. ACXIOM CORPORATION**

**CIVIL ACTION No. 95-7121**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA**

*1996 U.S. Dist. LEXIS 7461*

**May 29, 1996, Decided
May 30, 1996, FILED**

**DISPOSITION:** [*1] Motion DENIED.

**LexisNexis(R) Headnotes**

**COUNSEL:** For RONALD MILLER, PLAINTIFF:
THADDEUS J. BARTKOWSKI, VILLANOVA, PA,
USA.

For ACXIOM CORPORATION, DEFENDANT: E.
GERALD DONNELLY, JR., FOX, ROTHSCHILD,
O'BRIEN & FRANKEL, PHILA, PA, USA.
JACQUELINE V. IVERSON, FRAYNE & HATZELL,
PHILA, PA, USA.

**JUDGES:** JUDGE WILLIAM H. YOHN, JR.

**OPINIONBY:** WILLIAM H. YOHN, JR.

**OPINION:**

MEMORANDUM AND ORDER

Yohn, J.

May 29, 1996

Presently before the court are defendant's motion to
dismiss plaintiff's jury demand and plaintiff's response
thereto. The unique circumstances giving rise to this
dispute follow. On November 13, 1995, the plaintiff filed
two complaints presenting the same cause of action. One
he filed in the Philadelphia Court of Common Pleas; the
other he filed in this court. Because the case involved
greater than $ 50,000 and diverse parties, the defendant
filed a notice of removal with regard to the complaint
filed in state court. The removed case, asserting the same

cause of action and based on the same facts as the
original federal case, was assigned as a related case to
this court. Noticing that the two complaints appeared
substantially identical, the court contacted plaintiff who
agreed that the removed case could [*2] be dismissed;
accordingly, on January 3, 1996, this court issued an
order dismissing the removed case.

Subsequent to the dismissal of the removed case,
plaintiff apparently discovered that the two complaints
were not completely identical. On the first page of the
state complaint, the plaintiff included the notation "This
is a major jury case." The federal complaint contained no
similar jury demand. To remedy the deficiency, on
March 8, 1996, plaintiff made a jury trial demand. Citing
Federal Rule of Procedure 38(a), defendant, on March
21, 1996, asked that the jury demand be stricken as
waived because not made within 10 days after the service
of the answer to the complaint. n1 Receiving no response
from plaintiff, the court granted defendant's motion in an
order dated April 12, 1996. Thereafter, plaintiff filed a
motion to reconsider that order; the court vacated the
order and granted plaintiff the opportunity to respond to
defendant's motion to strike. Thus, as noted above, now
before the court are defendant's motion to dismiss the
jury demand and plaintiff's response thereto.

n1 *Federal Rule of Civil Procedure 38*
provides:

(b) Demand. Any party may
demand a trial by jury of any issue
triable of right by a jury by (1)
serving upon the other parties a
demand therefor in writing at any

time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue . . .

. . .

(d) Waiver. The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury.

[*3]

Plaintiff first contends that a jury trial demand was made in the federal case because the civil action cover sheet, submitted when the complaint was filed, contains a jury demand. Review of the civil action cover sheet reveals that the plaintiff did check the box marked "Yes" following the "Jury Demand" notation. Simply making a jury demand on a cover sheet, however, does not suffice to meet the jury demand requirement of Rule 38(a). See, e.g., *The Personal Touch, Inc. v. Lenox, Inc., 122 F.R.D. 470, 471 (E.D. Pa. 1988); Henderson v. Harrah's Marina Hotel Casino, 110 F.R.D. 66, 67 (E.D. Pa. 1986).* The civil cover sheet is not served as a matter of course on the defendant; the goal of notice to the defendant is not met when the demand is made only on the cover sheet. The "Jury Demand" notation also specifically directs that the plaintiff should "check YES only if demanded in complaint." Plaintiff's complaint did not include a jury demand.

Under Rule 39(b), the court may, in its discretion, order a trial by jury notwithstanding any waiver. n2 The factors courts have considered in deciding whether to grant a jury trial under Rule 39(b) include: "(1) whether the issues are [*4] more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex) . . . (2) any prejudice that granting a jury trial would cause the opposing party . . . (3) the timing of the motion (early or late in the proceedings) . . . [and] (4) any effect a jury trial would have on the docket and the orderly administration of justice." *Malbon v. Pennsylvania Millers Mut. Ins. Co., 636 F.2d 936, 938 (4th Cir. 1980)* (citations omitted); *EEOC v. Britrail Travel Int'l Corp., 129 F.R.D. 116, 117 (D.N.J. 1989)* (noting that factors may "include the disruption of the court's own docket and prejudice to the opposing party" (citations omitted)).

n2 Rule 39(b) provides:
Issues not demanded for trial by jury as provided in Rule 38 shall

be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues.

Plaintiff's memorandum of law refers to the court's discretion under Rule 39(b); the court will consider plaintiff's opposition to defendant's motion to strike as including a request for relief under that Rule.

[*5]

All of the cited factors weigh in plaintiff's favor or are neutral. First, this is a negligence and breach of contract and fiduciary duties case; factual issues are likely to predominate, making the case appropriate for a jury. Second, the defendant will suffer no prejudice. Plaintiff filed two nearly identical actions in state and federal court. The state court complaint contained a jury demand on its face, thus perfecting the demand in that case. See Pa. R. Civ. P. 1007.1. n3 The defendant was apparently served the Court of Common Pleas of Philadelphia County civil action cover sheet because it was included in the notice of removal, and the cover sheet noted that the case was one for a jury. In addition, the defendant's notice of removal included a cover sheet in which defendant had checked the "Yes" box following the "Jury Demand" notation. The defendant was clearly not unaware of plaintiff's jury trial demand in the state court action, which, again, was otherwise identical to the federal action. That the plaintiff made a jury trial demand in the identical federal court action cannot surprise the defendant. Moreover, following this order, the defendant will still have more [*6] than forty-five days to prepare for the jury trial, removing any suggestion of real prejudice. Third, the case is scheduled for trial on July 15, 1996; plaintiff's jury trial demand was filed March 8, 1996, more than four months before the trial date. The motion to reconsider was filed in April, more than two months before the trial date. And, as noted above, it is still more than a month from the trial date. With regard to the fourth factor, a jury trial will have no negative effect on the court's docket or the "orderly administration of justice."

n3 Rule 1007.1(a) provides:
In any action in which the right to a jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than

1996 U.S. Dist. LEXIS 7461, *

twenty (20) days after service of the last permissible pleading. The demand shall be made by endorsement on a pleading or by a separate writing.

Plaintiff's state court complaint contained the notation "This is a major jury case." The state court record indicates that a jury trial was demanded and that the case was categorized as a major jury case.

[*7]

Finally, the unique circumstances of this case weigh in favor of allowing a jury trial. Plaintiff perfected his jury trial demand in state court. The defendant's removal of the state court action did not destroy the jury demand. See *Marcella v. Brandywine Hosp., 47 F.3d 618, 625 (3d Cir. 1995)* (noting that *Fed. R. Civ. P. 81(c)* "provides that, in cases removed to the district court, a party who made a demand for a jury trial in accordance with state law need not repeat the request after removal"). This court dismissed the removed action upon the consent of the plaintiff and with the understanding that the two actions were identical. n4

n4 The court order did not dismiss the removed complaint with prejudice; in light of the

difference between the two complaints, plaintiff could move for reconsideration of that order.

In sum, the circumstances surrounding this case convince the court that this matter should be presented for jury trial. n5 An appropriate order follows.

n5 This conclusion and the foregoing discussion do not mean that plaintiff's counsel should not have carefully examined the two complaints for discrepancies. Although it is admittedly a close question, the court believes that the facts here involve more that the "mere inadvertence" or "lack of diligence," which some courts have found insufficient to justify relief under Rule 39(b). See, e.g., Bank Bldg. & Equip. Corp. v. Mark Local 677 Fed. Credit Union, 87 F.R.D. 553, 555 (E.D. Pa 1980).

[*8]

ORDER

AND NOW, this 29th day of May, 1996, upon consideration of defendant's motion to dismiss jury demand and plaintiff's response thereto, IT IS HEREBY ORDERED that the motion is DENIED.

William H. Yohn, Jr., Judge

## CERTIFICATE OF SERVICE

I, Thomas G. Whalen, Jr., hereby certify that on February 9, 2005, I caused true and correct copies of *Lexmark's Opening Memorandum in Support of Its Motion For The Court To Order A Trial By Jury* to be served upon the following counsel in the manner indicated below:

*Via Hand-Delivery:*
Laura Davis Jones
Sandra McLamb
Pachulski, Stang, Ziehl, Young,
  Jones & Weintraub P.C.
919 North Market Street, 16th Floor
Wilmington, Delaware 19899

and

*Via Regular Mail:*
Andrew W. Caine
Jeffrey P. Nolan
Pachulski, Stang, Ziehl, Young,
  Jones & Weintraub P.C.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067

Counsel for Plaintiff
InaCom Corp.

*Via Hand-Delivery:*
William H. Sudell Jr.
Derek C. Abbott
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, Delaware 19899-1347

and

*Via Regular Mail:*
Cecily Dumas
Derrick N. Hansen
Friedman Dumas & Springwater, LLP
One Maritime Plaza, Suite 2475
San Francisco, California 94111

Counsel for Third-Party Defendant
Compaq Computer Corporation

Attorneys for Defendant and Third-Party
Plaintiff Lexmark International, Inc.