IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

INACOM CORP., ON BEHALF OF ALL
AFFILIATED DEBTORS,

        Plaintiff,

  v.

LEXMARK INTERNATIONAL, INC.,

        Defendant.

LEXMARK INTERNATIONAL, INC.,

        Third-Party Plaintiff,

  v.

COMPAQ COMPUTER CORPORATION,

        Third-Party Defendant.

Civil Action No. 04-583 (GMS)

Adv. No. 02-03614 PJW

Bankruptcy Case No. 00-2426 (PJW)

## PLAINTIFF'S RESPONSE TO MOTION OF LEXMARK INTERNATIONAL, INC. FOR THE COURT TO ORDER A TRIAL BY JURY

Plaintiff, Inacom Corp., on behalf of all Affiliated Debtors herein responds to the Motion

of Lexmark International, Inc. For The Court To Order A Trial By Jury.

DKT. NO. 29
DT. FILED 2/22/05

Dated:    February 22 , 2005        PACHULSKI, STANG, ZIEHL, YOUNG, JONES
                                    & WEINTRAUB P.C.

Laura Davis Jones (DE Bar No. 2436)
Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
Steven J. Kahn (CA Bar No. 76933)
Sandra McLamb (DE Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  1989908705
Telephone:  302-652-4100
Facsimile:  302-652-4400
Counsel for Plaintiffs Inacom Corp., on behalf of All
Affiliated Debtors

## TABLE OF CONTENTS

I. SUMMARY OF ARGUMENT ................................................................................... 1

II. PROCEDURAL HISTORY .................................................................................... 2

III. ARGUMENT AND POINTS AND AUTHORITIES ............................................ 3

    A.   The First Factor ................................................................................................ 5

    B.   Second Factor ................................................................................................... 6

    C.   Third Factor ...................................................................................................... 7

    D.   Fourth Factor .................................................................................................... 9

    E.   The Fifth Factor ............................................................................................. 10

IV. CONCLUSION ..................................................................................................... 11

# **TABLE OF AUTHORITIES**

**CASES**

*Albert v. R.P. Farnsworth & Co.*, 176 F.2d 198 (5th Cir. 1949) .................................................................................... 8

*Ballas v. City of Redding* ................................................................................................................................................. 11

*Boice v. United States*, 87 FRD 494 (D.Ariz. 1980) ..................................................................................................... 12

*Boro Hall Corp. v. General Motors Corp.*, 8 F.R.D 103 (E.D.N.Y. 1948) ................................................................... 8

*Hare v. H&R Industries, Inc.*, 3002WL722514 (E.D.Pa.) ............................................................................................ 11

*In re Maley Tire Co.*, 273 F.Supp. 369, 372- (N.D.N.Y. 1967) ..................................................................................... 7

*Katzenmoyer v. City of Reading*, 2001 W.L. 1175139 (E.D.P.a.) ................................................................................. 10

*Olund v. Swarthout*, 459 F.2d 999 (6th Cir.), cert. den'd, 409 U.S. 1008 (1972),
    reh'g denied, 409 U.S. 1119 (1973) ......................................................................................................................... 12

*Paramount Pictures Corp. v. Thompson Theaters*, 621 F.2d 1088 (10th Cir. 1980) .................................................. 7

*Parrott v. Wilson* 707 F.2d 1262
    (11th Cir., cert. den'd. 464 U.S. 936 (1983) ......................................................................................................... 12

*Richardson v. Advanced Pulver Systems, Inc.* .............................................................................................................. 13

*Richardson v. Advanced Pulver Systems, Inc.*, No. 01-CV-3459,
    2002 U.S. Dist. LEXIS 12145
    (E.D.Pa. March 12, 200) ........................................................................................................................................... 13

*Rowlett v. Anhauser-Busch, Inc.*, 532 F.2d 194 (1st Cir. 1987) .................................................................................. 6

*Rutledge v. Electric Hose & Rubber, Co.*, 511 F.2d 668 (9th Cir. 1975) ................................................................... 6

*SEC v. The Infinity Group Co.*,
    212 F.3d 180, 196 (3d Cir. 2000) .............................................................................................................................. 6

*Tynan v. RKO Radio Pictures*, 77 F.Supp. 238 (S.D.N.Y. 1947) ................................................................................. 7

United States Securities and Exchange Commission v. The Infinity Group Company, 212 F.3d 180 (3d Cir. 2000) .. 1

*United States v. Lochamy*, 724 F.2d 494 (5th Cir. 1984) .......................................................................................... 12

*William Goldman Theaters v. Kirkpatrick*, 154 F.2d 66 (3d Cir. 1946) ....................................................................... 7

## STATUTES

11 U.S.C. § 101(32)(a) ................................................................................................................... 6
11 U.S.C. § 547(b)(3) .................................................................................................................... 5
11 U.S.C. § 550 ............................................................................................................................. 2
11 U.S.C. §§ 547 ........................................................................................................................... 2
Federal Rules of Bankruptcy Procedure 9015 .............................................................................. 2
Federal Rules of Bankruptcy Procedure 38(b) .......................................................................... 2, 3
Federal Rules of Bankruptcy Procedure 38(d), ............................................................................. 2
Federal Rules of Bankruptcy Procedure 39(b) ..................................................................4, 5.9, 10

## OTHER AUTHORITIES

*8 Moore's Federal Practice,* Section 39.31(5)(d)(iv) (Matthew Bender 3d ed.) ........................... 5
*8 Moore's Federal Practice,*
    Section. 39-.31[5][d][i](Matthew Bender 3d ed.) ................................................................. 10

## I.
## SUMMARY OF ARGUMENT

Over two and a half years after its time to demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P. 38"), and fifty days before fact discovery must be completed, Defendant and Third-Party Plaintiff Lexmark International, Inc. ("Lexmark") seeks relief from its waiver of a jury trial pursuant to Fed. R. Civ. P. 39(b).

Despite Lexmark's blithe assertion that it can meet the five factor test for such relief set forth in *United States Securities and Exchange Commission v. The Infinity Group Company*, 212 F.3d 180 (3d Cir. 2000), it cannot.

Lexmark's two and a half year delay in seeking relief from its waiver is based solely upon mere inadvertence. The unexcused delay by Lexmark in bringing its motion, if granted, will cause Plaintiff prejudice as it has prepared for a bench trial and not sought to retain expert witnesses which would be required for a jury trial, and it would be required to scramble to do so while also meeting the rapidly approaching discovery fact discovery cut off date and expert witness disclosure date. Further, Lexmark has made an inadequate showing that the issues involved in this case are particularly suitable for a jury trial in light of the complex accounting testimony relating both to the underlying transactions and Lexmark's defense that Inacom was not insolvent at the time the preferential transfers were made to it by Plaintiff.

For the reasons set forth hereinbelow, Lexmark's motion for relief from its waiver of a jury trial should be denied.

## II.

## PROCEDURAL HISTORY

Inacom and its Affiliated Debtors filed voluntary petitions for relief under chapter 11 of the Untied States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") on June 16, 2000. In May 2002, Inacom filed a number of adversary preceding against vendors and others who received payments from Inacom within the 90 day period preceding the filing of its bankruptcy petition so as to avoid and recover those payments as preferences pursuant to 11 U.S.C. §§ 547 and 550.

The Complaint filed by Inacom against Lexmark on May 23, 2002 seeks to avoid and recover $2,928,090.91 of payments made by Inacom to Lexmark in the 90 day period preceding the filing of Inacom's bankruptcy petition. Lexmark filed its answer to Inacom's Complaint on June 21, 2002. Pursuant to Fed. R. Civ. P. 38(b), made applicable to the adversary proceeding filed against Lexmark pursuant to Fed. R. Bankr. P. 9015, the time within which Lexmark could demand a trial by jury expired ten days thereafter. Pursuant to Fed. R. Civ. P. 38(d), "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury."

Thereafter, after obtaining leave from the Bankruptcy Court, on December 12, 2002, Lexmark filed a Third-Party Complaint against Compaq and ITY Corp., a wholly-owned subsidiary of Compaq.[1]

The gravamen of the Third-Party Complaint is that because ITY Corp., in an asset purchase agreement entered into with Inacom, assumed all outstanding amounts owed by Inacom

---

[1] After a series of mergers, Compaq and ITY Corp. were ultimately merged into the Hewlett-Packard Company ("HP").

to Lexmark, if Inacom wins on its preference claim against Lexmark, HP, as successor to ITY Corp., would somehow become obligated to reimburse Lexmark for the amount of the judgment.

On June 28, 2004, the Court entered its order withdrawing the reference to the Bankruptcy Court of a number of adversary proceedings brought by Inacom, including the instant matter.

On September 27, 2004, the Court conducted a telephonic scheduling conference in eight of the former adversary proceedings brought by Inacom as to which the reference to the Bankruptcy Court had been withdrawn, including the instant action. During that telephonic conference, Lexmark for the first time advised the Court that it was "considering" moving for a trial by jury.

On November 24, 2004, the Court entered a Scheduling Order setting various pretrial deadlines and bench trials to begin on October 17, 2005. January 25, 2005 was set as the date that all fact discovery must be completed. Subsequently, Inacom, Nextel, and the six remaining defendants in the other withdrawn adversary proceedings tendered an agreed order to the Court on or about January 13, 2005, to extend the fact discovery cut off and other pretrial deadlines for approximately 60 days. Assuming entry of the submitted order, the new date to complete fact discovery will be March 31, 2005, and the date for expert exchanges is April 25, 2005. Trial remains set for October 17, 2005.

### III.
### ARGUMENT AND POINTS AND AUTHORITIES

Lexmark waived its right to a trial by jury by failing to demand one within ten days after the filing of its answer to the complaint over two and a half years ago.[2] Even though it

---

[2] Lexmark's argument that it did not waive its right to a jury trial because it did not file a proof of claim in the Debtors' bankruptcy case is a red herring. Whether or not Lexmark filed a proof of claim, it was required by Fed. R. Civ. P. 38(b) to file a demand for jury trial within ten days of the filing of its answer.

announced that it was considering moving for a trial by jury during the telephonic scheduling

conference on September 27, 2004, Lexmark inexplicably delayed the filing of the present

motion for an additional four and one half months. Lexmark's sole excuse for failing to file a

demand for trial by jury is that it would be "ineffective" as the Court has not given authority to

judges of the Bankruptcy Court to conduct jury trials. The explanation is nonsensical. If

Lexmark desired a trial by jury it could have included such a demand in its answer and moved

the Court for withdrawal of the reference at any time. Further, if withdrawal of the reference

was the key for not previously demanding a trial by jury, it must be noted that the Court's order

withdrawing the reference as to this action was entered June 28, 2004, over seven months ago,

and Lexmark has no explanation for not filing its motion at that time.

Lexmark seeks relief from its waiver of a trial by jury pursuant to Fed. R. Civ. P. 39(b),

which provides:

> **By the court.**   Issues not demanded for trial by jury as
> provided in Rule 38 shall be tried by the court; but,
> notwithstanding the failure of a party to demand a jury in an
> action in which such a demand might have been made of right,
> the court in its discretion upon motion may order a trial by jury
> of any or all issues.

In the Third Circuit, the five factors to be considered by the trial court in determining

whether to grant an untimely jury demand are as follows:

> 1) Whether the issues are suitable for a jury;
> 2) Whether granting the motion would disrupt the schedule of
> the Court or the adverse party;
> 3) Whether any prejudice would result to the adverse party;
> 4) How long the party delayed in bringing the motion; and
> 5) The reasons for the failure to file a timely demand.

*SEC v. The Infinity Group Co.*, 212 F.3d 180, 196 (3d Cir. 2000).

Only in an extreme case would the grant or denial of relief be deemed an abuse of discretion on appeal. *Rowlett v. Anhauser-Busch, Inc.*, 532 F.2d 194 (1st Cir. 1987); *Rutledge v. Electric Hose & Rubber, Co.*, 511 F.2d 668 (9th Cir. 1975).

Examination of the factors to be met to obtain the relief sought by Lexmark reveals that it is not entitled to relief from its waiver.

A.    **The First Factor**

Inacom does not dispute the fact that if Lexmark timely demanded trial by jury, it would be entitled to one. However, in the context of a motion for relief under Fed. R. Civ. P. 39(b), the question is not merely whether a party would otherwise be entitled to a jury trial, but whether the case is particularly suitable for a jury. *SEC v. Infinity Group Co., supra*, at 196.

Jury trials in bankruptcies are disfavored. *In re Maley Tire Co.,* 273 F.Supp. 369, 372-373 (N.D.N.Y. 1967) (untimely request for a jury trial as to an involuntary petition in bankruptcy denied despite statutory right to same under the former Bankruptcy Act). See also *8 Moore's Federal Practice,* Section 39.31(5)(d)(iv) (Matthew Bender 3d ed.).

Complex litigation and litigation involving audits and accountings requiring attention to intricate details have been found not suitable for trial by jury in the context of a late demand for jury trial. See *Tynan v. RKO Radio Pictures*, 77 F.Supp. 238 (S.D.N.Y. 1947); *William Goldman Theaters v. Kirkpatrick*, 154 F.2d 66, 69 (3d Cir. 1946); *Paramount Pictures Corp. v. Thompson Theaters,* 621 F.2d 1088, 1090-1091 (10th Cir. 1980). The instant case involves close to $3,000,000 in payments against invoices issued by Lexmark to Inacom during the preference period. The application of ordinary course and new value defenses asserted by Lexmark involve a detailed accounting analysis of years' worth of voluminous invoices and payment applications.

Additionally, Lexmark asserts that Inacom was not insolvent at the time it made the preferential transfers, a *prima facia* element of Plaintiff's case. 11 U.S.C. § 547(b)(3). In the

context of a preference action, insolvency is not a mere balance sheet test. Rather, insolvency is defined at 11 U.S.C. § 101(32)(a) as the "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of—(i) property transferred, concealed, or removed with intent to hinder, delay or defraud such entity's creditors; and (ii) property that may be exempted from property of the estate under Section 522 of this title."

It is anticipated that complex and conflicting accounting and valuation expert testimony will be offered by both parties at trial as to the issue of insolvency so as to demonstrate the nature of Inacom's assets and liabilities at a fair valuation, which issue is not well suited for consideration by a jury. Due to complicated financial issues, Inacom failed to state its earnings in the fourth quarter of 1999 and advised it would restate prior quarter earnings.

Similarly, Lexmark's Third-Party Complaint against Compaq turns solely on construction of the contractual language in the asset purchase agreement between Inacom and Compaq's predecessor, and a letter from Compaq to Lexmark regarding its assumption of liabilities. Courts have refused to grant relief from a waiver of trial by jury in contract cases in which the liability question turns principally on construction of contractual language, a purely legal question. *Boro Hall Corp. v. General Motors Corp.*, 8 F.R.D 103 (E.D.N.Y. 1948), *Albert v. R.P. Farnsworth & Co.*, 176 F.2d 198, 199-200 (5th Cir. 1949).

Hence, since Lexmark has not demonstrated that the present case is particularly suitable for trial by a jury it has not met its burden as to the first factor.

**B.    Second Factor**

The second factor for consideration is whether granting the Motion would disrupt the schedule of the Court or the adverse party. In its Motion, Lexmark, without any basis, states, "It would not." However, neither Inacom nor Lexmark are sufficiently informed as to whether

granting the Motion would disrupt the schedule of the Court, because neither party knows whether or not it would. Clearly, a trial by jury will take longer than a bench trial, both by reason of the time required to impanel a jury and for deliberations, as well as the fact that presentation of complex issues to a jury will assuredly take longer than such a presentation to the Court.

Only the Court can make the determination as to whether its schedule will be disrupted by reason of the imposition of a jury trial into a calendar set for bench trials.

## C.    Third Factor

The third factor is whether any prejudice would result to the adverse party if the Motion is granted. The answer is yes.

Fact discovery must be completed on or before March 31, 2005 and expert disclosures are due April 25, 2005. Counsel for Plaintiff is in the midst of completing discovery in this and several of the other actions also set for trial on October 17, 2005.

Lexmark is seeking to present this action before a jury to tap the inherent perception of unfairness as claimed by defendants pursued in a preference action. Defendants and lay people generally do not understand why a creditor, who was merely paid for his delivered goods or services, must disgorge apparently well earned money just because the payor filed for bankruptcy protection within 90 days of the payment. Such a result just does not seem fair or equitable absent an understanding of the legislative intent behind 11 U.S.C. § 547.

Plaintiff has directed discovery and its actions in this case for over two and a half years based upon the assumption that the matter would be tried by the Court and that there would be no need to retain an expert witness to explain the legislative intent behind 11 U.S.C. § 547 and alleviate the inherent prejudice against such actions. Now, if Lexmark's Motion is granted, Plaintiff's counsel will have to scramble to address retention of an expert to review the issue and

render an opinion on the cusp of the expert designation, while at the same time completing depositions scheduled multiple days per week so as to prepare all of the preference cases for trial in advance of the fact discovery cut off of March 31, 2005.

Clearly, it would appear that Lexmark's sole reason for wanting a jury trial is to take advantage of the fact that, without an understanding of the rationale behind preference actions, lay persons would find such actions inherently unfair. Similarly, on its Third-Party Complaint against Compaq, which involves solely a legal issue arising from contractual interpretation, Lexmark must feel that its predicament and the interpretation of that contact might find a better ear before a jury as opposed to the Court.

Lexmark's assertion that prejudice is usually found only if a motion for a jury trial is made after the completion of discovery and on the eve of trial is simply not accurate. In *Katzenmoyer v. City of Reading*, 2001 W.L. 1175139 (E.D.Pa.) (Copy attached at Tab 1). Plaintiff filed a motion for a jury trial which was heard on August 6, 2001. At that time, there were three weeks left before the discovery cut off and trial was not scheduled to begin until November, 2001.

Denying the motion for relief from waiver of a trial by jury, the Court stated:

> Changing from a non-jury trial to a jury trial this far into the case would disrupt the scheduling of this case. While it is true that there are several weeks left in discovery, defendants would nonetheless be prejudiced because they have already made strategic decisions with respect to the scope of discovery based upon the assumption of bench trial [fn.2] *Ballas v. City of Redding*, Order – Mem. June 12, 2001, at 3. In particular, defendants note that if a jury trial is now granted, it would want to secure an expert report, something they did not pursue for a bench trial. Thus, even though discovery has not yet ended, the few remaining weeks would likely be insufficient to accommodate the change from a bench trial to a jury trial.

Finally, a jury trial would be more expensive to the Debtor's post-confirmation estate than a bench trial by reason of the need to prepare jury instructions, motions in limine not necessary in a bench trial, the time to impanel a jury and anticipated additional time to present evidence. Increased costs to a party are to be considered in the context of a motion under Fed.R.Civ.P. 39(b). See *Hare v. H&R Industries, Inc.*, 3002WL722514 (E.D.Pa.) (Attached at Tab 2).

Lexmark does not prevail on the third factor.

## D.    Fourth Factor

The fourth factor is how long the party delayed in bringing the motion.

The time for Lexmark to have demanded a jury trial was ten days after it filed its answer, or July 1, 2002, over two and a half years ago.[3]

The length of delay in filing a motion for relief is an extremely important factor, and long delays are rarely excused. *United States v. Lochamy*, 724 F.2d 494 (5th Cir. 1984) (21 month delay); *Olund v. Swarthout*, 459 F.2d 999 (6th Cir.), cert. den'd, 409 U.S. 1008 (1972), reh'g denied, 409 U.S. 1119 (1973) (4 ½ year delay precludes relief); *Boice v. United States*, 87 FRD 494 (D.Ariz. 1980) (10-month delay); *Parrott v. Wilson* 707 F.2d 1262 (11th Cir., cert. den'd. 464 U.S. 936 (1983) (18-month delay). See also *8 Moore's Federal Practice*, Section. 39-.31[5][d][i].

Just because trial is eight months away does not negate the fact that Lexmark delayed filing its motion without justification for over two years after it waived its right to a jury trial. In light of the prejudice to be suffered by Inacom as noted above, Lexmark should not prevail as to the fourth factor.

---

[3] Even if Lexmark is correct in that it had until ten days after Compaq filed its answer to the Third-Party Complaint on January 8, 2003, the delay is still two years and one month.

**E.**    **The Fifth Factor**

The last factor to consider are the reasons for the failure to file a timely demand.

The sole reason asserted by Lexmark for its failure to file a timely demand for jury trial is that it would have been "ineffective" because the Bankruptcy Court had no authority to conduct jury trials. The fact of the matter is that defendants in adversary proceedings often timely demand trial by jury and move to withdraw the reference so that a jury trial could be pursued in the District Court. Lexmark merely failed to do so.

Further, Lexmark does not explain at all why it didn't file its motion after the reference was withdrawn on June 28, 2004, over seven months ago, or shortly after September 27, 2004 when Lexmark announced to the Court that it was "considering" moving the Court for a trial by jury.

Although the Fifth, Seventh and Eighth Circuits tend to grant motions for trial by jury absent strong and compelling reasons to the contrary, the Second and Ninth Circuits hold that inadvertence in and of itself is inadequate to grant a motion for a jury trial absent special circumstances. The Third Circuit has, despite Lexmark's assertion that it has not, addressed the issue of whether the failure to timely demand a jury trial because of mere inadvertence or mistake requires denial of a motion for a trial by jury under Fed.R.Civ.P. 39(b). In *SEC v. Infinity Group Company*, *supra*, at 195, the Third Circuit noted that courts in this Circuit generally deny relief when "the only basis for such relief advanced by the requesting party is the inadvertence or oversight of counsel," but further states that, "this is not a mechanical rule," and that the five factors discussed above need to be examined.

Lexmark's citation to *Richardson v. Advanced Pulver Systems, Inc.*, No. 01-CV-3459, 2002 U.S. Dist. LEXIS 12145 (E.D.Pa. March 12, 200), for the proposition that mere inadvertenance alone can justify the granting of relief does not apply here. In *Richardson v.*

*Advanced Pulver Systems, Inc.,* the Court granted the relief not on that basis alone, but because *all* of the four remaining factors were determined in the movant's favor.

In this case, Lexmark cannot prevail on at least four of the five factors, and only the Court can address the second factor (disruption of the schedule of the Court). As at least four of the five factors weigh in favor of denial of Lexmark's motion, the motion should be denied.

## IV.
## CONCLUSION

For the reasons set forth hereinabove, Lexmark's Motion for the Court To Order A Trial By Jury should be denied.

Dated:   February 22, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.


Laura Davis Jones (DE Bar No. 2436)
Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
Steven J. Kahn (CA Bar No. 76933)
Sandra McLamb (DE Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 1989908705
Telephone:  302-652-4100
Facsimile:  302-652-4400
Counsel for Plaintiffs Inacom Corp., on behalf of All Affiliated Debtors

11

Westlaw.

Not Reported in F.Supp.2d
2001 WL 722514 (E.D.Pa.)
**(Cite as: 2001 WL 722514 (E.D.Pa.))**

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
Priscilla HARE, Plaintiff,
v.
H & R INDUSTRIES, INC., Defendant.
**No. CIV.A. 001-CV-4533.**

June 26, 2001.

*MEMORANDUM & ORDER*

KELLY.

*1 At a Final Pretrial Conference in this matter, the parties disagreed as to whether Plaintiff, Priscilla Hare ("Hare"), had waived her right to a jury trial in this matter. The Court allowed Hare to file a Memorandum of Law addressing her right to a jury trial, to which Defendant, H & R Industries, Inc. ("H & R") responded.

*BACKGROUND*

Hare filed the present Complaint alleging sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (1994) and the Pennsylvania Human Relations Act, 43 Pa. Con. Stat. Ann. §§ 951-963 (West 1991). It is undisputed that her Complaint did not contain a demand for a jury trial. Hare did, however, check the jury trial box on her case information statement. Twenty one days following H & R's filing of its Answer, Hare commenced the practice of stating "Jury Trial Demanded" in the caption of almost every piece of discovery served and document filed in this case.

*DISCUSSION*

The right to a jury trial in civil matters arises from the common law and is a constitutional right. U.S. Const. amend. VII; Fed.R.Civ.P. 38(a). A party

seeking a jury trial must make a timely demand for a jury trial within ten days of the last pleading that addresses the issue. Fed.R.Civ.P. 38(b). The jury trial demand must be filed with the Court. *Id.* 5(d). Failure to make a timely demand for a jury trial results in waiver of the right. *Id.* 38(d). A party that has failed to make a timely demand for a jury trial may still be granted a jury trial, upon a motion to the court and in the court's discretion. *Id.* 39(b).

Here, Hare has not proceeded by requesting a jury trial under Rule 39(b). Instead, Hare chose to argue that her actions in this case thus far support her position that she made a timely demand for a jury trial under Rule 38(b). There is no doubt, however, that her endorsement of a demand for a jury trial in her pleadings and discovery commenced beyond the ten days following H & R's service of an answer, as required by Rule 38(b). A party may not insert an untimely jury demand into a case by stealth; rather, the proper procedure is a motion under Rule 39(b). *Walton v. Eaton Corp.,* 563 F.2d 66, 71 (3d Cir.1977) (en banc) (even filing an amended complaint does not revive waived jury demand). Likewise, a civil cover sheet that states a jury trial is demanded, attached to a complaint without a jury demand, is insufficient to demand a jury under Rule 38(b) because the cover sheet is merely an administrative tool to assist the Clerk of Court. *Ballas v. City of Reading,* No. C.A. 00-2943, 2001WL683805 (E.D. Pa. June 12, 2001); *Personal Touch, Inc. v. Lenox, Inc.,* 122 F.R.D. 470, 471 (E.D.Pa.1981). Moreover, the civil cover sheet is not a document filed with the Court. Fed.R.Civ.P. 5(d). Accordingly, Hare has waived her right to a jury trial in this case. [FN1]

> FN1. Even if Hare were to have filed a proper Motion under Rule 39, she would face a difficult task in demonstrating that: (1) the schedule of this case would not be disrupted, as it is now in the trial pool; (2) H & R would not be prejudiced by the extra costs associated with presenting a case to a jury; and (3) her failure to make a timely jury demand was the result of some

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2001 WL 722514 (E.D.Pa.)
**(Cite as: 2001 WL 722514 (E.D.Pa.))**

Page 2

legitimate factor other than negligence or a mistake. *See SEC v. Infinity Group Co.,* **212 F.3d 180, 195-96 (3d Cir.2000).**

*ORDER*

**\*2** AND NOW, this _____ day of June, 2001, upon consideration of the Memorandum of Law in Support of Plaintiff's Demand for Jury Trial and the Response thereto of Defendant, H & R Industries, Inc., it is ORDERED:

1. PLAINTIFF, Priscilla Hare, has waived her right to a trial by jury pursuant to Federal Rule of Civil Procedure 38(d).

2. This case shall be tried to the Court as a non-jury trial.

2001 WL 722514 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

. 2:00CV04533  (Docket)

(Sep. 06, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
2001 WL 1175139 (E.D.Pa.)
(Cite as: 2001 WL 1175139 (E.D.Pa.))

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
Michael KATZENMOYER and Charlotte
Katzenmoyer
v.
CITY OF READING, et al.
**No. Civ.A. 00-CV-5574.**

Aug. 6, 2001.

Lloyd George Parry, Davis, Riter, Parry &
Hartmann, Philadelphia, PA, Stephen V. Yarnell,
Richard M. Squire & Associates, Narberth, PA, for
Michael Katzenmoyer, Plaintiff.

Lloyd George Parry, Stephen V. Yarnell, (See
above), for Charlotte Katzenmoyer, Plaintiff.

Steven K. Ludwig, Fox, Rothschild, O'Brien &
Frankel, Philadelphia, PA, for City of Reading,
Pennsylvania, Defendant.

Steven K. Ludwig, (See above), for Joseph
Eppihimer, Mayor of the City of Reading
Pennsylvania, Defendant.

Steven K. Ludwig, (See above), for Jesus Pena,
Human Resources Director of the City of Reading,
Pennsylvania, Defendant.

Steven K. Ludwig, (See above), for City Council of
Reading, Pennsylvania, Defendant.

*ORDER--MEMORANDUM*

PADOVA, J.

*1 AND NOW, this 6 th day of August, 2001, upon
consideration of Plaintiffs' Motion for a Jury Trial
(Doc. No. 23), and any responses thereto, IT IS
HEREBY ORDERED that said Motion is DENIED.

The matter shall proceed as a bench trial.

The instant suit was originally filed November 2,
2000. Plaintiffs failed to demand a jury at the time
of filing of the original suit, or to serve a timely jury
demand pursuant to Federal Rule of Civil Procedure
38. [FN1] At the preliminary pretrial conference
held on April 17, 2001, the Court advised Plaintiffs'
counsel that no jury trial had been requested.
Plaintiffs' counsel nonetheless waited until July 7,
2001, to file the instant motion for jury trial.
Discovery concludes on August 23, 2001, and the
case is listed in the November 2001 trial pool.

> FN1. Plaintiffs checked the box on the
> civil cover sheet indicating the desire for a
> jury trial. Such notation is not a substitute
> for the service of written notice as required
> under the federal rules. *Personal Touch,
> Inc. v. Lenox, Inc.,* 122 F.R.D. 470, 471
> (E.D.Pa.1988). Plaintiffs concede that this
> was insufficient under the Rules. Pl. Mem.
> at 2.

Federal Rule of Civil Procedure 38 permits parties
to demand a trial by jury with respect to issues that
are triable by a jury by filing a demand with the
court pursuant to Rule 5(d) and by serving a written
demand upon the other parties between
commencement of the action and ten days after the
service of the last pleading directed to the issue that
is triable by the jury. Fed.R.Civ.P. 38(b). The
failure of a party to serve and file such a demand
constitutes a waiver by that party of a trial by jury.
Fed.R.Civ.P. 38(d). Rule 39, however, permits the
district court to order a trial by jury where the party
fails to demand one timely. Fed.R.Civ.P. 39(b). In
considering a request for a jury trial under Rule 39,
the court must evaluate five factors: (1) whether the
issues are suitable for a jury; (2) whether granting
the motion would disrupt the schedule of the court
or the adverse party; (3) whether any prejudice
would result to the adverse party; (4) how long the
party delayed in bringing the motion; and (5) the
reasons for the failure to file a timely demand.
*United States Securities & Exchange Comm'n v.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2001 WL 1175139 (E.D.Pa.)
(Cite as: 2001 WL 1175139 (E.D.Pa.))

Page 2

*Infinity Group Co.,* 212 F.3d 180, 195-96 (3d Cir .2000).

The Court concludes that Plaintiffs have failed to establish sufficient reason to justify granting their untimely request for a jury trial. Plaintiff has not established that the circumstances of this case present issues that are "particularly suited to a jury." *See id.* **at 196.** Changing from a non-jury trial to a jury trial this far into the case would disrupt the scheduling of this case. While it is true that there are several weeks left in discovery, Defendants would nonetheless be prejudiced because they have already made strategic decisions with respect to the scope of discovery based on the assumption of a bench trial. [FN2] *Ballas v. City of Reading,* Order-Mem. June 12, 2001, at 3. In particular, Defendants note that if a jury trial were now granted, they would want to secure an expert report, something which they did not pursue for a bench trial. Thus, even though discovery has not yet ended, the few remaining weeks would likely be insufficient to accommodate the change from a bench trial to a jury trial.

> FN2. Plaintiffs contend that because they advised defendants of their intention to demand a jury at the scheduling conference, and because the civil cover sheet indicated a jury trial, "defendants have been under no misapprehension as to plaintiffs' intention to present this case to a jury." Pl. Mem. at 4-5. However, Plaintiffs' counsel's lengthy delay in requesting a jury trial, particularly after counsel's failure properly to request one was discussed at the pretrial conference, made it reasonable for Defendants to act on the presumption of a bench trial.

*2 Plaintiffs also have not set forth any reasonable justification for the lengthy delay in requesting a jury. Plaintiffs claim that their failure was the result of "counsel's mistaken belief that a formal demand for a jury trial had been made." Pl. Mem. at 6. Mere inadvertance, however, is not grounds for relief under Rule 39(b). *Bisenkamp v. Atlantic Richfield Co.,* 70 F.R.D. 365, 366 (E.D.Pa.1976). Moreover, the Court placed Plaintiffs' counsel on notice that the Complaint failed to request a jury trial on April 17, 2001. Plaintiffs cannot claim now that the

reason for their delay was such a mistaken belief. Plaintiff knew of the deficiency since the earliest stage of this litigation. Despite this knowledge, Plaintiff proceeded for nearly three months into the discovery period without moving for a jury trial.

Since the factors for consideration fail to support Plaintiffs' request, the Court denies the Motion.

2001 WL 1175139 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

. 2:00CV05574 (Docket)

(Nov. 02, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

State of Delaware           )
                                    ) ss:

County of New Castle     )

## <u>AFFIDAVIT OF SERVICE</u>

             Marlene Chappe, being duly sworn according to law, deposes and says that she is

employed by the law firm of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., and that

on the 22nd day of February 2005, she caused a copy of the foregoing *Plaintiff's Response to*

*Motion of Lexmark International, Inc. for the Court to Order a Trial By Jury* to be served upon

the individuals listed on the attached service list in the manner indicated herein:

                                        Marlene Chappe

Sworn to and subscribed before
me this 22nd day of February 2005

Notary Public

My Commission Expires: 03-21-06

**VANESSA A. PRESTON**
**Notary Public - State of Delaware**
**My Comm. Expires March 21, 2006**