UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>    Plaintiffs<br><br>v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>    Defendant and Third-Party Plaintiff<br><br>v.<br><br>COMPAQ COMPUTER CORPORATION<br><br>    Third-Party Defendant | Civil Action No. 04-CV-583 (GMS) |

**LEXMARK'S RESPONSE TO HP'S MOTION FOR A SEPARATE TRIAL OF LEXMARK'S AND TECH DATA'S THIRD-PARTY COMPLAINTS AGAINST IT**

**I. INTRODUCTION**

Pending on the Court's docket are four actions brought by Plaintiff InaCom Corp. ("InaCom") against Defendants Lexmark International, Inc. ("Lexmark"), Tech Data Corp. ("Tech Data"), Dell Computer Corp. ("Dell") and Ingram Entertainment Inc. ("Ingram").[1] Lexmark and Tech Data have each filed a third-party complaint against Third-Party Hewlett-Packard Company ("HP"). HP has moved the Court to order that, pursuant to Rule 42(a) of the

---

[1] The actions against Tech Data, Dell and Ingram are styled *InaCom Corp., et al. v. Tech Data Corp.*, Civil Action No. 04-CV-148 (GMS), *InaCom Corp., et al. v. Dell Computer Corp.*, Civil Action No. 04-CV-582 (GMS) and *InaCom Corp., et al. v. Ingram Entertainment Inc.*, Civil Action No. 04-CV-593 (GMS).

Federal Rules of Civil Procedure ("Fed.R. Civ. P."), Lexmark's and Tech Data's claims against it be tried separately from InaCom's claims against Lexmark, Tech Data, Dell and Ingram. (D.I. 45). Because granting the motion will simplify the ruling on the motions to consolidate and for a jury trial, Lexmark does not object to the motion for a separate trial of the third-party claims.

## II. DISCUSSION

InaCom has filed separate complaints against Lexmark, Tech Data, Dell and Ingram to recover allegedly preferential payments made to them before InaCom filed for bankruptcy. Because the claims therein are identical, Lexmark, Tech Data, Dell and Ingram filed a motion for the Court to consolidate the claims for trial pursuant to Fed. R. Civ. P. 42(a). (D.I. 36). InaCom and HP object to the motion to consolidate on several grounds including that third-party complaints against HP are alleged in only two of the actions. (D.I. 38; D.I. 39). Lexmark does not object to HP's motion for a separate trial of the third-party complaints as granting the motion eliminates one of the grounds InaCom and HP contend weighs against consolidation.

Lexmark, Tech Data, Dell and Ingram have also filed a motion for the Court to order a trial by jury of InaCom's claims against them, and of Lexmark and Tech Data's claims against HP, pursuant to Fed. R. Civ. P. 39(b). (D.I. 25). InaCom has objected to the motion but HP has not. (D.I. 29). Lexmark does not object to HP's motion for a separate trial of the third-party claims as HP has not opposed Lexmark's and Tech Data's motion for a jury trial of the third-party claims.

The Court has set the trials of the four actions brought by InaCom against Lexmark, Tech Data, Dell and Ingram, and of Lexmark's and Tech Data's third-party complaints against HP, to begin on October 17, 2005. Assuming that the four actions brought by InaCom are consolidated

SL1 557483v1/004907.00003

for trial, the third-party complaints may be tried immediately after that trial concludes. The five days allotted by the Court for the trials should be more than sufficient.

### III. CONCLUSION

For the foregoing reasons, HP's motion for a separate trial of the third-party complaints against it should be granted.

Dated: July 18, 2005

Respectfully submitted,

*/s/ Thomas G. Whalen Jr.*
Joseph Grey (No. 2358)
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel:    (302) 425-3304
Fax:    (302) 654-5181

and

Culver V. Halliday
Adam T. Goebel
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel:    (502) 568-9100
Fax:    (502) 568-5700

*Counsel for Defendant and Third-Party Plaintiff Lexmark International, Inc.*

SL1 557483v1/004907.00003