# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

**INACOM CORP., et al.**

     **Plaintiffs**

**v.**

**LEXMARK INTERNATIONAL, INC.**

     **Defendant and Third-Party Plaintiff**

**v.**

**COMPAQ COMPUTER CORPORATION**

     **Third-Party Defendant**

**Civil Action No. 04-CV-583 (GMS)**

## MEMORANDUM IN SUPPORT OF LEXMARK'S APPLICATION FOR A SETTLEMENT CONFERENCE

Joseph Grey (No. 2358)
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 425-3307
Fax: (302) 654-5181

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.

Dated August 9, 2005

# **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

I.      INTRODUCTION ...............................................................................................1

II.     NATURE AND STAGE OF THE PROCEEDINGS .........................................1

III.    STATEMENT OF RELEVANT FACTS ...........................................................2

IV.    ARGUMENT AND AUTHORITIES ................................................................4

V.      CONCLUSION ...................................................................................................5

# **TABLE OF AUTHORITIES**

CASES                                                                                           PAGE

*Newton v. A.C.S., Inc.*, 918 F.2d 1121 (3rd Cir. 1990) ...............................................................4, 5

*Schwartzman, Inc. v. ACF Industries, Inc.*, 167 F.R.D. 694 (D. N.M. 1996).................................5

RULES OF PROCEDURE

Fed. R. Civ. P. 16(a)(5) ...........................................................................................................1, 4

Fed. R. Civ. P. 16(c)(9) ...........................................................................................................1, 4

D. Del. LR 16.4(a) ..................................................................................................................1, 4

D. Del. LR 72.1(a) ..................................................................................................................1, 4

# I.  INTRODUCTION

Defendant and Third-Party Plaintiff Lexmark International, Inc. ("Lexmark"), pursuant to Rules 16.4(a) and 72.1(a) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ("D. Del. LR"), and Rule 16(a)(5) and (c)(9) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), applies to the Court to schedule a settlement conference before it or a magistrate judge with the attorneys and representatives of each of the parties in this action and the actions styled *InaCom Corp., et al. v. Tech Data Corp.*, Civil Action No. 04-CV-148 (GMS), *InaCom Corp., et al. v. Dell Computer Corp.*, Civil Action No. 04-CV-582 (GMS) and *InaCom Corp., et al. v. Ingram Entertainment Inc.*, Civil Action No. 04-CV-593 (GMS) in attendance.[1]  As cause for the application, Lexmark states that a settlement conference will facilitate discussions between the parties and may lead to a resolution of the disputes underlying the actions.

## II. NATURE AND STAGE OF THE PROCEEDINGS

On June 28, 2004, the Court's order was entered withdrawing the reference to the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") of a number of adversary proceedings brought by Plaintiff InaCom Corp. ("InaCom") in its bankruptcy case.[2] The adversary proceedings where the reference to the Bankruptcy Court was withdrawn include the four separate proceedings brought by InaCom against Tech Data Corp. ("Tech Data"), Dell Computer Corp. ("Dell"), Lexmark and Ingram Entertainment Inc. ("Ingram") (collectively "Defendants").  Each of the former adversary proceedings is now pending as a separate action on the Court's docket.

---

[1]     The trial of the four actions is scheduled to begin on October 17, 2005.  A final pretrial conference is scheduled for September 19, 2005.

[2]     *In re InaCom Corp., et al.*, Bankr. Case No. 00-2426 (PJW).

1

Two of the defendants, Tech Data and Lexmark, each filed a third-party complaint against Compaq Computer Corporation ("Compaq") and ITY Corp., a wholly owned subsidiary of Compaq. ITY Corp. subsequently changed its name to Custom Edge, Inc. and was merged with Compaq. Compaq was the surviving company. Compaq, after the occurrence of the matters at issue here, merged with Hewlett-Packard Company ("HP"). HP is the surviving company. HP is the successor in interest for ITY Corp., Custom Edge, Inc. and Compaq. HP is also InaCom's largest unsecured creditor. Both Tech Data's and Lexmark's third-party complaints remain pending against HP, the surviving entity and successor in interest.

On September 27, 2004, the Court held a telephonic scheduling conference in eight of the former adversary proceedings brought by InaCom where the reference to the Bankruptcy Court had been withdrawn. Included were the four actions against Defendants. During the conference, Defendants' attorneys advised the Court that they believed the actions brought against them by InaCom should be consolidated.

Following the telephonic scheduling conference, on October 4, 2004, the Court entered a scheduling order scheduling various pretrial deadlines and the eight former adversary proceedings − including the four actions brought by InaCom against Defendants − for trial on October 17, 2005. The deadline for discovery has now passed and the actions brought by InaCom against Defendants remain scheduled for trial on October 17, 2005.

### III. STATEMENT OF RELEVANT FACTS

In early May, 2005, Defendants proposed to InaCom that a mediation conference take place with each of the parties to the four actions participating. This would have included InaCom (the plaintiff in each of the four actions), Tech Data, Dell, Lexmark and Ingram (the defendants to the four actions) and Hewlett-Packard Company ("HP") (a third-party defendant in

## I.  INTRODUCTION

Defendant and Third-Party Plaintiff Lexmark International, Inc. ("Lexmark"), pursuant to Rules 16.4(a) and 72.1(a) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ("D. Del. LR"), and Rule 16(a)(5) and (c)(9) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), applies to the Court to schedule a settlement conference before it or a magistrate judge with the attorneys and representatives of each of the parties in this action and the actions styled *InaCom Corp., et al. v. Tech Data Corp.*, Civil Action No. 04-CV-148 (GMS), *InaCom Corp., et al. v. Dell Computer Corp.*, Civil Action No. 04-CV-582 (GMS) and *InaCom Corp., et al. v. Ingram Entertainment Inc.*, Civil Action No. 04-CV-593 (GMS) in attendance.[1]  As cause for the application, Lexmark states that a settlement conference will facilitate discussions between the parties and may lead to a resolution of the disputes underlying the actions.

## II. NATURE AND STAGE OF THE PROCEEDINGS

On June 28, 2004, the Court's order was entered withdrawing the reference to the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") of a number of adversary proceedings brought by Plaintiff InaCom Corp. ("InaCom") in its bankruptcy case.[2] The adversary proceedings where the reference to the Bankruptcy Court was withdrawn include the four separate proceedings brought by InaCom against Tech Data Corp. ("Tech Data"), Dell Computer Corp. ("Dell"), Lexmark and Ingram Entertainment Inc. ("Ingram") (collectively "Defendants").  Each of the former adversary proceedings is now pending as a separate action on the Court's docket.

---

[1]        The trial of the four actions is scheduled to begin on October 17, 2005.  A final pretrial conference is scheduled for September 19, 2005.

[2]        *In re InaCom Corp., et al.*, Bankr. Case No. 00-2426 (PJW).

1

Two of the defendants, Tech Data and Lexmark, each filed a third-party complaint against Compaq Computer Corporation ("Compaq") and ITY Corp., a wholly owned subsidiary of Compaq.  ITY Corp. subsequently changed its name to Custom Edge, Inc. and was merged with Compaq.  Compaq was the surviving company.  Compaq, after the occurrence of the matters at issue here, merged with Hewlett-Packard Company ("HP").  HP is the surviving company. HP is the successor in interest for ITY Corp., Custom Edge, Inc. and Compaq.  HP is also InaCom's largest unsecured creditor.  Both Tech Data's and Lexmark's third-party complaints remain pending against HP, the surviving entity and successor in interest.

On September 27, 2004, the Court held a telephonic scheduling conference in eight of the former adversary proceedings brought by InaCom where the reference to the Bankruptcy Court had been withdrawn.  Included were the four actions against Defendants.  During the conference, Defendants' attorneys advised the Court that they believed the actions brought against them by InaCom should be consolidated.

Following the telephonic scheduling conference, on October 4, 2004, the Court entered a scheduling order scheduling various pretrial deadlines and the eight former adversary proceedings − including the four actions brought by InaCom against Defendants − for trial on October 17, 2005.  The deadline for discovery has now passed and the actions brought by InaCom against Defendants remain scheduled for trial on October 17, 2005.

### III. STATEMENT OF RELEVANT FACTS

In early May, 2005, Defendants proposed to InaCom that a mediation conference take place with each of the parties to the four actions participating.  This would have included InaCom (the plaintiff in each of the four actions), Tech Data, Dell, Lexmark and Ingram (the defendants to the four actions) and Hewlett-Packard Company ("HP") (a third-party defendant in

two of the four actions).   By letter to InaCom dated May 13, 2005, Defendants confirmed their proposal for a mediation conference.  (Copy attached at 1).  A copy of the letter was sent to HP.

By letter dated May 17, 2005, Defendants informed HP that InaCom had agreed to a mediation conference.  (Copy attached at 2).  Defendants requested that HP participate in the proposed mediation conference as HP's presence would improve the possibility of resolving some and possibly all of the disputes between the parties relating to InaCom's bankruptcy. By letter dated May 20, 2005, HP advised Defendants that "it would not be productive for HP to participate" in the proposed mediation conference as HP's liability on the third-party complaints against it appeared "remote."  (Copy attached at 3).

While Defendants had proposed a mediation conference with InaCom in which all parties would participate, InaCom ultimately decided that it did not wish for Dell to participate and conditioned its participation on Dell not being a participant.  A mediation conference was held at the offices of InaCom's attorneys in Los Angeles, California on July 12 and 13, 2005.  In attendance at the mediation conference were attorneys and representatives of the plaintiff, InaCom, and the defendants, Tech Data, Lexmark and Ingram.  While Dell was agreeable to participating in the mediation conference, InaCom insisted that it should not.  HP chose not to participate in the mediation conference.  Despite the good faith efforts of the participants, the parties were not able to reach an agreement or agreements compromising the disputes underlying the actions brought by InaCom against Tech Data, Lexmark and Ingram.

Believing that the failure of the parties to reach a compromise agreement or agreements at the July 12 and 13, 2005 mediation conference was due in large part to the failure to permit Dell to participate, and the failure of HP to participate, Lexmark by letter to InaCom and HP dated July 25, 2005 proposed a second mediation conference with all parties participating.

(Copy attached at 4). HP, by letter dated July 27, 2005, advised Lexmark that it believed the proposed mediation conference would be "a waste of [their] time." (Copy attached at 5). InaCom has not responded to Lexmark's proposal for a second mediation conference.

## IV.    ARGUMENT AND AUTHORITIES

Fed. R. Civ. P. 16 governs the scheduling and management of pretrial conferences. *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990). Fed. R. Civ. P. 16(a)(5) provides that the Court may direct the attorneys for the parties to appear before it for a  conference or conferences before trial for the purpose of "facilitating the settlement of the case." Fed. R. Civ. P. 16(c)(9) provides that "settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule" may be properly discussed at a pretrial conference. The Advisory Committee Notes to Fed. R. Civ. P. 16 state that "[r]equests for a conference from a party indicating a willingness to talk settlement normally should be honored" and "a settlement conference is appropriate at any time."

The rules of the Court are consistent with and in furtherance of the policy and procedure provided by Fed. R. Civ. P. 16. D. Del. LR 16.4(a) provides that any party may apply to the Court and request a pretrial conference be held following the completion of discovery as provided in the pretrial order. D. Del. LR 72.1(a) authorizes a magistrate judge of the Court to "[c]onduct various alternative dispute resolution processes, including but not limited to judge-hosted settlement conferences, mediation, arbitration, early neutral evaluation and summary trials (jury and non-jury)."

As the foregoing makes clear, there can be no dispute as to the Court's specific authority to require the parties to participate in a settlement conference. The conference may either be conducted by the Court or its magistrate judge. In addition, the Court may require the attendance

not only of the attorneys for the parties but the "the participation of fully authorized representatives in mandatory settlement proceedings." *Schwartzman, Inc. v. ACF Industries, Inc.*, 167 F.R.D. 694, 699 (D. N.M. 1996); *see, also, Newton* at 1126 ("Rule 16 authorizes courts to require parties to attend conferences for the purpose of discussing settlement").

Efforts to resolve the disputes underlying the actions brought by InaCom against Defendants, and the disputes underlying the third-party complaints brought by two of the defendants, Tech Data and Lexmark, against HP, have not been successful. Lexmark has asked InaCom and HP to pursue further efforts to reach agreement with the assistance of a mediator. Unfortunately, InaCom and HP have not agreed.

Lexmark submits that a pretrial conference for the purpose of discussing a settlement may assist the parties to reach agreement resolving the disputes between the parties and obviate the need for a trial of the actions. This is because all the parties would be required to attend and participate in a settlement conference. A private mediation conference has little chance of resolving all the pending disputes between the parties where the third-party defendant that is InaCom's largest unsecured creditor, HP, refuses to participate. This impediment to the resolution will be removed if a settlement conference is held by the Court or its magistrate judge. Lexmark is advised by Tech Data, Dell and Ingram that they do not object to Lexmark's application for a settlement conference.

## V. CONCLUSION

For the foregoing reasons, Lexmark's application for the Court to order a settlement conference should be granted.  A proposed order has been tendered.

Respectfully submitted,


*/s/ Thomas G. Whalen, Jr.*
Thomas G. Whalen Jr. (No. 4034)
Joseph Grey (No. 2358)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel:  (302) 425-3307
Fax:  (302) 654-5181

and

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel:  (502) 568-9100
Fax:  (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.

Dated:  August 9, 2005