# S T O L L | K E E N O N | & | P A R K | L L P

2650 AEGON CENTER | 400 WEST MARKET STREET | LOUISVILLE, KENTUCKY 40202-3377
(502) 568-9100 PHONE | (502) 568-5700 FAX | WWW.SKP.COM

July 25, 2005

**By Facsimile**
(415) 834-1044

Cecily A. Dumas, Esq.
Friedman, Dumas & Springwater, LLP
One Maritime Plaza, Suite 2475
San Francisco, California 94111

**By Facsimile**
(215) 569-5555

Earl M. Forte, Esq.
Blank Rome LLP
One Logan Square
18th & Cherry Street
Philadelphia, Pennsylvania 19103-6998

**InaCom Corp. v. Lexmark International, Inc.**
Case No. 1:04-cv-00583-GMS (D. Del. filed June 25, 2004)

Dear Cecily and Earl:

As you know, on July 12 and 13, 2005, a mediation conference was held at the offices of the attorneys representing Plaintiff InaCom Corp. ("InaCom") in Los Angeles, California. In attendance at the conference were representatives of InaCom, Lexmark International, Inc. ("Lexmark"), Tech Data Corporation ("Tech Data") and Ingram Entertainment Inc. ("Ingram") and their attorneys. Despite the good faith effort of all participants, the parties were not able to reach an agreement or agreements compromising the disputes underlying the preference claim actions brought by InaCom against Lexmark, Tech Data and Ingram.

Lexmark believes that the chances for the mediation conference concluding in an agreement or agreements compromising the disputes would have been improved if Dell Computer Corp. ("Dell"), against which InaCom has also brought a preference claim action, and Hewlett-Packard Company ("HP"), against which Lexmark and Tech Data have each brought a third-party complaint, had participated. Unfortunately, InaCom would not agree to Dell participating, even though it asked to be allowed to do so, and HP, despite repeated requests refused to participate.

Lexmark believes that all the parties to the four preference actions brought by InaCom, each of which is set for trial beginning on October 17, 2005, InaCom, Lexmark, Tech Data, Ingram, Dell and HP, should participate in another mediation conference with Roger M. Whelan continuing as mediator. Judge Whelan advised the participants at the July 12 and 13, 2005

Cecily A. Dumas, Esq.
Earl M. Forte, Esq.
July 25, 2005
Page 2

mediation conference that he is prepared to resume his efforts at assisting the parties, including Dell and HP, to reach a compromise agreement or agreements. Obviously, there is more than sufficient time before the trials are set to begin for a mediation conference to be held.

Lexmark believes that there is more the parties can do, and that the Court expects the parties to do, to reach an agreement or agreements that may obviate the need for the Court to try some or all of the actions. Under the circumstances, if all the parties do not agree to participate, and do not agree that all the parties may participate, in a mediation conference we may move the Court to direct them to do so.

Sincerely,

Culver V. Halliday

cc:   Andrew W. Caine, Esq. (by U.S. mail)
      Jonathan P. Hersey, Esq. (by U.S. mail)
      Sabrina L. Streusand, Esq. (by U.S. mail)
      Charles M. Tatelbaum, Esq. (by U.S. mail)

X:\Bankruptcy\Lexmark - 4155\Inacom - 111997\CVH\07.25.05 Dumas & Forte Ltr.doc