# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>　　　　**Plaintiffs**<br>v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>　　　　**Defendant** | Civil Action No. 04-CV-583 (GMS) |

**DEFENDANT'S PROPOSED SPECIAL**
**INTERROGATORIES/SPECIAL VERDICT FORM**

Pursuant to FED. R. CIV. PROC. 49, D. Del. LR 51.1, and the Court's scheduling order, Defendant, Lexmark International, Inc. ("Lexmark"), files the attached Proposed Special Interrogatories/Special Verdict Form in triplicate.

Dated: August 15, 2005

Respectfully submitted,

_____
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 425-3304
Fax: (302) 654-5181
E-mail: tgw@stevenslee.com

- and -

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

*Attorneys for Defendant
Lexmark International, Inc.*

## UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>**Plaintiffs**<br>v.<br><br>**LEXMARK INTERNATIONAL, INC.**<br><br>**Defendant** | Civil Action No. 04-CV-583 (GMS) |

### VERDICT FORM

We, the jury in this action, unanimously find the following:

### PREFERENCE CAUSE OF ACTION[1]

### QUESTION NO. 1

Do you find, from a preponderance of the evidence, that Inacom was insolvent at any of the times after March 16, 2000, that Inacom paid Lexmark for the products Lexmark had previously sold and delivered to Inacom?

      Answer "Yes" or "No": _____

If you answered Question No. 1 "Yes" then answer the following questions; if you answered the question "No", skip all remaining questions and date and sign this Verdict Form.

---

[1] The parties have agreed to stipulate that the following elements of Plaintiff's preference claim have been met: (1) that the transfers were to or for the benefit of Lexmark; (2) that the transfers were on account of an antecedent debt owed by Inacom before such transfers were made; and (3) that the transfers were within the ninety (90) days before the date of the filing of the petition. Should these stipulations not be entered, Lexmark reserves the right to supplement and/or amend this proposed verdict form to properly include such elements.

SL1 564618v1/004907.00003

**QUESTION NO. 2**

On what date prior to the bankruptcy filing by Inacom on June 16, 2000, did Inacom first become insolvent if at all?

  Answer: _____

**QUESTION NO. 3**

Do you find, from a preponderance of the evidence, that Lexmark received more by the payments than it would have received if the payments had not been made and if this had been a Chapter 7 bankruptcy case?

  Answer "Yes" or "No": _____

If you answered Question No. 3 "Yes" then answer the following questions; if you answered the question "No", skip all remaining questions and date and sign this Verdict Form.

**ORDINARY COURSE DEFENSE[2]**

**QUESTION NO. 4**

Were all of the payments by Inacom to Lexmark after March 16, 2000 made in the ordinary course of business or financial affairs between Inacom and Lexmark?

  Answer "Yes" or "No": _____

**QUESTION NO. 5**

Were all of the payments by Inacom to Lexmark after March 16, 2000 made according to ordinary business terms?

  Answer "Yes" or "No": _____

If you answered "Yes" to both question numbers 4 and 5 then skip all remaining questions and date and sign this Verdict Form, otherwise follow the instructions for Question No. 6.

**QUESTION NO. 6**

---

[2] The parties have agreed to stipulate that the following element of Lexmark's ordinary course defense has been met: that the transfers were in payment of a debt incurred by Inacom in the ordinary course of business and financial affairs of Inacom and Lexmark. Should this stipulation not be entered, Lexmark reserves the right to supplement and/or amend this proposed verdict form to properly include such element.

If you answered Question No. 4 "No", then answer Question 6A., otherwise proceed to Question 6B and do not answer Question 6A.

## QUESTION 6A.

Find as to each payment in the following Table whether such payment was made in the ordinary course of business or financial affairs between Inacom and Lexmark.

> Answer by writing "Yes" or "No" next to each payment in the space provided under the "Question 6A." column of the Table provided in this Question 6.

If you answered Question No. 5 "No", then answer Question 6B., otherwise proceed to Question 7 and do not answer Question 6B.

## QUESTION 6B.

Find as to each payment in the following Table whether such payment was made according to ordinary business terms.

> Answer by writing "Yes" or "No" next to each payment in the space provided under the "Question 6B." column of the Table provided in this Question 6.

## TABLE

| Payment Applied Date | Payment Amount | Question 6A.<br><br>(Payments in Ordinary Course)<br><br>(Answer only if Question No. 4's answer was "No") | Question 6B.<br><br>(Payments Under Ordinary Terms)<br><br>(Answer only if Question No. 5's answer was "No") |
|---|---|---|---|
| 1. 3/21/2000 | $1,625,925.73 | | |
| 2. 3/27/2000 | $274,046.14 | | |
| 3. 3/29/2000 | $1,011,613.63 | | |

## NEW VALUE DEFENSE[3]

### QUESTION NO. 7

Do you find, from a preponderance of the evidence, that Lexmark provided Inacom new value, in products or services, in the following amounts and on the dates listed?

In order to answer any part of this Question "Yes", you must find the following elements for each amount:

(1)    payment for the new value was found by you to have been made at a time when Inacom was insolvent; and

(2)    payment for the new value was either (a) not made in the ordinary course of business or financial affairs between Inacom and Lexmark or (b) not made according to ordinary business terms.

Answer Question 7 by writing "Yes" or "No" as to each of the line numbered one (1) through seven (7) below.

1. $1,625,925.73 on 3/21/00        Answer "Yes" or "No": _____

2. $274,046.14 on 3/27/00          Answer "Yes" or "No": _____

---

[3] The parties have stipulated that all of the transfers in the preference period were to of for the benefit of Lexmark. Therefore, this element does not need to be submitted to the jury. Further, it is anticipated that at the time of submission to the jury there will be no dispute that the new value, as described in items one (1) through eight (8), was not secured by an otherwise unavoidable security interest. Should the above stipulation not be entered and/or should a dispute arise at to whether any new value provided was accompanied by an unavoidable security interest, Lexmark reserves the right to supplement and/or amend this proposed verdict form to properly include such elements.

SL1 564618v1/004907.00003

      3. $1,011,613.63 on 3/29/00      Answer "Yes" or "No": _____

Dated: _____.

                                         _____
                                         Foreperson

## CERTIFICATE OF SERVICE

Thomas G. Whalen, Jr. hereby certifies that on August 15, 2005 a true and correct copy of the foregoing document was served upon the following counsel of record, each via regular United States first class mail:

William H. Sudell, Jr. Esq.
Derek C. Abbott, Esq.
Morris, Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, Delaware 19899-1347

and

Cecily Dumas, Esq.
Friedman Dumas & Springwater, LLP
One Maritime Plaza, Suite 2475
San Francisco, California 94111

*Counsel for Third-Party Defendant
Compaq Computer Corporation*

Laura Davis Jones, Esq.
Sandra McLamb, Esq.
Pachulski, Stang, Ziehl, Young,
   Jones & Weintraub, P.C.
919 North Market St., 16th Floor
Wilmington, Delaware 19899

and

Andrew W. Caine, Esq.
Jeffrey P. Nolan, Esq.
Pachulski, Stang, Ziehl, Young,
   Jones & Weintraub, P.C.
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067

*Counsel for Plaintiff
InaCom Corp.*

_____
Thomas G. Whalen, Jr.