UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>Plaintiffs<br>v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>Defendant | Civil Action No. 04-CV-583 (GMS) |

## LEXMARK'S RESPONSE TO HEWLETT-PACKARD COMPANY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO LEXMARK'S CLAIMS AS A THIRD-PARTY BENEFICIARY

Lexmark International, Inc. (the "Defendant" or "Lexmark") states as follows for its response to Hewlett-Packard Company's ("HP") Motion In Limine to Exclude Evidence Related to Lexmark's Claims as a Third-Party Beneficiary under the Asset Purchase Agreement between InaCom Corp. ("InaCom") and Compaq.

### STATEMENT OF FACTS

Lexmark hereby incorporates by reference the facts as set forth in its Proposed Findings of Fact and Conclusions of Law as to Its Third Party Complaint.

### ARGUMENT

I.  **Hewlett-Packard Has Failed to Show Cause as to Why Evidence of Lexmark as a Third-Party Beneficiary Should Be Excluded**

HP has presented no legal authority sufficient to preclude Lexmark's presentation of evidence of its status as a third-party beneficiary to the Asset Purchase Agreement. New York law is clear that, "it is just and practical to permit the person for whose benefit the contract is

SL1 564664v1/004907.00003

made to enforce it against one whose duty it is to pay." *Seaver v. Ransom*, 120 N.E. 639, 640 (N.Y. 1918). Lexmark stands as an intended third-party beneficiary to the Asset Purchase Agreement and, notwithstanding HP's protests, is entitled to present evidence in support of that conclusion at trial.

HP contends that the provision perhaps best characterized as a non-assignment clause is "controlling" of Lexmark's status as a third-party beneficiary. And yet, the Southern District of New York has had occasion to reject such a notion, stating that, "[With] the proposition that the existence of a non-assignment clause alone suffices to preclude assertion of intended third-party beneficiary status, the Court cannot agree. After all, it is possible for parties to intend that a third party enjoy enforceable rights while at the same time intending to limit or preclude assignments." *Piccoli A/S v. Calvin Klein Jeanswear Co.*, 19 F. Supp. 157, 164 (S.D.N.Y. 1998). Accordingly, Lexmark's status as third-party beneficiary is a matter best decided by the trier of fact at a trial upon those facts, rather than as presented by HP as a *fait accompli* without regard for the full extent of New York law upon the subject.

## II. Dismissal Based Upon Hewlett-Packard's Pending Motion Would Be Premature and Unduly Harsh

However the Court may rule upon the pending motion *in limine*, a resulting involuntary dismissal of any of Lexmark's claims would be both a premature and unduly harsh result. *See generally Atkinson v. Way*, 2004 U.S. Dist. LEXIS 16933 (D. Del. 2004).[1] The outcome of HP's motion *in limine* notwithstanding, none of Lexmark's claims should be dismissed without further and adequate proceedings to that effect.

---

[1] A copy of Atkinson is attached at 1.

2

## CONCLUSION

For the foregoing reasons, Lexmark respectfully requests that this Court deny HP's motion *in limine* seeking to preclude introduction of evidence supporting or for dismissal of Lexmark's status as a third-party beneficiary to the Asset Purchase Agreement.

Dated: August 15, 2005

Respectfully submitted,

_____
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 425-3304
Fax: (302) 654-5181

and

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

*Attorneys for Defendant*
*Lexmark International, Inc.*