LEXSEE 2004 U.S. DIST. LEXIS 16933

**ROGER ATKINSON, Plaintiff, v. Correctional Officer FRED WAY, Defendant.**

Civil Action No. 99-562 JJF

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2004 U.S. Dist. LEXIS 16933*

**August 25, 2004, Decided**

**PRIOR HISTORY:** *Atkinson v. Way,* 2004 U.S. Dist. LEXIS 13702 (D. Del., July 19, 2004)

**DISPOSITION:** [*1] Defendant's motion to dismiss denied.

**LexisNexis(R) Headnotes**

**COUNSEL:** Richard H. Morse, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware. Attorney for Plaintiff.

Gregory E. Smith, Esquire, Deputy Attorney General, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Defendant.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** JOSEPH J. FARNAN, JR.

**OPINION:**

**MEMORANDUM OPINION**

Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is the Motion To Dismiss Under *28 U.S.C. § 1915* filed by Defendant. (D.I. 170.) For the reasons discussed, the Court will deny the Motion.

**BACKGROUND**

Plaintiff filed the Complaint in this action on August 20, 1999, along with an "application to proceed without prepayment of fees and affidavit" (the "affidavit"). The Court granted Plaintiff's application to proceed without payment and, following trial, the jury returned a verdict in favor of Plaintiff and against Defendant, Correctional Officer Fred Way. The jury found that Defendant violated Plaintiff's constitutional rights causing Plaintiff injury. [*2] The jury awarded Plaintiff $ 85,000 in compensatory damages and $ 15,000 in punitive damages. (D.I. 162, 163.) The jury also returned verdicts in favor of the remaining Defendants, Commissioner Stanley Taylor, Warden Raphael Williams, Major Perry Phelps, Sgt. Philip Parker, and Cpl. Green. During cross-examination, Plaintiff provided several responses demonstrating that three of the answers on his affidavit were untrue. Based on these misrepresentations, Defendant seeks dismissal of this action.

**DISCUSSION**

**I. Parties' Contentions**

Defendant contends that the Court must dismiss this action pursuant to *28 U.S.C. § 1915(e) (2) (A)* because Plaintiff made three false statements in his affidavit in support of his allegation of poverty. Defendant maintains that the word "shall" in *28 U.S.C. § 1915(e) (2) (A)* mandates dismissal in these circumstances, and that the only discretion left to the Court is whether to dismiss this action with prejudice.

Plaintiff responds that, despite any "errors" in his affidavit, his allegation of poverty was true. Plaintiff contends that Defendant has not demonstrated that he engaged in conscious or [*3] intentional acts or omissions that would justify dismissal. Plaintiff further maintains that, due to his vision impairment, he could not have prevented the errors in his affidavit, which was prepared by others, because he was unable to read the form.

**II. Applicable Legal Standards**

Pursuant to *28 U.S.C. § 1915*, a court "may authorize the commencement ... of any suit, action or proceeding, civil or criminal ... without prepayment of fees or security therefor, by a person who submits an affidavit ... that the person is unable to pay such fees or give security

therefor." The statute further provides that "the court shall dismiss the case at any time if the court determines that ... (A) the allegation of poverty is untrue[.]" *28 U.S.C. § 1915*(e) (2) (A). Courts have concluded that if the assertion of poverty by the affiant is not true, the mandatory language of Section 1915 requires that a court dismiss the suit. *Thomas v. GMAC, 288 F.3d 305, 306 (7th Cir. 2002)*.

### III. Decision

Although Section 1915 mandates dismissal of the lawsuit if an affiant's assertion of poverty is not [*4] true, a court is not required to dismiss provided the true facts demonstrate that the affiant is sufficiently poor to qualify for in forma pauperis status. *Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000); Hobbs v. County of Westchester, 2002 U.S. Dist. LEXIS 8029, No. 00 Civ. 8170 (JSM), 2002 WL 868269, *2 (S.D.N.Y. May 3, 2002)*. This interpretation of Section 1915 is consistent with the plain language of the statute, *Hobbs, 2002 U.S. Dist. LEXIS 8029, 2002 WL 868269, *2* (noting that Section 1915 mandates dismissal only if the "allegation of poverty is untrue"), and the purpose of the statute in "'weed[ing] out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth.'" *Lee, 231 F.3d at 459* (quoting *Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)* (inner quotations omitted)).

In his affidavit, Plaintiff made three misrepresentations. On question 2(b), Plaintiff answered that he had been self-employed from January 5, 1995, until the date he signed the affidavit, February 3, 1999. However, on cross-examination, Plaintiff [*5] conceded that this answer was incorrect. (Trial Transcript at 29-30.) On question 3, Plaintiff answered "no" to the question of whether he had received disability or workers' compensation payments. This answer was also incorrect, as demonstrated by his testimony on cross-examination. Id. at 30. Finally, on question 4, Plaintiff represented that he had five dollars in his savings account and no money in his checking account. However, according to a bank statement submitted by Defendant, as of March 28, 1999 (the date Plaintiff signed the affidavit), Plaintiff had $ 1,043.06 in his savings account. (D.I. 170, Ex. C at 4.)

After considering Plaintiff's misrepresentations, his actual financial status at the time of filing, and the harshness of dismissal, the Court concludes that dismissal is not warranted in the circumstances of this case. The Court views Plaintiff's financial status as of March 28, 1999, as dismal to the extent of preventing him from being able to reasonably sustain the financial burdens of litigating this matter.

In addition, the Court agrees with Plaintiff that because of his limited financial means, he had little motive to consciously and in bad faith attempt [*6] to conceal the true amount of his finances. (D.I. 173 at 2.) Accordingly, the Court views this case to be distinguishable from the Seventh Circuit's approval of the district court's dismissal in *Thomas v. GMAC, 288 F.3d 305 (7th Cir. 2002)*, where the district court dismissed the action based on the plaintiff's failure to disclose that he had received a $ 73,714 distribution from a retirement account. *Id. at 306-07.* n1

> n1 The Court also concludes that *Romesburg v. Trickey, 908 F.2d 258 (8th Cir. 1990)*, does not compel a contrary conclusion because the district court in Romesburg found that the plaintiff's omissions in his affidavit were "conscious, deliberate, and intentional," a finding that the Court concludes is not supported by the facts in this case.

In sum, although Plaintiff's "errors" are not to be condoned, the Court concludes that, in the circumstances of this case, dismissal would be an unduly harsh result, particularly [*7] because, in the Court's view, Plaintiff's true financial status would not have precluded him from being able to proceed in this case without payment. Accordingly, the Court will deny Defendant's Motion.

### CONCLUSION

For the reasons discussed, the Court will deny Defendant's Motion. (D.I. 170.)

An appropriate Order will be entered.

### ORDER

At Wilmington, this 25th day of August, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Defendant's Motion To Dismiss Under *28 U.S.C. § 1915* (D.I. 170) is **DENIED.**

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE