UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>Plaintiffs<br>v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>Defendant | Civil Action No. 04-CV-583 (GMS) |

**LEXMARK'S RESPONSE TO HEWLETT-PACKARD COMPANY'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF KEVIN SARKISIAN REGARDING COMPAQ'S ALLEGED ASSUMPTION OF LIABILITIES OR GUARANTY**

Lexmark International, Inc. (the "Defendant" or "Lexmark") states as follows for its response to Hewlett-Packard Company's ("HP") Motion In Limine to Exclude Testimony of Kevin Sarkisian Regarding Compaq's Alleged Assumption of Liabilities of Guaranty.

ARGUMENT

Kevin Sarkisian ("Mr. Sarkisian") was the U.S. Credit Manager of Lexmark when Lexmark received the February 16, 2000 letter in which Custom Edge, Inc., the subsidiary of Compaq, promised payment of Inacom's accounts payable to Lexmark. Deposition of Kevin Sarkisian, February 9, 2005 ("Sarkisian Depo.") at p. 6. In this position, Mr. Sarkisian had the authority to put Inacom's account on a shipping hold. Sarkisian Depo at p. 16, 94. Based on Mr. Sarkisian's reading of the February 16, 2000 letter, he chose not to impose such a shipping hold on Inacom. Sarkisian Depo at p. 93. Mr. Sarkisian stated that he considered the letter to be a

guaranty. Sarkisian Depo at p.89. Mr. Sarkisian also testified that his receipt of the letter was a "great relief." Sarkisian Depo at p. 93.

HP's allegation that Mr. Sarkisian lacks sufficient personal knowledge to testify regarding the February 16, 2000 letter is disingenuous. Mr. Sarkisian reviewed the letter, interpreted the letter and determined the proper course of action by Lexmark in light of the letter. No other witness has more personal knowledge of how the letter was interpreted and what action (or forbearance) Lexmark took in response to that letter. The allegations raised by HP are more properly addressed to the weight to be attached to Mr. Sarkisian's testimony rather than to its admissibility.

## CONCLUSION

For the foregoing reasons, HP's motion to exclude should be denied and Mr. Sarkisian should be permitted to testify regarding his receipt, review and reliance on the February 16, 2000 letter.

Dated: August 15, 2005

                                          Respectfully submitted,

                                          Thomas G. Whalen Jr. (No. 4034)
                                          Stevens & Lee, P.C.
                                          1105 North Market Street, 7th Floor
                                          Wilmington, Delaware 19801
                                          Tel: (302) 425-3304
                                          Fax: (302) 654-5181

                                          and

                                          Culver V. Halliday
                                          Emily L. Pagorski
                                          Stoll, Keenon & Park, LLP
                                          2650 AEGON Center
                                          400 West Market Street
                                          Louisville, Kentucky 40202-3377
                                          Tel: (502) 568-9100
                                          Fax: (502) 568-5700

                                          *Attorneys for Defendant*
                                          *Lexmark International, Inc.*