UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>Plaintiffs<br>v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>Defendant | Civil Action No. 04-CV-583 (GMS) |

**LEXMARK'S RESPONSE TO HEWLETT-PACKARD COMPANY'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF A
GUARANTY BASED ON FRANCIS LETTER**

Lexmark International, Inc. (the "Defendant" or "Lexmark") states as follows for its response to Hewlett-Packard Company's ("HP") Motion *In Limine* to Exclude Evidence of a Guaranty Based on the 'Francis' Letter.

## STATEMENT OF FACTS

Lexmark hereby incorporates by reference the facts as set forth in its Proposed Findings of Fact and Conclusions of Law as to Its Third Party Complaint.

## ARGUMENT

I. **Hewlett-Packard Misapprehended Lexmark's Position, and Its
Motion In Limine Should Be Denied**

HP presumes in its Motion that Lexmark's position in regards to the "Francis" letter is that it stands as a secondary obligation and guaranty agreement. Such is an improper characterization of Lexmark's position, which is that the Francis letter evidences an outright contractual assumption of debts owed Lexmark.

SL1 564666v1/004907.00003

Given HP's fundamental misapprehension, there is no legitimate rationale for granting the motion as requested, and accordingly HP's motion to exclude evidence of a guaranty should be denied as inapplicable to Lexmark's position in this proceeding.

II. **Regardless of Whether the Francis Letter Constituted an Assumption or a Guaranty, Sufficient Consideration Was Bargained For**

HP's assertions aside, it is Lexmark's understanding, for the purposes of immediate argument only, that whether legal forbearance is sufficient consideration is irrelevant. Rather, it was the Francis letter of February 16, 2000, obligating Compaq "to pay all of the outstanding amount on the referenced account" which stood as consideration for Lexmark's performance under the contract. *See* Oral Deposition of Ben K. Wells, March 30, 2005; Exhibit 4. And in return for this consideration, Compaq intended to receive value duly bargained for, as Mr. Ben Wells testified at his deposition:

> Examination by Mr. Hersey:
>
> Q: So your testimony is that you approved the form of the letter, but you don't know who the letters were sent to?
> A: Correct.
> Q: And the **reason for the letter was to ensure the continued flow of products** from these vendors that would be necessary to configure Compaq products at Custom Edge?
> A: That's correct.

Wells Depo. at 76: 1-9 (emphasis added).

It is thus evidenced that HP's assertion in its pending motion *in limine* is disproved by the facts elicited during discovery, and regardless of how the Francis letter might be characterized, such confusion cannot legitimately serve as a basis by which to preclude Lexmark from offering evidence at trial.

2

## CONCLUSION

For the foregoing reasons, Lexmark respectfully requests that the Court deny HP's motion *in limine* seeking to exclude evidence of a guaranty agreement based upon the Francis letter. Despite HP's misapprehension of Lexmark's position or fundamental misunderstanding as to what constitutes bargained-for consideration, such evidence should rightfully be presented for proper evaluation at trial.

Dated: August 15, 2005

Respectfully submitted,

_____
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 425-33047
Fax: (302) 654-5181

and

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

*Attorneys for Defendant*
*Lexmark International, Inc.*