IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> INACOM CORP., et al., <br><br>      Debtors. | Chapter 11 <br><br> Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated debtors, <br><br>      Plaintiff, <br><br> vs. <br><br> LEXMARK INTERNATIONAL, INC., <br><br>      Defendant. | Civil Action No. 04-CV-583 (GMS) |
| LEXMARK INTERNATIONAL, INC., <br><br>      Third-Party Plaintiff, <br><br> vs. <br><br> COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC., <br><br>      Third-Party Defendants. | |

**HEWLETT-PACKARD COMPANY'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE RELATED TO LEXMARK INTERNATIONAL,
INC.'S CLAIMS AS A THIRD-PARTY BENEFICIARY**

Third party defendant Hewlett-Packard Company ("HP"), as successor in interest to Compaq Computer Corp. ("Compaq"), moves this Court for an order *in limine* excluding evidence and arguments relating to Lexmark International, Inc.'s ("Lexmark") claims as a third-party beneficiary under an asset purchase agreement between Inacom Corp. ("Inacom") and Compaq, or alternatively dismissing such claims, because the

agreement expressly precludes third-party beneficiaries. This is strictly a question of law that should be determined in advance of trial in order to avoid the presentation of unnecessary evidence.

## STATEMENT OF FACTS

On January 4, 2000, Inacom, Compaq, and Compaq's wholly-owned subsidiary ITY Corp. entered into an Asset Purchase Agreement (the "Asset Purchase Agreement") whereby Compaq agreed to purchase certain assets related to Inacom's hardware distribution division and to assume certain accounts payable associated with the purchased assets. The Asset Purchase Agreement is solely between Inacom and its affiliates, and Compaq and its subsidiary, and expressly provides that no other party is an intended beneficiary of the contract in the following section:

> SECTION 13.08. *Counterparts; Third-Party Beneficiaries.*
> . . . No provision of this Agreement is intended to confer upon any person other than the parties hereto any rights or remedies hereunder.

Section 13.05 of the Asset Purchase Agreement provides that the laws of the State of New York govern the rights of the parties thereunder.

Despite the explicit language of the Asset Purchase Agreement, Lexmark seeks to bring breach of contract and indemnity claims under the Asset Purchase Agreement based on its alleged status as a third-party beneficiary. Lexmark's principal claims against Compaq are contractually barred.

## ARGUMENT

**I.   THERE ARE NO THIRD-PARTY BENEFICIARIES TO THE ASSET PURCHASE AGREEMENT**

Under New York law, where a contract's language expressly bars contractual liability to a third party, no third party right to enforce the contract may be

found. *Nepco Forged Products, Inc. v. Consolidated Edison*, 470 N.Y.S.2d 680, 681 (App. Div. 1984) (holding that the clause "Nothing in this Agreement, express or implied, is intended to confer on any other person any rights or remedies, in or by reason of this Agreement" prevented a third party from bringing a breach of contract claim). *See also Board of Managers of the Alexandria Condominium v. Broadway/72nd Associates*, 729 N.Y.S.2d 16, 18 (N.Y.App.Div. 2001) (the provision "The sole beneficiaries of this Agreement are the parties hereto . . . This Agreement is not intended to confer any benefit or rights upon persons other than the parties hereto . . ." precluded plaintiff's breach of contract action).

Here, the Asset Purchase Agreement expressly states that no provision of the agreement is intended to confer any rights or remedies on third-parties. This provision is controlling. Lexmark lacks standing to bring any claims under the Asset Purchase Agreement.

Lexmark should be precluded from introducing evidence regarding the terms of the Asset Purchase Agreement, Compaq's alleged obligations under the contract, and the liabilities that Compaq allegedly assumed under the contract because Lexmark cannot assert rights as a third-party. Such evidence is irrelevant to Lexmark's rights and remedies against Compaq. Moreover, since Lexmark cannot assert claims under the Asset Purchase Agreement, allowing Lexmark to present evidence regarding this complex $365 million transaction would be a complete waste of the Court's and the parties' time and resources.

## II.  THE COURT SHOULD DISMISS LEXMARK'S CLAIMS FOR LACK OF STANDING

The Court should dismiss Lexmark's claims as a third-party beneficiary under the Asset Purchase Agreement. When a plaintiff lacks standing to bring claims as a third-party beneficiary, the court can dismiss those claims on a motion *in limine*, in

addition to excluding evidence relating to the plaintiffs' alleged third-party beneficiary status. *Cable Investments, Inc. v. Woolley*, 680 F.Supp. 174, 181-182 (M.D. Pa. 1987).

In *Cable Investments*, the plaintiff, a cable television company, sued an apartment complex owner for failing to grant the cable company access to apartment tenants. The plaintiff argued that it was a third-party beneficiary of the tenants' rights established by their rental arrangements. After acknowledging that the plaintiff was challenging the claims on the eve of trial by motion *in limine*, the court held that the tenants did not in fact have the right to purchase cable television of their choice, and therefore the plaintiff was not a third-party beneficiary of the tenants' rental agreements. *Id.* at 181. The court concluded:

> Since it has been determined that plaintiff cannot prevail as to Counts V and VII, and that it has no standing to bring a private action under the Cable Communication Policy Act of 1984 or as a third-party beneficiary to the rights of a tenant under the Landlord and Tenants Act, Counts XI and XII, **the defendants' motion in limine seeking dismissal of Counts V, VII, XI and XII will be granted.**
>
> **At the trial of this matter no evidence pertinent to such claims will be submitted.**

*Id.* at 182 (emphasis added). Thus, the *Cable Investments* court dismissed all of the plaintiff's third-party beneficiary claims for lack of standing and excluded all evidence pertaining to the claims.

Consistent with *Cable Investments*, the Court should dismiss Lexmark's First and Third Claims for Relief against Compaq and its subsidiary for alleged breach of contract under the Asset Purchase Agreement because Lexmark has no standing as a third-party beneficiary to the agreement. In addition, the Court should exclude all evidence of the Asset Purchase Agreement in connection with Lexmark's Fifth, and Sixth Claims for Relief for alleged indemnity to the extent that Lexmark seeks recovery under the Asset Purchase Agreement.

## CONCLUSION

For the foregoing reasons, HP requests that the Court grant an *in limine* order dismissing Lexmark's breach of contract claims and precluding Lexmark from presenting any argument or evidence based on a claim as a third-party beneficiary to the Asset Purchase Agreement.

## CERTIFICATION OF COUNSEL

Pursuant to Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, the undersigned hereby certifies that counsel for HP have made a reasonable effort to reach agreement with counsel for Lexmark on the matters set forth in this motion, and have been unable to reach such agreement.

Dated: August 16, 2005

Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
William H. Sudell, Jr. (No. 463)
Derek C. Abbott (No. 3376)
Daniel B. Butz (No. 4227)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200

- and -

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
One Maritime Plaza, Suite 2475
San Francisco, CA 94111
(415) 834-3800

{00203006.DOC v 3}    5