IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: INACOM CORP., et al., Debtors. | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br><div align="right">Plaintiff,</div><br>v.<br>LEXMARK INTERNATIONAL, INC.,<br><div align="right">Defendant.</div> | Civil Action No. 04-583 (GMS)<br><br>Adversary Proceeding No. 02-3500 (PJW) |

## [PROPOSED] FINAL PRE-TRIAL ORDER

This matter having come on before the court at a pretrial conference held pursuant to Fed.R.Civ.P ("Rule") 16, and Andrew W. Caine of Pachulski, Stang, Ziehl, Young, Jones & Weintraub, 919 Market Street, 17th Floor, Wilmington, Delaware, (302) 652-4100, having appeared as counsel for plaintiff Inacom Corporation, as represented by the duly authorized Plan Administrator ("Plaintiff", "Inacom" or "Debtor"), Culver V. Halliday, Stoll, Keenon & Park, LLP, 2650 AEGON Center, 400 West Market Street, Louisville, Kentucky 40202-3377, (502) 568-5707, and Thomas G. Whalen, Stevens & Lee, P.C., 1105 North Market Street, 7th Floor, Wilmington, Delaware 19801, (302) 425-3304, having appeared as counsel for Defendant Lexmark International, Inc. ("Defendant" or "Lexmark") (collectively, Plaintiff and Defendant are referred to herein as the "Parties"), the following actions were taken:

**I**    **STATEMENT OF THE NATURE OF THE ACTION AND BASIS FOR FEDERAL JURISDICTION.**

1.      This is an action for avoidance and recovery of alleged preferential transfers under 11 U.S.C. §§ 547 and 550, and the Court has jurisdiction over the parties and claims set forth in this matter pursuant to 28 U.S.C. § 1334(b).  Venue is proper pursuant to 28 U.S.C. § 1409.  This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Jurisdiction and venue are not disputed.

2.      This is an adversary proceeding initiated under 11 U.S.C. § 547 against the Defendant for receipt of preferential transfers.  The matter was removed to this Court from the United States Bankruptcy Court for the District of Delaware in September 2004.

**II**    **PROCEDURAL POSTURE**

3.      Plaintiff InaCom Corp. and its related debtors each filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") on June 16, 2000 (the "Petition Date").

4.      Plaintiff filed a Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint") on May 20, 2002 against Defendant.  Defendant filed its Answer on June 21, 2002.  No counterclaims have been asserted.

**III**    **STIPULATIONS AND STATEMENTS OF FACT.**

5.      The following stipulations and statements were submitted and are attached to and made a part of this order:

A.    **Uncontested Facts**

**General Background**

6.    In or about November, 1999, Inacom was in the business of providing of information technology products and technology management services to primarily Fortune 1000 clients. Inacom distributed its products and services through a marketing network of approximately ninety (90) business centers throughout the United States. Inacom was in two basic lines of business; computer hardware and peripherals distribution (the "Distribution Business") and a related technology service and configuration business (the "Service Business"). Through these businesses, Inacom delivered personal computer and related information technology products to businesses together with related support services.

7.    Lexmark is a corporation formed under the laws of the State of Delaware, with its principal place of business located at 740 New Circle Rd., Lexington, Kentucky 40511. Lexmark manufactures and sells printers and certain component parts, as well as a variety of other electronic products.

8.    Beginning in at least 1998, Inacom began to purchase product from Lexmark whereby Lexmark would ship product to Inacom on credit.

9.    In early December, 1999, Inacom reached an agreement in principle for sale of the assets of the Distribution Business to Compaq Computer Corporation ("Compaq"). On January 4, 2000, Inacom signed an Asset Purchase Agreement (the "APA"), and certain related operational agreements, with Compaq and its acquisition subsidiary ITY Corp., subsequently known as Custom Edge, Inc. (also referred to collectively, as "Compaq").

10.    The Asset Purchase transaction closed on February 16, 2000. In general, in exchange for $369.5 million, Compaq purchased the inventory, supply agreements, customer contracts, leases, furniture, fixtures and equipment of the Distribution Business, and assumed certain related outstanding liabilities. Compaq hired essentially all of the Debtors' employees and management personnel associated with the Distribution Business, and maintained operations from the same business premises.

11.    Prior to filing bankruptcy, Inacom attempted to sell the remaining Service Business.

12.    On June 16, 2000 (the "Petition Date"), the Debtors filed a Petition under Chapter 11 of the Bankruptcy Code. The Debtors ceased virtually all business operations as of the Petition Date and began to liquidate their remaining assets.

## The Parties' Relationship and the Challenged Transfers

13.    Within the 90 days prior to the Petition Date (March 17-June 16, 2000), the Debtors made payments to Lexmark in the amount of $2,928.090.91 (the "Transfers"), which are more specifically described in Exhibit "A" attached hereto at Tab 1. The Transfers were in payment of a debt incurred by the Debtor in its financial affairs with the Defendant, for the purposes of 11 U.S.C. 547(c)(2)(A) only.

14.    The Transfers were made to or for the benefit of the Defendant, as a creditor of the Debtors

15.    All of the Transfers were made in payment for Lexmark products previously sold, delivered, and accepted by InaCom.

16.    All of the Transfers were payments of funds belonging to the Debtors, were made to Lexmark for its benefit, were made on account of antecedent debts owed by InaCom to Lexmark and were made within the Preference Period for purposes of §§ 547(b)(1), (2) and (4) of the Bankruptcy Code.

17.    The Transfers were in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Lexmark, for purposes of §547(c)(2)(A) of the Bankruptcy Code.

18.    Defendant did not file a proof of claim in the Debtors' bankruptcy cases.

19.    Defendant was the initial transferee for whose benefit all of the Transfers were made.

### B.    Contested Issues of Fact and Law to be Litigated

20.    The parties' respective Proposed Findings of Fact and Conclusions of Law were filed concurrently with the submission of this Pretrial Order. To the extent not otherwise stipulated in this Pretrial Order, all proposed findings of fact and conclusions of law are contested. The ultimate issues in dispute are as follows:

- Inacom Contends:

    a.    Debtors were insolvent at all relevant times during the preference period;

    b.    None of the Transfers were made in the ordinary course of business pursuant to Bankruptcy Code Section 547(c)(2), and more specifically, the Transfers were not made:

(1)    in the ordinary course of business or financial affairs of the

Debtors and the Defendant (§ 547(c)(2)(B)); and

(2)    according to ordinary business terms (§ 547(c)(2)(C));

c.    Defendant did not give subsequent new value to the Debtors'

pursuant to Bankruptcy Code Section 547(c)(4); and

d.    The relief requested in the Complaint should not be denied, in

whole or in part, based upon any other defense;

e.    With respect to additional factual and legal contentions, Plaintiff

refers to its Proposed Findings of Fact and Conclusions of Law,

filed concurrently herewith.

- Lexmark Contends:

a.    The The Debtors were solvent at the time of the Transfers for

purposes of § 547(b)(3) of the Bankruptcy Code;

b.    The relief requested in the Complaint should be denied, in whole

or in part, because the Transfers did not enable Lexmark to receive

more than Lexmark would have received if the case were a

Chapter 7 case, if the Transfers had not been made, and if Lexmark

received payment of such debts to the extent provided by the

Bankruptcy Code, under § 547(b)(5) of the Bankruptcy Code;

c.    All of the Transfers were made in the ordinary course of business

pursuant to § 547(c)(2) of the Bankruptcy Code, and more

specifically, the Transfers were made:

(1)     in the ordinary course of business or financial affairs of the

Debtors and the Defendant under § 547(c)(2)(B) of the

Bankruptcy Code; and

(2)     according to ordinary business terms pursuant to §

547(c)(2)(C) of the Bankruptcy Code;

d.     Lexmark gave subsequent new value to the Debtors' under §

547(c)(4) of the Bankruptcy Code.  The subsequent new value

defense was raised by Lexmark in its Answer.

e.     With respect to additional factual and legal contentions, Lexmark

refers to its Proposed Findings of Fact and Conclusions of Law,

filed concurrently herewith.

f.     Lexmark contends that a portion of the funds paid to InaCom by

Compaq under the APA were earmarked for payment to Lexmark.

## IV     WAIVER OF CLAIMS AND DEFENSES

21.     Inacom does not waive any claims.

22.     Lexmark does not waive any Affirmative Defenses.

## V     EXHIBITS

23.     Attached hereto at Tab 2 and Tab 3 are the schedules, submitted by

Plaintiff and Defendant, respectively, of all exhibits (except for rebuttal exhibits), including

documents, summaries, charts and other items expected to be offered in evidence and any

demonstrative evidence to be offered during trial, along with corresponding statements of any

objections to the authenticity thereof.

## VI    POTENTIAL WITNESSES

24.    Attached hereto at Tab 4 and Tab 5 are lists submitted by Plaintiff and Defendant, respectively, of the names of the potential witnesses to be called by each party, with a corresponding statement of any objections to calling, or to the qualifications of, any witness identified on the other party's list.

## VII    EXPERT WITNESSES

25.    As this matter is not proceeding as a jury trial, the parties have not attached agreed statements setting forth the qualifications of their expert witnesses in a form that may be read to the jury at the time that the expert witness takes the stand.  Attached hereto at Tabs 6 and 7 are lists submitted by Plaintiff and Defendant, respectively, of the names of the potential expert witnesses to be called by each party, with a corresponding statement of any objections to calling, or to the qualifications of, any witness identified on the other party's list.

## VIII    DEPOSITIONS TO BE READ INTO EVIDENCE

26.    Attached hereto at Tab 8 and Tab 9 are lists submitted by Plaintiff and Defendant, respectively, of all depositions, or portions thereof, (except those used for impeachment or rebuttal), which the parties reserve the right to read into evidence, and corresponding statements of objection thereto.

## IX    ITEMIZED STATEMENT OF SPECIAL DAMAGES

27.    Plaintiff seeks the avoidance and recovery of the payments listed on Exhibit "A" attached at Tab 1.  Plaintiff seeks prejudgment interest from the date of the filing of the Complaint.

## X    JURY/NON-JURY TRIAL – FINDINGS AND CONCLUSIONS

28.    This action has been and is set for a bench trial. Lexmark filed a Motion For The Court To Order A Trial By Jury (the "Motion"), to which Plaintiff filed opposition. Lexmark's Motion is currently pending on the Court's docket. Since the action currently sits as a non-jury trial, each party shall separately file proposed Findings of Fact and Conclusions of Law concurrently with the submission of this Pretrial Order. Defendant intends to submit currently with this Pre-trial Order its proposed trial brief, jury instructions and verdict form.

## XI    HISTORY AND STATUS OF SETTLEMENT NEGOTIATIONS

29.    The parties have met and conferred in good faith in an attempt to settle the action prior to the submission of the Joint Pre-Trial Order. On July 12 and 13, 2005, the Parties engaged in a mediation before the Hon. Roger Whelan (U.S.B.C. – Ret.), but could not reach an agreed resolution. The possibility of settlement of this case has, and continues to be discussed between the parties.

## XII    COMPLETION OF DISCOVERY

30.    Inacom has agreed to allow further limited depositions of Laz Krikorian (Inacom's former Controller) and Thomas Fitzpatrick (Inacom's former CFO) on September 14 and 15, 2005. Discovery has otherwise been completed, including the depositions of expert witnesses. Absent good cause shown, no further discovery shall be permitted.

## XIII    MOTIONS IN LIMINE

31.    A list of any motions *in limine* filed by the Parties concurrent with the submission of this Pretrial Order are attached at Tab 10 and Tab 11, respectively.

## XIV   TYPE AND LENGTH OF TRIAL

32.    Depending on the outcome of rulings on pending motions and motions *in limine*, as well as the number of witnesses called to testify, the trial could take 2-5 days.

33.    Also pending before this Court are three related, additional preference actions brought by, or on behalf of, Inacom: Civil Case No. 04-CV-593 (GMS), against Ingram Entertainment, Inc. ("Ingram"); Civil Case No. 04-CV-148 (GMS), against Tech Data Corporation. ("Tech Data"); and Civil Case No. 04-CV-582 (GMS), against Dell Computer Corporation. ("Dell"). These three cases, as well as the instant case, are set for pre-trial conference before the Court on September 19, 2005 and for trial on the merits on October 17, 2005.

34.    On May 10, 2005, Lexmark, Dell, Ingram, and Tech Data filed a Joint Motion for the Court to Consolidate for Trial ("Motion to Consolidate"), moving the Court to consolidate the four cases for trial. On May 20, 2005, Inacom filed a response to the Motion to Consolidate, indicating that it did not oppose a joint evidentiary hearing on the issue of solvency. In addition to seeking consolidation of the actions, Dell, Lexmark and Ingram have filed Motions Requesting a Jury Trial. Tech Data filed a separate joinder to the Motions Requesting a Jury Trial. The Motion to Consolidate and the Defendants' requests for jury trial are pending.

## XV    CONTROLLING EFFECT OF PRETRIAL ORDER

This Order will control the course of the trial and may not be amended except by

consent of the Parties and the Court, or by order of the Court to prevent manifest injustice.


Date: _____


_____
The Honorable Gregory M. Sleet
United States District Judge


PACHULSKI, STANG, ZIEHL, YOUNG,         STEVENS & LEE, P.C.
JONES & WEINTRAUB, P.C.

_____         _____
Laura Davis Jones (Bar No. 2436)        Thomas G. Whalen Jr. (Bar No. 4034)
Sandra McLamb (Bar No. 4283)            1105 North Market Street, 7th Floor
919 North Market Street, 16th Floor     Wilmington, DE 19801
P. O. Box 8705                          Telephone: (302) 425-3304
Wilmington, DE 19899-8705 (Courier 19801)    Facsimile: (302) 654-5181
Telephone: (302) 652-4100
Facsimile: (302) 652-4400               —and—

—and—                                   STOLL, KEENON & PARK, LLP
                                        Culver V. Halliday
Andrew W. Caine (CA Bar No. 110345)     Emily L. Pagorski
Jeffrey P. Nolan (CA Bar No. 158923)    2650 AEGON Ctr, 400 West Market St.
10100 Santa Monica Blvd., Suite 1100    Louisville, KY 40202-3377
Los Angeles, CA 90067                   Telephone: (502) 568-9100
Telephone: (310) 277-6910               Facsimile: (502) 568-5700
Facsimile: (310) 201-0760

                                        Attorneys for Defendant,
Counsel for Debtor/Plaintiff            Lexmark International, Inc.

# TAB 1

# EXHIBIT A

## TO INACOM/LEXMARK PRETRIAL ORDER

| Pmt Date | Pmt Rcv'd | Pmt Clrd | Pmt Amt | Pmt No. |
|---|---|---|---|---|
| 2/1/00 | 3/20/00 | 3/21/00 | $1,625,925.73 | 707395 |
| 2/8/00 | 3/20/00 | 3/29/00 | $1,011,613.63 | 709257 |
| 2/10/00 | 3/25/00 | 3/27/00 | $274,046.14 | 710288 |
| 4/5/00 | 4/08/00 | 4/10/00 | $642.99 | 719599 |
| 4/5/00 | 4/10/00 | 4/11/00 | $115.00 | 719600 |
| 3/15/00 | 3/20/00 | 3/20/00 | $3,246.38 | 683675 |
| 3/20/00 | 3/25/00 | 3/24/00 | $429.56 | 684513 |
| 3/21/00 | 3/27/00 | 3/27/00 | $91.20 | 684854 |
| 3/22/00 | 3/28/00 | 3/27/00 | $671.42 | 685145 |
| 3/24/00 | 3/29/00 | 3/29/00 | $455.56 | 685694 |
| 3/27/00 | 4/08/00 | 4/7/00 | $930.22 | 686039 |
| 3/29/00 | 4/04/00 | 4/4/00 | $306.51 | 686603 |
| 3/30/00 | | 4/7/00 | $109.00 | 686945 |
| 3/31/00 | 4/08/00 | 4/10/00 | $819.17 | 687230 |
| 4/3/00 | 4/11/00 | 4/11/00 | $461.34 | 687502 |
| 4/4/00 | 4/11/00 | 4/11/00 | $55.54 | 687703 |
| 4/5/00 | 4/13/00 | 4/13/00 | $162.46 | 687967 |
| 4/6/00 | 4/13/00 | 4/13/00 | $61.26 | 688175 |
| 4/7/00 | 4/18/00 | 4/18/00 | $232.66 | 688358 |
| 4/10/00 | 4/14/00 | 4/14/00 | $204.29 | 688574 |
| 4/12/00 | 4/17/00 | 4/17/00 | $476.47 | 689094 |
| 4/13/00 | 4/20/00 | 4/20/00 | $67.80 | 689303 |
| 4/13/00 | | 4/28/00 | $51.80 | 689304 |
| 4/14/00 | 4/20/00 | 4/20/00 | $402.03 | 689472 |
| 4/17/00 | 4/2600 | 4/26/00 | $241.15 | 689586 |

| Pmt Date | Pmt Rcv'd | Pmt Clrd | Pmt Amt | Pmt No. |
|----------|-----------|----------|---------|---------|
| 4/19/00 | 4/26/00 | 4/26/00 | $1,797.16 | 690046 |
| 4/20/00 | 4/26/00 | 4/25/00 | $61.98 | 690480 |
| 4/21/00 | 4/29/00 | 4/27/00 | $245.86 | 690719 |
| 4/24/00 | 5/2/00 | 5/1/00 | $432.83 | 690980 |
| 4/25/00 | 5/1/00 | 5/1/00 | $249.48 | 691172 |
| 5/4/00 | 5/9/00 | 5/9/00 | $435.10 | 692918 |
| 5/5/00 | 5/12/00 | 5/11/00 | $269.28 | 693276 |
| 5/8/00 | 5/12/00 | 5/11/00 | $98.40 | 693662 |
| 5/9/00 | 5/22/00 | 5/22/00 | $247.56 | 693910 |
| 510/00 | 5/17/00 | 5/16/00 | $442.22 | 694249 |
| 5/12/00 | 5/20/00 | 5/22/00 | $172.05 | 694865 |
| 5/15/00 | 5/20/00 | 5/22/00 | $432.08 | 695103 |
| 5/16/00 | 5/27/00 | 5/30/00 | $953.28 | 695419 |
| 5/17/00 | 5/25/00 | 5/24/00 | $434.32 | 695671 |
| 39 checks | | TOTAL | $2,928,090.91 | |

# TAB 2

**TAB 2**

**PLAINTIFF'S EXHIBITS**

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 1. | | Pre-Trial Order | |
| 2. | May 16, 2002 | Complaint for Avoidance and Recovery of Preferential Transfers | |
| 3. | June 21, 2002 | Answer of Lexmark International, Inc. to Complaint | |
| 4. | March 20, 2000 | Check #683675 for $3,246.38 with corresponding invoices in the preference period | |
| 5. | March 20, 2000 | Check #684513 for $429.56 with corresponding invoices in the preference period | |
| 6. | | Check # 707395 for $1,625,925.73 with corresponding invoices in the preference period | |
| 7. | March 21, 2000 | Check #684854 for $91.20 with corresponding invoices in the preference period | |
| 8. | March 22, 2000 | Check #685145 for $671.42 with corresponding invoices in the preference period | |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|-----------|------|--------------------------|-------------------------------|
| 9. | March 24, 2000 | Check #685694 for $455.56 with corresponding invoices in the preference period | |
| 10. | March 10, 2000 | Check #710288 for $274,046.14 with corresponding invoices in the preference period | |
| 11. | March 27, 2000 | Check #686039 for $930.22 with corresponding invoices in the preference period | |
| 12. | March 29, 2000 | Check #686603 for $306.51 with corresponding invoices in the preference period | |
| 13. | February 08, 2000 | Check #709257 for $1,011,613.63 with corresponding invoices in the preference period | |
| 14. | March 30, 2000 | Check #686945 for $109.00 with corresponding invoices in the preference period | |
| 15. | March 31, 2000 | Check #687230 for $819.17 with corresponding invoices in the preference period | |
| 16. | April 03, 2000 | Check #687502 for $461.34 with corresponding invoices in the preference period | |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 17. | April 04, 2000 | Check #687703 for $55.54 with corresponding invoices in the preference period | |
| 18. | April 05, 2000 | Check #719599 for $642.99 with corresponding invoices in the preference period | |
| 19. | April 05, 2000 | Check #719600 for $115.00 with corresponding invoices in the preference period | |
| 20. | April 05, 2000 | Check #687967 for $162.46 with corresponding invoices in the preference period | |
| 21. | April 06, 2000 | Check #688175 for $61.26 with corresponding invoices in the preference period | |
| 22. | April 07, 2000 | Check #688358 for $232.66 with corresponding invoices in the preference period | |
| 23. | April 10, 2000 | Check #688574 for $204.29 with corresponding invoices in the preference period | |
| 24. | April 12, 20000 | Check #689094 for $476.47 with corresponding invoices in the preference period | |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 25. | April 13, 2000 | Check #689303 for $67.80 with corresponding invoices in the preference period | |
| 26. | April 13, 2000 | Check #689304 for $51.80 with corresponding invoices in the preference period | |
| 27. | April 14, 2000 | Check #689472 for $402.03 with corresponding invoices in the preference period | |
| 28. | April 17, 2000 | Check #689586 for $241.15 with corresponding invoices in the preference period | |
| 29. | April 19, 2000 | Check #690046 for $1,797.16 with corresponding invoices in the preference period | |
| 30. | April 20, 2000 | Check #690480 for $61.98 with corresponding invoices in the preference period | |
| 31. | April 21, 2000 | Check #690719 for $245.86 with corresponding invoices in the preference period | |
| 32. | April 24, 2000 | Check #690980 for $432.83 with corresponding invoices in the preference period | |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 33. | April 25, 2000 | Check #691172 for $249.48 with corresponding invoices in the preference period | |
| 34. | May 04, 2000 | Check #692918 for $435.10 with corresponding invoices in the preference period | |
| 35. | May 05, 2000 | Check #693276 for $269.28 with corresponding invoices in the preference period | |
| 36. | May 08, 2000 | Check #693662 for $98.40 with corresponding invoices in the preference period | |
| 37. | May 09, 2000 | Check #693910 for $247.56 with corresponding invoices in the preference period | |
| 38. | May 10, 2000 | Check #694249 for $442.22 with corresponding invoices in the preference period | |
| 39. | May 12, 2000 | Check #694865 for $172.05 with corresponding invoices in the preference period | |
| 40. | May 15, 2000 | Check #695103 for $432.08 with corresponding invoices in the preference period | |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 41. | May 16, 2000 | Check #695419 for $953.28 with corresponding invoices in the preference period | |
| 42. | May 17, 2000 | Check #695671 for $434.32 with corresponding invoices in the preference period | |
| 43. | February 13, 2003 | Ordinary Course Analysis Data prepared by M. Newsom | Document is not sufficiently identified to permit inspection and objection. Failure to disclose. FRCP 26, 33, 34 & 37(c); FRE 403; motion in limine. Hearsay. FRE 802. Authenticity. FRE 901. Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702, motion in limine. |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 44. | February 13, 2003 | **Percent Completion Table of Dollars Paid prepared by M. Newsom** | **Document is not sufficiently identified to permit inspection and objection. Failure to disclose. FRCP 26, 33, 34 & 37(c); FRE 403; motion in limine. Hearsay. FRE 802. Authenticity. FRE 901. Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702, motion in limine.** |
| 45. | February 13, 2003 | **Scatter Distribution Table of Dollars Paid prepared by M. Newsom** | **Document is not sufficiently identified to permit inspection and objection. Failure to disclose. FRCP 26, 33, 34 & 37(c); FRE 403; motion in limine. Hearsay. FRE 802. Authenticity. FRE 901. Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702, motion in limine.** |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 46. | February 13, 2003 | Scatter Distribution Chart of Dollars Paid prepared by M. Newsom | Document is not sufficiently identified to permit inspection and objection. Failure to disclose. FRCP 26, 33, 34 & 37(c); FRE 403; motion in limine. Hearsay. FRE 802. Authenticity. FRE 901. Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702, motion in limine. |
| 47. | February 13, 2003 | Average Age of Invoices Paid by Month prepared by M. Newsom | Document is not sufficiently identified to permit inspection and objection. Failure to disclose. FRCP 26, 33, 34 & 37(c); FRE 403; motion in limine. Hearsay. FRE 802. Authenticity. FRE 901. Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702, motion in limine. |
| 48. | January 31, 20000, February 1, 2000 and February 3, 2000 | E-mails exchanged between Todd Pinkston and Misty Atchinson | |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 49. | February 4, 2000 | Daily Record of Events, exhibit 1 to the Pinkston deposition | |
| 50. | February 15, 2000 | Correspondence from William Schuette to Dick Oshlo | No Objection |
| 51. | February 16, 2000 | Correspondence from Bill Francis to Misty Atchinson | |
| 52. | February 29, 2000 | E-mails from Bob Kendrick and Misty Atchinson (exhibit 1 to deposition of Misty Atchinson) | |
| 53. | February 28, 2000 | E-mails from Bob Kendrick and Misty Atchinson (exhibit 2 to deposition of Misty Atchinson) | |
| 54. | | Demonstrative-Newsom chart of payments to major vendors | This document has not been previously disclosed or made available in discovery. Accordingly, since this document was not provided in discovery, Lexmark to its admission in evidence. See Fed. R. Civ. P. 37(c). Therefore, Lexmark has had no opportunity to review the document and assert other appropriate objections. |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 55. | | Lexmark AP register-historical data file | Hearsay, R. 802; Unreliable principles/methods and principles/methods unreliably applied, R. 702 |
| 56. | | Bridge demonstrative exhibits (27 pages) | Hearsay, R. 802; Unreliable principles/methods and principles/methods unreliably applied, R. 702 |
| 57. | | Demonstrative-OCB charts & graphs for Lexmark | No Objection |
| 58. | May 10, 2000 | Treasury Released Checks by Date; Exhibit 10 to Deposition of R. Oshlo | Document is not sufficiently identified to permit inspection and objection. Failure to disclose. FRCP 26, 33, 34 & 37(c); FRE 403; motion in limine. Hearsay. FRE 802. Authenticity. FRE 901. Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702, motion in limine. |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 59. | January 1, 1998 through December 31, 2000 | Inacom Payment History prepared by Lexmark | Document is not sufficiently identified to permit inspection and objection. Failure to disclose. FRCP 26, 33, 34 & 37(c); FRE 403; motion in limine. Hearsay. FRE 802. Authenticity. FRE 901. Unqualified expert opinion based on unreliable principles and methods. FRE 403, 702, motion in limine. |
| 60. | April 27, 2000 | Bank presentation | |
| 61. | May, 2000 | Blackstone Confidential Information Memorandum | Document is not sufficiently identified to permit inspection and objection. Hearsay, R. 802. Authenticity, R. 901. |
| 62. | | Liquidation analysis (Exhibit H to Disclosure Statement) | |
| 63. | | Updated liquidation analysis from Gilmour | |
| 64. | | Demonstrative- make-up of outstanding unsecured creditors | Hearsay, R. 802; Not relevant, R. 402; Unfairly prejudicial, R. 403 |
| 65. | February 28, 2000- July 25, 2000 | Inacom Board of Directors Minutes | Hearsay, R. 802 |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 66. | May 24, 2000 | E-mail from Al Karsnia to Ben Wells | Hearsay, R. 802; Unreliable principles/methods and principles/methods unreliably applied, R. 702 |
| 67. | | Compaq/CTY Asset Purchase Agreement | Hearsay, R. 802. Unfairly prejudicial, R. 403 |
| 68. | March 15, 2000 | Accounts Payable Schedule as of 2/12/00 and attached AP register | This document has not previously been disclosed or made available in discovery. Accordingly, since this document was not provided in discovery, Lexmark objects to its admission in evidence. See Fed. R. Civ. P. 37(c). Additionally, Lexmark has not been provided with a copy of this document. Therefore, Lexmark has had no opportunity to review the document and assert other appropriate objections. |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 69. | | Compaq Computer Corp Revolving Credit Facility Commitment Letter | This document has not previously been disclosed or made available in discovery. Accordingly, since this document was not provided in discovery, Lexmark objects to its admission in evidence. See Fed. R. Civ. P. 37(c). Additionally, Lexmark has not been provided with a copy of this document. Therefore, Lexmark has had no opportunity to review the document and assert other appropriate objections. |
| 70. | February 16, 2000 | Services, Supply and Sales Agreement | As to minutes after 4/22/00: Not relevant, R. 402. |
| 71. | February 16, 2000 | Separation and Sharing Agreement | Not releveant, R. 402. Hearsay, R. 802. |
| 72. | February 16, 2000 | Service Level Agreement | |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 73. | February 16, 2000 | Intercreditor Agreement among Deutsche Bank, Compaq and IBM Credit | Document is not sufficiently described to allow Lexmark to identify. Therefore, Lexmark has had no opportunity to review the document and assert appropriate objections. |
| 74. | January 11, 2000 | 3rd Amendment/Waiver among Inacom, Banks, IBM Credit | |
| 75. | February 23, 2000 | 4th Amendment/Waiver among Inacom, Banks, IBM Credit | |
| 76. | March 31, 2000 | 5th Amendment/Waiver among Inacom, Banks, IBM Credit | |
| 77. | April 14, 2000 | 6th Amendment/Waiver among Inacom, Banks, IBM Credit | |
| 78. | March 24, 2000 | Oshlo memo to Fitzpatrick re accessing Compaq credit facility | |
| 79. | April 4, 2000 | Oshlo memo to Fitzpatrick re status of held checks and revolver | |
| 80. | April 27, 2000 | Anderson/Wavro letter to Fitzpatrick re collections on receivables owned by Compaq | Hearsay, R. 802. Authenticity, R. 901. |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 81. | April 28, 2000 | Notice of Borrowing from Inacom to Deutsche Bank | Hearsay, R. 802. Authenticity, R. 901. |
| 82. | May 16, 2000 | Wavro letter to Fitzpatrick waiving a portion of the Compaq commitment letter | Hearsay, R. 802. Authenticity, R. 901. |
| 83. | May 26, 2000 | Letter from Wood and Cheever to Anderson re misdirected funds | |
| 84. | | Debtors' Disclosure Statement | Hearsay, R. 802. Authenticity, R. 901. |
| 85. | March 14, 2000 | Gagliardi e-mail to Winkler complaining about no incremental service revenue | Hearsay, R. 802. Authenticity, R. 901. |
| 86. | | Complaint-Custom Edge v. Inacom, etal | Not Relevant, R. 402. Hearsay, R. 802. Unfairly prejudicial, R. 403. |
| 87. | April 18, 2000 | Hansen e-mail to Oshlo et al re split of AR receipts | Hearsay, R. 802; Lexmark also objects because the document appears redacted and altered from its original form, therefore, Lexmark objects pursuant to R. 1002 and R. 1003. |
| 88. | May 17, 2000 | Inacom press release | |
| 89. | May 17, 2000 | Moody's press release | Hearsay, R. 802. Authenticity, R. 901. |
| 90. | May 9, 2000 | Fax to Gagliardi from Robert M. Wood, Jr. Leverage Finance Group | Not relevant, R. 402. Unfairly prejudicial, R. 403. |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 91. | | Demonstrative-supporting Fitz narrative | Not relevant, R. 402. Unfairly prejudicial, R. 403. |
| 92. | | First Amendment to Asset Purchase Agreement | Not relevant, R. 402. Hearsay, R. 802. |
| 93. | June 2, 2000 | Asset Purchase Agreement (unexecuted) by and between Compucom and Marlin | This document has not previously been disclosed or made available in discovery. Accordingly, since this document was not provided in discovery, Lexmark objects to its admission in evidence. See Fed. R. Civ. P. 37(c). Additionally, Lexmark has not been provided with a copy of this document. Therefore, Lexmark has had no opportunity to review the document and assert other appropriate objections. |
| 94. | June 19, 2000 | Affidavit of Thomas J. Fitzpatrick in Support of First Day Orders | |
| 95. | February 3, 2000 | Summary Act vs. Bud | |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 96. | March 27, 2000 | Inacom Press release | Document was not provided to Lexmark until August 9, 2005, months after the close of discovery in Mary 2005 and after fact discovery was completed. Accordingly, Lexmark objects to its admission in evidence. See Fed. R. Civ. P. 37(c). |
| 97. | May 2000 | Blackstone Project Adams Debtor in Possession Model report | Hearsay, R. 802. |
| 98. | March 24, 2000 | A/: Weekly Balancing to A/P Aging Report | Rule of optional completeness, R. 106---add pages DE002976 through 02996. |
| 99. | January 1, 2000 | Jay Samuelson e-mail to Chris Anderson | Hearsay, R. 802. Authenticity, R. 901. |
| 100. | May 27, 2000 | Kevin Edwards e-mail to Mike Hall | Relevance, R. 402; Hearsay, 802. Unfairly prejudicial, R. 403. |
| 101. | April 28, 2000 | Paul Hatfield memorandum to mailing list | Hearsay, R. 802. Lexmark also objects to authenticity in that it appears there is additional related information omitted; therefore, this document is not complete, R. 1002 and R. 1003. |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 102. | December 9, 1999 | Roberta Conklin email re Inacom Update | Hearsay, R. 802. Authenticity, R. 901. |
| 103. | April 26, 2000 | Minutes of Inacom Board of Directors Meeting | |
| 104. | June 14, 2000 | Bill Wavro letter to Fitzpatrick and attached statement | |
| 105. | | Tom Molchan Memo to Board re materials for 6/1/00 meeting | Not relevant, R. 402. Hearsay, R. 802. Unfairly prejudicial, R. 403. |
| 106. | February 16, 2000 | Davis Polk & Wardwell memo re Funds Flow for Compq-Inacom closing | Not relevant, R. 402. |
| 107. | May 2000 | Blackstone Project Addams Reorganization Model | Not relevant, R. 402. Hearsay, R. 802. Unfairly prejudicial, R. 403. |
| 108. | | Blackstone Group Jan Actual-April Actual | Not relevant, R. 402. Hearsay, R. 802. |
| 109. | | Blackstone Group Q2-Q3 Consolidated Summary and backup | Hearsay, R. 802. Authenticity, R. 901. |
| 110. | April 19, 2005 | Bridge Associates Expert Report | Not relevant, R. 402. Hearsay, R. 802. Unfairly prejudicial, R. 403. |
| 111. | April 29, 2005 | Weiser LLP expert report | Not relevant, R. 402. Hearsay, R. 802. Unfairly prejudicial, R. 403. |
| 112. | May 27, 2005 | Bridge Associates Rebuttal Expert Report | Not relevant, R. 402. Hearsay, R. 802. Unfairly prejudicial, R. 403. |
| 113. | | Murray Devine expert report | |

| EXHIBIT # | DATE | TRIAL EXHIBIT DESCRIPTION | OBJECTION TO ADMISSION/ FRE # |
|---|---|---|---|
| 114. | May 2, 2005 | **Lexmark's Expert Disclosure** | **No Objection** |
| 115. | | **First Set of Interrogatories propounded by Plaintiff** | **No Objection** |
| 116. | | **Responses to First Set of Interrogatories propounded by Plaintiff** | **No Objection** |
| 117. | | **Plaintiff's Initial Disclosures pursuant to Fed. R. Bankr. P. 7026(a)(1)** | **No Objection** |
| 118. | | **Defendant's Initial Disclosures pursuant to Fed. R. Bankr. P. 7026(a)(1)** | **No Objection** |
| 119. | | **First Set of Request for Production of Documents propounded by Plaintiff** | **No Objection** |
| 120. | | **Response to Plaintiff's First Set of Request for Production of Documents** | **No Objection** |

# TAB 3

# TAB 3

## DEFENDANT'S EXHIBITS

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-1 | 00/00/0000 | Collection of Invoices from Dell to InaCom | Horton 3 | Irrelevant. F.R.E. 401, 402 |
| D-2 | | Deleted | | |
| D-3 | 00/00/0000 | Disc containing all Dell Invoices | | Irrelevant. F.R.E. 401, 402 |
| D-4 | 00/00/0000 | Disc containing sample of Purchase Orders | | Irrelevant. F.R.E. 401, 402 |
| D-5 | 00/00/0000 | Inacom Fiscal Year 2000 Projections | 000252 Willetts 2 | Authenticity F.R.E. 901; Hearsay F.R.E. 802 |
| D-6 | 00/00/0000 | Inacom Revenue Projections | 016402 Willetts 3 | Authenticity F.R.E. 901; Hearsay F.R.E. 802 |
| D-7 | 00/00/0000 | Proposed Relationship between DB Groups and Compaq's Covenants | DE 003393 Wood 7 | Authenticity F.R.E. 901; Hearsay F.R.E. 802 |
| D-8 | 00/00/0000 | IBM Floor Plan Side Letter | 01132-01139 | Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402 |
| D-9 | 00/00/0000 | Consent to Use of Name (ITY) | 01463 | |
| D-10 | | Deleted | | |
| D-11 | | Deleted | | |
| D-12 | | Deleted | | |
| D-13 | 00/00/0000 | Agenda *May be limited offer or used for impeachment/rebuttal* | DB 013680 - 013681 | Authenticity F.R.E. 901; Hearsay F.R.E. 802 |
| D-14 | 00/00/0000 | Business Record Affidavit of Deutsche Bank, AG New York Branch | | |
| D-15 | 00/00/0000 | Deleted | | |
| D-16 | 00/00/0000 | Redacted Arthur Anderson document | FTI 001054 - 001073 | Authenticity F.R.E. 901; Hearsay F.R.E. 802 |
| D-17 | 00/00/0000 | Income Approach | HL 00111- 00113 | Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402 |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-18 | 00/00/0000 | Inacom Corp.   Assumptions   and Convenants [sic], | HL 00132 – 136 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-19 | 00/00/0000 | Inacom   Projected   Financial Statements SG&A Recap | HL 00193 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-20 | 00/00/0000 | Deleted | | |
| D-21 | 00/00/0000 | Outsourcing/Agency   Agreement between InaCom and Compaq | | **Irrelevant F.R.E. 411, 402** |
| D-22 | | Kevin Edwards email to Mike Baker, et al, subject:  "Italy A/R Findings" and attachment | CPQ 2848 - 2849 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-23 | 08/10/1994 | Remarketer/Integrator Agreement (Vanstar) | | **Irrelevant. F.R.E. 401, 402** |
| D-24 | | Remarketer/Integrator Agreement (Inacom) | | **Irrelevant. F.R.E. 401, 402** |
| D-25 | 01/01/1998 | Inacom Corp. Audit Difference Analysis | 00591 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-26 | 12/26/1998 | 10K for fiscal year end December 26, 1998 | | **Irrelevant. F.R.E. 401, 402** |
| D-27 | 04/09/1999 | Credit   Agreement   among   Various Lending   Institutions,   IBM   Credit Corp.,   Banque   Nationale   De   Paris, and Deutsche Bank, AG, New York Branch | HL00506 – HL00782 Wood 1 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802. Irrelevant F.R.E. 401, 402** |
| D-28 | | Deleted | | |
| D-29 | 06/30/1999 | Technology   Research   Report InaCom (ICO) | HL01785   – HL01791 | **Irrelevant F.R.E. 401, 402** |
| D-30 | 07/01/1999 | A.G. Edwards Article - InaCom | HL01819   – HL01828 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-31 | | Deleted | | |
| D-32 | 07/25/1999 | Attachment   F   Collateral Management Report | DB 014064 Oshlo 11 | **Authenticity F.R.E. 901; Irrelevant F.R.E. 401, 402** |
| D-33 | 09/01/1999 | Inacom Corp 10Q for September 1999 | | |
| D-34 | | Deleted | | |
| D-35 | 12/14/1999 | "Inacom Restructures Operations to Drive   Growth   in   eBusiness Infrastructure Management" | HL01153 – HL01156 Gagliardi 8 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-36 | 12/17/1999 | Inacom Bank Presentation | DB 008792 - 008833 | |
| D-37 | 12/28/1999 | News Article – Inacom Plans to Restructure to Survive | Gagliardi 1 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-38 | 12/28/1999 | Inacom Compaq Presentation | DE 002285 - 002301 | |
| D-39 | 12/29/1999 | Houlihan Lokey Howard & Zukin engagement letter, associated materials, report and presentation | HL 0000 – 00248 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-40 | | 1999 Monthly Financial Statements | ICN 07601 07647 | |
| D-41 | 12/31/1999 | Inacom and Subsidiaries – Condensed and Consolidated Statement of Income – Restated 1996-1999 | ICN 00870 | |
| D-42 | 12/31/1999 | Inacom and Subsidiaries – Condensed and Consolidated Margin Analysis – Restated 1996 -1999 | ICN 00871 | |
| D-43 | 12/31/1999 | Inacom and Subsidiaries – Comparative Consolidated Statement of Income 1996 -1999 | ICN 05390 | |
| D-44 | 12/31/1999 | Inacom and Subsidiaries – Comparative Consolidated Margin Analysis –1996 -1999 | ICN 05391 | |
| D-45 | 01/01/2000 | Inacom Corp. Projected Financial Statements – Scenario: Base Case | HL00133-HL00135 *HL00170* Dugan 4 Samuelson 7 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-46 | | Deleted | | |
| D-47 | | 2000 Monthy Income Statements | ICN 07578 - 07600 | |
| D-48 | 01/01/2000 | 2000 Calendar & Holiday Schedule | | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| D-49 | 01/02/2000 | Inacom Compaq Presentation | DE 009906 - 009923 | |
| D-50 | 01/03/2000 | Memorandum to T. Gahan from J. Stuart re Inacom Amendment for Compaq Purchase of Assets | DE 003219 – 003220 *Wood 5* | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-51 | 01/04/2000 | 8-K January 4, 2000 | 2363 - 2424 | |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| **D-52** | 01/04/2000 | Third Amendment and Waiver | DB 014995 - 015021 00953 – 00974 Fitzpatrick 14 Oshlo 2 Samuelson 1 Wood 2 | |
| **D-53** | 01/04/2000 | Asset Purchase Agreement | 00674-00737 Fitzpatrick 20 | **Incompleteness of writing. F.R.E. 901, 1001. Motion in limine.** |
| **D-54** | 01/04/2000 | Goldman Sachs Project Rodeo | 016354 - 016378 0000095 – 000120 Willetts 1 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| **D-55** | 01/04/2000 | InaCom Corp. Executive Officer's Certificate relating to the 01/04/00 Asset Purchase Agreement | 01335 | |
| **D-56** | | Deleted | | |
| **D-57** | 01/19/2000 | Houlihan Lokey Handwritten Notes of Conferences 02/01/2000 02/11/1999 | HL00264 HL00269 HL00328 – HL00329 Fitzpatrick 23 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| **D-58** | 01/19/2000 | Houlihan Lokey - Handwritten Notes of Conferences | HL 00264 - 00336 | **Authenticity F.R.E. 901; Irrelevant. F.R.E. 401, 402** |
| **D-59** | 01/20/2000 | Inacom Credit Report | DE 010301 - 010308 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| **D-60** | 02/01/2000 | Inacom Corp. Officer's Certificate w/Ex. A – 'complete and accurate copy of the Pro Forma Financial Statements of the Company. | 01337 – 01344 Gagliardi 6 Krikorian 11 | |
| **D-61** | | Deleted | | |
| **D-62** | 02/10/2000 | Release of Liens (Deutsche Bank to InaCom) | 00998 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| **D-63** | 02/14/2000 | White and Case fax and comments of Commitment Letter and Term Sheet | DB 009957 - 009968 | **Irrelevant. F.R.E. 401, 402. Motion in Limine.** |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-64 | 02/14/2000 | Form 10-K for P/E 12/25/99 | 00128 – 00133 Fitzpatrick 22 | **Incomplete document. F.R.E. 1001; Irrelevant F.R.E. 401, 402** |
| D-65 | 02/15/2000 | Fourth Amendment and Waiver | DB 009947 - 009956 00976 – 00993 Fitzpatrick 15 Gagliardi 10 Oshlo 5 Samuelson 2 Wood 3 | |
| D-66 | 02/15/2000 | $55.5 Million Dollar Revolving Credit Facility Commitment Letter by Compaq | 01067 – 01110 Fitzpatrick 18 Wells 10 | |
| D-67 | | Deleted | | |
| D-68 | | Deleted | | |
| D-69 | 02/16/2000 | Form 8-K | 00134 – 00204 Oshlo 3 Samuelson 8 Wells 9 | |
| D-70 | | Deleted | | |
| D-71 | 02/15/2000 | E-mail to W. Caswell from R. Wood w/handwritten notes re Proposal re Compaq Covenants | DB 009944 – 009946 Wood 8 | **Irrelevant. F.R.E. 401, 402. Motion in Limine.** |
| D-72 | | Deleted | | |
| D-73 | 02/15/2000 | Correspondence from Deutsche Financial Services to C. Mayer Re: Payoff Letter – InaCom Corp. | 01112 – 01113 | **Irrelevant. F.R.E. 401, 402** |
| D-74 | 02/15/2000 | Bill of Sale – InaCom & ITY | 01443-01456 | |
| D-75 | 02/15/2000 | Memo From Deutsche Bank to Inacom Bank Group Subject: 2/15/00 Conference Call with attachments | DE 002353 – 02364 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-76 | | Deleted | | |
| D-77 | 02/16/2000 | Services, Supply and Sales Agreement between Compaq and InaCom w/Ex. 1: Procurement Services; Ex. 2: Fee Schedule; and Ex. 3 Rules of Engagement for Field Purpose, Appendix – List of Accounts; Ex. 4 Operating Agreements | CA1-CA18 00817-00834 *00753** Dugan 5 Fitzpatrick 16 Kerkman 1 Samuelson 9 Wells 8 | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-78 | 02/16/2000 | Separation and Sharing Agreement between Compaq and InaCom w/Ex. 1 Compaq/Inacom Inventories; Ex. 2 Shared Services – Field Finance Ops | 00873-00943 Dugan 6 Oshlo 18 Samuelson 10 | |
| D-79 | 02/16/2000 | Service Level Agreement with Compaq Computer Corporation | 00836 – 00871 Fitzpatrick 17 | |
| D-80 | 02/16/2000 | HL Opinion Letter | HL00038 – HL00041 | **Irrelevant. F.R.E. 401, 402** |
| D-81 | | Deleted | | |
| D-82 | 02/16/2000 | Funds Flow re Compaq-Inacom Closing | 01429-01433 Gagliardi 11 Oshlo 6 | **Irrelevant. F.R.E. 401, 402** |
| D-83 | 02/16/2000 | Intercreditor Agreement | Oshlo 17 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-84 | 02/16/2000 | First Amendment to Asset Purchase Agreement | IN 00013 - 00015 | |
| D-85 | 02/16/2000 | Fifth Amendment and Waiver to Agreement for Inventory Financing | 01123 – 01130 | |
| D-86 | | Deleted | | |
| D-87 | 02/16/2000 | Willkie Farr & Gallagher Letter to BOD InaCom Corp. and Compaq Re: Asset Purchase Agreement dated 01/04/00 | 01310-01316 | **Attorney-client privilege** |
| D-88 | 02/16/2000 | Richards, Layton & Finger Letter to BOD InaCom Corp. and Compaq | 01318-01328 | **Attorney-client privilege** |
| D-89 | 02/16/2000 | Assignment and Assumption Agreement between Inacom and Compaq | 01330-01333 | **Irrelevant. F.R.E. 401, 402** |
| D-90 | 02/16/2000 | InaCom Corp. Secretary's Certificate w/Ex. A, By-Laws of InaCom Corp. and Ex. B BOD Meeting of 01/04/00 | 01346-01358 | |
| D-91 | 02/16/2000 | ITY Corp. Executive Officer's Certificate | 01360 | |
| D-92 | 02/16/2000 | ITY Corp. Secretary's Certificate w/Ex.A Bylaws of ITY Corp. and Ex. B ITY Corp. Consent in Lieu of Meeting of the BOD and Asset Purchase Agreement | 01362-01375

01376-01427 | |
| D-93 | 02/16/2000 | Transfer Agreement between InaCom and ITY | 01439-01441 | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-94 | | Inacom News – Memo from Gagliardi to Inacom Team Re: Compaq Transaction Close | Inacom 03752 | |
| D-95 | | Deleted | | |
| D-96 | | Deleted | | |
| D-97 | | Deleted | | |
| D-98 | | Deleted | | |
| D-99 | 02/26/2000 | Inacom Borrowing Base Certificate | DB 014103 - 014106 Inacom 000160 – 000163 Oshlo 4 Wood 9 | |
| D-100 | 02/26/2000 | Schedule A-2 Borrowing Base Inventory Period Ending 02/26/00 | ICN 16564 | |
| D-101 | 02/20/2000 | Board of Directors Meeting Agenda | ICN 01613 - 01637 | |
| D-102 | 02/28/2000 | Inacom Board of Directors Minutes of Meetings 02/28/2000 **102A** - 03/17/00 **102B** - 03/22/00 *The following exhibits may be limited offer for impeachment/ rebuttal.* **102C** - 04/26/00 **102D** - 05/01/00 **102E** - 05/15/00 **102F** - 05/22/00 **102G** - 06/01/00 **102H** - 06/06/00 **102I** - 06/08/00 **102J** - 06/15/00 **102K** -06/23/00 **102L** - 07/06/00 **102M** - 07/25/00 | ICN 19506 – 19511 | |
| D-103 | 02/28/2000 | Minutes of Meeting of the Inacom Corp. Board of Directors | ICN 19549 – 19555 Gagliardi 9 | |
| D-104 | 03/02/2000 | 8K | 00134 and 00204 | **Irrelevant. F.R.E. 401, 402** |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| **D-105** | 03/09/2000 | Inacom's 1998/99 Performance *May be limited offer or used for impeachment/rebuttal* | DE 012444 – 012454 Wood 6 | **Authenticity F.R.E. 901; Incompleteness of document F.R.E. 1001; Irrelevant F.R.E. 401, 402** |
| **D-106** | 03/10/2000 | Letter re Invoice payment due | HL00009-10 Fitzpatrick 19 | **Irrelevant. F.R.E. 401, 402** |
| **D-107** | 03/14/2000 | John Dugan email to Galen Meysenburg and attachments | INACOM 033898 - 33900 | **Authenticity F.R.E. 901; Irrelevant F.R.E. 401, 402** |
| **D-108** | 03/17/2000 | Inacom News – Memo from Gagliardi to Inacom Team Re: Announcement from G. Gagliardi | Inacom 037534 – 037537 | |
| **D-109** | 03/24/2000 | Memo to Tom from Dick re Accessing Compaq Revolving Credit Facility | 014001 – 014002; ICN 14296 – 14297 Oshlo15 | |
| **D-110** | 03/24/2000 | Press Release: *Inacom to Restate Prior Periods for Previously Announced Special Charges* | DB 008602 | |
| **D-111** | 03/25/2000 | Inacom Corp and Subsidiaries Financial Statements | ICN 00479 - 00483 Dugan 1 Samuelson 4 | |
| **D-112** | 03/25/2000 | Inacom Corp and Subsidiaries Condensed and Consolidated Balance Sheet (Unaudited) 03/00, March Detail, and Inacom Corp and Subsidiaries Condensed and Consolidated Balance Sheet (Unaudited) 03/25/99) | 00380 – 00382 (Second Page different than ICN Bates docs) | |
| **D-113** | 03/25/2000 | Borrowing Base/Non-Default Certificate | DE 001835 – 001838 Oshlo 7 Wood 10 | |
| **D-114** | 03/29/2000 | Inacom Payments Under Sixth Amendment | ICN 15843 – 15844 Oshlo 13 | |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-115 | 03/31/2000 | Inacom Corp. Simple Balance Sheet as of 03/31/00 | ICN 22655 – 22676, 024494-024502, 024504-024515 Dugan 2 Samuelson 5 | |
| D-116 | | Deleted | | |
| D-117 | 03/31/2000 | Fifth Amendment and Waiver | DE 001601 – 001611 DE 010719 - 010730 Oshlo 19 Wood 24 | |
| D-118 | 03/31/2000 | Inacom Loan History | DE 011211 Wood 13 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-119 | 03/31/2000 | Letter to J. Stuart of DB from R. Oshlo re Meeting regarding Inacom developments | DB 012557 – 012558 Wood 16 | |
| D-120 | | Deleted | | |
| D-121 | | Deleted | | |
| D-122 | 04/04/2000 | Memo to Tom from Dick re HP Agreement | Inacom-003257 Oshlo 14 | |
| D-123 | | Deleted | | |
| D-124 | 04/11/2000 | N. L. Murray e-mail with attachments | INACOM 023470 - 23484 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-125 | | Deleted | | |
| D-126 | | Deleted | | |
| D-127 | 04/14/2000 | Sixth Amendment and Waiver | DE 010820 – 010833 Oshlo 20 Wood 25 | |
| D-128 | 04/17/2000 | E-mail from G. Shefrin to M. Cheever re Usage and availability under $225M Revolver | DE 012332 Wood 12 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-129 | 04/18/2000 | Inacom News Articles | INACOM 037538, 038050-038057<br>Gagliardi 13 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-130 | 04/18/2000 | Inacom Consolidating Balance Sheet As of March 31, 2000 | 00412 – 00455 | |
| D-131 | 04/22/2000 | Borrowing Base Certificate | DE 000559 – 000562<br>Oshlo 8<br>Wood 11 | |
| D-132 | 04/22/2000 | Inacom Corp. and Subsidiaries Financial Statements | ICN 00484 - 00487 | |
| D-133 | | Deleted | | |
| D-134 | | Deleted | | |
| D-135 | | Deleted | | |
| D-136 | 04/27/2000 | Letter to Inacom T. Fitzpatrick from C. Anderson re improper payment on collections into Inacom's account | DE 000541<br>Gagliardi 4<br>Wood 18 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-137 | 04/27/2000 | Inacom – Running is everything Bank Presentation | DE 004400 – 004414<br>Gagliardi 7 | |
| D-138 | 04/28/2000 | Form Notice of Borrowing | DE 000702 – 000703<br>Oshlo 21 | |
| D-139 | | Deleted | | |
| D-140 | | Deleted | | |
| D-141 | | Deleted | | |
| D-142 | 05/01/2000 | Compaq correspondence to Fitzpatrick Re: Revolving Credit Facility Commitment Letter | CPQ/BG 0001073 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-143 | 05/01/2000 | Letter to C. Anderson from R. Wood re allegations made by Compaq | DE 000542<br>Wood 19 | **Irrelevant. F.R.E. 401, 402** |
| D-144 | 05/01/2000 | Inacom Compensation Committee | ICN 01527 – 01536<br>Gagliardi 12 | **Irrelevant. F.R.E. 401, 402** |
| D-145 | 05/02/2000 | R. Wood e-mail to A. Stewart Subject: Inacom Loan Payments with preliminary report | DE 012687 - 012690 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-146 | | Deleted | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-147 | 05/09/2000 | Correspondence from Deutsche Bank to Gagliardi<br>*May be limited offer or used for impeachment/rebuttal* | DE 010498 – 010499 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-148 | 05/10/2000 | Treasury Released Checks by Date | FTI 000752 – 000755<br>Dugan 9<br>Horton 6<br>Oshlo 10<br>Pearson 1 | |
| D-149 | | Deleted | | |
| D-150 | 05/15/2000 | Wavro/Compaq correspondence to Fitzpatrick Re: Revolving Credit Facility Commitment Letter | CPQ/BG 0001057<br><br>Gagliardi 5 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802** |
| D-151 | 05/24/2000 | Waiver and Agreement | DE 001415 - 001431 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-152 | 05/26/2000 | Wood correspondence to Anderson regarding continuation of investigation | DE 002845 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802 Irrelevant. F.R.E. 401, 402** |
| D-153 | | Deleted | | |
| D-154 | | Deleted | | |
| D-155 | 06/06/2000 | Notice of funds misdirected to Lockbox | DE 000106<br>Wood 21 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802 Irrelevant. F.R.E. 401, 402** |
| D-156 | 06/07/2000 | Letter confirming misdirected funds have been properly deposited. | DE 000107<br>Wood 22 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802 Irrelevant. F.R.E. 401, 402** |
| D-157 | | Deleted | | |
| D-158 | | Deleted | | |
| D-159 | 06/19/2000 | Affidavit of Thomas J. Fitzpatrick in Support of First Day Orders<br>*May be limited offer or used for impeachment/rebuttal* | | |
| D-160 | | Deleted | | |
| D-161 | | Inacom Projected Financial | INACOM | |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| | | Statements Proforma Transaction – Balance Sheet, printed 6/23/00, | 040606 – 040608 | |
| D-162 | | Deleted | | |
| D-163 | 08/09/2000 | U.S. Bankruptcy Court; In re: Inacom Corp.; Monthly Operating Report – June 2000 Reporting Period | 02106 – 02116 Kirkorian 3 | |
| D-164 | 08/17/2000 | U.S. Bankruptcy Court; In re: Inacom Corp.; Monthly Operating Report – July 2000 Reporting Period | 03006 – 03029 Kirkorian 4 | |
| D-165 | | Deleted | | |
| D-166 | 09/19/2000 | U.S. Bankruptcy Court; In re: Inacom Corp.; Monthly Operating Report – August 2000 Reporting Period | 03117 – 03126 Kirkorian 5 | |
| D-167 | 10/01/2000 | U.S. Bankruptcy Court; In re: Inacom Corp.; Monthly Operating Report – September 2000 Reporting Period | 03261 – 03270 Kirkorian 6 | |
| D-168 | | Deleted | | |
| D-169 | | Deleted | | |
| D-170 | | Deleted | | |
| D-171 | | Deleted | | |
| D-172 | 08/17/2001 | Response of Inacom Corp. to the Compaq Entities' First Set of Interrogatories to Defendants | | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-173 | | Deleted | | |
| D-174 | 02/04/2002 | Response of Inacom Corp. to the Compaq Entities' Second Set of Interrogatories to Defendants | | **Authenticity F.R.E. 901; Hearsay F.R.E. 802; Irrelevant F.R.E. 401, 402** |
| D-175 | 03/02/2002 | Mini-script of T. Fitzpatrick 03/02/02 deposition previously marked as Krikorian 10 with attached Ex. #'s 66, 25, and 30. *May be limited offer or used for impeachment/rebuttal* | Fitzpatrick 10 Krikorian 10 | **Authenticity. F.R.E. 901; Incompleteness of document F.R.E. 1001** |
| D-176 | | Deleted | | |
| D-177 | | Deleted | | |
| D-178 | 08/19/2002 | Settlement Agreement between Dell and Inacom | | **Irrelevant. F.R.E. 401, 402** |
| D-179 | | Deleted | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| **D-180** | 09/13/2002 | Dell/Inacom Invoice and Payment Chart for 1998, 1999 and 2000 | | **Irrelevant. F.R.E. 401, 402** |
| **D-181** | 01/31/2003 | Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code With Respect to Joint Plan of Liquidation ***May be limited offer or used for impeachment/rebuttal*** | Fitzpatrick 21 | |
| **D-182** | | Deleted | | |
| **D-183** | | Deleted | | |
| **D-184** | | Deleted | | |
| **D-185** | 03/31/2005 | Horton emails and attachments | 00001 – 00086 00001-00033 Horton 7 Horton 8 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802 Irrelevant. F.R.E. 401, 402** |
| **D-186** | | Deleted | | |
| **D-187** | 05/26/2005 | Letter to C. Anderson re investigation | DE 002845 Wood 23 | **Authenticity F.R.E. 901; Hearsay F.R.E. 802 Irrelevant. F.R.E. 401, 402** |
| **D-188** | | Deleted | | |
| **D-189** | | Deleted | | |
| **D-190** | 04/28/2005 | John LaRocca Expert Report | | **Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine.** |
| **D-191** | | LaRocca Work Paper | | **Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine.** |
| **D-192** | | Lason, Inc. Frequency Analysis Before the Preference Period Pgs. 1 - 3 | | **Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine.** |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-193 | | Lason, Inc. Frequency Analysis During the Preference Period Pg. 1 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-194 | | Lason, Inc. Payments Made Before the Preference Period Pgs. 1 – 17 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-195 | | Lason, Inc. Payments Made During the Preference Period Pgs. 1 – 5 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-196 | | Lason, Inc. Ordinary Course Preference Analysis Pg. 1 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-197 | | Jacom Computer Services, Inc. Frequency Analysis Before the Preference Period Pgs. 1 - 4 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-198 | | Jacom Computer Services, Inc. Frequency Analysis During the Preference Period Pgs. 1 - 3 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-199 | | Jacom Computer Services, Inc. Payments Made Before the Preference Period Pgs. 1 - 67 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-200 | | Jacom Computer Services, Inc. Payments<br>    Made During the Preference Period<br>    Pgs. 1 - 10 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-201 | | Jacom Computer Services, Inc. Ordinary<br>    Course Preference Analysis – 05/06/04 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-202 | | Jacom Computer Services, Inc. Ordinary<br>    Course Preference Analysis – 10/13/04 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-203 | 04/28/2005 | Stephen Thomas' Expert Report | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-204 | | MicroAge Pre-Preference Period Analysis | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-205 | | MicroAge Preference Period Analysis | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-206 | | Inacom Payments Made Before the Preference Period – Pgs. 1 - 548 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-207 | | Inacom Payments Made During the Preference Period – Pgs. 1 - 22 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-208 | | Inacom Frequency Analysis Before the Preference Period Pgs. 1 – 6 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-209 | | Inacom Frequency Analysis During the Preference Period Pgs. 1 – 2 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-210 | | Inacom Ordinary Course Preference Analysis Pgs. 1 - 2 | | Irrelevant. F.R.E. 401, 402. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-211 | | Inacom Total "Unordinary" Invoices Paid during Preference Period Via Check | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-212 | | Inacom Computation of "Unordinary" Portion of Preference Payments Via Check | | Irrelevant. F.R.E. 401, 402. Failure to disclose document.. F.R.E. 403, F.R.C.P. 26, 33. Motion in limine. |
| D-213 | | Inacom Potential Paid New Value | | Irrelevant. F.R.E. 401, 402. Failure to disclose during discovery. F.R.E. 403 |
| D-214 | 05/02/2005 | Duff & Phelps, LLC Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis | | |
| D-215 | | Deleted | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| **D-216** | 06/21/2005 | Inacom Supplemental Report by Sasco Hill Advisors, Inc. | | |
| **D-217** | 07/05/2005 | Duff & Phelps LLC Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| **D-218** | | "Inacom Corp Aggregate Equity Value as of April 22, 2000 ($ in thousands)" on p. 4 from July 5, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis (With All Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| **D-219** | | Inacom Corp. Historical Revenues (in millions) & Margins" on p. 9 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| **D-220** | | "Historical Service Business Gross Margins" p. 10 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| **D-221** | | "Inacom Corp. Historical Profitability (in millions)" p. 11 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| **D-222** | | "Information Technology Spending Worldwide (millions of dollars) p. 12 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| **D-223** | | "Inacom Corp. Discounted Cash Flow Analysis ($ in millions" p. 24 from July 5, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis (With All Bridge Changes) (without handwriting). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| **D-224** | | "Inacom Corp. Comparable Company Analysis April 22, 2000" p. 26 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-225 | | "Inacom Corp. Comparable Company Analysis April 22, 2000" p. 27 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-226 | | "Inacom Corp. Projected Normalized EBITDA ($ in millions)" p. 30 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-227 | | "Method 1: Revenues based on the Company's 1999 Service Revenues ($ in millions)" p. 31 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-228 | | "Method 2: Revenues based on the Company's 2000 and 2001 Projections ($ in millions)" p. 32 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-229 | | "Method 3: Based on the Company's results for the 4-week period ending 4/22/00 + Compaq Contracted Sales" p. 33 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-230 | | "Inacom Corp. Comparable Company Analysis as of April 22, 2000 ($ in thousands)" p. 34 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-231 | | "Information Technology M&A Activity ($ in millions)" p. 36 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-232 | | "Inacom Corp. Transaction Analysis as of April 22, 2000 ($ in thousands)" p. 37 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-233 | | "Inacom Corp. Enterprise Value Conclusion as of April 22, 2000 (in thousands)" p. 38 from July 5, 2005 Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-234 | | "Inacom Corp. Aggregate Equity Value as of April 22, 2000 ($ in thousands)" p. 39 from July 5, 2005 Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | |
| D-235 | | "Changes in Working Capital (Accounts Receivable) ($ in millions)" (without handwriting) p. 42 from July 5, 2005 Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-236 | | "Changes in Working Capital (Account Payable and Debt) ($ in millions)" (without handwriting) p. 44 from July 5, 2005 Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-237 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Balance Sheet Provided by the Company April 22, 2000 ( In 000s)" p. 46 from July 5, 2005 Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-238 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Balance Sheet With Adjustments To Debt & Equity April 22, 2000 ( In 000s)" p. 47 from July 5, 2005 Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-239 | | "Inacom Corp. and Subsidiaries Fair Market Value Consolidated Balance Sheet April 22, 2000 ( In 000s)" p. 48 from July 5, 2005  Duff & Phelps LLC/Sasco Hill Advisors, Inc. Inacom Corp. Valuation Analysis (With all Bridge Changes). | | **Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-240 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Statement of Income – Restated Years Ended December 31, 1996 – 1999 (In 000s)" p. A-1 from from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-241 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Margin Analysis – Restated Years Ended December 31, 1996 – 1999" p. A-2 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-242 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Statement of Income Years Ended December 31, 1996 – 1999 (In 000s)" p. A-3 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-243 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Margin Analysis Years Ended December 31, 1996 – 1999" p. A-4 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-244 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Balance Sheet December 31, 1996 – 1999 (In 000s)" p. A-5 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-245 | | "Inacom Corp. and Subsidiaries Comparative Consolidated Cash Flow Statement Years Ended December 31, 1996 – 1999 (In 000s)" p. A-6 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-246 | | "Inacom Corp. Projected Financial Results Fiscal Years April 22, 2000 to December 31, 2000 and Years Ending December, 2001 – 2009 (in $ millions)" p. B-1 from Inacom Supplemental Report By Sasco Hill Advisors, Inc. June 21, 2005. | | |
| D-247 | | "Inacom Corp. Projected Financial Results Fiscal Years April 22, 2000 to December 31, 2000 and Years Ending December, 2001 – 2009 (in $ millions)" p. B-2 from Inacom Supplemental Report By Sasco Hill Advisors, Inc. June 21, 2005. | | |
| D-248 | | "Inacom Corp. Projected Financial Results Fiscal Years April 22, 2000 to December 31, 2000 and Years Ending December, 2001 – 2009 (in $ millions)" p. B-3 from Inacom Supplemental Report By Sasco Hill Advisors, Inc. June 21, 2005. | | |
| D-249 | | "Inacom Corp. Projected Financial Results Fiscal Years April 22, 2000 to December 31, 2000 and Years Ending December, 2001 – 2009 (in $ millions)" p. B-4 from Inacom Supplemental Report By Sasco Hill Advisors, Inc. June 21, 2005. | | |
| D-250 | | "Inacom Corp. Comparable Public Company Analysis" pp. C-1 – C-11 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-251 | | "Inacom Corp. – Service Business Overview" p. D-1 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-252 | | "Comparable Company Analysis" pp. D-2 – D-9 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-253 | | "Inacom Corp. Common Sized Income Statement For Comps Fiscal Years Ended December 31, 1999" p. E-1 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-254 | | "Inacom Corp. Common Sized Balance Sheet For Comps Fiscal Years Ended December 31, 1999" p. E-2 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-255 | | "Inacom Corp. Balance Sheet As a Percentage of Sales For Comps Fiscal Years Ended December 31, 1999" p. E-3 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-256 | | "Inacom Corp. Common Sized Income Statement For Comps Fiscal Years Ended December 31, 1998" p. E-4 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-257 | | "Inacom Corp. Common Sized Balance Sheet For Comps Fiscal Years Ended December 31, 1998" p. E-5 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-258 | | "Inacom Corp. Balance Sheet As a Percentage of Sales For Comps Fiscal Years Ended December 31, 1998" p. E-6 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-259 | | "Inacom Corp. And Subsidiaries Comparative Consolidated Balance Sheet April 22, 2000 and March 25, 2000 (In 000s)" p. F-1 from May 2, 2005, Duff & Phelps, LLC/Sasco Hill Advisors, Inc. Valuation Analysis. | | |
| D-260 | | Standard & Poor's Industry Surveys, Computers: Commercial Services, December 16, 1999. | | **Authenticity. F.R.E. 901. Hearsay, F.R.E. 802. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Irrelevant. F.R.E. 401, 402** |
| D-261 | | Delete | | |
| D-262 | | Slides sent by Inacom Corp, 1/03/00: Transaction Overview, Inacom Pre-Transaction, Post-Transaction, Compaq Fulfillment Agreement, Compaq Service Agreement, Inacom Highlights, Management Team, Highlights, Inacom Projected Financial Statements Balance Sheet, Inacom Projected Financial Statements Income Statement, Inacom Revenue Projections, Inacom Projected Financial Statements Balance Sheet*, Inacom Projected Financial Statements Cash Flow Statement, Changes to Bank Facility, Bates number 016391 – 16405 | | |
| D-263 | | Prudential Information Technology Services: Monthly Update dtd 1/1/99 | HL01584 – HL01629 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402. Hearsay F.R.E. 802** |
| D-264 | | DLJ Technology Services Research dtd 2/26/99 | HL01732 – HL01781 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802** |
| D-265 | | Prudential Information Technology Services: Monthly Update dtd 3/1/99 | HL01630 – HL01649 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802** |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| **D-266** | | Prudential Information Technology Services: Weekly Update dtd 3/15/99 | HL01684   – HL01687 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802** |
| **D-267** | | Hambrecht & Quist Technology Research Report: Inacom dtd 6/30/99 | HL01782   – HL01794 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802** |
| **D-268** | | CSFB Desk Notes: Inacom dtd 8/31/99 | HL01795   – HL01804 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802** |
| **D-269** | | Hambrecht & Quist ICO: Y2K-Related Slowing to Moderate Sales and Earnings in Next Two Quarters dtd 10/28/99 | HL01142   – HL01144 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802** |
| **D-270** | | Hambrecht & Quist ICO: New Management, New Strategy and Restructuring dtd 12/15/99 | HL01133   – HL01139 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802** |
| **D-271** | | PainWebber PC Outlook: January 2000 dtd 1/10/2000 | HL01258   – HL01440 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802** |
| **D-272** | | Prudential PC Hardware/Enterprise/PC Channel/Data Storage dtd 2/8/2000 | HL01178   – HL01255 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802** |
| **D-273** | | Dataquest Corporate Strategy and Objectives dtd 8/2/99 | HL01829   – HL01849 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802** |
| **D-274** | | Advest, Inc. ICO: Becoming a Service Company dtd 1/6/2000 | HL01170   – HL 01172 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402 Hearsay F.R.E. 802** |
| **D-275** | | Risk Management Association of Lending and Credit Risk Professionals "Annual Statement Studies for 1999-2000 for companies with SIC 7371 and SIC 8383 | | **Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Irrelevant. F.R.E. 401, 402. Hearsay F.R.E. 802** |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-276 | | Risk Management Association Annual Statement Studies: 2000-2001 and 1999-2000 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Irrelevant. F.R.E. 401, 402. Hearsay F.R.E. 802 |
| D-277 | | John T. Frasca Resume | Frasca 8 | |
| D-278 | | Stephen Thomas Curriculum Vitae | Thomas Report | Irrelevant. F.R.E. 401, 402; Failure to disclose witness. F.R.E. 403, F.R.C.P. 26, 33. Motion in Limine. |
| D-279 | | Richard Whalen, Curriculum Vitae | | |
| D-280 | | Jason Fensterstock, Curriculum Vitae | | |
| D-281 | | Fact Set Mergerstat – Deal Synopsis and Business Descriptions Deal ID" 47646MM. Deal Data: Mergerstat 08/12/2005 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-282 | | Compilation of Statistics for SIC Code 737, Statistics for SIC Code 7371, 7372, 7373, 7374 Ibbotson Associates. Cost of Capital Yearbook Quarterly Supplement December 2000 and 2004 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-283 | | InaCom Corp COMPARABLE PUBLIC COMPANY ANALYSIS Selections Based on Business Descriptions April 22, 2000 Pgs. 1- 3 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-284 | | Comparable Company Analysis Business Descriptions Pgs. 1 – 2 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |

| Id. # | Doc. Date | Description | Reference | Objection |
|---|---|---|---|---|
| D-285 | | Inacom Corp. Comparable Company Analysis Pgs. 1 – 12 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-286 | | Inacom - Report's Comparable Transactions and Inacom Report's Comparable Companies. Pgs. 1 – 2 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-287 | | Individual Companies Income Statement – Annual Pgs. 1-36 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-288 | | Business Description InaComp Corp. Source: Compustat 04/07/2005 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-289 | | Industry Premiums – *Industry Analysis* (W-1) | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-290 | | Industry Premiums – *Industry Analysis www.mergerstat.com* (79) | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |
| D-291 | | FactSet Mergerstat – Premium Report Deal Data Mergerstat. 04/13/2005 | | Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802 |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-292 | | Industry Spotlights – *Industry Analysis www.mergerstat.com* (65) | | **Authenticity. F.R.E. 901. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33. Hearsay F.R.E. 802** |
| D-293 | | InaCom Corp. Consolidated Balance Sheet Apr -00 | | |
| D-294 | | InaCom Corp. Consolidated Balance Sheet Mar -00 | | |
| D-295 | | InaCom Corp. Consolidated Balance Sheet Feb -00 | | |
| D-296 | | InaCom Corp. Consolidated Balance Sheet Jan -00 | | |
| D-297 | | InaCom Corp. Consolidated Balance Sheet Dec -99 | | |
| D-298 | | Inacom Corporation Comparative Summary Balance Sheet, Common Size Balance Sheet (% of Total Assets) and Comparative Summary Income Statement, | HL 00080 – 00082 | |
| D-299 | | CSFB Inacom: Strong Buy dtd 10/28/99 | HL01146 – HL01152 | **Authenticity. F.R.E. 901. Irrelevant. F.R.E. 401, 402. Hearsay F.R.E. 802** |
| D-300 | | 8K Mar 00 Compaq Computer Corporation, Exhibit 1 Forecasts of Estimate Revenue by Services Categories | 00160 - 00161 | **Irrelevant. F.R.E. 401, 402. Hearsay F.R.E. 802** |
| D-301 | | NCL Accounts Receiveable Trial Balance Report (All Invoices) | IE 0023-39 | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402** |
| D-302 | | NCL Accounts Receivable Aged Invoice Report (All Open Invoices – Aged As of: 12/31/99) | IE 0040-42 | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402** |
| D-303 | 4/3/2000 | NCL-Broker Aged AR -- Detail by Days Past Due | IE 0043-47 | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402** |
| D-304 | | Collection of checks, invoices and deposit reports for payments by Inacom to NCL | IE 0048-511 | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant F.R.E. 401, 402** |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-305 | | NCL Inacom Invoice Payment Detail | IE 0512-518 | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402** |
| D-306 | | Collection of NCL Accounts Receivable and Accounts Payable Aging Reports (February 1999 through April 2000) | IE 0519-550 | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402** |
| D-307 | 12/17/1999 | NCL Board Meeting Presentation | IE 0551- 0564 | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402** |
| D-308 | | Nashville Data Check Processing Span (Days) | | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402. Failure to disclose document. F.R.E. 403, F.R.C.P. 26, 33.** |
| D-309 | | Tables and Charts prepared by Steve Gadsey summarizing payment history of Inacom to NCL before and during preference period | | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402** |
| D-310 | 02/17/2000 | Francis letter to Tech Data Corp. re: Compaq subsidiary Custom Edge, Inc. | Francis __ Frasca __ Wells __ | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402. Hearsay F.R.E. 802. Motion in limine** |
| D-311 | 02/03/2000 | John Frasca email to Tech Data Corp. re: Inacom's January 2000 SEC Form 8-Kand attachments | Francis __ Frasca __ Wells __ Kerkman __ | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. Hearsay F.R.E. 802. F.R.E. 401, 402. motion in limine** |
| D-312 | | Tech Data internal ANM account notes and emails | | **Authenticity, F.R.E. 901. Hearsay F.R.E. 802. Irrelevant. F.R.E. 401, 402. motion in limine. Hearsay F.R.E. 802** |
| D-313 | 02/15/00 | Letter from William Schuette to Dick Oshlo | | **Irrelevant. F.R.E. 401, 402** |

| Id. # | Doc. Date | Description | Reference | Objection |
|-------|-----------|-------------|-----------|-----------|
| D-314 | 02/16/00 | Letter from William Francis to Misty Atchinson | | Irrelevant. F.R.E. 401, 402. Hearsay F.R.E. 802 |

# TAB 4

## TAB 4

### PLAINTIFF'S LIST OF PERCIPIENT WITNESSES

| | |
|---|---|
| Elaine Agee (WILL CALL) | |
| Michael Newsom (WILL CALL) | |
| Tom Fitzpatrick (WILL CALL) | |
| Richard Oshlo (MAY CALL) | |
| Laz Krikorian (WILL CALL) | |
| Jay Samuelson (MAY CALL) | |
| John Frasca (MAY CALL) | |
| Leon Kerkman (MAY CALL) | |
| Scott Similink (MAY CALL) | |
| Gerald Gagliardi (MAY CALL) | |
| John Dugan (MAY CALL) | |
| William Francis (MAY CALL) | |
| Robert Wood (MAY CALL) | |
| Nancy Pearson (MAY CALL) | |
| Susan Willets (MAY CALL) | |
| Ben Wells (MAY CALL) | |
| Steve Gadsey (MAY CALL) | |
| Dave Lemon (MAY CALL) | |

| | |
|---|---|
| Neil Gilmour (MAY CALL) | |
| Phil Garzolie (MAY CALL) | |
| Jason Willets (MAY CALL) | |
| Brenda Hubble  (MAY CALL) | |
| William Schuette(MAY CALL) | |
| Robert Kendrick(MAY CALL( | |

# TAB 5

## TAB 5

## DEFENDANT'S WITNESSES

| | |
|---|---|
| Mr. Michael Keller (will call) | Objection – the witness, a Dell employee, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), and was never identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.)  See Motion in Limine. |
| Mr. Major Horton (will call) | Objection – the witness, a Dell employee, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), and was never identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.)  See Motion in Limine. |
| Mr. Steve Thomas (will call) | Objection – the witness, an expert witness disclosed in the Dell action, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), is not qualified to provide expert testimony on any issue of consequence to the determination of this action (F.R.E. 702), and was never identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.)  See Motion in Limine. |

| WITNESS | NATURE OF OBJECTION TO TESTIMONY |
|---|---|
| Mr. John LaRocca (will call) | **Objection – the witness, an expert witness disclosed in the Dell action, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), is not qualified to provide expert testimony on any issue of consequence to the determination of this action (F.R.E. 702), and was never identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.) See Motion in Limine.** |
| Mr. Jason Fensterstock (will call) | |
| Mr. Richard Whalen (will call) | **Objection – the witness, identified on the issue of insolvency, has no opinions to offer that are different or additional to those of Jason Fensterstock, designated as an expert on the same issue (F.R.E. 403). See Motion in Limine.** |
| Mr. Kevin Sarkesian (Will call) | **See Plaintiff's Motion In Limine excluding this witness' testimony in certain specified areas he is not qualified to render testimony.** |
| Ms. Elaine Agee (may call) | |
| Mr. Thomas J. Fitzpatrick (may call) | |
| Mr. Lazarus Krikorian (may call) | |
| Mr. Richard C. Oshlo (may call) | |
| Mr. Gerry A. Gagliardi (may call) | |
| Mr. Dean Vomero (may call) | |
| Mr. Frances X. Devine (may call) | |
| Mr. Michael L. Newsom (may call) | |
| InaCom's fact witnesses (may call) | **Lack of specificity as to the individual to be called such that the designation represents an unfair surprise on the eve of trial.** |

Ben Wells(may call)

| | |
|---|---|
| InaCom's expert witnesses (to the extent such witnesses are permitted to offer testimony in this matter, may call) | **Lack of specificity as to the individual to be called such that the designation represents an unfair surprise on the eve of trial.** |
| Hewlett-Packard Company's fact witnesses (may call) | **Lack of specificity as to the individual to be called such that the designation represents an unfair surprise on the eve of trial.** |
| Hewlett-Packard Company's expert witnesses (to the extent such witnesses are permitted to offer testimony in this matter may call) | **Lack of specificity as to the individual to be called such that the designation represents an unfair surprise on the eve of trial.** |
| Mr. William Schuette (May Call) | |
| Mr. Steven Gadsey (May Call) | **Objection -- the witness, an Ingram employee, lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), and was never identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.)  See Motion in Limine** |

# TAB 6

**TAB 6**
**PLAINTIFF'S EXPERT WITNESSES**

| | |
|---|---|
| Dean Vomero | |
| Frank X. Devine | |
| Stuart A. Gollin | |
| Any expert designated by Defendant | |

# TAB 7

**TAB 7**

**DEFENDANT'S EXPERT WITNESSES**

| | |
|---|---|
| Mr. Steve Thomas (will call) | Objection – the witness, an expert witness disclosed in the Dell action, is not qualified to provide expert testimony on any issue of consequence to the determination of this action (F.R.E. 702), and was never identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.) See Motion in Limine. |
| Mr. John LaRocca (will call) | Objection – the witness, an expert witness disclosed in the Dell action, is not qualified to provide expert testimony on any issue of consequence to the determination of this action (F.R.E. 702), and was never identified by Defendant as a potential witness in disclosures or discovery or designated by Defendant as an expert witness. (Fed. R. Civ. P. 26 & 33.)  See Motion in Limine. |
| Mr. Jason Fensterstock (will call | |
| Mr. Richard Whalen (will call | Objection – the witness, identified on the issue of insolvency, has no opinions to offer that are different or additional to those of Jason Fensterstock, designated as an expert on the same issue (F.R.E. 403).  See Motion in Limine. |
| Mr. Kevin Sarkesian (may call | Objection - the witness lacks personal knowledge as to any fact that is of consequence to the determination of this actions (F.R.E. 401, 402, 602), is not qualified to provide expert testimony on any issue of consequence to the determination of this action (F.R.E. 702). See Motion in Limine. |
| Mr. Dean Vomero (may call) | |
| Mr. Frances X. Devine (may call) | |
| Mr. Michael L. Newsom (may call) | |
| InaCom's expert witnesses (to the extent such witnesses are permitted to offer testimony in | |

this matter, may call)
Hewlett-Packard Company's expert witnesses
(to the extent such witnesses are permitted to
offer testimony in this matter may call)

# TAB 8

**TAB 8**

## PLAINTIFF'S DEPOSITION DESIGNATIONS

Plaintiff makes the following deposition transcript designations.  Plaintiff reserves the right to make additional designations for witnesses identified by Defendant as "Will Call" who do not appear for live testimony at trial.  Plaintiff reserves the right to make counter-designations to Defendant's designations, and also reserves the right to use any transcript for rebuttal, impeachment or other purposes permitted by the Federal Rules of Civil Procedure.

INACOM V. LEXMARK: DEPOSITION TESTIMONY TO BE READ AT TRIAL

**Witness:**            Misty Atchison
**Deposition Taken:**   February 10, 2005

| Page No. | Line No. |
|----------|----------|
| 4 | 6-10 |
| 6-7 | 21-1 |
| 7 | 6-9 |
| 7-8 | 25-18 |
| 9 | 3-13 |
| 9 | 19-20 |
| 10-11 | 25-15 |
| 13-14 | 22-15 |
| 21 | 2-11 |
| 21-22 | 24-11 |
| 22 | 12-25 |
| 23 | 1-5 |
| 28-34 | 20-12 |

**INACOM: DEPOSITION TESTIMONY TO BE READ AT TRIAL**

**Witness:**            **William Francis**

| Page No. | Line No. |
|:--------:|:--------:|
| 15-16 | 6-9 |
| 16-18 | 25-6 |
| 19 | 6-13 |
| 25 | 8-21 |
| 29-31 | 23-4 |
| 59-60 | 18-5 |
| 63 | 7-17 |
| 69 | 5-17 |
| 70-71 | 21-3 |

INACOM V. LEXMARK: DEPOSITION TESTIMONY TO BE READ AT TRIAL

**Witness:**          **Gerald Gagliardi**
**Deposition Taken:**  **April 6, 2005**

| Page No. | Line No. | Page No. | Line No. |
|----------|----------|----------|----------|
| 1 | All | 106-107 | 15-14 |
| 9-11 | 7-11 | 109-112 | 22-4 |
| 12-13 | 13-2 | 112 | 5-14 |
| 13 | 8-16 | 119-123 | 11-21 |
| 14-15 | 21-1 | 143-146 | 4-2 |
| 16-17 | 8-8 | 146-147 | 3-11 |
| 18-19 | 24-21 | 147-148 | 12-18 |
| 23-24 | 1-18 | 149-153 | 24-17 |
| 37-38 | 5-20 | 155-159 | 3-2 |
| 47-48 | 17-20 | 159-161 | 3-8 |
| 61 | 16-24 | 162-167 | 15-7 |
| 64-65 | 18-4 | 167 | 8-24 |
| 67-68 | 17-23 | 168-172 | 7-12 |
| 69 | 4-22 | 172-174 | 13-24 |
| 71-72 | 19-16 | 175 | 1-6 |
| 79 | 2-23 | 175-176 | 7-18 |
| 81 | 14-24 | 177-179 | 3-9 |
| 84-86 | 21-10 | 179-184 | 10-22 |
| 91-100 | 19-15 | 185-186 | 6-3 |
| 100-102 | 21-9 | 188-189 | 4-1 |
| 102-104 | 15-2 | 203-204 | 3-18 |
| 104-105 | 20-23 | 207-209 | 20-4 |

**INACOM V. LEXMARK: DEPOSITION TESTIMONY TO BE READ AT TRIAL**

**Witness:**                **Robert Kendrick**
**Deposition Taken:**    **February 8, 2005**

| Page No. | Line No. |
|:--------:|:--------:|
| 10 | 20-24 |
| 11 | 4-7 |
| 11 | 15-18 |
| 39 | 3-10 |
| 40 | 13-20 |
| 44 | 11-15 |
| 44 | 6-10 |
| 44-45 | 22-9 |
| 46-47 | 21-7 |
| 49 | 16-25 |
| 52-53 | 17-1 |
| 53 | 10-20 |
| 53-54 | 21-4 |
| 54 | 11-20 |
| 58 | 14-21 |
| 60 | 12-21 |
| 60-61 | 22-4 |
| 80 | 15-23 |

INACOM V. LEXMARK: DEPOSITION TESTIMONY TO BE READ AT TRIAL

**Witness:**              **Todd Pinkston**
**Deposition Taken:**    **February 9, 2005**

| Page No. | Line No. |
|----------|----------|
| 1-3      |          |
| 4        | 6-12     |
| 5        | 1-15     |
| 5-8      | 1-6      |
| 10-11    | 13-17    |
| 11-14    | 23-17    |
| 20       | 6-18     |
| 20-25    | 19-17    |
| 31       | 2-23     |
| 32-33    | 19-3     |
| 37       | 3-15     |
| 39-40    | 23-24    |
| 41-42    | 22-1     |
| 42       | 2-25     |
| 45       | 7-24     |
| 45-46    | 25-6     |

INACOM V. LEXMARK: DEPOSITION TESTIMONY TO BE READ AT TRIAL

**Witness:**             **Jay Samuelson**
**Deposition Taken:**    **March 25, 2005**

| Page No. | Line No. | Page No. | Line No. |
|----------|----------|----------|----------|
| 7 | 8-10 | 97-98 | 11-24 |
| 8-17 | 21-22 | 106-107 | 21-23 |
| 17-19 | 23-13 | 109-112 | 12-6 |
| 20-21 | 2-1 | 113-115 | 20-3 |
| 21 | 2-14 | 115-116 | 13-2 |
| 22-28 | 3-21 | 117-119 | 5-12 |
| 29-30 | 17-21 | 119-121 | 21-9 |
| 31 | 12-24 | 121-122 | 20-6 |
| 32-34 | 9-24 | 122-123 | 10-24 |
| 35-38 | 9-20 | 123-124 | 25-15 |
| 38-42 | 21-15 | 125-128 | 18-3 |
| 43-44 | 1-22 | | |
| 54 | 9-13 | | |
| 58 | 8-18 | | |
| 58-59 | 19-14 | | |
| 60-61 | 24-10 | | |
| 61-62 | 23-14 | | |
| 63-64 | 16-9 | | |
| 67-68 | 12-11 | | |
| 71 | 10-21 | | |
| 74-75 | 21-23 | | |
| 84 | 4-9 | | |

**INACOM V. LEXMARK: DEPOSITION TESTIMONY TO BE READ AT TRIAL**

| Witness: | **Kevin Sarkesian** |
|---|---|
| **Deposition Taken:** | **February 9, 2005** |

| Page No. | Line No. | Page No. | Line No. |
|---|---|---|---|
| 4-5 | 6-11 | 53-54 | 21-25 |
| 5 | 18-20 | 55-56 | 1-24 |
| 6 | 2-23 | 57 | 11-23 |
| 7-9 | 23-19 | 58 | 5-10 |
| 22-23 | 19-23 | 58-61 | 11-7 |
| 24 | 9-18 | 61-64 | 11-14 |
| 24-25 | 19-18 | 64-65 | 21-25 |
| 26 | 2-8 | 66-68 | 4-12 |
| 26-27 | 16-7 | 68 | 13-23 |
| 27-28 | 8-19 | 83 | 17-25 |
| 29 | 2-25 | 86 | 19-23 |
| 30-31 | 1-25 | 87 | 3-8 |
| 32-33 | 3-13 | 87-88 | 22-16 |
| 33-35 | 24-14 | 97 | 6-14 |
| 35-36 | 20-10 | 98 | 9-22 |
| 37-38 | 23-22 | 99 | 1-7 |
| 39-41 | 15-19 | 102-103 | 20-24 |
| 42 | 8-24 | 104 | 3-7 |
| 42-43 | 25-23 | 109 | 16-19 |
| 45-50 | 5-16 | 120-123 | 14-16 |
| 50-52 | 21-1 | 125 | 18-25 |
| 52-53 | 17-17 | | |

INACOM V. LEXMARK: DEPOSITION TESTIMONY TO BE READ AT TRIAL

**Witness:**              Kevin Sarkesian – Volume 2
**Deposition Taken:**     August 1, 2005

| Page No. | Line No. |
|----------|----------|
| 6-7      | 9-6      |
| 7        | 20-25    |
| 8        | 1-10     |
| 10       | 9-16     |
| 13-14    | 20-7     |
| 19       | 4-22     |
| 22-24    | 4-16     |
| 24-25    | 22-22    |
| 25-27    | 23-3     |
| 29-30    | 11-10    |
| 30       | 11-23    |
| 30-31    | 24-9     |
| 31       | 14-20    |

**INACOM : DEPOSITION TESTIMONY TO BE READ AT TRIAL**

**Witness:**              **Leon Kerkman**
**Deposition Taken:**    **March 25, 2005**

| Page No. | Line No. |
|----------|----------|
| 1-6 | Caption to 11 |
| 13 | 15-21 |
| 19 | 5-15 |
| 30-31 | 25-11 |
| 31-33 | 25-18 |
| 41-42 | 21-7 |
| 44 | 16-18 |

**INACOM: DEPOSITION TESTIMONY TO BE READ AT TRIAL**

**Witness:**          **Robert Wood**

| Page No. | Line No. |
|:---:|:---:|
| 148 | 9-25 |
| 150 | 18 |
| 153 | 13 |

INACOM: DEPOSITION TESTIMONY TO BE READ AT TRIAL

Witness:              Nancy R. Pearson:
Deposition Taken:     March 25, 2005

| Page No. | Line No. |
|----------|----------|
| 1-8 | (case caption)-22 |
| 10-12 | 19-15 |
| 14 | 4-9 |
| 17 | 6-8 |
| 19-22 | 12-11 |
| 25-26 | 14-8 |
| 27-28 | 23-19 |
| 30-35 | 15-4 |
| 36 | 11-22 |

| Page No. | Line No. |
|----------|----------|
| 38-39 | 1-9 |
| 40-41 | 21-8 |
| 43 | 3-17 |
| 47-48 | 20-6 |
| | |
| | |
| | |
| | |
| | |

INACOM: DEPOSITION TESTIMONY TO BE READ AT TRIAL

Witness:              **Karen Wallingford:**
Deposition Taken:   **March 22, 2005**

| Page No. | Line No. |
|----------|----------|
| 1-8 | Case caption - 6 |
| 11-13 | 12-11 |
| 15 | 7-16 |
| 20-23 | 20-15 |
| 24-25 | 23-11 |
| 26 | 9-23 |
| 27-28 | 21-2 |
| 28 | 19-25 |
| 31-32 | 3-3 |

| Page No. | Line No. |
|----------|----------|
| 32-33 | 6-7 |
| 33-37 | 22-2 |
| 38 | 22-25 |
| 39 | 7-18 |
| 40 | 10-18 |
| 42-43 | 10-4 |
|  |  |
|  |  |
|  |  |

INACOM : DEPOSITION TESTIMONY TO BE READ AT TRIAL

Witness:                John Alan Dugan
Deposition Taken:   March 23, 2005

| Page No. | Line No. | Page No. | Line No. |
|---|---|---|---|
| 1-6 | Case Caption to 4 | | |
| 17-22 | 21-25 | 115 | 4-16 |
| 27 | 4-16 | 116-119 | 12-25 |
| 33-34 | 25-16 | 120-122 | 15-9 |
| 48-49 | 11-6 | 122-123 | 20-3 |
| 50-51 | 1-11 | 123-124 | 9-10 |
| 56 | 10-18 | 129-130 | 6-6 |
| 89 | 10-20 | 140-141 | 22-1 |
| 98 | 22-25 | 133-134 | 13-9 |
| 99 | 1-14 | 134-136 | 10-14 |
| 99-100 | 17-7 | 140-141 | 22-13 |
| 103 | 14-17 | 141-142 | 15-5 |
| 103-104 | 20-1 | 142 | 7-10 |

INACOM V. LEXMARK: DEPOSITION TESTIMONY TO BE READ AT TRIAL

**Witness:**              **William Schuette**
**Deposition Taken:**     **February 8, 2005**

| Page No. | Line No. | Page No. | Line No. |
|----------|----------|----------|----------|
| 1-4 | Caption to 10 | | |
| 14-15 | 16-2 | | |
| 16-19 | 16-1 | | |
| 19 | 4-23 | | |
| 20 | 2-4 | | |
| 20-22 | 23-8 | | |
| 22-23 | 19-14 | | |
| 26-35 | 24-18 | | |
| 38 | 2-14 | | |
| 39 | 4-13 | | |
| 39-42 | 20-25 | | |
| 46-48 | 22-20 | | |
| 49-50 | 3-20 | | |
| 53-54 | 23-2 | | |
| 56 | 3-10 | | |
| 56-57 | 20-3 | | |
| 60 | 1-25 | | |
| 67-69 | 7-20 | | |
| 80 | 18-25 | | |
| 84 | 9-14 | | |

**INACOM : DEPOSITION TESTIMONY TO BE READ AT TRIAL**

**Witness:**              **Noni Vitols**
**Deposition Taken:**   **March 23, 2005**

| Page No. | Line No. |
|----------|----------|
| 1-6 | Caption to 15 |
| 7-10 | 10-25 |
| 14-16 | 23-2 |

**INACOM : DEPOSITION TESTIMONY TO BE READ AT TRIAL**

Witness:                  **Richard Oshlo**
Deposition Taken:    **March 20, 2005**

| Page No. | Line No. |
|----------|----------|
| 1-6 | Case Caption to 20 |
| 14-35 | 15-2 |
| 41-42 | 17-16 |
| 44-46 | 21-19 |
| 57-58 | 2-1 |
| 61-62 | 17-11 |
| 63-64 | 16-3 |
| 65-68 | 11-2 |
| 72 | 12-23 |
| 74-80 | 2-21 |
| 83 | 2-9 |
| 84-86 | 21-12 |
| 88 | 2-15 |
| 88-91 | 23-8 |
| 95-96 | 16-6 |
| 98-100 | 13-2 |
| 107-108 | 8-17 |
| 110-111 | 22-25 |
| 112 | 6-23 |
| 115-116 | 14-11 |
| 120-121 | 13-22 |

| Page No. | Line No. |
|----------|----------|
| 121-124 | 23-8 |
| 126 | 22-25 |
| 130 | 2-20 |
| 133-135 | 20-5 |
| 136-137 | 15-12 |
| 139-140 | 17-4 |
| 141-142 | 20-1 |
| 143-145 | 3-6 |
| 149 | 18-25 |
| 153-154 | 23-2 |
| 156-157 | 4-19 |
| 157-160 | 24-3 |
| 162 | 1-13 |
| 163-164 | 19-19 |
| 165-167 | 1-14 |
| 173-210 | 16-3 |
| 213-217 | 7-25 |
| 218-226 | 14-11 |
| 226-231 | 12-11 |
| 231-236 | 23-18 |
| 248 | 14-24 |

**INACOM : DEPOSITION TESTIMONY TO BE READ AT TRIAL**

**Witness:**          <u>Susan Willetts</u>

| <u>Page No.</u> | <u>Line No.</u> |
|---|---|
| 39 | 2-8 |
| 42 | 5-7 |
| 50-51 | 22-3 |
| 52 | 5-8 |
| 65 | 7-14 |
| 69-71 | 22-24 |
| 79-85 | 18-18 |

**INACOM : DEPOSITION TESTIMONY TO BE READ AT TRIAL**

**Witness:**              **Scott Simmilink**

| Page No. | Line No. |
|----------|----------|
| 1        | Caption  |
| 6        | 8-10     |
| 37-38    | 18-23    |
| 39-40    | 18-1     |
| 41       | 6-12     |
| 45       | 9-25     |
| 49       | 4-6      |

1.  Counter Designations to any designation made by Lexmark.

2.  Inacom reserves the right to designate deposition testimony for any witness identified by Lexmark herein that Lexmark does not call for live testimony at trial.

3.  Inacom reserves the right to offer deposition testimony to rebut the testimony offered at trial by any witness called by Lexmark.

# TAB 9

**TAB 9**

## DEFENDANT'S DEPOSITION DESIGNATIONS

Defendant Lexmark International, Inc. ("Lexmark") designates the following portions of the identified deposition transcripts that it may read into evidence during trial. Lexmark reserves the right to use other transcripts, or portions thereof, for purposes of rebuttal or impeachment.Defendant makes the following deposition transcript designations. Defendant reserves the right to make additional designations for witnesses identified by Plaintiff as "Will Call" who do not appear for live testimony at trial. Defendant reserves the right to make counter-designations to Plaintiff's designations, and also reserves the right to use any transcript for rebuttal, impeachment or other purposes permitted by the Federal Rules of Civil Procedure.

## JOHN ALAN DUGAN:

| Page:Line | Page:Line |
|---|---|
| 6:7 – 10 | 76:18 – 76:19 |
| 11:22 – 12:10 | 76:22 |
| 17:21 – 21:10 | 76:24 – 78:16 |
| 22:19 – 25 | 79:5 – 8 |
| 25:22 – 26:10 | 79:10 – 11 |
| 28:14 – 29:24 | 79:13 – 16 |
| 35:16 – 36:11 | 80:15 – 22 |
| 36:23 – 24 | 81:6 – 8 |
| 37:3 – 6 | 83:2 – 84:14 |
| 38:5 – 13 | 87:11 – 20 |
| 39:2 – 40:2 | 88:5 |
| 46:20 – 48:7 | 91:22 – 25 |
| 48:11 – 18 | 92:2 – 93:9 |
| 48:24 – 49:6 | 95:9 – 96:24 |
| 57:7 – 58:1 | 105:17 – 107.16 |
| 72:3 – 20 | 115:12 – 16 |
| 73:4 – 74:21 | 118:15 – 19 |
| 75:4 – 75:13 | 118:24 – 119:20 |
| 75:16 | |

## LEON KERKMAN:

**Page:Line**
6:8 – 9
11:7 – 18
12:6 – 13:21
14:16 – 16:8
30:25 – 31:16
48:24 – 49:9

**Page:Line**
56:5 – 19
57:11 – 58:8
60:24 – 61:3
63:25 – 64.4
64:5 – 13

## JOHN T. FRASCA:

**Page:Line**
8:9 – 11
8:19 – 9:17
11:15 – 12:21
14:12 – 14
15:2 – 12
16:1 – 21
26:25 – 27:4
29:18 – 30:2
31:21 – 32:1
32:25 – 33:11
33:17 – 21
35:9 – 11
39:5 – 40:4
41:15 – 42:3
42:10 – 21
43:22 – 44:5
46:9 – 14
47:2 – 48:12

**Page:Line**
48:15 – 16
49:14 – 17
49:19 – 50:1
50:5 – 22
53:2 – 53:14
53:20 – 54:22
55:23 – 56:2
57:3 – 7
57:9 – 58:16
59:5 – 20
59:23 – 60:13
66:20 – 68:17
69:5 – 70:22
70:10 – 22
71:2 – 6
71:9 – 10
71:12 – 72:4
72:23 – 73:8

## NANCY PEARSON:

**Page:Line**
6:8 – 10
7:12 – 8:10
10:10 – 11:1
11:5 – 19
12:8 – 22
13:1 – 24
16:16 – 19:1
19:7 – 24
20:3 – 21:1
21:9 – 18
24:15 – 20
25:1 – 3

**Page:Line**
25:14 – 17
25:20 – 22
26:20 – 27:17
27:23 – 28:19
30:3 – 11
32:17 – 21
34:10 – 25
40:12 – 20
47:1 – 6
49:15 – 52:7
54:19 – 55:3

**KAREN WALLINGFORD:**

| **Page:Line** | **Page:Line** |
|---|---|
| 6:17 – 19 | 21:24 |
| 14:2 – 15:18 | 24:23 – 25:4 |
| 16:3 – 9 | 25:7 – 11 |
| 21:1 – 5 | 25:21 – 26:6 |
| 21:15 – 16 | 48:14 – 23 |
| 21:18 – 20 | |

**JAY SAMUELSON:**

| **Page:Line** | **Page:Line** |
|---|---|
| 7:8 – 10 | 54:9 – 13 |
| 15:5 – 12 | 58:19 – 25 |
| 15:24 – 16:10 | 59:3 – 19 |
| 17:23 – 18:24 | 59:21 – 24 |
| 19:7 – 13 | 60:24 – 61:5 |
| 20:1 – 6 | 61:23 – 62:14 |
| 20:14 – 21 | 63:16 – 64:5 |
| 22:3 – 24:21 | 65:22 – 67:7 |
| 25:3 | 74:12 – 16 |
| 25:5 – 6 | 77:13 – 78:1 |
| 25:11 – 15 | 78:5 |
| 26:11 – 27:4 | 78:7 – 9 |
| 29:8 – 11 | 78:12 – 13 |
| 29:15 | 78:18 – 22 |
| 29:17 – 21 | 79:9 – 18 |
| 30:4 – 21 | 79:23 – 80:18 |
| 32:9 – 33:11 | 80:21 – 81:8 |
| 33:14 – 34:5 | 81:11 – 83:11 |
| 34:12 – 24 | 83:18 – 21 |
| 35:9 – 36:3 | 84:1 – 2 |
| 36:7 – 17 | 96:12 – 14 |
| 36:20 – 38:23 | 96:22 – 97:3 |
| 39:1 – 40:4 | 98:5 – 24 |
| 41:12 – 42:11 | 99:4 – 100:3 |
| 43:1 – 44:22 | 100:18 – 103:5 |
| 44:9 – 45:3 | 104:20 – 105:2 |
| 45:15 – 23 | 113:2 – 15 |
| 45:25 – 46:7 | |

**BEN K. WELLS:**

| **Page:Line** | **Page:Line** |
|---|---|
| 8:3 – 6 | 61:6 – 8 |

11:3 – 7
11:11 – 13
11:18 – 13:6
14:2 – 15
49:18 – 25
50:6 – 51:5
51:11 – 52:8
52:12 – 17
53:1 – 25
54:1 – 2
54:21 – 55:20
59:11 – 12
59:15 – 60:8
61:6 – 8

61:14 – 22
63:4 – 13
61:14 – 22
63:4 – 13
66:13 – 67:1
67:8 – 69:10
72:20 – 73:9
73:10 – 25
74:8 – 12
74:15 – 25
75:9 – 15
76:1 – 9
76:15 – 77:3

## SUSAN WILLETTS:

**Page:Line**
8:21 – 24
13:19 – 14:18
16:22 – 22:1
22:10 – 25:1
26:1 – 20
27:3 – 11
27:18 – 28:2
29:18 – 31:14
31:18 – 32:5
32:13 – 33:12
34:7 – 11
36:7 – 38:8
38:20 – 39:5
40:2 – 7
40:9 – 11
40:15
40:17 – 41:4
41:8 – 42:4
42:8 – 43:23
44:6 – 45:4

**Page:Line**
46:12 – 19
47:3 – 48:1
48:10 – 49:4
49:13 – 50:21
51:12 – 52:2
52:13 – 24
53:1 – 8
53:15 – 24
54:14 – 55:3
55:20 – 56:13
57:18 – 60:8
60:11
60:13 – 63:3
63:17 – 64:3
65:16 – 66:1
66:17 – 67:10
68:2 – 5
68:17 – 69:5
74:15 – 77:5

## ROBERT M. WOOD:

**Page:Line**
7:2 – 5
11:12 – 25
12:2 – 9

**Page:Line**
78:25 – 79.14
80:21 – 23
80:25

| | |
|---|---|
| 12:20 – 25 | 81:2 – 3 |
| 13:2 – 12 | 81:6 – 11 |
| 13:24 – 25 | 81:24 – 25 |
| 14:3 – 17 | 82:2 – 15 |
| 14:23 – 25 | 82:19 – 22 |
| 15:2 – 14 | 82:24 – 25 |
| 15:16 – 25 | 83:2 – 6 |
| 16:2 – 4 | 83:11 – 25 |
| 16:7 – 25 | 84:2 – 6 |
| 17:2 – 5 | 84:11 – 22 |
| 20:16 – 24 | 84:24 – 25 |
| 21:2 | 85:2 – 3 |
| 21:19 – 25 | 85:5 – 25 |
| 22:2 – 6 | 86:2 – 7 |
| 22:9 – 10 | 86:9 – 14 |
| 23:2 – 4 | 86:16 – 23 |
| 23:7 – 14 | 86:25 |
| 24:24 – 25 | 87:2 – 11 |
| 25:2 – 12 | 87:13 – 88:6 |
| 25:21 – 25 | 89:19 – 25 |
| 26:2 – 6 | 90:2 – 10 |
| 29:7 – 10 | 90:14 – 25 |
| 29:14 – 25 | 91:2 – 23 |
| 30:2 – 4 | 96:8 – 25 |
| 32:2 – 25 | 97:2 – 8 |
| 33:5 – 15 | 97:10 – 15 |
| 33:18 – 24 | 97:17 – 18 |
| 34:2 – 17 | 98:18 – 23 |
| 35:7 – 19 | 98:25 |
| 45:20 – 25 | 107:22 – 25 |
| 46:2 – 12 | 108:2 – 8 |
| 46:23 – 24 | 108:21 – 25 |
| 47:2 – 13 | 109:3 |
| 47:22 – 25 | 109:18 – 20 |
| 48:2 – 6 | 109:24 – 25 |
| 48:10 – 13 | 110:2 – 9 |
| 48:17 – 23 | 110:12 – 25 |
| 50:8 – 10 | 111:2 – 5 |
| 50:17 – 25 | 111:21 – 25 |
| 51:3 – 12 | 112:2 – 14 |
| 54:12 – 25 | 112:16 – 21 |
| 55:2 – 3 | 112:23 – 25 |
| 58:7 – 18 | 113:2 – 4 |
| 59:5 – 6 | 113:6 |
| 59:8 – 9 | 129:4 – 20 |
| 59:15 – 22 | 129:22 – 25 |

| | |
|---|---|
| 60:2 – 25 | 130:2 – 6 |
| 61:2 – 4 | 130:8 – 23 |
| 61:18 – 20 | 130:25 |
| 61:23 – 25 | 131:2 – 9 |
| 62:2 – 3 | 131:11 |
| 62:11 – 25 | 137:14 – 20 |
| 63:2 | 137:22 – 25 |
| 63:18 – 25 | 138:2 – 5 |
| 64:2 – 25 | 138:20 – 25 |
| 65:2 – 4 | 139:2 – 7 |
| 65:15 – 22 | 139:9 – 21 |
| 72:23 – 25 | 139:23 – 25 |
| 73:2 – 4 | 140:2 – 14 |
| 73:6 – 10 | 140:16 – 21 |
| 73:21 – 24 | 140:24 |
| 74:2 – 10 | 141:17 – 25 |
| 75:17 – 20 | 142:2 – 3 |
| 76:23 – 25 | 142:5 – 25 |
| 77:2 – 24 | 143:2 – 4 |
| 78:2 – 17 | 143:6 – 11 |

## SCOTT SIMMELINK:

| **Page:Line** | **Page:Line** |
|---|---|
| 6:8 – 10 | 23:11 – 16 |
| 18:13 – 20 | 35:11 – 20 |
| 19:2 – 4 | 35:23 – 24 |
| 20:22 – 21:8 | |

## NONDAS (NONI) L. VITOLS:

| **Page:Line** | **Page:Line** |
|---|---|
| 6:13 – 15 | 9:15 – 10:25 |
| 7:24 – 8:7 | 12:21 – 13:7 |
| 9:1 – 11 | 13:24 – 14:3 |

## LAZARUS KRIKORIAN:

| **Page:Line** | **Page:Line** |
|---|---|
| 80:5 – 16 | |

## RICHARD C. OSHLO, JR.:

| **Page:Line** | **Page:Line** |
|---|---|
| 6:15 – 17 | 78:22 – 80:8 |
| 17:13 – 17 | 80:18 – 21 |

17:21 – 18:7
18:12 – 19:7
20:7 – 18
20:22 – 23

23:4 – 5

23:8 – 24:16

24:25 – 25:13

27:17 – 23

35:3 – 4

35:7
35:9 – 12
35:15
35:25 – 36:3
40:22 – 42:8
42:11 – 43:23
44:1
44:8 – 11
47:21 – 48:15
48:25 – 49:6
49:9 – 25
50:2 – 11
50:18 – 23
51:1
51:8 – 52:16
52:19 – 53:1
53:12 – 16
53:20 – 54:4
54:17 – 55:1

55:18 – 56:12
56:18 – 24
57:2 – 13
57:21 – 58:1
58:11 – 59:9
67:10 – 69:4
69:7 – 24
70:3 – 71:24

74:2 – 10

81:2 – 25
82:7 – 11
82:15 – 17

83:21 – 84:4

90:23 – 91:22

91:1 – 92:9

92:15 – 92:19

93:2 – 4

93:9
93:25 – 94:11
95:5 – 13
96:9 – 22
96:24 – 97:11
97:15 – 21
98:13 – 99:10
99:19 – 100:2
102:7 – 19
103:3 – 12
110:24 – 111:25
112:6 – 23
114:5 – 13
114:17 – 20
114:24
115:2 – 6
115:11
128:21 – 129:21
139:5 – 140:20
141:12 – 15
141:18

151:19 – 153:4
153:9
193:20 – 194:22
237:15 – 19
238:4 – 8
245:25 – 246:5
246:10 – 11
248:13 – 16

**WILLIAM FRANCIS:**

| **Page:Line** | **Page:Line** |
|---|---|
| 7:15 – 16 | 27:4 – 28:12 |
| 9:24 – 10:5 | 29:23 – 30:4 |
| 10:9 – 11:11 | 30:5 – 11 |
| 11:14 – 16 | 30:16 – 19 |
| 11:24 – 12:10 | 34:25 – 35:21 |
| 12:22 – 13:11 | 39:21 – 40:13 |
| 14:6 – 12 | 40:17 – 41:23 |
| 15:6 – 16 | 44:5 – 22 |
| 15:20 – 23 | 47:23 – 48:9 |
| 16:2 – 13 | 51:5 – 14 |
| 17:1 | 52:24 – 53:3 |
| 17:6 – 21:15 | 54:21 – 25 |
| 23:11 – 24:24 | 55:5 – 8 |
| 25:14 – 23 | 56:2 – 5 |
| 26:3 – 22 | 56:8 – 23 |

**GERALD A. GAGLIARDI:**

| **Page:Line** | **Page:Line** |
|---|---|
| 9:7 – 11:11 | 73:11 – 74:17 |
| 13:8 – 20 | 74:23 – 76:4 |
| 15:22 – 24 | 76:6 – 78:19 |
| 16:7 – 10 | 79:2 – 81:24 |
| 16:12 – 17:3 | 83:8 – 87:17 |
| 17:20 – 18:19 | 87:19 – 88:4 |
| 18:24 – 19:21 | 89:13 – 90:22 |
| 21:14 – 25:4 | 91:3 – 102:20 |
| 26:8 – 29:4 | 102:23 – 108:4 |
| 29:6 – 30:12 | 108:17 – 112:9 |
| 30:14 – 31:24 | 112:11 – 113:14 |
| 32:9 – 23 | 116:20 – 21 |
| 33:18 – 35:5 | 116:23 – 129:23 |
| 35:12 – 39:5 | 130:1 – 131:7 |
| 40:1 – 16 | 131:18 – 135:20 |
| 40:18 – 24 | 135:22 – 136:16 |
| 41:6 – 15 | 137:13 – 139:6 |
| 43:21 – 45:6 | 139:13 – 140:21 |
| 47:17 – 48:3 | 141:8 – 142:20 |
| 48:5 – 50:3 | 143:3 – 147:11 |
| 52:6 – 54:10 | 148:19 – 155:17 |
| 54:12 – 19 | 156:13 – 161:14 |
| 54:21 – 55:11 | 161:24 – 162:10 |

| | |
|---|---|
| 55:14 – 57:9 | 181:5 – 184:12 |
| 57:20 – 58:19 | 185:6 – 188:6 |
| 58:21 | 189:13 – 190:4 |
| 60:10 – 61:7 | 190:23 – 191:7 |
| 62:1 – 11 | 195:14 – 196:16 |
| 62:13 – 64:1 | 196:18 – 197:4 |
| 64:3 – 65:4 | 207:20 – 209:4 |
| 67:4 – 71:9 | 210:8 – 16 |
| 71:11 – 73:4 | |

**TAB 9 (cont.)**

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATIONS**

1.  Defendant objects to Plaintiff's designation of any deposition transcript for any witness that Plaintiff has designated as "Will Call," and which Plaintiff has therefore represented will be available to provide live testimony during trial. *See* Fed. R. Civ. P. 32 (a).

2.  Defendant reasserts any and all objections raised by counsel for Ingram Entertainment, Lexmark International, Tech Data Corporation, Dell, Inc., or any other defendant, on the record and in response to a question asked by Plaintiff's counsel.

3.  Defendant objects to the designation of any portion of a transcript that includes an objection or colloquy by Plaintiff's counsel in response to a question asked by counsel for Ingram Entertainment, Lexmark International, Tech Data Corporation, Dell, Inc., or any other defendant, when Plaintiff has itself now designated the question and witness's testimony. For example, in several instances, Plaintiff has designated testimony from a witness in response to a question asked by Defendant's counsel. During the deposition, Plaintiff's counsel interposed an objection or made a statement on the record in response to that question. Yet, Plaintiff now designates the question and answer for reading into evidence. By designating these questions and answers, Plaintiff has waived the previous objections, which should not be read into evidence along with the testimony. *See, e.g.,* Plaintiff's designation of waived objections in portions of the Samuelson transcript at 24:22 – 25:2; 25:7 – 25:10; 32:14-18; 33:12; 37:18-19; 42:12-15; 67:17-18; 68:3-5; and 75:6-8.

4.  Defendant retains the right to require Plaintiff to offer into evidence any part of any transcript designated by Plaintiff which ought in fairness be considered by the trier of fact. Defendant further retains the right to offer any other part of any transcript designated by Plaintiff. Fed. R. Civ. P. 32(a)(4).

5.  Defendant reserves the right to object at the trial or hearing to the receipt in evidence of any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying. Fed. R. Civ. P. 32(b).

# TAB 10

**TAB 10**

**PLAINTIFF'S MOTIONS *IN LIMINE***

Plaintiff will file the following motions *in limine* concurrent with the filing of this pretrial order:

1.    PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY OF KEVIN SARKESIAN AT TIME OF TRIAL

2.    PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RE DEFENDANT'S ARGUMENTS UNDER 547(B)(2) and (5)

3.    PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CUMULATIVE EXPERT TESTIMONY RE INSOLVENCY

4.  PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE WITNESSES NOT PREVIOUSLY DISCLOSED OR IDENTIFIED IN DISCOVERY

# TAB 11

## TAB 11

## DEFENDANT'S MOTIONS *IN LIMINE*