IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., *et al.*, | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br><br>Plaintiff,<br><br>v.<br><br>LEXMARK INTERNATIONAL, INC.,<br><br>Defendant. | Civil Action No. 04-583 (GMS)<br>[Bk Adv. Case No. 02-3500 (PJW)]<br><br>**[MOTION IN LIMINE NO. 1 OF 4]** |
| AND RELATED THIRD PARTY ACTION. | |

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CUMULATIVE EXPERT TESTIMONY RE INSOLVENCY

Plaintiff Inacom Corp. files this Motion under Federal Rules of Evidence 403 to exclude cumulative evidence intended by Defendant through the presentation of two affiliated witnesses on the issue of the Debtor's insolvency during the preference period. Such exclusion is expressly contemplated in the Court's form of Pretrial Order, at footnote 5 thereof.

The affiliated witnesses worked together in preparing the Defendant's expert report on insolvency, and each has testified in deposition that he does not hold any opinions additional or different from his colleague. As such, exclusion of the intended evidence will not prejudice Defendant, while introduction of the fruitless evidence that will amount to a waste of judicial resources, and will unduly extend the trial and delay its conclusion.

### STATEMENT OF FACTS

Defendant has challenged the Debtor's insolvency at the time of the preferential transfers, and intends to introduce an expert report dated May 2, 2005 prepared jointly and signed by Jason

Fensterstock and Richard Whalen, as well as supplemental reports. Defendant proposes to call both Mr. Fensterstock and Mr. Whalen to testify with respect to the reports.

Each has testified in deposition that he does not hold or intend to testify regarding any opinion that is additional to or different from those expressed in the reports and held by the other. (See Deposition of Jason Fensterstock, p. 31, line 13 – p.33, line 10; Deposition of Richard Whalen, p. 13, lines 10-13, p. 14, lines 4-18; the excerpted pages of these transcripts are attached hereto as Exhibit A). Mr. Whalen's testimony was particularly clear and succient:

> Q.    Do you intend to offer any opinions that are different than those that you
>        understand Mr. Fensterstock intends to give?
>
> A.    No, no different.
>
> Q.    Do you intend to offer any opinions that are in addition to any that you understand
>        Mr. Fensterstock intends to give?
>
> A.    No, nothing in addition.
> (Whalen Deposition, p. 14, lines 11-18).

## THE COURT SHOULD EXCLUDE THE PROPOSED CUMULATIVE TESTIMONY

The Court has authority to exclude evidence based on a motion in limine, pursuant to its "inherent power to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 463, fn.2 (1984); *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994). Motions in limine are well recognized in the case law as a vehicle for "advance planning [that] helps both parties and the court." *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979). *See Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417 (3rd Cir. 1999).

Federal Rules of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by...considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See Aetna Casualty & Surety Co. v. Guynes*, 713 F.2d 1187, 1193 (5th Cir. 1983).

Defendant proposes to present two witnesses to testify to the identical reports and opinions arising out of those reports. The proposed evidence is clearly cumulative, and will result in undue delay and waste of time. Under Rule 403, Defendant should be limited to the presentation of a single witness with respect to its insolvency expert reports.

## CONCLUSION

Plaintiff submits that exclusion of the cumulative expert testimony relating to the issue of

Plaintiff's insolvency will not cause any prejudice to Defendant whatsoever, and will greatly

serve judicial economy and the interests of the parties and the Court.


Dated:    August 15, 2005          PACHULSKI, STANG, ZIEHL, YOUNG, JONES
                                   & WEINTRAUB P.C.


                                   _____
                                   Laura Davis Jones (Bar No. 2436)
                                   Sandra McLamb (Bar No. 4283)
                                   919 North Market Street, 16th Floor
                                   Wilmington, DE  19899-8705 (Courier 19801)
                                   Telephone:  (302) 652-4100
                                   Facsimile:  (302) 652-4400

                                   Andrew W. Caine (CA Bar No. 110345)
                                   Jeffrey P. Nolan (CA Bar No. 158923)
                                   10100 Santa Monica Blvd., Suite 1100
                                   Los Angeles, California 90067
                                   Telephone: (310) 277-6910
                                   Facsimile: (310) 201-0760

                                   Counsel for Plaintiff, INACOM CORP.