UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

In re:

INACOM CORPORATION, *et al.,*

    Debtors.
_____/
INACOM CORPORATION, etc.,

    Plaintiff,

v.                                                          Civil Action No. 1:04-cv-00148-GMS

TECH DATA CORPORATION,

    Defendant and
    Third Party Plaintiff,

v.

HEWLETT-PACKARD COMPANY,
COMPAQ COMPUTER CORP.,
ITY CORP., and CUSTOM EDGE, INC.,

    Third-Party Defendants.
_____/
INACOM CORPORATION, etc.,
    Plaintiff,

v.                                                          Civil Action No. 04-CV-583 (GMS)

LEXMARK INTERNATIONAL INC.,

    Defendant and
    Third Party Plaintiff,

v.

HEWLETT-PACKARD COMPANY,
COMPAQ COMPUTER CORP.,
ITY CORP., and CUSTOM EDGE, INC.,

    Third-Party Defendants.
_____/

**DEFENDANT TECH DATA CORPORATION'S AND LEXMARK INTERNATIONAL, INC.'S JOINT MOTION IN AID OF LITIGANT'S RIGHTS SEEKING REMEDIES FOR PLAINTIFF INACOM CORPORATION'S LATE PRODUCTION OF CERTAIN DISCOVERY MATERIALS**

TO:   HONORABLE GREGORY M. SLEET
      UNITED STATES DISTRICT JUDGE

TECH DATA CORPORATION and LEXMARK INTERNATIONAL, INC., defendants and third party plaintiffs herein, as and for their Motion seeking remedies for Plaintiff Inacom Corporation's Late Production of Certain Discovery Materials, respectfully state as follows:

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.   On various dates, as described herein in greater detail, Inacom Corporation has provided documentation to Tech Data Corporation, and other similarly situated defendants including Lexmark International, Inc., Dell Computer Corporation, and Ingram Entertainment, Inc. on a piecemeal basis in response to open discovery requests.

2.   Notwithstanding the fact that Inacom's counsel represented at the time of each such piecemeal production that the materials had just been discovered by counsel, the late production of these discovery materials has worked a hardship to Tech Data, and the other defendants.

3.   Most recently, on or about August 9, 2005, Inacom's counsel produced a blacklined version of an unsigned asset purchase agreement between Inacom and an entity known as Compucom. This agreement contained information that Inacom may to use at trial in order suggest a probative fact. Due to the lateness of production of this Compucom agreement, Tech Data, Lexmark, and the other defendants, have been deprived of the opportunity for their expert witnesses to consider the document in the formulation of the opinions underlying their expert witness reports. Tech Data, Lexmark and the other defendants have also been deprived of

the opportunity to examine fact witnesses before the close of the discovery period regarding this Compucom agreement.

4. On or about July 12 and 13, 2005, Tech Data, Lexmark and Ingram appeared at the offices of Inacom's counsel in Los Angeles for mediation before Honorable Roger Whelan, a retired United States Bankruptcy Judge. During the mediation, Inacom's counsel made reference to documents that had not been produced by Inacom during the course of discovery. The unproduced documents were identified in a July 13 email by Inacom's counsel as an "open AP register used by Compaq and Inacom to specifically identify the invoices assumed by Compaq under the 2/16/00 Asset Purchase Agreement."

5. These documents were provided to defense counsel by Inacom's counsel within a few days of the mediation. However, Tech Data, Lexmark and the other defendants were once again deprived of the opportunity to question fact witness prior to the expiration of the discovery period regarding the content of these documents. Moreover, as these documents could relate to Tech Data's and Lexmark's third party complaint against HP, the non-production of these materials prevented the defendants from having the benefit of consultations with an expert witness regarding the third party claims. All of the defendants, but in particular Tech Data and Lexmark, were prejudiced by this late production on the part of Inacom.

6. Due to the lateness of production of the foregoing evidence (the "Undisclosed Documents"), Tech Data, Lexmark and the other defendants have been deprived, or substantially impaired, in their ability to prepare for trial.[1]

RELIEF REQUESTED AND REASONS THEREFOR

---

[1] Inacom's counsel had also failed to produce requested documentation regarding the financial condition of Inacom prior to the deposition of Thomas J. Fitzpatrick, Inacom's former chief financial officer on January 9, 2005, and Lazarus Krikorian, one of Inacom's former controllers, on January 7, 2005. In reply to requests by the defendants, Inacom ultimately agreed to produce Messrs. Fitzpatrick and Krikorian again for supplemental depositions on September 14 and 15, 2005.

{210346.0002/N0560312_1}

7.    The Movants respectfully requests that the Court fashion a remedy that will mitigate the prejudice done to Tech Data and the other defendants for Inacom's late production of documents and do substantial justice.

8.    Rule 37 of the Federal Rules of Civil Procedure (the "Rules") governs, in pertinent part, remedies for discovery infractions.

9.    Rule 37(b) provides for the court's authority to sanction parties who do not comply with a discovery order. And, in the absence of a specific order pertaining to discovery, the court may impose sanctions or other remedies for misconduct in discovery under the court's inherent authority to manage its own affairs. Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)("It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed within a Court because they are necessary to the exercise of all others.")(Internal citations and quotations omitted); DLC Management Corp. v. Town of Hyde Park, 163 F.3d 124, 135-36 (2d Cir. 1998). Additionally, the Court may invoke the equitable authority conveyed by Congress from, among other sources, Section 105 of the United States Bankruptcy Code.

10.    Rule 37(c)(1) states,

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed.

Fed.R.Civ.P. 37(c)(1).

11.    In deciding whether to preclude evidence under Rule 37, courts in the Third Circuit consider five factors: (1) the prejudice or surprise to the party against whom the evidence

is offered, (2) ability of the injured party to cure the prejudice, (3) likelihood of disruption of trial, (4) bad faith or willfulness involved in not complying with the disclosure rules, and (5) the importance of the evidence to the proffering party's case. <u>Astrazeneca AB v. Mutual Pharmaceutical Co., Inc.</u>, 278 F.Supp.2d 491, 504 (2003 E.D.Pa.). Here, balancing these five factors weighs in favor of excluding the Undisclosed Documents and any related testimony.

12. In <u>Residential Funding Corporation v. DeGeorge Financial Corp., et al.</u>, 306 F.3d 99 (2d Cir. 2002), the United States Court of Appeals for the Second Circuit considered post-trial remedies to counter the prejudice suffered on account of late production of discovery materials. Therein, the <u>DeGeorge</u> court observed that the "culpable state of mind" factor for an adverse inference jury instruction may be satisfied by a showing of ordinary negligence on the part of the offending party, as opposed to a requirement of "gross negligence" or "bad faith." <u>Id</u>. at 101.

13. Due to the lateness of production of documents by Inacom, Tech Data and the other defendants have been so impaired that the lateness of production is the equivalent of non-production, at least in terms of preparation by the defendants for trial. As the <u>DeGeorge</u> court noted,

> Where, as here, the nature of the alleged breach of a discovery obligation is the non-production of evidence, a district court has broad discretion in fashioning an appropriate sanction, including the discretion to delay the start of a trial (at the expense of the party that breached it obligation), to declare a mistrial if a trial has already commenced, or to proceed to trial and give an adverse inference instruction.

<u>Id</u>. at 107, <u>citing</u> <u>Reilly v. Natwest Markets Group, Inc.</u>, 181 F.3d 253, 267 (2d Cir.1999).

A. <u>Defendants Will Suffer Severe Prejudice If This Information Is Not Excluded.</u>

14. The defendants will be prejudiced if Plaintiff is permitted to use the Undisclosed Documents and related testimony at trial. "Prejudice exists when the surprised party likely

would have conducted discovery differently." Globespanvirata, Inc. v. Texas Instruments, Inc., 2005 WL 1638136 (D.N.J.) at *2. Prejudice is also found when a party is not given an opportunity to address new and complex data and expert testimony. Astrazeneca, supra, 278 F.Supp.2d at 510. Indeed, a failure to disclose information is not harmless if the other side had no knowledge of the existence of the information. Gallup, Inc. v. Kenexa Corporation, 2003 WL 22097495 (E.D. Pa.) at *4.

15. Here, The defendants will be severely prejudiced if the Undisclosed Documents are not excluded. The defendants had no knowledge of the existence of the Undisclosed Documents. Thus, defendants suffered prejudice since its expert was unable to use or address the Undisclosed Documents in its report. It only adds insult to injury if Plaintiff is then allowed to criticize Defendant's report for failing to use the Undisclosed Documents. Even though defendants' experts can explain that the Undisclosed Documents do not change the outcome of the report and that the only reason that the Undisclosed Documents were not addressed in the first place was because Plaintiff failed to produce them, a trier of fact may believe that Defendant's report is less reliable because it fails to refer to the Undisclosed Documents regardless of who is responsible for that failure.

16. In addition, the defendants will suffer prejudice since it does not know who created the Undisclosed Documents, whether they are authentic, the exact date on which they were created, etc. and Defendant has already taken the depositions of the persons who would know this information.

17. In fact, this situation is analogous to Gallup, supra, 2003 WL 22097495. In that case, Gallup prepared a damages report based on the general information provided by Kenexa. After completion of this report, Kenexa, for the first time, produced several relevant financial

documents. Gallup moved to have the documents, as well as any testimony regarding the contents of the documents, excluded. Kenexa agreed that it would not introduce the documents. The Court held that Kenexa was also was precluded from introducing any testimony on the documents at trial. The Court stated,

> "Gallup prepared its own expert testimony based upon the more general information provided by Kenexa. Thus, because Gallup had no knowledge of the existence of this information, Kenexa's failure to disclose cannot be considered harmless. . . Gallup, in reliance on Kenexa's previous disclosures, has already spent substantial time and resources securing an expert report detailing its damages. *Gallup will be prejudiced if Kenexa is allowed to rebut this damages report with information which was not previously disclosed to Gallup.*"

Id. at *4. Similarly, here, Defendant would be severely prejudiced if Plaintiff is allowed to rebut its expert report with information not previously produced.

    B.    <u>Because Of The Late Timing Of Disclosure Of The Undisclosed Documents, There Is Little Or No Ability To Cure The Prejudice.</u>

18. Here, if Plaintiff is allow to use the Undisclosed Documents, there will be little or no chance of curing the prejudice to Defendant. If Plaintiff introduces such information, Defendant would need to re-open depositions and have its expert prepare a new report. Given that fact based discovery closed on March 31, 2005 and Defendant has already spent a substantial amount of time, money and effort in preparing for the upcoming trial on October 17, 2005, such action is not feasible. Thus, there is little or no chance for cure.

    C.    <u>There Is A Strong Likelihood Of Disruption Of Trial If The UnDisclosed Documents And Related Testimony Are Admitted.</u>

19. Moreover, since the defendants would need to re-take several depositions and prepare a new expert report if Plaintiff uses the Undisclosed Documents, there is a strong likely for disruption to the trial in this case which is set for October 17, 2005. In Finch v. Hercules, 1995 WL 785100 (D.Del.), the plaintiff sought to add five new witnesses on the eve of trial. The

court refused to allow the plaintiff to do so noting that the addition would force the plaintiff to take new depositions and would unfairly disrupt the defendant's preparation for trial. Id. at 10. Likewise, here, Plaintiff should not be allowed to use the Disputed Documents at trial.

    a. <u>Plaintiff Exhibited Bad Faith By Failing To Previously Produce The Undisclosed Documents.</u>

"[W]hen the non-disclosing party is specifically asked to provide exact information in its possession and fails to do so, it can be inferred that the party acted in bad faith." Globespanvirata, supra, 2005 WL 1638136 at *2. Here, Defendant asked for financial information from Plaintiff, including all balance sheets and income statements during the relevant time period. Thus, Defendant specifically asked for the Undisclosed Documents. Plaintiff, however, failed to produce these documents in discovery and instead waited until after Defendant produced its expert report to disclose their existence. Thus, Plaintiff acted in bad faith and this factor weighs in favor of exclusion.

    b. <u>The Undisclosed Documents Are Not Crucial To Plaintiff's Case</u>

Plaintiff will not be unduly prejudiced by exclusion of the Undisclosed Documents. In fact, Plaintiff's expert did not even use these documents in its opening report. Also, Plaintiff's rebuttal report does not rely solely on the Undisclosed Documents. Thus, this factor weighs in favor of exclusion.

20. In accordance with Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, Tech Data's and Lexmark's counsel and the other defendants' counsel have conferred with Inacom's counsel and made a reasonable attempt to reach an agreement on the matters set forth in the motion. An agreement was reached on a discovery issue that is now tangential to the instant motion, as set forth in footnote 2. The remainder of the issues set forth herein remain unresolved.

## CONCLUSION

21.     Based on the foregoing, Tech Data Corporation and Lexmark International, Inc. respectfully request that the Court order that Plaintiff is precluded from introducing the Undisclosed Documents into evidence at trial and/or from presenting expert testimony at trial which criticizes Defendant's expert report for failing to use the information contained in the Undisclosed Documents. Tech Data Corporation further requests that the Court fashion a further remedy that does substantial justice, upholding the integrity of the adversarial process and avoiding unjust enrichment or a windfall to the Plaintiff for its conduct.

/s/ Thomas G. Whalen, Jr.
Thomas G. Whalen Jr. (No. 4034)
Joseph Grey (No. 2358)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 425-3307
Fax: (302) 654-5181

and

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

Attorneys for Defendant,
Lexmark International, Inc.

Dated: August 15, 2004

/s/ James F. Harker
James F. Harker (Bar No. 255)
Herlihy, Harker & Kavanaugh
1400 North Market Street, Suite 200
Wilmington, Delaware 19899
Telephone: (302) 654-3111

and

ADORNO & YOSS, LLP
Charles M. Tatelbaum
Stephen C. Hunt
350 E. Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 763-1200
Facsimile: (954) 766-7800

Attorneys for Defendant,
Tech Data Corporation