**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

INACOM CORP., et al.

      **Plaintiffs**

v.

LEXMARK INTERNATIONAL, INC.

      **Defendant and Third-Party Plaintiff**

v.

COMPAQ COMPUTER CORPORATION

      **Third-Party Defendant**

Civil Action No. 04-CV-583 (GMS)

## LEXMARK'S PROPOSED CHARGE TO THE JURY

    Third Party Plaintiff Lexmark International, Inc. submits the following Proposed Charge to the Jury:

## TABLE OF CONTENTS

PRELIMINARY INSTRUCTION

INTRODUCTION ..................................................................................................3

THE PARTIES AND THEIR CONTENTIONS ..............................................................3

DUTIES OF THE JURY ..........................................................................................4

EVIDENCE.............................................................................................................4

CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY ......................6

SUMMARY OF APPLICABLE LAW ..........................................................................6

BURDEN OF PROOF ..............................................................................................7

CONDUCT OF THE JURY ........................................................................................8

COURSE OF THE TRIAL .........................................................................................9

TRIAL SCHEDULE................................................................................................10

SUBSTANTIVE INSTRUCTIONS………………………………………………………...10

INSTRUCTIONS ON DELIBERATION………………………...............……………………20

SL1 565249v1/004907.00003

## PRELIMINARY INSTRUCTIONS

### INTRODUCTION

Members of the jury:  Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

### THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The Plaintiff in this case is Lexmark International, Inc. ("Lexmark" or "Plaintiff").  After InaCom filed suit against Lexmark to recover certain payments, Lexmark filed a Third-Party Complaint against Compaq Computer Corporation ("Compaq") and ITY Corp., a wholly owned subsidiary of Compaq.  ITY Corp. subsequently changed its name to Custom Edge, Inc. and was merged with Compaq.  Compaq was the surviving company.  Compaq later merged with Hewlett-Packard Company ("HP").  HP is the surviving company and the Defendant in this action because it is the successor in interest for ITY Corp., Custom Edge, Inc. and Compaq.

In this case, Lexmark alleges that Inacom, ITY Corp. and Compaq entered into an Asset Purchase Agreement (the "APA").  As part of the APA, ITY Corp. (now known as HP) agreed to assume responsibility for payment of certain accounts payable of InaCom, including those of Lexmark. Lexmark received a letter from Compaq dated February 16, 2000 in which Compaq confirmed that it had "assumed the obligation to pay all of the outstanding amount" owed on InaCom's accounts with Lexmark.  Lexmark alleges that this letter created a binding contract between it and Compaq.  Lexmark also contends that it is a third party beneficiary under the APA and that HP additionally guaranteed InaCom's payments to Lexmark.  Thus, Lexmark

3

asserts that if it must repay to InaCom the money that InaCom paid to it, then HP must reimburse Lexmark.

HP alleges that Lexmark is not a third party beneficiary under the APA and denies any obligation to provide indemnification for payments alleged by InaCom against Lexmark.

## DUTIES OF THE JURY

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.[1]

## EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses (the testimony of a witness consists of the answers of the witness to questions posed by the attorneys or the court -- you may not ask questions). Evidence will also consist of documents

---

[1]     Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

4

and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1.    Statements, arguments, and questions by lawyers are not evidence.

2.    Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that the evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.    Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.    Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no

5

distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.[2]

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness' credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

## SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which Plaintiff InaCom must prove to make its case. On breach of contract claims, Lexmark must prove:

   a)      the existence of a contract;

---

[2]      Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

6

b)  that defendant breached the contract;

c)  that Lexmark was injured by the breach.

On the promissory estoppel claims, Lexmark must prove:

a)  the existence of a promise;

b)  that Lexmark reasonably relied on that promise;
c)  that Lexmark took an action or forbearance in reliance on the
    promise;

d)  that defendant should have realized that plaintiff would take some
    action or forbearance in reliance on the promise;

e)  that Lexmark was injured by its reliance on the promise.

## BURDEN OF PROOF

As I told you during the voir dire, this is a civil case. Here the Plaintiff has the burden of
proving each alleged preference by what is called a preponderance of the evidence.[3] Should the
Plaintiff do so, Defendant will similarly have the burden of proving its defenses to each alleged
preference by a preponderance of the evidence. That means the Plaintiff on each claim, and the
Defendant on its defenses to each claim, has to produce evidence which, considered in the light
of all the facts, leads you to believe that their claim or defense is more likely true than not. To
put it differently, if you were to put the parties' evidence on opposite sides of a scale, the
evidence supporting each claim or defense would have to make the scale tip somewhat on their
side.

Those of you who have sat on criminal cases will have heard of proof beyond a
reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it
out of your mind.

---

[3]     Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

7

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your

memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## COURSE OF THE TRIAL

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(1)     These preliminary instructions to you;

(2)     Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(3)     The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(4)     My final instructions on the law to you;

(5)     The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(6)     Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

9

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

## TRIAL SCHEDULE

Though you have heard me say this during the *voir dire*, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take _____ (__) days to try. We will normally begin the day at 9:00 A.M. promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 P.M. to 4:30 P.M. There will be a fifteen minute break at 11:00 A.M. and another fifteen minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 P.M. We will post a copy of this schedule for your convenience in the jury deliberation room.

## SUBSTANTIVE INSTRUCTIONS

## I. HP'S LIABILITY TO LEXMARK UNDER THE APA

### A.     Breach of Contract if the UCC Governs

1.     You must first determine whether a contract existed between ITY Corp., Compaq and InaCom. The New York Uniform Commercial Code governs contracts for the sale of goods.[4] A contract for the sale of goods may be made in any manner sufficient to show agreement[5] but a contract for the sale of goods for $500 or more is not enforceable unless there is some writing sufficient to indicate that a contract for the sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.[6]

---

[4]     N.Y. CLS UCC § 2-102

[5]     N.Y. CLS UCC § 2-204

[6]     N.Y. CLS UCC § 2-201

a.    If you find that the APA represented a written agreement between ITY Corp., Compaq and InaCom, you must find that contract existed between the parties.

b.    If you find that the APA did not represent a written agreement between ITY Corp., Compaq and InaCom, you must find that a contract did not exist between the parties.

QUESTION 1A:    Did the APA constitute a valid written contract between ITY Corp., Compaq and InaCom?

_____  YES – Please proceed to Question 1B.

_____  NO – Please proceed to Instruction No. 2.

_____
FOREPERSON

2.    If you find that a contract existed between ITY Corp., Compaq and InaCom, you must then determine whether the written agreement was intended by the parties to be the final expression of their agreement.[7]  When determining whether the parties intended a writing to be a final expression of their agreement, you should determine the intention of the parties from all circumstances, including their language and other conduct.[8]

QUESTION 1B:  Did the parties intend the APA to be the final expression of their agreement?

_____  YES – Please proceed to Question 1C.

_____  NO – Please proceed to Instruction No. 2.

_____
FOREPERSON

3.    If you find that the APA was the final expression of the agreement between ITY Corp., Compaq and InaCom, you must then determine whether HP, as successor in interest for ITY Corp., Custom Edge, Inc. and Compaq, has breached the contract.  A breach of contract occurs when a party fails to perform the acts promised in the contract.  The plaintiff must prove the defendant's breach by a preponderance of the evidence.  Lexmark claims that Compaq

---

[7]    N.Y. CLS UCC § 2-202

[8]    *Amer Indus. Technologies v. Aero Tec Lab.*, 1994 U.S. Dist. LEXIS 6233, *59 (D. Del., 1994).

11

breached the contract by failing to remit payment to Lexmark for those accounts payable owed by InaCom to Lexmark.

a.    If you find that Compaq's failure to pay InaCom's accounts payable owing to Lexmark is in violation of the terms of the APA, you must find in favor of Lexmark and against HP as successor in interest to Compaq.

b.    If you find that Compaq did not violate the terms of the APA by failing to make payment on InaCom's accounts payable owing to Lexmark, you must find in favor of HP as successor in interest to Compaq and against Lexmark.

QUESTION 1C:    Did Compaq violate the terms of the APA by failing to make payment on InaCom's accounts payable owing to Lexmark?

_____ YES – Please proceed to Question 1D.

_____ NO – Please proceed to Instruction No. 2.

_____
FOREPERSON

4.    If you find that HP, as successor in interest for ITY Corp., Custom Edge, Inc. and Compaq, has breached the contract, you must then determine whether Compaq's breach of contract damaged Lexmark. The plaintiff must prove that the defendant's breach damaged it by a preponderance of the evidence. Lexmark claims that HP damaged it by failing to remit payment to Lexmark for those accounts payable owed by InaCom to Lexmark.

a.    If you find that Compaq's breach of contract damaged Lexmark, you must find in favor of Lexmark and against HP as successor in interest to Compaq.

b.    If you find that Compaq's breach of contract did not damage Lexmark, you must find in favor of HP as successor in interest to Compaq and against Lexmark.

QUESTION 1D:    Did HP's breach of contract damage Lexmark?

_____ YES – Please proceed to Question 2.

_____ NO – Please proceed to Instruction No. 2.

12

_____
FOREPERSON

## B. Breach of the APA if the Common Law of Contracts Applies

1.      You must first determine whether a contract existed between ITY Corp., Compaq and InaCom.  To determine whether the parties entered into a contractual agreement, it is necessary to look to the objective manifestations of the intent of the parties as gathered by their express words and deeds.[9] Additionally, the Statute of Frauds requires that the agreement be in writing.

        a.      If you find that (1) ITY Corp., Compaq and InaCom intended to enter into a contractual agreement and (2) that the agreement satisfies the Statute of Frauds, then you must find that a valid contract existed between ITY Corp., Compaq and InaCom.

        b.      If you do not find that (1) ITY Corp., Compaq and InaCom intended to enter into a contractual agreement or (2) that the agreement does not satisfy the Statute of Frauds, then you must find that a valid contract did not exist between ITY Corp., Compaq and InaCom.

QUESTION 1A:  Did Compaq intend to enter into a contractual agreement with Lexmark?

_____  YES – Please proceed to Question 1B.


_____  NO – Please proceed to Instruction No. 2.


QUESTION 1B:  Does the APA comply with the Statute of Frauds?

_____  YES – Please proceed to Question 1C.


_____  NO – Please proceed to Instruction No. 2.


_____
FOREPERSON

        2.      If you find that a valid contract existed between ITY Corp., Compaq and InaCom, you must next determine whether Compaq breached contract with Lexmark.  A party

_____
[9]      *Flores v. Lower East Side Service Center, Inc.*, 795 N.Y.S.2d 494 (N.Y. 2005)

breaches a contract it fails to perform a term of the contract. The plaintiff must prove the defendant's breach by a preponderance of the evidence. Lexmark claims that Compaq breached the contract by failing to remit payment to Lexmark for those accounts payable owed by InaCom to Lexmark.

a.    If you find that Compaq's breach of contract damaged Lexmark, you must find in favor of Lexmark and against HP as successor in interest to Compaq.

b.    If you find that Compaq's breach of contract did not damage Lexmark, you must find in favor of HP as successor in interest to Compaq and against Lexmark.

QUESTION 1C:    Did Compaq's breach of contract damage Lexmark?

_____ YES – Please proceed to Question 2.


_____ NO – Please proceed to Instruction No. 2.


_____
FOREPERSON

## C.    Assumption of the Payment Obligation

1.    If you find that Compaq did not breach the APA by failing to pay InaCom's accounts payable owing to Lexmark, you must next determine whether Compaq assumed the obligation to make payments to Lexmark on behalf of InaCom. Where a party to a contract agrees to make payment to an entity not a party to that contract and subsequently mails a letter to the non-party agreeing to make payment to it, the party to the contract has assumed the obligation to make payment to the non-party.[10]

a.    If you find that Compaq assumed the obligation to make payment on InaCom's accounts payable owing to Lexmark, then you must find any liability of HP as successor in interest to Compaq to be the liability of InaCom.

b.    If you do not find that Compaq assumed the obligation to make payment on InaCom's accounts payable owing the Lexmark, then you must find that any liability of InaCom is not the liability of HP as successor in interest for Compaq.

QUESTION 2:  Did Compaq assume the obligation to make payment on InaCom's accounts payable owing to Lexmark?

---

[10]    *RCA Corp. v. Columbia Pictures Industries, Inc.*, 425 N.Y.S.2d 250, 251-252 (1980)

14

_____ YES – Please proceed to Question 3.


_____ NO – Please proceed to Instruction No. 3.


                                        _____
                                        FOREPERSON

### D. Lexmark Was a Third Party Beneficiary Under the APA

1.      One of the propositions that the plaintiff must prove is that the plaintiff is entitled to enforce the contract as a beneficiary.

        To establish that it is entitled to enforce the contract as a beneficiary, the plaintiff has the burden to prove by a preponderance of the evidence that the original parties to the contract intended the plaintiff to be a direct beneficiary and not just an incidental beneficiary.[11] Although you may consider all of the circumstances surrounding the original parties at the time they entered into the contract, the plaintiff must prove that the contract terms themselves contain some clear indication that the original parties intended the plaintiff to be a direct beneficiary.[12]

        a.      The claim by Lexmark against HP arises from the contractual relationship between ITY Corp., Compaq and InaCom. If you find from a preponderance of the evidence that the original parties to the contract intended Lexmark to be a direct beneficiary of the contract and the Lexmark's loss and damage flowed from defendant's breach of this contract, then you shall find in favor of Lexmark against HP as successor in interest for ITY Corp., Custom Edge, Inc. and Compaq.

        b.      If you find from a preponderance of the evidence that that the original parties to the contract did not intend Lexmark to be a direct beneficiary of the contract, then you shall find in favor of HP as successor in interest for ITY Corp., Custom Edge, Inc. and Compaq against Lexmark.

QUESTION 4A:   Did ITY Corp., Compaq and InaCom intend Lexmark to be a direct beneficiary of the APA?

_____ YES – Please proceed to Question 4B.

---

[11]     Robert E. Kehoe, Jr., _Jury Instructions for Contract Cases_, Vol. 1, Ch. 5.02 (1995).

[12]     _Id._

_____ NO – Please proceed to Instruction No. 5A.

_____
FOREPERSON

QUESTION 4B:  Did Lexmark's loss and damage flow from defendant's breach of this contract?

_____ YES – Please proceed to Question 5A.

_____ NO – Please proceed to Instruction No. 5A.

_____
FOREPERSON

## II.    February 16, 2000 Compaq Letter

### A. Breach of Contract

1.    You must first determine whether Compaq's February 16, 2000 letter to Lexmark constituted a contract.  To determine whether the parties entered into a contractual agreement, it is necessary to look to the objective manifestations of the intent of the parties as gathered by their express words and deeds.[13]    Additionally, the Statute of Frauds requires that promises guaranteeing the payment of a corporation's liability be in writing and signed by the promisor.

a.    If you find that (1) Compaq intended to enter into a contractual agreement with Lexmark under which Compaq would fund Custom Edge's accounts payable and Custom Edge would assume payment of the existing and future debts owed to Lexmark by InaCom and (2) that Compaq's February 16, 2000 letter satisfies the Statute of Frauds, then you must find that a valid contract existed between Compaq and Lexmark.

b.    If you do not find that (1) Compaq intended to enter into a contractual agreement with Lexmark under which Compaq would fund Custom Edge's accounts payable and Custom Edge would assume payment of the existing and future debts owed to Lexmark by InaCom, or (2) if you do not find that Compaq's February 16, 2000 letter satisfies the Statute of Frauds, then you must find that no contract existed between Compaq and Lexmark.

QUESTION 5A:  Did Compaq intend to enter into a contractual agreement with Lexmark?

---

[13]    *Flores v. Lower East Side Service Center, Inc.*, 795 N.Y.S.2d 494 (N.Y. 2005)

SLI 565249v1/004907.00003

_____ YES – Please proceed to Question 5B.


_____ NO – Please proceed to Instruction No. 6A.


_____

**FOREPERSON**


QUESTION 5B:  Does the February 16, 2000 letter to Lexmark comply with the Statute of Frauds?

_____ YES – Please proceed to Question 5C.


_____ NO – Please proceed to Instruction No. 6A.


_____

**FOREPERSON**

2.    If you find that a valid contract existed between Compaq and Lexmark, you must next determine whether Compaq breached its February 16, 2000 contract with Lexmark. A party breaches a contract it fails to perform a term of the contract. Lexmark alleges that Compaq's failure to pay the amounts outstanding on InaCom's account with Lexmark constitutes a breach.

a.    If you find that Compaq's failure to pay the amounts outstanding on InaCom's account with Lexmark constitutes a breach of the February 16, 2000 contract, then you must find that HP as successor in interest to Compaq is liable to Lexmark in the amount that Lexmark was adjudged liable to InaCom.

b.    If you find that Compaq's failure to pay the amounts outstanding on InaCom's account with Lexmark was not a breach of contract, then you must find that HP as successor in interest to Compaq is not liable to Lexmark under this claim.

QUESTION 5C:  Did Compaq breach its contract with Lexmark by not paying the amounts outstanding on InaCom's account with Lexmark?

_____ YES – Please proceed to Question 5D.

17

_____    NO – Please proceed to Instruction No. 6A.

_____

FOREPERSON

QUESTION 5D:    Did Compaq's breach of contract damage Lexmark?

_____    YES – Please proceed to Question 6A.

_____    NO – Please proceed to Instruction No. 6A.

_____

FOREPERSON

### B.    Promissory Estoppel

1.    A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.[14]  A promise is a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made.[15]  Lexmark alleges that in its February 16, 2000letter Compaq informed Lexmark that Compaq would be funding Custom Edge's "A/P accounts" and that "Custom Edge, Inc. also assumed the obligation to pay all of the outstanding amount" on the Lexmark account.  Compaq denies the allegation.

a.    If you find from the evidence that Lexmark reasonably relied upon the statements or the conduct of Compaq and Custom Edge by continuing to supply product to InaCom and that defendant should have reasonably expected its statements and conduct to induce action or forbearance on the part of Lexmark, resulting in damage to Lexmark, then you must find any liability of Compaq and Custom Edge to be the liability of HP as Compaq's successor in interest.

b.    If you find from the evidence that Lexmark did not reasonably rely upon the statements or the conduct of Compaq and Custom Edge in continuing to supply product to

---

[14]    *Martin-Senour Paints v. Delmarva Venture Corp.*, 1988 Del. Super. LEXIS 93, *4 (Del. Super. 1988), citing to Restatement (Second) of Contracts § 90(1).

[15]    *Id.* at *7, citing to Restatement (Second) of Contracts § 2(1).

18

InaCom or that defendant should not have reasonably expected its statements and conduct to induce action or forbearance on the part of Lexmark, resulting in damage to Lexmark, then you must find in favor of Defendant.

QUESTION 6A:  Does the language of Compaq's February 16, 2000 letter evince a promise by Compaq that Custom Edge would assume payment of the existing and future debts owed to Lexmark by InaCom?

_____  YES – Please proceed to Question 6B.


_____  NO – STOP. You are finished.



_____
FOREPERSON


QUESTION 6B:  Should defendant have reasonably expected its statements and conduct to induce action or forbearance on the part of Lexmark?

_____  YES – Please proceed to Question 6C.


_____  NO – STOP. You are finished.



_____
FOREPERSON


QUESTION 6C:  Did Lexmark in fact rely on the promise in continuing to supply product to InaCom?

_____  YES – Please proceed to Question 6D.


_____  NO – STOP. You are finished.


19

_____

**FOREPERSON**


QUESTION 6D:  Did Lexmark's reasonable reliance on the promise cause damage to Lexmark?

_____  YES – STOP. You are finished.


_____  NO – STOP. You are finished.


_____

**FOREPERSON**


## <u>INSTRUCTIONS ON DELIBERATION</u>

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about conduct during trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.[16]

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible whether in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.[17]

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may know retire to the jury room to conduct your deliberations.[18]

_____

[16]    Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[17]    Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

[18]    Fifth Circuit Pattern Jury Instructions § 3.1 (2005).

20

SL1 565249v1/004907.00003

Dated: August 18, 2005

Respectfully submitted,

_____
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel:  (302) 425-3304
Fax:  (302) 654-5181

- and –

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel:  (502) 568-9100
Fax:  (502) 568-5700

*Attorneys for Defendant
Lexmark International, Inc.*

SL1 565249v1/004907.00003