IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., *et al.*, | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br>　　　　　Plaintiff,<br><br>LEXMARK INTERNATIONAL, INC.,<br><br>　　　　　Defendant. | Civil Action No. 04-583 (GMS)<br>Adv. Case No. 02-3500 (PJW)<br><br>**[Related to Docket No. 53]** |
| AND RELATED THIRD PARTY ACTION. | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S APPLICATION FOR SETTLEMENT CONFERENCE**

**I.**

**PRELIMINARY STATEMENT**

Plaintiff Inacom Corp. ("Inacom") does not oppose or in any manner object to a settlement conference in this matter or any pending preference action. Inacom has consistently demonstrated its desire to work toward resolving all preference cases without the necessity of trial. Inacom's issue with Defendant's motion is the request by the Defendant to require the presence of parties unrelated to the Lexmark adversary at a Settlement Conference, and whether the presence of those unrelated parties will foster or deter settlement. Plaintiff's position is that their presence will not foster settlement but rather will stand as a serious impediment to meaningful negotiations, as they have done so to this point in the case. The "herd mentality" of filling a room with lawyers dampens any attempt to meaningfully discuss and resolve the case.

42125-003\DOCS_DE:110980.1

## II.

## STATEMENT OF FACTS

Inacom initiated approximately 132 preference actions in the United States Bankruptcy Court. Of those adversaries, 57 adversaries had the reference withdrawn from the Bankruptcy Court to the United States District Court, District of Delaware. (See Exhibit A to the *Declaration of Jeffrey P. Nolan In Support of Plaintiff's Response to Defendant's Application For Settlement Conference* (the "Declaration"), attached herewith.) Of that group, 8 individual adversaries were placed under a Scheduling Order, dated October 4, 2004, which set forth mutual deadline dates for the purposes of discovery and pretrial preparation. (See Exhibit B to the Declaration, U.S. District Court Scheduling Order)

In 128 of the 132 adversary actions initiated Plaintiff has engaged in settlement discussions with each individual defendant, after which each adversary was resolved.[1] Plaintiff has long wanted to resolve the actions against Lexmark and the remaining defendants. However, unlike the defendants in the 128 settled actions, Lexmark has attached itself to other defendants as part of a joint defense group that has vigorously litigated the actions.

Earlier this year, Lexmark and the other defendants requested that the parties participate in a multi-party mediation with the same parties that Defendant Lexmark requests participate in the Settlement Conference. On May 17, 2005, Inacom indicated it was "willing to participate in mediation of its preference claims with any and all interested Defendants" except for Dell Computer Corporation ( See Exhibit C to the Declaration).[2]

---

[1] As the Court may recall recently, in the Siemens Dematic and General Electric Appliance adversary actions, on eve of trial the Court granted Plaintiff additional time to meet with each defendant and the matters were settled.

[2] Defendant Dell has not made a settlement offer in the adversary 04-582-GMS since 2002. Why the addition of such party to the present settlement discussions would offer any hope for resolution cannot be rationally explained.

Cross-Defendant, Hewlett Packard ("HP") declined to participate in the mediation.

In full knowledge of HP's determination not to participate in a mediation, Defendant Lexmark assured Plaintiff that Lexmark was prepared to mediate in good faith toward a full and complete resolution of the dispute notwithstanding the absence of Dell and HP and Lexmark's cross-claims against HP.

The mediation scheduled for July 12 and 13, 2005 failed, and made minimal if no progress. Lexmark made a single counter-offer to Plaintiff and refused to respond to further negotiations.

## III.

## FURTHER MEDIATION OR SETTLEMENT CONFERENCE

With respect to 54 of the 57 adversaries resolved before this Court, both parties were committed to resolving the matters between them fully and with finality. However, with the four remaining adversaries, which includes Defendant Lexmark, a joint defense group was formed. (See Exhibit D to the Declaration) The defense group, while it may be useful in preparing the case for trial, is an impediment, not a catalyst, to resolution of the adversary.

Defendant Dell Computer Corporation (Civ. Action 04-582-GMS) is not a party to the litigation in Adversary 04-CV-583. Defendant Dell was not sued for the transfers that are at issue with Lexmark. They are not a subsidiary or related company nor do the principals for the purposes of settlement have any interest in the affairs of the other. As such, it is simply mind-boggling for the Motion to claim that a failure at mediation was "due in large part to the failure to permit Dell to participate."(Motion, pg 3)

HP is at least a related third-party action to the present adversary between Inacom and Lexmark. However, HP declined to participate in the mediation. (Motion, Exhibit 2) Notwithstanding, Inacom was still prepared to mediate with Defendant Lexmark as long as Defendant was prepared to mediate in good faith without HP's presence. Lexmark indicated such intention and the mediation went forward. Inacom and its estate incurred significant expenditures associated with the mediation. If Defendant Lexmark was forthcoming in its representations, it should have made no difference that HP was not present.

The Court's time, and that of a magistrate or other judicial officer, as well as the resources of the estate are limited. Plaintiff would like to mediate the case but does not believe that a successful resolution of the action will occur if Lexmark refuses to address the allegations between the parties and insists on filling the room with entities unrelated to the claims between Inacom and Lexmark. Such an occurrence will simply dilute the pressures of an impending trial which favor resolution of cases.

## IV.

## CONCLUSION

Inacom would prefer to settle the case, and is willing to do so in any settlement conference if the Court is so inclined. From Plaintiff's perspective, there needs to be a commitment by Defendant Lexmark to address the facts of the case between Lexmark and Inacom. Adding more lawyers and defendants from unrelated actions to the settlement process is

not the solution. At the end of the day, the Court will adjudicate the claims between Inacom and Lexmark which is where settlement discussions should be concentrated.

Dated: August 19, 2005                PACHULSKI, STANG, ZIEHL, YOUNG, JONES
                                                                            & WEINTRAUB P.C.

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
Sandra McLamb (Bar No. 4283)
919 North Market Street, 16th Floor
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd., Suite 1100
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Counsel for Plaintiff, Inacom Corp.