PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re INACOM CORP., *et al.*,

| | |
|---|---|
| INACOM CORP., on behalf of all affiliated Debtors, [1] | Civil Action No. 04-583 GMS |
| Plaintiff, | Adversary Case No. 02-3500 (PJW) Bankruptcy Case No. 00-2426 (PJW) |
| v. | |
| LEXMARK INTERNATIONAL, INC., | |
| Defendant. | |

AND RELATED THIRD PARTY ACTION

## DECLARATION OF JEFFREY P. NOLAN IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S APPLICATION FOR SETTLEMENT CONFERENCE

I, Jeffrey P. Nolan, declare as follows:

1.    I am an attorney at law licensed to practice in the State of California. I am of counsel to Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., counsel for Plaintiff, The Unsecured Creditors Committee ("Plaintiff" or, the "Committee"), in the above referenced matter. I make this declaration in support of Plaintiff's Response to Defendant's application for Settlement Conference. I have personal knowledge of each of the matters set forth herein, and if called as a witness, I could and would testify correctly and competently as to the truth of all said matters.

2.    Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Withdrawal of Reference filed on June 28, 2004 in the United States Bankruptcy Court, District of Delaware.

[1]   The Debtors are the following entities:  InaCom Corp.; InaCom Latin America; InaCom Solutions, Inc.; InaCom Communications, Inc.; InaComp Financial Services, Inc.; Perigee Communications, Inc.; Networks, Inc.; Gorham Clark, Inc.; InaCom International, Inc.; InaCom Tennessee, Inc.; InaCom Professional Services, Inc.; Kure Associates, Inc.; Office Products of Minnesota, Inc.; Boston Computer Exchange Corporation; PC Technical Services, Inc.; Vanstar Corporation; Computerland International Development, Inc.; Computerport World Trade, Inc.; Vanstar International Corporation; VST West, Inc.; VST Illinois, Inc.; VSTNC, Inc.; Cland Tex, Inc.; InaCom Government Systems, Inc.; Contract Data, Inc.; Computer Professionals, Inc.; Vanstar Professional Technical Resources, Inc.

1         3.     Attached hereto as <u>Exhibit B</u> is a true and correct copy of the Scheduling

2    Order filed in the United States District Court for the District of Delaware, filed on October 4, 2004.

3         4.     Attached hereto as <u>Exhibit C</u> is a true and correct copy of an email from

4    Plaintiff to Defendant Lexmark, dated May 17, 2005.

5         5.     Attached hereto as <u>Exhibit D</u> is a true and correct copy of certain portions of

6    the deposition of Steven Gadsey, taken on August 3, 2005 in the *Inacom Corp. v. Ingram*

7    *Entertainment* adversary.

8         6.     I declare under penalty of perjury under the laws of the State of California and

9    the United States of America that the foregoing is true and correct.

10    Dated:    August 19, 2005

11

12                     By                                                                     JEFFREY P. NOLAN

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**EXHIBIT A**

ORIGINAL

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

FILED

2004 JUN 28 PM 3: 18

US BANKRUPTCY COURT
DISTRICT OF DELAWARE
824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2900

DAVID D. BIRD
CLERK OF COURT

Date:   June 25, 2004

To:   Clerk of Court
U.S. District Court
District of Delaware
Wilmington, DE 19801

Re:   **Inacom Corp and Euler Hermes ACI - Bk Case 00-2426**

**Adversary Case: Inacom Corp., on behalf of all affiliated Debtors**

**V.**

| Defendants | Adversary No. | USDC case # |
|---|---|---|
| **Synnex Information Technologies, Inc.** | 02-2192 | 0 4 - 5 5 8 |
| **Origin Micro, Inc.** | 02-2197 | 0 4 - 5 5 9 |
| **American Power Conversion Corporation** | 02-2199 | 0 4 - 5 6 0 |
| **Cisco Systems, Inc.** | 02-2205 | 0 4 - 5 6 1 |
| **Mach 1 Air Services, Inc.** | 02-2231 | 0 4 - 5 6 2 |
| **Smith James Group, Inc.** | 02-2478 | 0 4 - 5 6 3 |
| **Pinacor, Inc.** | 02-2479 | 0 4 - 5 6 4 |
| **JKC Technologies, Inc. F/k/a/ Technical Insights, Inc.** | 02-2480 | 0 4 - 5 6 5 |
| **Tantara Transportation Group, Inc.** | 02-2483 | 0 4 - 5 6 6 |
| **Cananwill Corporation** | 02-2487 | 0 4 - 5 6 7 |
| **Scient Corporation** | 02-3032 | 0 4 - 5 6 8 |

| | | |
|---|---|---|
| Plural, Inc. f/k/a Micro Modeling Associates Inc. | 02-3210 | 0 4 – 5 6 9 |
| Unisys Corporation | 02-3213 | 0 4 – 5 7 0 |
| Avantgarde Computer | 02-3214 | 0 4 – 5 7 1 |
| United Parcel Service, Inc. | 02-3215 | 0 4 – 5 7 2 |
| Verizon Accounting and Information Services, Inc. F/k/a Bell Atlantic Accounting and Information Services, Inc. | 02-3275 | 0 4 – 5 7 3 |
| Olsten Staffing Services Corp | 02-3276 | 0 4 – 5 7 4 |
| Mead Westvaco Corporation | 02-3280 | 0 4 – 5 7 5 |
| Oxford Global Resources, Inc. f/k/a Stearman Technology Group, Inc. | 02-3281 | 0 4 – 5 7 6 |
| Technology Express, Inc. | 02-3459 | 0 4 – 5 7 7 |
| Corporate 3 Design, Inc. | 02-3495 | 0 4 – 5 7 8 |
| Tech Data Corporation | 02-3496 | 0 4 – 5 7 9 |
| Ingram Micro Inc. | 02-3497 | 5 8 0 |
| Kingston Technology Company, Inc. | 02-3498 | 0 4 – 5 8 1 |
| Dell Computer Corporation | 02-3499 | 0 4 – 5 8 2 |
| Lexmark International Inc. | 02-3500 | 0 4 – 5 8 3 |
| Resilien, Inc., f/k/a Logicare | 02-3501 | 0 4 – 5 8 4 |
| Gavin Anderson & Company, Inc. | 02-3540 | 0 4 – 5 8 5 |
| Tel Assist Communication Services, Inc. | 02-3585 | 0 4 – 5 8 6 |
| New York Stock Exchange, Inc. | 02-3586 | 0 4 – 5 8 7 |
| AMJ Inc. | 02-3593 | 0 4 – 5 8 8 |
| Ciminelli Development Company, Inc. d/b/a Air Cargo-Buffalo | 02-3594 | 0 4 – 5 8 9 |

02-3595

| | | |
|---|---|---|
| Corporate Express, Inc. | ( 02-3586 ) | 0 4 - 5 9 0 |
| DFG Staffing Consultants Inc. | 02-3597 | 0 4 - 5 9 1 |
| Nextel Communications, Inc. | 02-3614 | - 5 9 2 |
| Ingram Entertainment Inc., successor in interest to Nashville Computer Liquidators | 02-3960 | - 5 9 3 |
| Robert Half Incorporated, individually and d/b/a Accountemps | 02-3961 | - 5 9 4 |
| Network Communications Technologies, Inc. | 02-4070 | - 5 9 5 |
| Schulte Roth & Zabel LLP | 02-4403 | - 5 9 6 |
| Willkie, Farr & Gallagher | 02-4408 | - 5 9 7 |
| DeWolff, Boberg & Associates, Inc. | 02-4413 | 5 9 8 |
| Siemens Dematic Corp. F/k/a Rapistan Demag Corp. | 02-4438 | 5 9 9 |
| Matt Christopher Group, Inc. | 02-4439 | 6 0 0 |
| Sigma Data, Inc. | 02-4441 | 0 4 - 6 0 1 |
| Bellsouth Corporation; Bellsouth Mobility Communications, LLC; Bellsouth Wireless, Inc., Bellsouth Wireless Data Company; Bellsouth MNS, Inc.; Bellsouth communications, Inc., Bellsouth Communication Systems, LLC; Bellsouth Entertainment Inc.; Bellsouth Network Solutions, Inc. ; Bellsouth Information Systems, Inc. | 02-4450 | 0 4 - 6 0 2 |
| | | - 6 0 3 |
| Camden Vale Corporation | 02-4451 | |
| AQUA Systems USA, Inc. | 02-4467 | - 6 0 4 |
| Teleconnex Solutions, LLC Active Link Communications, Inc. Mobility Concepts, Inc. | 02-4468 | 0 4 - 6 0 5 |
| Staffing Specialists, Inc. | 02-4470 | 6 0 6 |

| | | |
|---|---|---|
| GE Power Systems, a/k/a General Electric Co. | 03-50496 | 04 - 607 |
| GE Industrial Systems, a/k/a General Electric Co. | 03-50497 | 04 - 60 8 |
| GE Electric Lighting, a/k/a General Electric Co. | 03-50498 | 04 - 609 |
| Global Exchange Services, Inc., f/k/a GE Information Services, Inc. | 03-50499 | - 610 |
| GE Corporate R&D, a/k/a General Electric Co. | 03-50500 | - 61 1 |
| General Electric Company | 03-50501 | - 61 2 |
| GE Supply, a/k/a General Electric Co. | 03-50502 | - 613 |
| GE Electrical Distribution and Control, a/k/a General Electric Co. | 03-50504 | 1 4 |

On June 24, 2004, an order was signed withdrawing the reference from the US Bankruptcy Court to the US District Court, District of Delaware regarding the above-captioned adversary proceedings. A copy of the order and docket sheets are attached. Individual attorney representation can be found on the docket sheets for each case. These adversary proceedings were electronically filed and can be viewed at www.deb.uscourts.gov.

*NOTE: Case 02-4466, Defendant Philips Electronic North America Corp, will be closed 6/25/2004. Reference will not bo Withdrawn.

Please acknowledge receipt of the above record by completing the information below.

Sincerely,

*Mary Ellen Behornar*

Mary Ellen Behornar

Supervisor: _George Wylil_

I hereby acknowledge receipt of the above transferred record this 25th day of June 2004.

By: _____

Deputy Clerk

```
┌──────────────────────────┐
│        FILED             │
│  Supervisor              │
│    JUN 25 2004           │
│                          │
│   U.S. DISTRICT COURT    │
│   DISTRICT OF DELAWARE   │
└──────────────────────────┘
```

# EXHIBIT B

# ORIGINAL



## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

In re INACOM CORP., *et al.*,[1]

Bankruptcy Case No. 00-2426 PJW

| | |
|---|---|
| INACOM CORP., on behalf of all affiliated Debtors, Plaintiff, <br> v. <br> TECH DATA CORP., Defendant. | Civil Action No. 04-148 GMS <br> (Original filed in this Action) <br> Adversary Case No. 02-03496 PJW |
| INACOM CORP., on behalf of all affiliated Debtors, Plaintiff, <br> v. <br> INGRAM MICRO INC., Defendant. | Civil Action No. 04-580 GMS <br><br> Adversary Case No. 02-03497 PJW |
| INACOM CORP., on behalf of all affiliated Debtors, Plaintiff, <br> v. <br> DELL COMPUTER CORPORATION, Defendant. | Civil Action No. 04-582 GMS <br><br> Adversary Case No. 02-03499 PJW |
| INACOM CORP., on behalf of all affiliated Debtors, Plaintiff, <br> v. <br> LEXMARK INTERNATIONAL, INC., Defendant. | Civil Action No. 04-583 GMS <br><br> Adversary Case No. 02-03500 PJW |
| INACOM CORP., on behalf of all affiliated Debtors, Plaintiff, <br> v. <br> RESILIEN INC. *et al.*, Defendant. | Civil Action No. 04-584 GMS <br><br> Adversary Case No. 02-03501 PJW |

---

[1]    The Debtors are the following entities:  InaCom Corp.; InaCom Latin America; InaCom Solutions, Inc.; InaCom Communications, Inc.; InaComp Financial Services, Inc.; Perigee Communications, Inc.; Networks, Inc.; Gorham Clark, Inc.; InaCom International, Inc.; InaCom Tennessee, Inc.; InaCom Professional Services, Inc.; Kure Associates, Inc.; Office Products of Minnesota, Inc.; Boston Computer Exchange Corporation; PC Technical Services, Inc.; Vanstar Corporation; Computerland International Development, Inc.; Computerport World Trade, Inc.; Vanstar International Corporation; VST West, Inc.; VST Illinois, Inc.; VSTNC, Inc.; Cland Tex, Inc.; InaCom Government Systems, Inc.; Contract Data, Inc.; Computer Professionals, Inc.; Vanstar Professional Technical Resources, Inc.

| | |
|---|---|
| INACOM CORP., on behalf of all affiliated Debtors, Plaintiff,<br>v.<br>NEXTEL COMMUNICATIONS, INC., Defendant. | Civil Action No. 04-592 GMS<br><br>Adversary Case No. 02-03614 PJW |
| INACOM CORP., on behalf of all affiliated Debtors, Plaintiff,<br>v.<br>INGRAM ENTERTAINMENT INC., successor in interest to NASHVILLE COMPUTER LIQUIDATORS, Defendant. | Civil Action No. 04-593 GMS<br><br>Adversary Case No. 02-03960 PJW |
| INACOM CORP., on behalf of all affiliated Debtors, Plaintiff,<br>v.<br>SIGMA DATA INC., Defendant. | Civil Action No. 04-601 GMS<br><br>Adversary Case No. 02-04441 PJW |

## SCHEDULING ORDER

This 27th day of ~~September~~ October 2004, the Court, having conducted a status conference

(the "Status Conference") with respect to the above-captioned adversary actions (the "Adversary

Actions"); and the Court having considered the suggestions of counsel for the parties; and good

cause appearing therefor,

IT IS ORDERED that:

1.  **Amendment of Pleadings**. All motions to amend or supplement the

pleadings shall be filed on or before forty-five (45) days from the date of the Status Conference.

2.  **Discovery Matters**.

    a.  **Fact Discovery Cut Off**. All fact discovery in these cases shall be

initiated so that it will be completed on or before January 28, 2005.

b.    **Discovery Disputes.**  Should counsel find they are unable to resolve a discovery matter; the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a letter agenda not to exceed two (2) pages outlining the issues in dispute.  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days form the date of service of the opening letter an answering letter of no more than **TWO PAGES**.  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

3.    **Expert Disclosures and Discovery**.  The parties shall exchange their expert disclosures on or before February 25, 2005.  Any rebuttal expert reports are to be exchanged no later than March 18, 2005.  Expert depositions are to be completed by April 8, 2005.

4.    **Case Dispositive Motions**.  All case dispositive motions, and accompanying opening brief and affidavits, if any, in support of the motion shall be served and filed on or before February 11, 2005.  Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.

5.    **Applications by Motion**.  Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the

Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

6. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

7. **Pretrial Conference**. On September 19, 2005, the Court will hold a Pretrial Conference with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3) made applicable to these proceedings by Federal Rule of Bankruptcy Practice and Procedure 7026. Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to each defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before August 15, 2005.

8. **Trial**. These matters are scheduled for a five (5) day bench trial beginning on October 17, 2005.

9. **This Order**. Counsel for the Plaintiff shall cause a copy of this Order to be filed in each of the Adversary Actions.

10.    **Amendments**.  This Order shall control the subsequent course of the

Adversary Actions unless the parties stipulate in writing to any amendments to the deadlines set

forth herein.



_____
Honorable Gregory M. Sleet
United States District Court Judge

```
FILED

OCT  4 20:4

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

## CERTIFICATE OF SERVICE

I, Sandra G. McLamb, hereby certify that on the 28th day of September 2004, I caused a copy of the [proposed] *Scheduling Order* to be served in the manner indicated on the individuals listed on the attached service list, in the manner indicated herein:

Sandra G. McLamb (Bar No. 4283)

InaCom Adversary Service List
for September 27, 2004
Status Conference
Document No. 99176
11 – Hand Delivery
06 – Overnight Delivery

*Hand Delivery*
(Counsel for Tech Data Corp.)
James F. Harker, Esquire
Herlihy, Harker & Kavanaugh
1300 N. Market Street, Suite 400
Wilmington, DE 19899

*Hand Delivery*
(Counsel to Ingram Micro Inc.)
Steven Kortanek, Esquire
Klehr Harrison Harvey Branzburg & Ellers
919 Market Street, Suite 1000
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Dell Computer Corporation)
Patricia P. McGonigle, Esquire
Seitz Van Ogtrop & Green
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899

*Hand Delivery*
(Counsel to Nextel Communications, Inc.)
Brett Fallon, Esquire
Morris, James, Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Ingram Entertainment Inc., successor in
interest to Nashville Computer Liquidators)
Thomas MaCauley, Esquire
Zuckerman Spaeder LLP
919 Market Street, Suite 1075
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Sigma Data Inc.)
David L. Finger, Esquire
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155

*Hand Delivery*
(Counsel for Statutory Committee Of Unsecured
Creditors in action against Dell Corporation
William J. Burnett, Esquire
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, DE 19801-4226

*Hand Delivery*
(Counsel for Compaq Computer Corp- third-party
defendant in action against against Lexmark)
Derek C. Abbott, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Lexmark International as third-party
plaintiff)
Thomas Whalen, Esquire
Stevens & Lee, P.C.
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

*Hand Delivery*
(Counsel for Lexmark International, defendant)
Joseph Grey, Esquire
Stevens & Lee, P.C.
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Resilien Inc.f/k/a Logicare)
William K. Harrington, Esquire
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

*Overnight Delivery*
(Counsel for Tech Data Corp.)
Charles Tatelbaum, Esquire
Adorno & Yoss, P.A.
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301

*Overnight Delivery*
(Counsel to Ingram Micro Inc.)
Michael Ware, Esquire
Mayer Brown Rowe
1675 Broadway
New York, NY 10019

*Overnight Delivery*
(Counsel to Dell Computer Corporation)
Sabrina L. Streusand, Esquire
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, TX 78701

*Overnight Delivery*
(Counsel to Lexmark International, Inc.)
Culver V. Halliday, Esquire
Stoll, Keenon, & Park, LLP
2650 AEGON Center
400 West Market
Louisville, KY 40202

*Overnight Delivery*
(Counsel to Resilien Inc. )
Ted A. Berkowitz, Esquire
Patrick T. Collins, Esquire
Farrell Fritz, P.C.
EAB Plaza
Uniondale, NY 11556-0120

*Overnight Delivery*
(Counsel to Ingram Entertainment Inc.)
John Hersey, Esquire
Bingham McCutchen LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


**FINAL PRETRIAL ORDER**


This matter having come before the court at a pretrial conference held pursuant to Fed.R.Civ.P. ("Rule") 16, and [insert name, address and telephone number] having appeared as counsel for plaintiff(s) and [insert name, address and telephone number] having appeared as counsel for defendant(s), the following actions were taken:

(1)    This is an action for [insert nature of action, e.g., breach of contract, personal injury] and the jurisdiction of the court is involved under [insert citation of statute on which jurisdiction is based]. Jurisdiction is (not) disputed[1].

(2)    The following stipulations and statements were submitted and are attached to and made a part of this Order.

    (a)    a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in a jury trial, may be read to the jury by the court or any party)[2];

---

[1]    In diversity cases or other cases requiring a jurisdictional amount in controversy, the Order shall contain either a stipulation that $75,000 is involved or a brief written statement citing evidence supporting the claim that such sum could reasonably be awarded.

[2]    Counsel for plaintiff has the responsibility to prepare the initial draft of a proposed stipulation dealing with allegations in the complaint. Counsel for any counter-, cross- or third-party complainant has the same responsibility to prepare a stipulation dealing with allegations in that party's complaints. If the admissibility of any uncontested fact is challenged, the party objecting and the grounds for objection must be stated.

1

(b)    an agreed statement or statements by each party of the contested issues of fact and law and a statement or statements of contested issues of fact or law not agreed to;

(c)    except for rebuttal exhibits, schedules in the form set out in the attached Schedule (c) of;

   (1)    all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence and

   (2)    any demonstrative evidence and experiments to be offered during trial[3];

(d)    a list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list[4];

(e)    stipulations or statements setting forth the qualifications of each expert witnesses in

---

[3]    Items not listed will not be admitted unless good cause is shown. Cumulative documents, particularly x-rays and photos, shall be omitted. Duplicate exhibits shall not be scheduled by different parties, but may be offered as joint exhibits. All parties shall stipulate to the authenticity of exhibits whenever possible, and this Order shall identify any exhibits whose authenticity has not been stipulated to and specific reasons for the party's failure so to stipulate. As the attached Schedule (c) indicates, non-objected-to exhibits are received in evidence by operation of this Order, without any need for further foundation testimony. Copies of exhibits shall be made available to opposing counsel and a bench book of exhibits shall be prepared and delivered to the court at the start of the trial unless excused by the court. If the trial is a jury trial and counsel desires to display exhibits to the members of the jury, sufficient copies of such exhibits must be made available so as to provide each juror with a copy, or alternatively, enlarged photographic copies or projected copies should be used.

[4]    Each party shall indicate which witnesses *will* be called in the absence of reasonable notice to opposing counsel to the contrary, and which *may* be called as a possibility only. Any witness not listed will be precluded from testifying absent good cause shown, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary, without prior notice to the opposing party.

2

such form that the statement can be read to the jury at the time the expert witness takes the stand[5];

(f)    a list of all depositions, or portions thereof, to be read into evidence and statements of any objections thereto[6];

(g)    an itemized statement of special damages;

(h)    waivers of any claims or defenses that have been abandoned by any party;

(i)    for a jury trial, each party shall provide the following:

    (i)    trial briefs except as otherwise ordered by the court[7];

---

[5]    Only one expert witness on each subject for each party will be permitted to testify absent good cause shown. If more than one expert witness is listed, the subject matter of each expert's testimony shall be specified.

[6]    If any party objects to the admissibility of any portion, both the name of the party objecting and the grounds shall be stated. Additionally, the parties shall be prepared to present to the court, at such time as directed to do so, a copy of all relevant portions of the deposition transcript to assist the court in ruling *in limine* on the objection. All irrelevant and redundant material including all colloquy between counsel shall be eliminated when the deposition is read at trial. If a video deposition is proposed to be used, opposing counsel must be so advised sufficiently before trial to permit any objections to be made and ruled on by the court and to allow objectionable material to be edited out of the film before trial. If good cause is shown as to why objections to portions of a video tape deposition could not be made sufficiently before trial to permit the court to rule, objections shall be handled by a procedure prescribed by the court in accordance with D.Del. LR 30.4(e). Video tape depositions shall otherwise be handled at trial in accordance with D.Del. LR 30.4(d).

[7]    No party's trial brief shall exceed 15 pages without prior approval of the court. Trial briefs are intended to provide full and complete disclosure of the parties' respective theories of the case. Accordingly, each trial brief shall include statements of:
    (a)    the nature of the case,
    (b)    the contested facts the party expects the evidence will establish,
    (c)    the party's theory of liability or defense based on those facts and the uncontested facts,
    (d)    the party's theory of damages or other relief in the event liability is established, and
    (e)    the party's theory of any anticipated motion for directed verdict.

3

(ii). three sets of marked proposed jury instructions, verdict forms, and special

interrogatories, if any[8]; and

(iii) a list of the questions the party requests the court to ask prospective jurors in

accordance with Fed.R.Civ.P. 47(a) and D.Del. LR 47.1(a)[9];

(j) for a non-jury trial, each party shall provide proposed *Findings of Fact and Conclusions of Law* in duplicate[10];

---

The brief shall also include citations of authorities in support of each theory stated in the brief. Any theory of liability or defense that is not expressed in a party's trial brief will be deemed waived.

[8]    When this Order is filed, it shall be the responsibility of counsel for the plaintiff to file with the Clerk, in triplicate <u>and</u> on diskette, joint instructions <u>with</u> objections (i.e., the parties shall submit three separate, stapled copies of a single set of proposed jury instructions which shall include either side's objections to any given instruction along with their proposed instruction directly on the page following the instruction to which there is an objection). Prior to this submission, counsel must confer and make every reasonable effort to resolve objections and to submit agreed upon proposed jury instructions. The joint instructions shall contain a table of contents. Each proposed jury instruction shall carry a descriptive title. Each instruction shall be numbered in such a way as to identify which party is the proponent or whether it has been submitted jointly. All instructions, including objections, shall be in writing and include citations of supporting authorities. Failure to object may constitute waiver of any objection.

At the time of trial, counsel for the plaintiff shall submit an unmarked original set of instructions, verdict sheet, and any special interrogatories to the court in triplicate; to be sent to the jury room after being read to the jury. Supplemental requests for instructions during the course of the trial or at the conclusion of the evidence will be granted solely as to those matters that cannot be reasonably anticipated at the time of presentation of the initial set of instructions.

[9]    Special voir dire questions shall be filed in triplicate and on diskette along with this Order but shall otherwise be filed in accordance with D.Del. LR 47.1(a).

[10]    These shall be separately stated in separately numbered paragraphs. Findings of Fact should contain a detailed listing of the relevant material facts the party intends to prove. They should not be in formal language, but should be in simple narrative form. Conclusions of Law should contain concise statements of the meaning or intent of the legal theories set forth by counsel.

4

(7)    Possibility of settlement of this case was considered by the parties.

_____

United States District Judge

Date:_____

_____    _____
Attorney for Plaintiff                        Attorney for Defendant

6

Schedule (c)

Exhibits[1]

1.    The following exhibits were offered by plaintiff, received in evidence and marked as indicated:

[State identification number and brief description of each exhibit.]

2.    The following exhibits were offered by plaintiff and marked for identification. Defendant(s) objected to their receipt in evidence on the grounds stated[2]:

[State identification number and brief description of each exhibit. Also state briefly the ground of objection, such as competency, relevancy or materiality, and the Fed.R.Evid. relied upon. Also state briefly plaintiff('s)(s') response to the objection, with reference to Fed.R.Evid. relied upon.]

3.    The following exhibits were offered by defendant(s), received in evidence and marked as indicated:

[State identification number and brief description of each exhibit.]

4.    The following exhibits were offered by defendant(s) and marked for identification. Plaintiff(s) objected to their receipt in evidence on the grounds stated[3]:

[State identification number and brief description of each exhibit. Also state briefly the ground of objection, such as competency, relevancy or materiality, and the Fed.R.Evid. relied upon. Also state briefly defendant's response to the objection, with reference to Fed.R.Evid. relied upon.]

---

[1]    As in the Final Pretrial Order form, references to "plaintiff" and "defendant" are intended to cover those instances where there are more than one of either.

[2]    Copies of objected-to exhibits should be delivered to the court with this Order, to permit rulings *in limine* where possible.

[3]    See footnote 2 of this Schedule.

EXHIBIT C

## Jeffrey P. Nolan

| | |
|---|---|
| **From:** | Andrew Caine |
| **Sent:** | Tuesday, May 17, 2005 11:29 AM |
| **To:** | 'Culver Halliday' |
| **Cc:** | 'Forte, Earl'; Jeffrey P. Nolan; 'cdumas@friedumspring.com'; 'Streusand, Sabrina'; 'Landon, James'; 'Stephen Hunt'; Charles Tatelbaum; 'Hersey, Jonathan P.' |

**Subject:** Inacom preferences

Culver -

Thanks for your letter of Friday. As we have discussed, my client is willing to participate in mediation of its preference claims with any or all interested defendants.

Andy

p.s. I would like to see if we can make progress on setting expert deposition dates. Perhaps a conference call is the way to go. Please let me know if the defendants agree, and suggest a possible date/time.

Andrew W. Caine
Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067
Phone: (310) 277-6910
Fax: (310) 201-0760
email: acaine@pszyjw.com

# EXHIBIT D

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INACOM CORP., on behalf of )
All affiliated Debtors,    )
                           )
            Plaintiff,     )
                           )    Civil Action
v.                         )    No. 04-593GMS
                           )
INGRAM ENTERTAINMENT, INC.,)    Adversary Case
Successor in interest to   )    No. 02-03960PIW
NASHVILLE COMPUTER         )
LIQUIDATORS,               )
                           )
_____Defendant.___)

DEPOSITION OF STEVEN GADSEY

August 3, 2005

Taken on Behalf of the Plaintiff

APPEARANCES:
For the Plaintiff:    Hon. Jeffrey P. Nolan
                      10100 Santa Monica Blvd.
                      11th Floor
                      Los Angeles, CA  90067

For the Defendant:    Hon. Jonathan P. Hersey
                      650 Town Center Drive
                      4th Floor
                      Costa Mesa, CA  92626

MORGAN REPORTING SERVICE
3352 Parsons Street
Murfreesboro, TN  37127-6427
(615) 890-7317
Reported by:  Marilyn Gorski, CCR #0174

The deposition of STEVEN L. GADSEY, taken on behalf of the Plaintiff and taken pursuant to notice on August 3, 2005, beginning at approximately 10:00 a.m., at Two Ingram Blvd., Lavergne, Tennessee, pursuant to stipulations of counsel.

S T I P U L A T I O N S

It is agreed that the court reporter, being a notary public for the State of Tennessee, may swear the deponent, take the deposition on the Stenograph shorthand machine and afterwards reduce the same to typewriting when it may be used for all purposes provided by the Federal Rules of Civil Procedure governing depositions.

It is further agreed that the reading of the completed deposition by the deponent and the signature of the deponent are not waived.

Page 3

# I N D E X

Page

Direct Examination by Mr. Nolan                4

## E X H I B I T S

Number              Description                Page

1     Continuance of Notice                80
2     Request for Information Considered
        By Expert Witness                  100

Page 20

```
 1   fish sandwich together, then --
 2        A.     Well we did discuss --
 3               MR. HERSEY:  Let me interpose an
 4        objection and instruct the witness not to
 5        reveal the substance of any conversation
 6        of which I was a party along with any of
 7        the other counsel for the other Defendants
 8        in this case, Tech Data or Lexmark or
 9        Dell, on the basis of the joint defense
10        privilege.
11   BY MR. NOLAN:
12        Q.     Why don't we do this, not that I
13   necessarily agree with that but to kind of
14   define the issue:  When you had your
15   conversation at the mediation with someone who
16   you perceived was from Tech Data, can you tell
17   me where you were?
18        A.     In your law office.
19        Q.     In a conference room or in the
20   hallway?
21        A.     Conference room.
22        Q.     And who was present?
23        A.     We all were.  Their attorneys,
24   their representatives from Lexmark, Tech Data,
25   Ingram.
```