IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INACOM CORP., et al., | Bankruptcy Case No. 00-2426 (PJW) |
|         Debtors. | |
| INACOM CORP., on behalf of all affiliated debtors, | Civil Action No. 04-CV-583 (GMS) |
|         Plaintiff, | |
| vs. | |
| LEXMARK INTERNATIONAL, INC., | |
|         Defendant and Third-Party Plaintiff, | |
| vs. | |
| COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC., | |
|         Third-Party Defendants. | |

**HEWLETT-PACKARD COMPANY'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING GUARANTY BASED ON FRANCIS LETTER DATED FEBRUARY 16, 2000**

      Lexmark seeks to hold Hewlett-Packard Company ("HP") liable for over $2.9 million on grounds of alleged breach of contract based on a several-sentence informational letter that was sent to Lexmark in connection with the closing of an asset purchase agreement. The Francis Letter dated February 16, 2000 does not constitute an enforceable contract -- and should be excluded from evidence -- because there was no consideration in exchange for the purported assumption or guaranty of Inacom's pre-existing obligations to Lexmark.

{00205582.DOC v 2} 1

# ARGUMENT

## I. WHETHER LEXMARK ALLEGES THAT THE FRANCIS LETTER IS A PRIMARY OR SECONDARY OBLIGATION MAKES NO DIFFERENCE.

Lexmark insists that the Francis Letter is not merely a secondary obligation, but an "outright contractual assumption of debts owed to Lexmark." Regardless of whether the letter purports to be a primary or secondary obligation, it is unenforceable because there was no consideration.

As a matter of basic hornbook law, the formation of a contract requires mutual assent between the parties to be bound by a promise and consideration for the promise. *See, e.g., ATACS Corp. v. Trans World Communications, Inc.*, 155 F. 3d 659, 665 (3rd Cir. 1998) ("While typically analyzed in terms of offer and acceptance, [*Corbin* citation], the decisive inquiry in contract formation is the 'manifestation of assent of the parties to the terms of the promise and to consideration for it...' [*Williston* citation]"). *See generally* Restatement (Second) of Contracts § 17 and Restatement (Third) of the Law of Suretyship and Guaranty § 9(1).

## II. THE ALLEGED "ASSUMPTION" OR "GUARANTY" FAILS FOR LACK OF CONSIDERATION.

Lexmark is unable to cite any consideration in exchange for the alleged promise set forth in the Francis Letter. For an agreement to be enforceable there must be some consideration in exchange for the promise. *See, e.g., In re Johnson's Estate*, 346 N.Y.S.2d 283, 286-87 (1973) (bank promise to serve as trustee in the future at reduced rate if it were selected did not bind either party).

Testimony by Ben Wells that the letter was sent "to ensure the continued flow of products" from vendors does not evidence consideration. The letter did not create any new obligations on the part of either Lexmark or Compaq. Lexmark did not bargain for any additional guarantee of payments by Compaq or any assumption of obligations by Compaq.

Lexmark's continued shipment of products to Inacom did not constitute separate consideration because shipments were based on a pre-existing contract. Moreover, Lexmark was fully paid for its shipments of products to both Inacom and Compaq.

Lexmark's attempt to turn the Francis Letter into a contractual obligation should be rejected because the letter lacks the basic elements required of a contract.

## CONCLUSION

HP requests that the Court grant an *in limine* order precluding Lexmark from presenting any testimony, documentary evidence, or argument that the Francis Letter constitutes a "contractual assumption" or "guaranty" requiring that HP pay amounts were actually paid by Inacom, and are now the subject of a preference action.

Dated: August 22, 2005
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
William H. Sudell, Jr. (No. 463)
Derek C. Abbott (No. 3376)
Gregory T. Donilon (No. 4244)
Daniel B. Butz (No. 4227)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200

- and -

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
One Maritime Plaza, Suite 2475
San Francisco, CA 94111
(415) 834-3800

Attorneys for Third-Party Defendant
Hewlett-Packard Company