IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> INACOM CORP., et al., <br><br>        Debtors. | Chapter 11 <br><br> Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated debtors, <br><br>        Plaintiff, <br><br> vs. <br><br> LEXMARK INTERNATIONAL, INC., <br><br>        Defendant and Third-Party Plaintiff, <br><br> vs. <br><br> COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC., <br><br>        Third-Party Defendants. | Civil Action No. 04-CV-583 (GMS) |

**HEWLETT-PACKARD COMPANY'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO LEXMARK'S CLAIMS AS A THIRD-PARTY BENEFICIARY**

Lexmark International, Inc. ("Lexmark")'s response to Hewlett-Packard Company's ("HP") motion *in limine* fails to cite any authority in which the intent to create third-party beneficiary rights was disputed, or which involved a "no third-party beneficiary clause" in the contract. Instead, Lexmark focuses on a non-assignment clause, which is entirely different and has nothing to do with Lexmark's right to enforce the Asset Purchase Agreement in this case.

{00206585.DOC v 1} 1

The Court should exclude all evidence and dismiss Lexmark's claims relating to the Asset Purchase Agreement because, as a matter of law, Lexmark is not a third-party beneficiary to the agreement. Accordingly, Lexmark lacks standing to enforce the agreement.

## I. LEXMARK IS NOT AN INTENDED BENEFICIARY OF THE ASSET PURCHASE AGREEMENT

The parties agree that only intended beneficiaries to a contract have a right to enforce the contract, and incidental beneficiaries do not. *See* Lexmark's Proposed Jury Instructions at p. 15 ("To establish that it is entitled to enforce the contract as a beneficiary, the plaintiff [Lexmark] has the burden to prove by a preponderance of the evidence that the original parties to the contract intended the plaintiff to be a direct beneficiary and not just an incidental beneficiary."). *See also Fourth Ocean Putnam Corp. v. Interstate Wrecking Co., Inc.*, 66 N.Y.2d 38, 44 (1985).

The parties further agree that, as a matter of law, the best evidence of whether contracting parties intended their contract to benefit third parties is the language of the contract itself. *See* Lexmark's Proposed Jury Instructions at p. 15 ("Although you may consider all of the circumstances surrounding the original parties at the time they entered into the contract, ***the plaintiff must prove that the contract terms themselves contain some clear indication*** that the original parties intended the plaintiff to be a direct beneficiary.")(emphasis added). *Burns, Jackson, Miller, Summit & Spitzer v. Lindner*, 108 Misc. 2d 458, 475-76 (N.Y. Sup. 1981); *Nepco Forged Products, Inc. v. Consolidated Edison*, 470 N.Y.S.2d 680, 681 (App. Div. 1984). Where a provision exists in an agreement expressly negating an intent to permit enforcement by third parties, that provision is decisive of the parties' intent. *Id.* (complaint dismissed based on no-third-party-beneficiary provision).

Here, the intent of the parties to the Asset Purchase Agreement – Inacom, Compaq, and ITY Corp – is expressed in Section 13.08 which states that there is no intent to confer any rights or remedies on any third parties. This is the exclusive statement of intent

regarding third party beneficiaries.[1] That provision is decisive and negates any intent to permit enforcement by Lexmark.

Section 13.08 is not "best characterized" as a non-assignment clause. Compaq and Inacom were well aware of the distinction between a clause precluding intended beneficiaries and a clause precluding assignment, and specifically addressed both in the Asset Purchase Agreement. *See* Asset Purchase Agreement, Sections 13.04 and 13.08. Lexmark's citation to a case involving a non-assignment clause – without any provision that precluded third-party beneficiaries – has no bearing to the facts of this case.

---

[1] Section 13.09 of the Asset Purchase Agreement contains the following integration clause:
*Entire Agreement.* This Agreement, the Fulfillment Agreement, the Services, Supply and Sales Agreement, the agreements contemplated by Section 7.07 and the Confidentiality Agreement constitute the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes all prior agreements and understandings, both oral and written, between the parties with respect to the subject matter of this Agreement.

## CONCLUSION

For the foregoing reasons, HP requests that the Court grant an *in limine* order dismissing Lexmark's breach of contract claims and precluding Lexmark from presenting any argument or evidence based on a claim as a third-party beneficiary to the Asset Purchase Agreement.

Dated: August 22, 2005
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ 

William H. Sudell, Jr. (No. 463)
Derek C. Abbott (No. 3376)
Gregory T. Donilon (No. 4244)
Daniel B. Butz (No. 4227)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200

- and -

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
One Maritime Plaza, Suite 2475
San Francisco, CA 94111
(415) 834-3800

Attorneys for Third-Party Defendant
Hewlett-Packard Company