IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INACOM CORP., et al., | Bankruptcy Case No. 00-2426 (PJW) |
| Debtors. | |
| INACOM CORP., on behalf of all affiliated debtors, | Civil Action No. 04-CV-583 (GMS) |
| Plaintiff, | |
| vs. | |
| LEXMARK INTERNATIONAL, INC., | |
| Defendant and Third-Party Plaintiff, | |
| vs. | |
| COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC., | |
| Third-Party Defendants. | |

**HEWLETT-PACKARD COMPANY'S REPLY IN SUPPORT OF ITS MOTION
IN LIMINE TO EXCLUDE TESTIMONY OF KEVIN SARKISIAN**

Hewlett-Packard Company ("HP") moves this Court for an order excluding the testimony of Kevin Sarkisian regarding his purported understanding that a letter from Bill Francis of Compaq Computer Corp. ("Compaq") to Lexmark constituted an assumption of all of Inacom's outstanding debts to Lexmark. Mr. Sarkisian lacks personal knowledge regarding the letter or the account payable in dispute, and any vaguely probative value of his testimony is outweighed by undue delay and the presentation of cumulative evidence.

{00206573.DOC v 2}                                   1

## ARGUMENT

Lexmark dealt with all of its customers, including Inacom, solely through its sales teams. As described by Mr. Sarkisian, the sales team "owns the customer," is responsible for the customer's performance of its obligations to Lexmark, and has all contacts with the customer on behalf of Lexmark. In fact, Mr. Sarkisian did not have complete authority over placing a customer on shipping hold because the sales team could override his decision by going above him in Lexmark's chain of management. When a customer such as Inacom had an outstanding unpaid balance, it was the responsibility of the sales team to collect payment – e.g., William Schuette, Robert Kendrick, and Todd Pinkston.

As a member of the credit department, Mr. Sarkisian had no contacts with Inacom and was not responsible for collecting amounts owed by Inacom. Moreover, he was not involved in the day-to-day specifics regarding Compaq's assumption of Inacom's accounts payable. At best, Mr. Sarkisian was involved only to the extent necessary to determine whether he should recommend placing Inacom on shipping hold, which would be subject to disagreement by the sales team. Mr. Sarkisian has no personal knowledge of amounts owed from Inacom to Lexmark, or what was to be assumed by Compaq under the "terms and conditions of such account." Mr. Sarkisian's personal interpretation of the meaning of the Francis letter is irrelevant to the issues before the court. Furthermore, any potentially relevant aspects of Mr. Sarkisian's testimony are outweighed by wasting the Court's time with the presentation of needless cumulative evidence.

## CONCLUSION

Mr. Sarkisian's purported interpretation of the Francis letter is not based on any personal knowledge of the underlying transaction. Accordingly, HP requests that

the Court grant an *in limine* order precluding Mr. Sarkisian from testifying about his understanding of the Francis letter, including his alleged understanding of the accounts payable assumed by Compaq under the Asset Purchase Agreement.

Dated: August 22, 2005
       Wilmington, Delaware    MORRIS, NICHOLS, ARSHT & TUNNELL

_____
William H. Sudell, Jr. (No. 463)
Derek C. Abbott (No. 3376)
Gregory T. Donilon (No. 4244)
Daniel B. Butz (No. 4227)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200

- and -

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
One Maritime Plaza, Suite 2475
San Francisco, CA 94111
(415) 834-3800

Attorneys for Third-Party Defendant
Hewlett-Packard Company