IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> INACOM CORP., et al., <br><br> Debtors. | Chapter 11 <br><br> Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated debtors, <br><br> Plaintiff, <br><br> vs. <br><br> LEXMARK INTERNATIONAL, INC., <br><br> Defendant. <br><br> LEXMARK INTERNATIONAL, INC., <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC., <br><br> Third-Party Defendants. | Civil Action No. 04-CV-583 (GMS) |

**HEWLETT-PACKARD COMPANY'S RESPONSE TO LEXMARK'S APPLICATION FOR A SETTLEMENT CONFERENCE**

Lexmark International, Inc. ("Lexmark") has submitted an application for the Court to schedule a settlement conference with the attorneys and representatives of plaintiff InaCom Corp. ("Inacom"), defendants Lexmark, Dell, Inc. ("Dell"), Ingram Entertainment, Inc. ("Ingram"), Tech Data Corporation ("Tech Data"), and third party

{00206373.DOC v 1}                              1

defendant Hewlett-Packard Company ("HP"). HP responds to Lexmark's application as follows:

1.  HP is willing to attend a settlement conference of the third party actions filed by Tech Data and Lexmark.

2.  HP believes that a settlement conference would be most productive if conducted after the Court enters pretrial orders and rules on the various motions *in limine* before the Court, as there are disputes between the parties involving questions of law that remain unresolved.

3.  HP disagrees with Lexmark's and Tech Data's suggestion that it is necessary for HP to attend a settlement conference involving Inacom's preference claims. As more fully explained in HP's motion for a separate trial, the third party claims brought by Lexmark and Tech Data are not based on a common nucleus of fact and law with the preference claims. Including HP in settlement negotiations between Inacom and the preference defendants, two of whom have not filed any third party claims against HP, would complicate rather than simplify the negotiations. Furthermore, since HP's liability is contingent upon Inacom recovering from Lexmark and Tech Data, holding a settlement conference of the preference actions first is a more practical approach.

4.  Lexmark and Tech Data have suggested that HP's presence is required because HP is Inacom's largest unsecured creditor. The estate of Inacom is represented by its Plan Administrator, who is charged with representing the interests of creditors. Therefore, HP's attendance as an individual creditor is unnecessary and inappropriate.

## CONCLUSION

For the foregoing reasons, HP respectfully requests that it be permitted to attend a settlement conference of only the third party claims.

Dated: August 25, 2005

Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
William H. Sudell, Jr. (No. 463)
Derek C. Abbott (No. 3376)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200

- and -

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
One Maritime Plaza, Suite 2475
San Francisco, CA 94111
(415) 834-3800