IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INACOM CORP., et al.,<br>         Debtors. | Chapter 11<br><br>Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated debtors,<br><br>         Plaintiff,<br><br>vs.<br><br>LEXMARK INTERNATIONAL, INC.,<br><br>         Defendant and Third-Party Plaintiff,<br><br>vs.<br><br>COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC.,<br><br>         Third-Party Defendants. | Civil Action No. 04-CV-583 (GMS) |

**HEWLETT-PACKARD COMPANY'S OPPOSITION TO
LEXMARK INTERNATIONAL, INC.'S MOTION IN LIMINE TO EXCLUDE
<u>TESTIMONY OF CHRIS ANDERSON</u>**

Lexmark International, Inc. ("Lexmark") has moved this Court for an order *in limine* to exclude testimony of Chris Anderson ("Mr. Anderson") because Lexmark never deposed Mr. Anderson. In fact, Lexmark received notice over seven months ago that Mr. Anderson is a knowledgeable witness, but Lexmark failed to request his deposition.

{00206909.DOC v 1}  1

## ARGUMENT

On October 4, 2004, the Court consolidated for the purposes of discovery the preference actions brought by the estate of Inacom Corp. ("Inacom") against Lexmark and Tech Data Corporation ("Tech Data"). Depositions of HP witnesses have been conducted jointly by Tech Data and Lexmark.

On January 24, 2005, HP served its Responses to Tech Data's First Set of Interrogatories in which HP identified Mr. Anderson, then an HP employee, as follows:

INTERROGATORY NO. 2:

Identify each person that the Third Party Defendants may call as a witness at any trial or hearing in this Adversary Proceeding and, for each person identified, state the specific issue on which that person may be expected to testify.

RESPONSE TO INTERROGATORY NO. 2:

. . . HP states that it may call the following individuals as witnesses:
. . .
6. Chris Anderson – former Director of Corporate Finance for Compaq with knowledge of the asset purchase transaction and liabilities assumed by Compaq pursuant thereto. Currently an HP employee, address c/o FD&S.[1]

Mr. Anderson was further identified in at least two depositions as a knowledgeable witness. On March 25, 2005, Jay Samuelson identified Mr. Anderson as someone with knowledge of the asset purchase transaction and of the liabilities that Compaq assumed. On March 30, 2005, Ben Wells also identified Mr. Anderson as someone involved with the asset purchase transaction and who had knowledge of the assumed liabilities. After Mr. Wells identified Mr. Anderson, HP's counsel voluntarily informed counsel for Lexmark and Tech Data that Mr. Anderson was no longer an HP

---

[1] Mr. Anderson was also identified in HP's responses to Interrogatory Nos. 5 and 18 as having knowledge of the asset purchase transaction.

{00206909.DOC v 1}                                    2

employee and consequently no longer under HP's control, but HP was trying to locate him regarding the accounts payable that Compaq assumed.[2] HP subsequently served its Supplemental Disclosures on Lexmark pursuant to Rule 26(e) on June 10, 2005, in which HP identified Mr. Anderson as a knowledgeable witness.

In total, Lexmark and Tech Data noticed the deposition of 15 current and former HP employees as well as a person most knowledgeable pursuant to Fed. R. Civ. Proc. 30(b)(6). Yet no formal or written request to depose Mr. Anderson was ever made, and HP is unaware of any informal or verbal request. Furthermore, none of the categories listed in Tech Data's 30(b)(6) notice are areas in which Mr. Anderson is a person most knowledgeable.

Mr. Anderson resigned from HP during the Spring of 2005 and is now residing in Florida. He is therefore beyond the subpoena power of the Court. If HP is able to contact Mr. Anderson, and if he agrees to testify at trial, HP respectfully requests that the Court allow Mr. Anderson to testify provided that HP gives Lexmark the opportunity to depose him prior to trial.

## **CONCLUSION**

For the foregoing reasons, HP requests that the Court deny Lexmark's motion *in limine* to exclude testimony of Mr. Anderson.

---

[2] At the deposition of Ben K. Wells on March 30, 2005, HP's counsel stated as follows:
Ms. Dumas: . . . I might as well say for the record that, since we received the 30(b)(6) notice, HP has ascertained that it currently believes that Mr. Chris Anderson, who the witness identified, is the individual who was primarily involved in the accounts payable analysis by Compaq. The last time I spoke to Mr. Anderson, which was a couple of months ago, he was an HP employee. I recently learned, after we received this, that he's no longer with Hewlett-Packard. And thus far, we've been unable to reach him. But that is who we are attempting to locate on that topic.

Mr. Hunt: Okay. Thank you, Ms. Dumas.

Dated: August 26, 2005

Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Daniel B. Butz

William H. Sudell, Jr. (No. 463)
Derek C. Abbott (No. 3376)
Daniel B. Butz (No. 4227)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200

- and -

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
One Maritime Plaza, Suite 2475
San Francisco, CA 94111
(415) 834-3800