IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., *et al*, | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br><br>LEXMARK INTERNATIONAL, INC.,<br><br>　　　Defendant/Third Party Plaintiff. | Chapter 11<br><br>Civil Action No. 04-583 (GMS)<br><br>[Adversary Proc. No. 02-3500 (PJW)]<br><br>**Related Docket No.: 80** |
| AND RELATED THIRD PARTY ACTION. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S JOINT MOTION IN AID OF LITIGANTS' RIGHTS SEEKING REMEDIES FOR PLAINTIFF'S LATE PRODUCTION OF CERTAIN DISCOVERY MATERIALS**

### I.　　PRELIMINARY STATEMENT

1.　　Defendant's Motion should be denied on procedural grounds, as (a) it fails to comply with and apparently seeks to circumvent the Court's Scheduling Order limiting motions in limine to five (5) pages in length, and (b) in the parties' Pretrial Order, Defendant did not list any intended motions in limine.

2.　　Defendant's Motion should be denied on substantive grounds as well, as it grossly misrepresents the facts of the alleged "concealed" documents and discovery in general. In fact, Plaintiff <u>did</u> produce the Open A/P Register. As to the black-lined version of the Compucom Agreement recently located, Defendant admits that the document does not impact the conclusions in their expert report. Further, Defendant deposed numerous witnesses regarding

1

the Compucom negotiations and agreement, its ultimate failure and the surrounding circumstances; the contents of the Agreement are not a surprise, and Defendant was not deprived of an opportunity to examine fact witnesses during discovery.[1]

3. Plaintiff has produced over 23,000 pages of documents to date, and not until this late date has Defendant filed any motion related to discovery. The thinly disguised purpose of the Motion is to remove an ultimate fact, not to correct a discovery abuse. Citing to cases concerned with a pattern of defiance and bad faith is not analogous here, and does not support exclusion of the documents.

**B.    The Open A/P Schedule/Register Identifying Invoices Assumed by Compaq**

4. Defendant has, in fact, on two separate occasions, received the Open A/P Register (Exhibit A hereto). Defendant's contrary claim is simply false. (Mot. ¶ 4 and 5). On February 24, 2005, Inacom produced the Asset Purchase Schedule, Accounts Payable as of February 12, 2000, as Document ICN 09129. (See Exhibit B hereto). In addition, on January 24, 2005, Defendant received the same document from Cross-Defendant Hewlett Packard as production HP/TD 0153. (See Exhibit C hereto).

5. Claims of bad faith, delay and prejudice to Defendant's preparation for trial are clearly unfounded.

**C.    Blacklined Version of Unsigned Asset Purchase Agreement with Compucom**

6. Defendant cannot identify for the Court any tangible prejudice from Plaintiff's late discovery of this document, other than "its expert would need to prepare a new report." (Mot. ¶3, 18). This claim, however, is hollow and undermined within the Motion itself:

---

[1] The Draft Agreement, which details some facts concerning the proposed acquisition in more detail, was located in a box in storage bearing a label wholly unrelated to this litigation. The document was promptly disclosed to all counsel, and at Defendant's request, many weeks ago, Plaintiff agreed to further deposition of the Debtors' former CFO and former Controller on certain limited topics to resolve any discovery dispute between the parties, hardly a tactic evidencing bad faith or an attempt to take advantage of the Defendant with surprise at time of trial.

"Even though Defendant's experts can explain that the undisclosed documents do not change the outcome of the report . . . a trier of fact may believe that Defendant's report is less reliable because it fails to refer to the undisclosed documents." (Motion ¶ 15).

7. Defendant's insolvency experts intentionally ignored all events after their chosen valuation date of April 22, 2000. (Depo. R. Whalen, p. 43-44; lns 23-8, attached hereto as <u>Exhibit G</u>). Thus, the experts would not have even considered the June, 2000 Compucom draft agreement. Defendant's claim of prejudice lacks credibility, to say the least.

8. As such, the Motion's request to exclude all related testimony and documents should be rejected. Through deposition testimony elicited and other documents, Defendant has been well aware of the Compucom negotiations, which clearly reflect the lack of any goodwill or enterprise value of the Debtors in late May/early June, 2000. (<u>See</u> Deposition testimony of Messrs. Krikorian (pp. 18-19, lns 21-13; pp. 74-75, lns 16-23; pp. 115-116, lns 20-9), Oshlo, (p. 130, lns 2-20) and Gagliardi (p. 95, lns 1-24; pp. 106-108, lns 15-22; p. 136, lines 2-16), attached as <u>Exhibits D-F</u> hereto.)

## II. DEFENDANT'S AUTHORITIES DO NOT SUPPORT EXCLUSION OF THE DOCUMENTS

9. In *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123 (1991) and *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d, 124, 135-136 (2d Cir. 1998), the actor lied to the court, openly disobeyed court orders, engaged in meritless motions and delaying tactics, or intentionally thwarted the court's jurisdiction. *Gallup, Inc. v. Kendex Corp.*, 2003 WL 22097495 at *4 (E.D. Pa), concerned intentional and bad faith concealment of new financial data on several separate occasions, which documents served to render obsolete the plaintiff's expert report on damages. Here, Plaintiff has produced over 23,000 thousand pages of documents responsive to Defendants' discovery requests. There has not been a single motion to compel,

much less any discovery order or other evidence of abuse. Defendant's expert report is not impacted at all by the subject documents, and it cannot identify any prejudice to its trial preparation.

10. Similarly, the balancing factors to address a discovery abuse as described in *Astrazeneca AB v. Mutual Pharmaceutical Corp., Inc.*, 278 F.Supp.2d 491, 504 (E.D. Pa. 2003), do not support taking the drastic remedy requested by Defendant. Defendant cannot claim surprise or prejudice, and moreover, will have an opportunity to again depose the Debtors' financial management on the topic. There is no evidence of willful failure to comply with a court order of denial of the existence of a document, and no cause for a delay in the trial or other requested sanction.

11. *Astrazeneca* also noted that an important consideration factoring against exclusion of material evidence is the "importance of the excluded testimony". *Id.* at 504. As described above, the apparent purpose of the Motion is to render an incomplete picture of the Debtors' financial condition, since the Compucom negotiations clearly reflect the lack of any goodwill or enterprise value of the Debtors in late May/early June, 2000.

12. Exclusion of critical evidence is an "extreme sanction", "not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order". *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp.2d 601, (D. NJ., 2004) *quoting Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F2d. 894, 905 (3rd Cir. 1977), rev'd on other grounds, *Goodman v. Lukens Steel*, 777 F. 2d 113(3rd Cir. 1985). Here, there is no evidence of any violation, bad faith or deception, much less the level needed to support exclusion of evidence. To the contrary, Plaintiff complied with its obligation under Rule 34 to produce promptly documents upon their discovery. Moreover, as described above, Defendant cannot identify any prejudice from the

timing of production of the Compucom agreement, and has been untruthful with the Court regarding its prior receipt of the Open A/P Schedule, calling into question the credibility of the Motion in its entirety.

WHEREFORE Plaintiff respectfully requests the Motion be denied in its entirety. The Motion seeks to gain a tactical advantage rather than correct an inequity.

Dated: August 26, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
Sandra G. McLamb (DE Bar No. 4283)
919 North Market Street, 16th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910

Counsel for Plaintiff, INACOM CORP.

42125-003\DOCS_DE:111162.1