

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re:   INACOM CORP., et al.,
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                         Civ Act No.
                 Plaintiff,           04-148 GMS
     -against-                            Adversary No.
TECH DATA CORP.,                            02-03496 PJW
                 Defendant.
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                         Civ Act No.
                 Plaintiff,           04-582 GMS
     -against-                            Adversary No.
DELL COMPUTER CORPORATION,                  02-03499 PJW
                 Defendant.
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                         Civ Act No.
                 Plaintiff,           04-583 GMS
     -against-                            Adversary No.
LEXMARK INTERNATIONAL, INC.,                02-03500 PJW
                 Defendant.
------------------------------------x
INACOM CORP., on behalf of all
affiliated Debtors,                         Civ Act No.
                 Plaintiff,           04-593 GMS
     -against-                            Adversary No.
INGRAM ENTERTAINMENT, INC.,                 02-03960 PJW
successor in interest to
NASHVILLE COMPUTER LIQUIDATORS,
                 Defendant.
------------------------------------x

July 28, 2005

5:19 p.m.


Deposition of RICHARD A. WHALEN




501 Fifth Avenue New York, NY 10017
(212) 986-1344  Fax (212) 983-9149  www.crinyc.com

1         R. Whalen

2   get information that was reasonable knowledge by a
3   willing buyer as of the valuation date, and you
4   should endeavor to get as much information as they
18:09:53  5   can, but things that are put out there, published,
6   become public or become available after the
7   valuation date, you can't use, you can't consider
8   them, unless you pick a new valuation date.
9         Q.   Let's say hypothetically you have a
18:10:25 10   valuation date of June 30?
11        A.   Okay.
12        Q.   And the most recent projection you
13   have in order to perform your analysis, have been
14   completed on January 1st, and those projections
18:10:40 15   relied on actual data prior to January 1st?
16        A.   And the thinking on January 1st.
17        Q.   Right.
18             MR. POWELL:  Which January 1st?
19             MR. CAINE:  Of the same year.
18:10:52 20            THE WITNESS:  Before.
21        Q.   You would use those January 1st
22   projections in preparing your valuation as of June
23   30?
24        A.   Yes, or what I would try and do is
18:11:03 25   update those projections, make sure they are

1           R. Whalen

2    Blackstone report. Would it be appropriate to

3    consider the information in the Blackstone report?

4        A.    You don't need it, you already have

18:08:42  5    it. You mean that particular balance sheet and

6    those balances, current assets, $10, fixed assets,

7    $12.

8        Q.    There may be additional data

9    underlying the balance sheet that's contained in

18:08:53  10   the Blackstone report that you don't see in the

11   balance?

12       A.    I suppose if it is factual data that

13   was around on the valuation date, then I'm

14   thinking no matter where it comes from, you should

18:09:06  15   consider it. There is a difference between

16   creating a report with all the judgment that goes

17   into it, and the thinking cap on in May of 2000,

18   which is different than perhaps a thinking cap in

19   April, or March, or February. The difference

18:09:26  20   between assertions made in a report and financial

21   statement data on a page. Maybe that's where we

22   are diverging here.

23       Q.    We are not, I'm just trying to

24   understand your opinion.

18:09:42  25       A.    I think in general wherever you can