# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **INACOM CORP., et al.**<br><br>    **Plaintiffs**<br><br>**v.**<br><br>**LEXMARK INTERNATIONAL, INC.**<br><br>    **Defendant and Third-Party Plaintiff**<br><br>**v.**<br><br>**COMPAQ COMPUTER CORPORATION**<br><br>    **Third-Party Defendant** | **Civil Action No. 04-CV-583 (GMS)** |

## LEXMARK'S RESPONSE TO INACOM CORPORATION'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING DEFENDANT'S ARGUMENTS UNDER 547(b)(2) and (5)

Thomas G. Whalen Jr. (No. 4034)
Joseph Grey (No. 2358)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 654-5180
Fax: (302) 654-5181

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.

Dated: August 29, 2005

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

I.      STATEMENT OF FACTS ...................................................................................1

II.     ARGUMENT .......................................................................................................1

      A.  InaCom Has Failed to Show Cause as to Why Evidence of a Novation Should
          Be Excluded…………………………………………………………………....…1

      B.  InaCom's Motion as it Pertains to Section 547(b)(5) is Completely Irrelevant………2

III.    CONCLUSION……………………………………………………………………...2

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                          <u>PAGE</u>

*Nat'l Equip. Rental, Ltd. v. Sebert Mfg. Corp.*, 248 N.Y.S.2d 374 (N.Y. Sup. Ct. 1964)...............1

Water St. Dev. Corp. v. City of New York, 632 N.Y.S.2d 544 (N.Y. App. Div. 1995) ................1

DeWitt v. Monjo, 61 N.Y.S. 1046 (N.Y. App. Div. 1900)............................................................2

<u>STATUTES</u>

547(b)(2) ...........................................................................................................................................1

547(b)(5) ........................................................................................................................................1, 2

SL1 568026v1/004907.00003

Lexmark International, Inc., the defendant herein (the "Defendant" or "Lexmark"), by and through its undersigned attorneys, responding to InaCom Corporation's ("InaCom") Motion In Limine to Exclude Evidence Regarding Defendant's Arguments Under 547(b)(2) and (5), respectfully states:

## I. STATEMENT OF FACTS

Lexmark hereby incorporates by reference the facts as set forth in its Proposed Findings of Fact and Conclusions of Law as to InaCom's Complaint.

## II. ARGUMENT

### A. InaCom Has Failed to Show Cause as to Why Evidence of a Novation Should Be Excluded

InaCom has presented no legal authority sufficient to preclude Lexmark's presentation of evidence of its status as a third-party beneficiary to the Asset Purchase Agreement. It is the position of defendant Lexmark that a novation was formed and that partly in consequence, the invoices paid did not constitute payment of antecedent debt pursuant to Bankruptcy Code Section 547(b)(2).

Plaintiff InaCom's mere recitation of legal elements does not provide sufficient justification for the exclusion of evidence essential to Lexmark's case. The existence of a novation is not, as plaintiff would characterize it, "a matter of law." Under New York law, "[a]n agreement for a novation need not be expressed, it may be implied. The court, as the trier of the facts, must determine the intention of the parties." *Nat'l Equip. Rental, Ltd. v. Sebert Mfg. Corp.*, 248 N.Y.S.2d 374, 376 (N.Y. Sup. Ct. 1964) (citing *Henderson v. Sheppard*, 231 N.Y.S. 89 (N.Y. App. Div. 1931). A novation may discharge obligations under prior agreements, and its efficacy in doing so "may be determined from the writings and conduct of the parties or, in certain cases, from the documents exclusively." *Water St. Dev. Corp. v. City of New York*, 632

N.Y.S.2d 544, 545 (N.Y. App. Div. 1995).  Moreover, the assent of a party to a novation "may be proved by circumstantial evidence precisely as other facts may be similarly proved."  *De Witt v. Monjo*, 61 N.Y.S. 1046 (N.Y. App. Div. 1900).  Notwithstanding InaCom's protests, Lexmark is entitled to present evidence in support of an existing novation at trial, and any other position would contravene longstanding and readily apparent legal opinions on this issue.

Accordingly, recognition of the contract at issue as a novation is a matter best decided by the trier of fact at a trial upon those facts, taking into consideration the full extent of applicable law.

### B.  InaCom's Motion as It Pertains to Section 547(b)(5) Is Completely Irrelevant

Bankruptcy Code Section 547(b)(5) permits a trustee to avoid a preferential transfer if and only if that transfer enables a creditor to receive more than it would have if: (1) the case had been a under chapter 7 and (2) the transfer has not been made.  While the authorities cited by Plaintiff educate the reader as to the nature, implications and legislative purpose of Section 547(b), and thereby frustrate the Plaintiff's ability to prove this essential and material element of its case.  If, as Lexmark argues, HP assumed the payment obligation from InaCom, then the bankruptcy of InaCom, and any distribution from a hypothetical chapter 7 case are moot issues.  Plaintiff's conclusions derived therefrom are erroneous and ought not to be considered by the Court in ruling upon the instant Motion In Limine.

SL1 568026v1/004907.00003

## III.  CONCLUSION

For the foregoing reasons, Lexmark respectfully requests that this Court deny InaCom's

motion *in limine* seeking to preclude introduction of evidence of Lexmark's arguments under

Bankruptcy Code Section 547(b).


Dated: August 29, 2005
Respectfully submitted,


  */s/ Joseph Grey*                  .
Joseph Grey (No. 2358)
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel:  (302) 654-5180
Fax:  (302) 654-5181

and

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel:  (502) 568-9100
Fax:  (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.

3