**UNITED STATES DISTRICT COURT**

**DISTRICT OF DELAWARE**

| | |
|---|---|
| **INACOM CORP., et al.**<br><br>**Plaintiffs**<br><br>**v.**<br><br>**LEXMARK INTERNATIONAL, INC.**<br><br>**Defendant and Third-Party Plaintiff**<br><br>**v.**<br><br>**COMPAQ COMPUTER CORPORATION**<br><br>**Third-Party Defendant** | **Civil Action No. 04-CV-583 (GMS)** |

**LEXMARK'S RESPONSE IN OPPOSITION TO INACOM'S MOTION IN LIMINE TO EXCLUDE WITNESSES NOT PREVIOUSLY DISCLOSED OR IDENTIFIED**

Thomas G. Whalen Jr. (No. 4034)
Joseph Grey (No. 2358)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 654-5180
Fax: (302) 654-5181

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.

Dated: August 29, 2005

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. STATEMENT OF FACTS .......... 1

III. ARGUMENT .......... 2

IV. CONCLUSION .......... 3

# TABLE OF AUTHORITIES

STATTUES PAGE

11 U.S.C. § 547(c)(2)....................................................................................................1, 2

Defendant Lexmark International, Inc. ("Lexmark") respectfully submits this Response in opposition to plaintiff InaCom's Motion in Limine (the "Motion") to exclude the testimony of witnesses whose identities were allegedly not previously disclosed or identified by Lexmark.

## I. INTRODUCTION

By its Motion, InaCom seeks to exclude the testimony at trial of four witnesses whose identities InaCom asserts it was unaware of until after Lexmark included them on its witness lists in the Proposed Pretrial Order. InaCom's claim is specious.

The witnesses that InaCom seeks to exclude are the employees and/or experts previously disclosed by defendant Dell, Inc. with whom all of the discovery proceedings in this case have been coordinated, and with whom Lexmark has filed a Motion to have this trial consolidated. InaCom was aware of the identity of these witnesses months, if not years, before the close of discovery, and InaCom has deposed each of them. InaCom will therefore not be prejudiced in the slightest if these witnesses are permitted to testify. Accordingly, the Motion should be denied.

## II. STATEMENT OF FACTS

Lexmark's lists of potential fact and expert witnesses in the parties' Joint Proposed Pretrial Order includes four witnesses whose identities InaCom wrongly contends it was unaware. The witnesses include:

1. Michael Keller and Major Horton. Messrs. Keller and Horton are employees of Dell, Inc. who possess knowledge of the course of business dealings between InaCom and its vendors which is relevant to each defendants' affirmative defense pursuant to 11 U.S.C. § 547(c)(2).

2. Steve Thomas. Mr. Thomas is an expert witness disclosed by Dell, Inc. during the parties' discovery. His testimony, like that of Messrs. Keller and Horton, will concern the terms of the ordinary course of business dealings between InaCom and its vendors. The relevance of his testimony is therefore not limited to Dell, but rather relates to the affirmative defense pursuant to 11 U.S.C. § 547(c)(2) raised by Lexmark and Ingram as well.

3. John LaRocca. Mr. LaRocca possesses percipient knowledge of InaCom's history of "held" checks from his prior employment with HP. He is also qualified to offer expert testimony about InaCom's ordinary course of dealings with its vendors and standard terms of credit in the Defendants' industries. Again, his percipient and expert testimony will have direct relevance to Lexmark's, Dell's, and Ingram's common defense under 11 U.S.C. § 547(c)(2).

Contrary to its assertion in the Motion, InaCom was well-aware of the identity of these witnesses long before Lexmark included them on its witness lists in the Pretrial Order. The Defendants (including Lexmark, Dell and Ingram), with InaCom's full cooperation and agreement, began coordinating discovery efforts in August 2004 – months before the first deposition was taken in any of the Defendants' cases.

The identities of each of the witnesses were disclosed to InaCom during these coordinated discovery proceedings. Indeed, copies of Dell's discovery responses in which they disclosed the identities of these percipient and expert witnesses were served on InaCom and Lexmark, as well as the other defendants participating in the coordinated efforts. InaCom has also deposed each of these witnesses.

**III. ARGUMENT**

InaCom has not demonstrated that it will suffer any prejudice if these previously identified and deposed witnesses are permitted to testify, particularly if the trials are consolidated. *See* Defendants' Motion for the Court to Consolidate, filed May 10, 2005. Each of the witnesses possesses relevant and probative information concerning the "ordinary course of business" defense common to Lexmark, Dell and Ingram. Fairness and the interests of reaching consistent results in each of the similar cases weigh in favor of permitting the witnesses to testify – especially because InaCom has already deposed them and is fully capable of preparing its case for trial.

## IV. CONCLUSION

For the foregoing reasons, InaCom's Motion in Limine to exclude the testimony of the witnesses that InaCom has deposed and which Lexmark included on its witness lists in the parties' Joint Proposed Pretrial Order should be denied.

DATED: August 29, 2005

Respectfully submitted,

*/s/ Joseph Grey* .

Joseph Grey (No. 2358)
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 654-5180
Fax: (302) 654-5181

and

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.