UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>    Plaintiffs<br><br>v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>    Defendant and Third-Party Plaintiff<br><br>v.<br><br>COMPAQ COMPUTER CORPORATION<br><br>    Third-Party Defendant | Civil Action No. 04-CV-583 (GMS) |

LEXMARK'S ANSWERING
BRIEF TO PLAINTIFF'S MOTION IN LIMINE TO
EXCLUDE EXPERT TESTIMONY RE INSOLVENCY

Thomas G. Whalen Jr. (No. 4034)
Joseph Grey (No. 2358)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel:  (302) 425-3307
Fax:  (302) 654-5181

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel:  (502) 568-9100
Fax:  (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.

Dated August 29, 2005

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

I.     INTRODUCTION ...........................................................................................................1

II.    ARGUMENT AND AUTHORITIES ............................................................................1

III.   CONCLUSION ................................................................................................................4

## TABLE OF AUTHORITIES

<u>CASES</u>                                                                                                                          <u>PAGE</u>

*In re Lids Corp.*, 281 B.R. 535 (Bankr. D. Del. 2002..............................................................2, 3

<u>RULES OF PROCEDURE</u>

Fed. R. Evid. 403 ...............................................................................................................4

Fed. R. Evid. 702 ...............................................................................................................5

SL1 568121v1/004907.00003

Defendant, Lexmark International, Inc. ("Lexmark") files its Answering Brief to Plaintiff's Motion in Limine to Exclude Expert Testimony Re Insolvency ("Motion to Exclude Solvency Experts").

## I.   INTRODUCTION

It is undisputed that Lexmark's experts on solvency are well-qualified. In its Motion to Exclude Solvency Experts, InaCom does not contend that either Jason Fensterstock ("Fensterstock") or Richard Whalen ("Whalen") is unqualified to testify as expert witnesses upon the solvency issue. Rather, InaCom rests the Motion to Exclude Solvency Experts solely on the supposition that Fensterstock and Whalen will offer cumulative testimony such that only one of them should be permitted to testify at the trial of this matter.

InaCom is simply incorrect in its assertion that the anticipated testimony of Fensterstock and Whalen will be cumulative. As discussed below, Fensterstock and Whalen utilized different valuation methodologies that were each incorporated, relied upon, and considered in determining InaCom's overall Enterprise Value. *See In re Lids Corp.,* 281 B.R. 535 (Bankr. D. Del. 2002) (recognizing the existence of distinct methods for determining solvency). Therefore, their respective testimony is highly relevant and will not result in undue delay or the needless presentation of cumulative evidence.

## II.   ARGUMENT AND AUTHORITIES

Fensterstock and Whalen, in performing the overall solvency/valuation analysis and in reaching their opinions, utilized distinct, different, commonly-accepted valuation methodologies. *See* the May 2, 2005 Valuation Analysis by Duff & Phelps, LLC and Sasco Hill Advisors, Inc. and the June 21, 2005 Supplemental Report (collectively "Solvency Experts' Report"), a true copy of which is attached as Exhibit "A." The Solvency Experts' Report reflects utilization of a

Discounted Cash Flow ("DCF") Analysis, a Comparable Company Analysis, and a Comparable Transaction Analysis.  Fensterstock then employs a weighted average of these three valuation methods to determine the overall Enterprise Value, which demonstrates InaCom's solvency during the relevant period.  Fensterstock also employed a Balance Sheet Valuation and Benchmarking Analysis

In support of the Motion to Exclude Solvency Experts, InaCom merely points to a few isolated lines of deposition testimony in which Fensterstock and Whalen indicate, in general, that they do not intend to offer opinions different than those of the other and that they do not intend to offer any opinions that are in addition to those of the other.  (Solvency Motion, at p. 2).  Although Fensterstock and Whalen indicate that they do not hold opinions different from or in addition to the other, this obviously does not mean that the roles and analysis of each was the same or that their testimony would be cumulative.  Indeed, merely because both experts testified they hold the same opinion does not mean they will offer the same testimony at trial, for it is trial counsel, not the witness, who poses the questions that elicit the testimony.

Moreover, merely because both experts testified they hold the same opinions does not mean that each of them did the same depth of primary analysis upon which opinions are based nor that both could testify to the same depth of analysis in reaching the opinions.  In fact, in this case, as discussed below, Fensterstock and Whalen employed distinct valuation methodologies. Fensterstock utilized Whalen's analysis, as well as his own DCF analysis, in determining the overall Enterprise Valuation.  Consequently, Fensterstock's and Whalen's depth of primary analysis is not identical and, as a result, their testimony at trial will not be cumulative.  *See In re Lids Corp.,* 281 B.R. 535.

2

SL1 568121v1/004907.00003

Whalen was primarily responsible for and worked on the comparable company portion of the analysis. (Deposition of Jason Fensterstock, 7/28/05, excerpts of which are attached hereto as Exhibit B, at 31:22-32:25). Whalen also was primarily responsible for and worked on the comparable transaction component of the overall analysis.

> Q: Who was primarily responsible for the comparable transaction analysis?
>
> A: The Duff & Phelps side of the equation.
>
> Q: Was Mr. Whalen ultimately responsible at Duff & Phelps for that analysis?
>
> A: Yes.

(Deposition of Jason Fensterstock, 7/28/05, excerpts of which are attached hereto as Exhibit B, at 31:22-32:4).

On the other hand, Fensterstock performed the DCF analysis in connection with the Enterprise Valuation.

> Q: Did you personally perform any of the tasks connected with the discounted cash flows?
>
> A: Yes.
>
> Q: What tasks were you involved with?
>
> A: Review of the discounted cash flow analysis, review of the weighted average cost of capital calculation, review of the Excel spreadsheets, checking numbers, the way professionals like I do, with the back of the envelope checks, to see that the numbers makes sense from an overall point of view, reviewing of the base data to that data which was included in the Excel spreadsheets that comprised the DCF analysis.

(Deposition of Jason Fensterstock, 7/28/05, excerpts of which are attached hereto as Exhibit B, at 23:3-23:16).

Therefore, a review of the deposition testimony and the Solvency Experts' Report show that the opinions of Fensterstock and Whalen are not cumulative or duplicative. Rather, the

3

separate, but coordinated, analysis of each is utilized in determining and supporting the overall Enterprise Valuation Opinion.

InaCom's Motion to Exclude Solvency Experts is merely a transparent attempt to preclude and disrupt the admission of relevant testimony concerning the analysis used in supporting and arriving at an overall Enterprise Valuation and solvency opinion. Since the Enterprise Valuation opinion is based on a weighted average of three distinct valuation methodologies, InaCom seeks to keep out testimony so as to argue that the overall opinion is not supported by the evidence and thus cast doubt on the entire solvency analysis. This tactic is not a proper use of Federal Rule of Evidence 403 and would result in extreme and unfair prejudice to Lexmark in the presentation of its case.

Because the analysis of Fensterstock and Whalen are different and because the analysis of each is relied upon and forms the basis of the overall Enterprise Valuation, neither should be precluded from offering testimony in this case concerning their respective analysis. Moreover, the fact that Fensterstock relies upon and incorporates Whalen's comparable company and comparable transaction analysis in determining the overall Enterprise Valuation shows that Whalen's testimony and opinion is highly relevant and is not merely duplicative of the anticipated testimony of Fensterstock.

4

### III. CONCLUSION

For these reasons, Lexmark respectfully requests that the Court deny Plaintiff's Motion in Limine to Exclude Cumulative Expert Testimony Re Insolvency, permit Fensterstock and Whalen to testify in this matter pursuant to Rule 702 of the Federal Rules of Evidence, and grant Lexmark such other and further relief to which it is justly entitled.

Respectfully submitted,


 /s/ Joseph Grey             .
Joseph Grey (No. 2358)
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel:  (302) 654-5180
Fax:  (302) 654-5181

and

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel:  (502) 568-9100
Fax:  (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.

Dated:  August 29, 2005