UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>    Plaintiffs<br><br>v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>    Defendant and Third-Party Plaintiff<br><br>v.<br><br>COMPAQ COMPUTER CORPORATION<br><br>    Third-Party Defendant | Civil Action No. 04-CV-583 (GMS) |

**LEXMARK'S RESPONSE TO INACOM'S MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY OF KEVIN SARKISIAN AT TIME OF TRIAL**

Thomas G. Whalen Jr. (No. 4034)
Joseph Grey (No. 2358)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 654-5180
Fax: (302) 654-5181

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.

Dated August 29, 2005

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF CONTENTS | ................................................................................................................ | i |
| TABLE OF AUTHORITIES | ...................................................................................................... | ii |
| I. | ARGUMENT AND AUTHORITIES ............................................................................ | 1 |
| II. | CONCLUSION .............................................................................................................. | 2 |

## TABLE OF AUTHORITIES

**CASES** PAGE

*In re Global Tissue*, 302 B.R. 808 (Bankr. Del. 2003) ................................................................2

**STATUTES**

§ 547(c)(2)(C) ................................................................................................................................2

SL1 568079v1/004907.00003

Lexmark International, Inc. (the "Defendant" or "Lexmark") states as follows for its response to InaCom Corp.'s ("InaCom") Motion In Limine to Exclude the Expert Testimony of Kevin Sarkisian at Time of Trial.

## I. ARGUMENT AND AUTHORITIES

Kevin Sarkisian ("Mr. Sarkisian") was a Credit Analyst at Lexmark from 1992 until 1996. Deposition of Kevin Sarkisian, February 9, 2005 ("Sarkisian Depo. I") at p. 6; attached as Exhibit A. As a Credit Analyst, Mr. Sarkisian performed financial analyses on customers' financial statements, pulled credit reports and made recommendations for credit limits. Sarkisian Depo. I at p. 11. At or around June 1996 Mr. Sarkisian became the U.S. Credit Manager at Lexmark and he held this position until approximately June 2000. Sarkisian Depo. I at p. 6. Mr. Sarkisian's duties and responsibilities remained relatively unchanged as a result of this promotion with the exception that as the U.S. Credit Manager Mr. Sarkisian had the authority to establish credit limits of up to one million dollars. Sarkisian Depo. I at p. 15.

Part of Mr. Sarkisian's responsibilities as a Credit Analyst and as the U.S. Credit Manager included analyzing and keeping apprised of payment terms among Lexmark's competitors. Sarkisian Depo. I at p. 119. In particular, Lexmark gained insight into the payment terms being offered by other companies through its membership with Riemer Credit Reporting Services. Deposition of Kevin Sarkisian, August 1, 2005 ("Sarkisian Depo. II") at p. 16-17, attached as Exhibit B; Sarkisian Depo. I at p. 120. In this manner, Lexmark compared itself to other like vendors to ensure that its payment terms were competitive. Sarkisian Depo. I at p. 120. As part of its annual review of InaCom, Lexmark would also look at how InaCom was paying other vendors based on a credit report that was usually obtained from Dunn & Bradstreet. Sarkisian Depo. I at p. 24.

1

Mr. Sarkisian possesses knowledge concerning the ordinary business terms for the payment of invoices in this action as evidenced by his testimony regarding InaCom's payment terms and payment patterns. Sarkisian Depo. I at p. 33, 34. Because InaCom and Lexmark are members of the same industry, evidence beyond the parties' own dealings is not required to establish ordinary business terms pursuant to § 547(c)(2)(C). *In re Global Tissue*, 302 B.R. 808, 813 (Bankr. Del. 2003).

Mr. Sarkisian has previously assisted in preparing corporate records for preference actions. Sarkisian Depo. I at p. 76. Upon the filing of a preference action against Lexmark, Mr. Sarkisian personally prepares a payment history for the debtor to determine the timing of the payments and whether or not Lexmark has any exposure. Sarkisian Depo. I at p. 56. Indeed, Mr. Sarkisian has performed a preference analysis for InaCom. *Id*.

InaCom's allegations that Mr. Sarkisian is unfit to testify as to the industry standard and the ordinary business terms for the payment of invoices in this action are without merit. As both a Credit Analyst and the U.S. Credit Manager, Mr. Sarkisian was concerned with ensuring that Lexmark's payment terms were competitive with other vendors in the industry. This required Mr. Sarkisian to remain informed about the payment terms offered by Lexmark's competitors. Mr. Sarkisian is knowledgeable of the ordinary business terms for payment of invoices as demonstrated by his testimony concerning InaCom's payment terms and payment patterns. Thus, the allegations raised by InaCom are more properly addressed to the weight to be attached to Mr. Sarkisian's testimony rather than to its admissibility.

SL1 568079v1/004907.00003

## II. CONCLUSION

For the foregoing reasons, InaCom's motion to exclude the expert testimony of Kevin Sarkisian should be denied and Mr. Sarkisian should be permitted to testify regarding both the industry standard as to payment terms and the ordinary business terms for the payment of invoices in this adversary proceeding.

Dated: August 29, 2005

Respectfully submitted,

 /s/ Joseph Grey
Joseph Grey (No. 2358)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 654-5180
Fax: (302) 654-5181

and

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

Attorneys for Defendant
Lexmark International, Inc.

3