UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| INACOM CORPORATION, *et al.*, | ) | Lead Case No. 00-02426 (PJW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| INACOM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-148 (GMS) |
| v. | ) | |
| | ) | |
| TECH DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| v. | ) | |
| | ) | |
| HEWLETT-PACKARD COMPANY, | ) | |
| COMPAQ COMPUTER CORPORATION, | ) | |
| ITY CORPORATION, | ) | |
| and CUSTOM EDGE, INC. | ) | |
| | ) | |
| Third Party Defendants. | ) | |
| | ) | |
| INACOM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-582 (GMS) |
| v. | ) | |
| | ) | |
| DELL COMPUTER CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| INACOM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-583 (GMS) |
| v. | ) | |
| | ) | |
| LEXMARK INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

v.                                        )
                                          )
COMPAQ COMPUTER CORPORATION,              )
        Third-Party Defendant.            )
_____      )
                                          )
INACOM CORPORATION,                       )
                                          )
        Plaintiff,                        )
                                          )        C.A. No. 04-593 (GMS)
v.                                        )
                                          )
INGRAM ENTERTAINMENT, INC.,               )
                                          )
        Defendant.                        )
_____      )

## ORDER

WHEREAS, on May 10, 2005, the defendants, Tech Data Corporation ("Tech Data"), Dell

Computer Corporation ("Dell"), Lexmark International, Inc. ("Lexmark") and Ingram Entertainment

Inc. ("Ingram") filed a Motion for the Court to Consolidate for Trial, Pursuant to FRCP 42(a), Four

Actions Pending on the Court's Docket (D.I. 38)[1];

WHEREAS, the motion asserts that consolidation is appropriate because the actions involve

common questions of law and fact, and consolidation will result in saving the court time, as well as

saving the parties time and money;

WHEREAS, on May 20, 2005, Inacom Corp., et al. ("Inacom") filed a Memorandum in

Opposition to Defendants' Motion to Consolidate for Trial (D.I. 40), contending that the facts of the

cases do not support consolidation;

---

[1] For convenience, the court will cite to case documents using the D.I. number from the
*Tech Data* case, the earliest filed action.

WHEREAS, on May 25, 2005, Hewlett-Packard Company ("HP"), third-party defendant, filed a Memorandum in Opposition to Defendants' Motion to Consolidate for Trial (D.I. 41), contending that the preference actions should not be consolidated with the third-party claims[2];

WHEREAS, HP does not contend that it is inappropriate for the court to consolidate the third-party claims for trial;

WHEREAS, Federal Rule of Civil Procedure 42(a) permits the court to consolidate actions that are pending before it, which "involv[e] a common question of law or fact";

WHEREAS, after having considered the parties submissions (D.I. 38, 39, 40, 42) and relevant law, the court concludes that Inacom's preference actions involve common questions of law and fact, and that consolidation, therefore, is appropriate; and

WHEREAS, the court further concludes that Tech Data and Lexmark's third-party claims involve common questions of law and fact, and that consolidation of the claims is appropriate;

IT IS HEREBY ORDERED that:

1.    The Defendants' Motion for the Court to Consolidate for Trial, Pursuant to FRCP 42(a), Four Actions Pending on the Court's Docket (D.I. 38) is GRANTED in part and DENIED in part.

2.    Inacom's preference actions in the above-captioned cases shall be consolidated for trial.

---

[2] HP subsequently filed a Motion for a Separate Trial of the Third-Party Claims (D.I. 47) on July 6, 2005, which the court granted on August 29, 2005. (*See* D.I. 83.) Thus, the defendants' motion is denied as moot with respect to consolidation of the third-party claims with the preference claims.

3.    Tech Data and Lexmark's third-party claims against HP shall be consolidated for a

separate trial from the preference action trial.

Dated: September __/__, 2005



UNITED STATES DISTRICT JUDGE

FILED

SEP 1 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE