IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., *et al.*, | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br>    Plaintiff,<br>v.<br>LEXMARK INTERNATIONAL, INC.,<br>    Defendant. | Civil Action No. 04-583 (GMS)<br>[Bk Adv. Case No. 02-3500 (PJW)]<br>**[Related to Docket Nos. 77 and 90]** |
| AND RELATED THIRD PARTY ACTION. | |

**PLAINTIFF'S REPLY RE ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RE DEFENDANT'S ARGUMENTS UNDER 547(b)(2) and (5)**

Plaintiff's Motion seeks to exclude evidence regarding the assumption of invoices in connection with an Asset Purchase Agreement ("APA") between Plaintiff and Compaq Computer Corporation, because even if viewed in a light most favorable to Defendant, the evidence is legally insufficient to block Plaintiff's proof of two contested elements of its prima facie case under Bankruptcy Code section 547(b), and is thus irrelevant and inadmissible under Federal Rules of Evidence 401 and 402.

**Defendant's "Novation" argument to defeat the "antecedent debt" requirement of Section 547(b)(2).**

In response to the Motion, Defendant appears to assert that it intends to offer evidence of a novation to extinguish the outstanding indebtedness of Inacom to Defendant, removing any "antecedent debt" to which to apply the preference payments. Clearly, however, no such "novation" document exists; there was no agreement between Defendant, Inacom and

42125-003\DOCS_DE:111278.1

Compaq with respect to liability for invoices for goods delivered by Defendant to Inacom.[1]

The APA clearly does not qualify as the requisite "novation" because (a) the APA merely effected a financial agreement between Compaq and Inacom, and thus, did not relieve Inacom of its liability to Defendant on the unpaid invoices, and (2) the APA does not constitute a "novation" between the three parties, which would be necessary to release Inacom.

Even if Defendant can prove that Compaq assumed responsibility under the APA for the invoices paid by the preferential payments, Inacom remained liable for the invoices, and the preference payments on these invoices were clearly made on account of "antecedent debt." In order to avoid a waste of the Court's resources through the submission of irrelevant evidence related to the APA, the Court should grant this motion in limine absent Defendant's presentation of the purported "novation" at the hearing on this Motion.

**Defendant's "third party source" argument to defeat Section 547(b)(5).**

Defendant's one paragraph response on this issue is unintelligible. Defendant apparently does not challenge the proposition that, for purposes of the analysis required under Section 547(b)(5), only payment from the debtor's estate is considered; the right to or prospect of payment from other sources is not to be considered. *In re Powerine Oil Co.*, 59 F. 3d 969, 972-973 (9th Cir. 1995); *In re Virginia-Carolina Fin. Corp.*, 954 F.2d 193, 199 (4th Cir. 1992). *See, Union Bank v. Wolas*, 502 U.S. 151, 160-161, 112 S. Ct. 527 (1991).

Thus, even if Defendant can overcome several factual and legal obstacles to prove that, under the APA, Compaq became responsible for Defendant's invoices paid by the

---

[1] Under New York law, a novation requires four elements: (1) a previously valid obligation; (2) agreement of all parties to a new contract; (3) extinguishment of the old contract; and (4) a valid new contract." *Atlantic Mutual Ins. Co., v. Balfour MacLaine Int'l Ltd.*, 85 F.3d 68, 82-83 (2d Cir. 1996). "New York courts have set a stringent standard for novation." *Holland v. Fahnestock & Co.*, 210 F.R.D. 487, 499 (S.D.N.Y. 2002).

42125-003\DOCS_DE:111278.1                                    2

preference payments, AND that Defendant was entitled to enforce that obligation in direct action against Compaq, the argument does not defeat Plaintiff's claim under Section 547(b)(5). The proposed evidence relating to Compaq's assumption of debt under the APA is of no "consequence to the determination of the action," and is thus legally irrelevant under Federal Rules of Evidence 401 and 402.

Dated: September 2, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

/s/
Laura Davis Jones (Bar No. 2436)
Sandra G. McLamb (Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Counsel for the Plaintiffs/Debtors