IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., *et al.*, | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br>    Plaintiff,<br>v.<br>LEXMARK INTERNATIONAL, INC.,<br>    Defendant. | Civil Action No. 04-583 (GMS)<br>[Bk Adv. Case No. 02-3500 (PJW)]<br><br>**[Related to Docket Nos. 78 and 92]** |
| AND RELATED THIRD PARTY ACTION. | |

**PLAINTIFF'S REPLY RE ITS MOTION IN LIMINE TO EXCLUDE WITNESS NOT PREVIOUSLY DISCLOSED OR IDENTIFIED IN DISCOVERY RESPONSES**

Defendant concedes that the 4 witnesses that are the subject of this Motion, including two as expert witnesses, all of whom were identified by Defendant for the first time in the parties' Pretrial Order, were NOT identified by Defendant in its initial disclosures, any subsequent disclosures, any responses to discovery propounded by Plaintiff that specifically requested identification of all persons with knowledge with respect to the issues in this action, or any expert witness disclosures. Federal Rule of Civil Procedure 37(c)(1) is clear: witnesses not properly disclosed cannot be called to testify. Fed. R. Civ. P. 37(c)(1).

Defendant misrepresents the facts in a baseless attempt to avoid this undeniable result. Defendant has not cited a single authority for the proposition that a percipient or expert witness disclosed in another action may be called without notice or disclosure. In sum, Defendant simply failed to adequately prepare its "ordinary course of business" defense under

Section 547(c)(2), and is scrambling to find witnesses in an attempt to salvage its defense.[1] The 4 previously undisclosed witnesses should be excluded.

The true pertinent facts are as follows:

1.  Of the 4 previously undisclosed witnesses, none were identified by Defendant in its initial disclosures, any subsequent disclosures, any responses to discovery propounded by Plaintiff that specifically requested identification of all persons with knowledge with respect to the issues in this action, or any expert witness disclosures. Defendant did not present expert witness reports under Federal Rules of Civil Procedure 26(a) for the 2 previously undisclosed "expert" witnesses.

2.  All of the 4 witnesses were disclosed in the matter of *Inacom Corp. v. Dell Computer Corporation*, Civil Action no. 04-582 (GMS), 2 as percipient witnesses and 2 as expert witnesses.

3.  Plaintiff's counsel in this action is not serving as Plaintiff's counsel in the *Dell* action.

4.  This action has not been consolidated with any other pending action.

5.  Depositions of witnesses common among this action, the *Dell* action, and the matters of *Inacom Corp. v. Ingram Entertainment, Inc.*, Civil Action no. 04-593 (GMS) and *Inacom Corp. v. Tech Data Corporation*, Civil Action no. 04-148 (GMS), primarily relating to the insolvency issue and Compaq transaction, have been informally coordinated for the convenience of the parties and the witnesses. Depositions of witnesses NOT common to all of these actions, **including the 4 witnesses that are the subject of this Motion**, have NOT been coordinated, but conducted solely among counsel to the particular action, on issues solely related to the particular action. Thus, Plaintiff has NOT deposed any of the 4 witnesses for any purpose

---

[1] Defendant's pending motion to consolidate this action with other pending preference actions is likely intended, at least in part, to remedy the failure to disclose witnesses by Defendant and others.

42125-003\DOCS_DE:111275.1    2

other than the particular action in which they were identified, and all of the witnesses were deposed by different Plaintiff's counsel.

Plaintiff will clearly suffer prejudice if the 4 previously undisclosed witnesses are permitted to testify. Plaintiff did not have an opportunity to depose these witnesses regarding any testimony relevant to this action, investigate the facts to which they may testify, prepare motions in limine on relevance and/or qualification grounds, or otherwise prepare its case for trial.

Despite Defendant's clear obligation under Federal Rules of Civil Procedure 26 and 33 to disclose and identify all potential and expert witnesses in this action, Defendant's witness list for the trial of this action includes 4 previously undisclosed witnesses. Permitting these witnesses to testify would be unfairly prejudicial to Plaintiff, and thus, they should be excluded pursuant to Federal Rules of Evidence 403 and Federal Rules of Civil Procedure 37(c)(1).

Dated: September 2, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
Sandra G. McLamb (Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Counsel for the Plaintiffs/Debtors