IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., *et al.*, | Bankruptcy Case No. 00-2426 (PJW) |

| | |
|---|---|
| INACOM CORP., on behalf of all affiliated Debtors,<br>            Plaintiff,<br>v.<br><br>LEXMARK INTERNATIONAL, INC.,<br>            Defendant. | Civil Action No. 04-583 GMS<br>Adversary Case No. 02-3500 (PJW)<br><br>**[Related to Docket Nos. 79 and 94]** |

## PLAINTIFF'S REPLY RE ITS MOTION IN LIMINE TO EXCLUDE THE EXPERT TESTIMONY OF KEVIN SARKISIAN AT TIME OF TRIAL

Mr. Sarkisian has stated, at two separate depositions that he does not know, and may never have known the ordinary payment terms in the Defendant's industry. His "expert" testimony concerning such practices among Defendant's competitors cannot be admitted. *See Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d. 408, 414 (3d Cir. 2002) (abuse of discretion to admit expert testimony based on assumptions lacking any foundation in the record).

The Opposition's contrary suggestion, without citation to any deposition testimony, that Mr. Sarkisian "remained informed about the payment terms offered by Lexmark's competitors" is simply false, clearly refuted by testimony from Mr. Sarkisian, who:

a. Was <u>not</u> aware of the specific terms constituting industry standards for payment of any other manufacturer/seller of printers in the time frame of 1998, 1999 and 2000; (Sarkisian Depo., p. 19, lns. 8-22; p. 22, lns. 15-23, <u>Exhibit A</u> hereto).

b. May never have known the terms and practices common in Defendant's industry; and (Sarkisian Depo., p. 22, lns. 15-23, <u>Exhibit A</u> hereto).

c. Cannot offer any knowledge as to competitors' terms or how they compared to Defendant's; (Sarkisian Depo, p. 25, lns. 2-17, <u>Exhibit A</u> hereto).

42125-003\DOCS_DE:111352.1

Defendant attempts to divert attention by implying that Mr. Sarkisian was knowledgeable concerning terms "offered by other companies through its membership with Riemer Credit Reporting Services". In fact, however, Mr. Sarkisian's testimony regarding Riemer Credit was that "I don't recall specifically what people [Competitors] were offering Inacom and in general what they were offering their other customers." *See* Sarkisian Depo., p. 26, lns. 4-21, Exhibit A hereto. The Opposition lacks all credibility in light of Mr. Sarkesian's actual testimony.

As cited in the Motion, the Third Circuit demands that evidence presented by a defendant on industry standards must be specific, supported by data, and more than merely "broad estimates." *See In re APS Holiday Corp.*, 282 B.R. 795, 804 (Bankr. D. Del. 2002). Defendant does not dispute the legal standard cited in the Motion, and it is clear that Mr. Sarkisian cannot provide general or even a broad estimate as to the payment terms commonly used by manufacturers of printers. *See In re Sacred Heart Hospital*, 200 B.R. 114, 117 (E.D. Pa. 1996).

As a final assertion, Defendant claims "Inacom and Lexmark are members of the same industry", attempting to admit Mr. Sarkesian's testimony through apparent exception language found in *In re Global Tissue*. 302 B.R. 808 (D. Del. 2003). The effort is, however, unsupported in fact and law.

First, Plaintiff and Defendant did not operate in the same industry. Lexmark is a manufacturer of computer printers, while Inacom offered information technology and networking services. *See* Sarkisian Depo., p.13, ln. 16-p.14, ln 18.; p. 17, ln. 15- p.18, Exhibit A hereto. *See* Gollin expert witness report, Exhibit B hereto. When asked to name Lexmark's competitor, Mr. Sarkisian understandably did not mention Inacom. *See* Sarkisian Depo., p.13, ln. 16-p.14, ln 18.; p. 17, ln. 15- p.18, Exhibit A hereto.

Second, even assuming *arguendo* that Inacom did manufacture printers, *Global Tissue* would still not admit Mr. Sarkesian's testimony, for the court accepted testimony of several of

the defendant's employees on the industry standards, but only after they presented "significant evidence concerning the payment standard in the... industry for their other customers." 302 B.R. at 811, 813. Here, Mr. Sarkisian could only testify as to generalizations without specificity as to Lexmark's dealings with its own customers. *See* Sarkisian Depo., p. 121, ln. 21- p.122, ln. 23; Exhibit C hereto. Unlike *Global Tissue,* where significant evidence of specific payment practices for customers was provided by the defendant's employees, Mr. Sarkisian appeared at his deposition with no records and no evidence of payment practices of Defendant's customers, Sarkisian Depo., p.6, lns. 9-23, Exhibit A hereto, despite Plaintiff's request therefore. *See* Exhibit D hereto. Mr. Sarkisian's "expert" testimony is not "properly grounded, well-reasoned and not speculative" and should be excluded. *In re Unisys*, 173 F. 3d. 145, fn 9 (3rd Cir. 1999).

Dated: September 6, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

/s/ Laura Davis Jones

Laura Davis Jones (Bar No. 2436)
Sandra G. McLamb (Bar No. 4283)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Counsel for the Plaintiffs/Debtors