# Exhibit B

## INACOM

1. **Description of engagement:**
   We have been asked to assist you in helping to explore "ordinary business terms" as defined in Bankruptcy Code Section 547(c)(2)(C). You have asked us to analyze the issue from the creditor's perspective, rather than from that of the debtor. The following will outline the work that Weiser has performed in preparing a database to determine the components of the "ordinary business terms" defense.

   Inacom was a single-source provider of information technology services and products designed to enhance the productivity of information systems primarily for Fortune 1000 clients. The Company offered a comprehensive range of services to manage the entire technology lifecycle including: technology planning, technology procurement, technology integration, technology support and technology management. Inacom sold its services and products through a marketing network of approximately 90 business centers owned by the Company throughout the United States that focused on serving large corporations. The Company had international locations in Central America, South America and Mexico and international affiliations in Europe, Asia, the Caribbean, Middle East, Africa and Canada. Inacom filed Chapter 11 bankruptcy on Friday, June 16, 2000.

   The objective of the engagement was to gather information on actual practices and written accounts payable and receivable policies in the following markets:

   - Computer Hardware
   - Computer Software
   - Telecommunications Hardware and Services

2. **Conclusions:**
   Approximately 69.7% of account payments are made within the invoice contract terms, and 90% are made in the 30-day window and current. It appears that most of the companies that we looked at had general rules that payments on accounts payable were to be made within the applicable payment terms. It appears that it is the exception when payments are made outside of terms. Generally speaking, we conclude that ordinary industry practice reveals mostly current payment with some slippage to 30 days past due.

3. **Description of work performed:**
   The information available was limited, and at times, time consuming and difficult to obtain. It took hours of investigation, calling, interviewing and analyzing responses.

   First, we documented the businesses that Inacom and each of the preference defendants were engaged in (see Schedules 1 and 2). Industries in the Technology Sector included: communications equipment, computer hardware, computer networks, computer peripherals, computer services, computer storage devices, electronic instruments and controls, office equipment, scientific and technical instruments, semiconductors, and software and programming.

   Next, we conducted a thorough search of Weiser clients in similar industries as the preference defendants. Partners in charge of specific clients were contacted and asked to communicate with