UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>    Plaintiffs<br><br>v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>    Defendant and Third-Party Plaintiff<br><br>v.<br><br>COMPAQ COMPUTER CORPORATION<br><br>    Third-Party Defendant | Civil Action No. 04-CV-583 (GMS) |

**LEXMARK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION
TO EXCLUDE TESTIMONY AND REPORT OF DEAN VOMERO**

Dated: September 6, 2005

Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 425-3304

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100

*Attorneys for Defendant
Lexmark International, Inc.*

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ ii

A.  Introduction ..........................................................................................................................1

B.  Vomero Uses a "Liquidation," Rather Than a "Going Concern" Methodology .................1

C.  Vomero Improperly Uses Hindsight in His Valuation Analysis .........................................2

# TABLE OF AUTHORITIES

## Cases

*In Re Davis,* 120 B.R. 823 (W.D. Penn. 1990) .................................................................. 2,3

*In Re Lids Corp.,* 281 B.R. 535 (Bankr. D. Del. 2002) ................................................................ 2

*In the Matter of Taxman Clothing Co.,* 905 F.2d 166 (7th Cir. 1990) ............................................ 3

A.  **Introduction**

An intervening catastrophic liquidity crisis *after* the Valuation Date caused the ultimate insolvency and bankruptcy of InaCom. On the Valuation Date, InaCom was an operating viable company supported by sizeable lines of credit with substantial borrowing availability and with valuable contract rights with Compaq, one of which guaranteed $420 million incremental revenue over the next three years. Plaintiff's insolvency expert, Dean Vomero, has at least two fundamental failures of methodology. One, he uses a "liquidation" rather than a "going concern" valuation. Two, he relies upon circumstances and events subsequent to the valuation date.

B.  **Vomero Uses a "Liquidation," Rather Than a "Going Concern" Methodology**

Vomero uses a "liquidation," rather than a "going concern" methodology. He improperly values InaCom's assets piecemeal, item-by-item, rather than as an operating whole with synergy among its assets. Vomero's piecemeal, item-by-item valuation method is revealed by the April 19, 2005 Bridge Associates Valuation Analysis, attached as Exhibit A. For instance, Vomero gives a mere 5% "recovery value" to Inacom's furniture, fixtures, and equipment. (Exh. A, p. 7). Additionally, when discussing Inacom's computer software, Vomero claims that it was unique to Inacom, thus, according to Vomero, giving it almost no value. *Id.* He also gives virtually no value to Inacom's Goodwill, again showing that Vomero is valuing Inacom on a liquidation/forced sale basis. (Exh. A, p. 8). Indeed, Vomero's entire methodology is to simply discount the value of Inacom's individual assets to arrive at a liquidation valuation.[1]

In construing and expounding upon *In Re Trans World Airlines, Inc.*, Judge Walrath approved a definition of "fair valuation" in the context of a going concern as "the amount that

---

[1] Inacom, by footnote, attempts to erase the clear distinction between going concern and liquidation valuation, by stating "liquidation is merely a synonym for conversion to cash." (Inacom's Resp., p. 4 n. 6). This ignores the fundamental distinction between liquidation and going concern valuation. Indeed, Vomero testified it was irrelevant to him whether Inacom was a going concern. *See* Vomero deposition p. 128, lines, 6 – 14, Exhibit B.

1

may be realized if the <u>Company's aggregate assets are sold as an entirety</u>." *See In Re Lids Corp.,* 281 B.R. 535, 543 (Bankr. D. Del. 2002) (underscoring added). Indeed, the market multiple methodology (earnings/revenue analysis) and comparable transaction methodology are appropriate methods for determining the going concern value of a company. *Id.* at 543-45. These valuation methods necessarily look at the total value of the enterprise and only make sense if valuing the enterprise as a whole, rather than by a piecemeal, item-by-item valuation. Moreover, the court in *In Re Davis* elaborated on the proper valuation method when the business was a going concern:

> If the business is in fact being conducted at the relevant time, then its assets must be valued, not as isolated articles separated from the whole, but as parts of the whole and useful in that relationship. Only where a business is wholly inoperative, defunct, or dead on its feet will going concern valuation be abandoned in favor of an item by item fair market valuation.

*In Re Davis,* 120 B.R. 823, 826 (W.D. Penn. 1990). Vomero's item-by-item analysis is akin to valuing a used, but functioning, automobile by focusing on the aftermarket value of its individual parts (e.g. steering wheel, tires, fenders) rather than on the value of the automobile as a whole.

### C.  **Vomero Improperly Uses Hindsight in His Valuation Analysis**

Vomero improperly uses hindsight in his valuation analysis by relying on events well after the valuation date to reach an opinion on insolvency as of that date.[2] Inacom's discussion of the April 22 and March 25, 2000 financial statements is a red herring. Defendants object, not to the use of the April 22 and March 25 financial statements, but to Vomero's use of events well after the relevant time period. Examples of Vomero's use of post-factum events include his frequent references to financial *projections* (not financial *statements*) of the Blackstone Group

---

[2] *See* Vomero deposition, p. 230, lines 6 – 16, Exhibit B.

prepared *in May 2000* and to the bankruptcy proceedings filed on June 16, 2000.[3] Contrary to Inacom's assertion, Defendants' solvency experts, Messrs. Whalen and Fensterstock do not exclude, but explicitly use and rely on, financial statements for periods ended March 25 and April 22; but they do exclude from consideration "forecasts" prepared by the Blackstone Group, hired by Inacom in May 2000 to prepare financial projections to market the company. Inacom's excerpts from Whalen's and Fensterstock's deposition are misrepresentative of their testimony.[4]

Inacom attempts to distract from its use of hindsight by claiming that Defendants' citations on hindsight are "all inaccurate and/or inapposite." (Plaintiff's Resp., at 4). Inacom, once again, is simply wrong. For instance, contrary to Inacom's assertion, *Taxman* is a preference case. *In the Matter of Taxman Clothing Co.*, 905 F.2d 166, 168 (7th Cir. 1990). Inacom also wrongly claims that the language from *In Re Davis* cited by Defendants is not found in the case. This language appears verbatim in *In Re Davis* at 825. *In Re Davis*, 120 B.R. at 825. Finally, though Defendants do cite fraudulent conveyance cases that exclude use of hindsight in a solvency determination, Defendants also cite numerous cases dealing explicitly with exclusion of hindsight in preference cases. Inacom offers nothing to show why these cases or the proposition forbidding use of hindsight, for which they are cited, are inapposite.

Dated: September 6, 2005

Respectfully submitted,

Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel: (302) 425-3304
Fax: (302) 654-5181

and

---

[3] *See* Exhibit C hereto.

[4] *See* Exhibits D and E hereto

3

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel: (502) 568-9100
Fax: (502) 568-5700

*Attorneys for Defendant*
*Lexmark International, Inc.*