UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORP., et al.<br><br>**Plaintiffs**<br><br>v.<br><br>LEXMARK INTERNATIONAL, INC.<br><br>**Defendant** | Civil Action No. 04-CV-583 (GMS) |

**NOTICE OF CORRECTION OF ERROR
IN THE PROPOSED FINAL PRETRIAL ORDER**

Defendant Lexmark International, Inc. ("Lexmark") gives notice of the correction of an error in the proposed final pretrial order tendered by it and Plaintiff InaCom Corp. ("InaCom"), and states as follows:

1. InaCom and Lexmark tendered to the Court their proposed final pretrial order ("Pretrial Order") on August 15, 2005. (D.I. 81).

2. As stated in the Pretrial Order, InaCom is seeking to avoid and recover certain allegedly preferential transfers that it made to Lexmark within the ninety-day period preceding the filing of InaCom's bankruptcy petition.

3. The elements of a preference claim are set out at 11 U.S.C. § 547. One of the elements is that the allegedly preferential transfer have been made "for or on account

of antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2).

4. The Pretrial Order, at page 5, Section III, paragraph 16, states that the allegedly preferential transfers "were made on account of antecedent debts owed by InaCom to Lexmark."

5. It is Lexmark's belief that the transfers made to it by InaCom were not for or on account of an antecedent debt. Under the terms of the Asset Purchase Agreement, Compaq Computer Corp. ("Compaq") agreed to assume liability for all of InaCom's accounts payable outstanding to Lexmark at the close of the sale of InaCom's distribution business to ITY Corp., a wholly owned subsidiary of Compaq. Therefore, any transfers to Lexmark by InaCom after the close of the sale were not made for or on account of an antecedent debt because that debt had been assumed by Compaq.

6. Lexmark hereby gives notice that the statement in the Pretrial Order, at page 5, Section III, paragraph 16, that the allegedly preferential transfers "were made on account of antecedent debts owed by InaCom to Lexmark," was made in error. Lexmark does not and will not stipulate that the transfers made to it by InaCom were for or on account of an antecedent debt and will require InaCom to prove this element at trial.

7. On September 9, 2005, the Court entered an order this action for trial with three other actions, including the action brought by InaCom against Tech Data Corp. styled *InaCom Corp., et al. v. Tech Data Corp.*, Civil Action No. 04-CV-148 (GMS). Lexmark's position that InaCom must prove at trial the existence of an antecedent debt is the same as that of Tech Data. Requiring InaCom to prove that the transfers to Lexmark were made for or on account of an antecedent debt does not prejudice InaCom.

SL1 576131v1/004907.00003

September 28, 2005

Respectfully submitted,

*/s/ Thomas G. Whalen, Jr.*
Thomas G. Whalen Jr. (No. 4034)
Joseph Grey (No. 2358)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel:   (302) 425-3304
Fax:   (302) 654-5181

and

Culver V. Halliday
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel:   (502) 568-9100
Fax:   (502) 568-5700

*Attorneys for Defendant and Third-Party Plaintiff Lexmark International, Inc.*

3

SL1 576131v1/004907.00003