IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., *et al.*, | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated Debtors,<br>　　　　　Plaintiff,<br>　v.<br>LEXMARK INTERNATIONAL, INC.,<br>　　　　　Defendant. | Civil Action No. 04-583 GMS<br>Adversary Case No. 02-3500 (PJW)<br><br>**[Related to Docket No. 111]** |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S "NOTICE OF CORRECTION OF ERROR IN THE PROPOSED FINAL PRETRIAL ORDER"**

　　　　Plaintiff Inacom Corp. ("Inacom") objects to Defendant's "Notice Of Correction of Error in the Proposed Final Pretrial Order" (D.I. 111) (the "Notice"), which purports to amend the parties' Final Pretrial Order by removing a factual stipulation, less than three(3) weeks prior to trial.

　　　　1.　　Proposed amendments to final pretrial orders are disfavored, and should not be taken lightly. *See Advisory Committee Note to Fed. R. Civ. P. 16(e),* as cited in *Leonen v. Johns-Manville Corporation,* Civ. No. 8202684, 1989 WL 5819, at * 2 (D.N.J. Jan. 23, 1989). "In the case of Final Pretrial Orders, the standard is even more stringent, and final pretrial orders are binding on the parties in the absence of a showing of manifest injustice." *Id.* at pg. 2. *Accord, Petree v. Victor Fluid Power, Inc.*, 831 F.2d 1191, 1194 (3rd Cir. 1987); *Ely v. Reading Co.*, 424 F.2d 758, 763 (3rd Cir. 1970).

2.      Defendant's Notice fails to set forth (or provide evidentiary support for) any "manifest injustice" arising from the implementation of the Final Pretrial Order as negotiated and executed by the parties. This is not a case of mistake, clerical error, or unforeseen circumstances. The Final Pretrial Order is in the form and substance negotiated by the parties between July 15, 2005, and its execution and filing on August 15, 2005. The Final Pretrial Order is an accurate memorialization of the remaining issues in the case following years of discovery. Equity and fairness is not served in entertaining an off the cuff request to inject a material issue in the case, previously conceded, on the eve of trial. Lexmark simply desires to adopt an argument raised by Defendant Tech Data (in one of the consolidated actions). Defendant's Notice ineffectively references its "error" without further explanation or support (Notice, ¶6).

3.      Defendant has had over three (3) years to flush out its theories on the case. Its decision to wait until the eve of trial, and 6 weeks after the narrowing of the issues as documented in the parties' Final Pretrial Order, is a matter of strategy and does not rise to the level of a "manifest injustice." *See Jennings v. Boenning & Co.*, 388 F.Supp. 1294, 1303 (D.C. Pa. 1975) (plaintiff had ample opportunity to list all the theories of liability on which it would rely at trial, and the exclusion of a theory advanced only prior to the court's charge to the jury did not result in "manifest injustice").

Plaintiff respectfully objects to Defendant's Notice as procedurally and substantively defective, and requests that the Court reject the Notice in its entirety.

Dated: September 30, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*/s/ Rachel␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣* (DE Bar No. 3753)

Laura Davis Jones (DE Bar No. 2436)
Sandra G. McLamb (DE Bar No. 4283)
919 North Market Street, 16th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100

Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Counsel for Plaintiff, INACOM CORP