Westlaw.

1989 WL 5819                                                                                                                              Page 1
Not Reported in F.Supp., 1989 WL 5819 (D.N.J.)
**(Cite as: 1989 WL 5819 (D.N.J.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. New Jersey.
Avelino LEONEN, et al., Plaintiffs,
v.
JOHNS-MANVILLE CORPORATION, et al.,
Defendants.
**CIV. No. 82-2684.**

Jan. 23, 1989.

OPINION

CLARKSON S. FISHER, District Judge.

*1 This litigation stems from the exposure of plaintiff Avelino Leonen to asbestos-containing products during his service in the Navy and also while employed at the New York Shipyard and the Philadelphia Naval Shipyard, and the injuries he suffered as a result of that exposure. The action was bifurcated into 2 phases, and a jury trial was commenced on the issues of defendants' liability and compensatory damages. At the completion of the first phase, judgment was entered for plaintiffs in the amount of $25,000. This judgment was later amended to include $1,500.00 in medical surveillance fees and an award of prejudgment interest. A subsequent motion by the defendants for a new trial was denied by the court.

Now, on the eve of trial in the punitive damages phase of the litigation, defendant The Celotex Corporation ("Celotex") seeks to amend its final pretrial order to add certain portions of a 1983 *de bene esse* deposition of Dr. Thomas Mancuso taken in *In re: Asbestos Cases,* in the United States District Court for the Southern District of Mississippi, and numerous exhibits attached thereto. The final pretrial order in this case was filed on August 1, 1985. The trial on the issue of punitive damages is scheduled to commence on January 23, 1989, just five days away.

Celotex argues that plaintiffs will not be prejudiced by the late introduction of this new evidence because several of the exhibits are documents which plaintiffs previously designated as exhibits which they intended to rely upon at trial, and that the others are either documents which can be judicially noticed or which have been authenticated by Dr. Mancuso, a witness on whose testimony plaintiffs will rely. [FN1] Plaintiffs object to the use by Celotex of the 1983 *de bene esse* deposition of Dr. Mancuso and contend that, contrary to Celotex's assertions, they will be unfairly prejudiced by the introduction of this new evidence. First, plaintiffs assert that, prior to the taking of the 1983 deposition, plaintiff's counsel and defense counsel agreed to limit the scope of Dr. Mancuso's testimony, which precluded plaintiff's counsel from making an adequate re-examination on issues which had been covered on cross. [FN2] While this may have been harmless in that litigation because plaintiff's counsel had available to him the testimony of another expert who could testify on the same issues, plaintiffs in the instant action lack adequate time to find and designate another witness to cure the prejudice.

Second, plaintiffs contend that the use, by Celotex, of that portion of the 1983 testimony which indicates that Dr. Mancuso was paid to participate in that deposition, for credibility purposes, will mislead the jury. In 1979, Dr. Mancuso designated a research organization with which he had no affiliation as the direct recipient of any compensation earned by him for participating in the deposition. Consequently, the use of testimony from one deposition regarding funds received for that deposition, to attack the credibility of earlier testimony given by the same witness for which no compensation was received, is misleading and unfairly prejudicial. Thus, because of the lateness of defendant's application and the danger that certain designated portions of this testimony will actually mislead the jury, plaintiffs contend that permitting Celotex to introduce this evidence will result in unfair prejudice to plaintiffs.

*2 Rule 16(e) of the Federal Rules of Civil Procedure states:

Pretrial Orders. After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order. *The order following a final pretrial conference shall be modified only to prevent manifest*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1989 WL 5819 Page 2
Not Reported in F.Supp., 1989 WL 5819 (D.N.J.)
**(Cite as: 1989 WL 5819 (D.N.J.))**

*injustice.*

(Emphasis added.) The goal of pretrial procedures, such as this, has been to "provide the district courts with a useful tool to harness unwieldy litigation by simplifying the dispute and narrowing the issues for trial," especially when the courts are faced with complex civil litigation. *Phoenix Canada Oil Co. v. Texaco, Inc.,* 842 F.2d 1466, 1476 (3d Cir.), *cert. denied,* --- U.S. ----, 109 S.Ct. 259 (1988). Final pretrial orders are particularly important because they help ensure the just and speedy disposition of cases. See *United States v. First Nat'l Bank of Circle,* 652 F.2d 882, 886 (9th Cir.1981).

Whether to permit the amendment of a final pretrial order is entirely within the discretionary power of the trial court. *Joy Mfg. Co. v. Sola Basic Indus., Inc.,* 697 F.2d 104, 109 (3d Cir.1982). The court notes, however, that "once formulated, pretrial orders should not be changed lightly." See Advisory Committee Note to Fed.R.Civ.P. 16(e). In the case of final pretrial orders, the standard is even more stringent, and final pretrial orders are binding on the parties in the absence of a showing of manifest injustice. *Petree v. Victor Fluid Power, Inc.,* 831 F.2d 1191, 1194 (3d Cir.1987); *Ely v. Reading Co.,* 424 F.2d 758, 763 (3d Cir.1970). Thus, the threshold issue is always whether manifest injustice to the moving party will result if the requested amendment is not allowed. *Petree, supra.*

Celotex argues only that plaintiffs will suffer no prejudice if the proposed amendment is permitted; however, it is well settled that the court need not evaluate the potential prejudice to the nonmoving party unless it is clear that the moving party will suffer manifest injustice if the request to amend is denied. [FN3] *Petree v. Victor Fluid Power, Inc.,* 831 F.2d at 1194. Moreover, the burden of showing that manifest injustice would result "falls squarely on the moving party." *R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.,* 835 F.2d 1306, 1308 (10th Cir.1987). Since Celotex has failed to meet this burden, its motion to amend the pretrial order to include the 1983 *de bene esse* deposition of Dr. Mancuso is denied. An order accompanies this opinion. No costs.

January 23, 1988.

### ORDER

This matter having been opened to the court on motion of McCarter & English, David Speziali appearing, on behalf of defendant The Celotex Corporation ("Celotex") to amend the final pretrial order, filed on August 1, 1985, to include certain designated portions of a 1983 *de bene esse* deposition taken of Dr. Thomas Mancuso; and the court having considered the submissions of the parties and the arguments of counsel; and for good cause shown,

*3 IT IS on this 23rd day of January, 1989,

ORDERED that the motion of defendant Celotex to amend the final pretrial order be and hereby is denied.

> FN1. In the final pretrial order, plaintiffs designated portions of a 1979 *de bene esse* deposition taken of Dr. Mancuso as testimony on which they intend to rely at trial.
>
> FN2. The testimony in question concerns Dr. Mancuso's interpretation of the threshold limit values for asbestos use in the states of Oregon and Ohio, and those promulgated by the American Conference of Governmental and Industrial Hygienists.
>
> FN3. Once it appears that manifest injustice will result to the moving party, the court is then required to consider the following criteria in deciding whether to allow for amendment of a final pretrial order: (1) the prejudice or surprise in fact to the nonmoving party; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule would disrupt the orderly and efficient trial of the case, and (4) bad faith or willfulness on the part of the movant. See *Joy Mfg. Co. v. Sola Basic Indus., Inc.,* 697 F.2d at 109.

Not Reported in F.Supp., 1989 WL 5819 (D.N.J.)

**Motions, Pleadings and Filings (Back to top)**

• 3:82cv02684 (Docket) (Aug. 16, 1982)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.