EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., et al. | Chapter 11 |
| **Debtors** | **Bankruptcy Case No. 00-2426 (PJW)** |
| INACOM CORP., et al. **Plaintiffs** v. TECH DATA CORPORATION **Defendant** | **Civil Action No. 04-CV-148 (GMS)** |
| INACOM CORP., et al. **Plaintiffs** v. DELL COMPUTER CORP. **Defendant** | **Civil Action No. 04-CV-582 (GMS)** |
| INACOM CORP., et al. **Plaintiffs** v. LEXMARK INTERNATIONAL, INC. **Defendant** | **Civil Action No. 04-CV-583 (GMS)** |



EXHIBIT

Wells-1
DL  3/30/05

| | |
|---|---|
| **INACOM CORP., et al.**<br><br>       **Plaintiffs**<br>    v.<br><br>**RESILIEN, INC.**<br><br>       **Defendant** | **Civil Action No. 04-CV-584 (GMS)** |
| **INACOM CORP., et al.**<br><br>       **Plaintiffs**<br>    v.<br><br>**INGRAM ENTERTAINMENT INC.**<br><br>       **Defendant** | **Civil Action No. 04-CV-593 (GMS)** |

## DEFENDANTS' FIRST NOTICE OF DEPOSITION OF BEN WELLS

Defendant and Third-Party Plaintiff Lexmark International, Inc. ("Lexmark"), for itself and Defendants Tech Data Corporation, Dell Computer Corp., Resilien, Inc. and Ingram Entertainment Inc., gives notice, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), that they will take the testimony by deposition of Ben Wells, upon oral examination pursuant to Fed. R. Civ. P. 30(a)(1), at Hewlett-Packard, 20555 State Highway 249, Houston, Texas 77070 in Conference Room 6801 of Building CCA6, on March 30, 2005 at 1:00 P.M. CST.  Pursuant to Fed. R. Civ. P. 30(b)(2), Lexmark states that the testimony at the deposition will be recorded by stenographic means before an officer authorized to administer oaths.

The deponent, Mr. Wells, is requested to bring with him to the deposition all documents in his possession, custody or control discussing, concerning, regarding or relating to (1) the solvency of Plaintiff InaCom Corp. ("InaCom") during the 90 day period immediately preceding its filing of a voluntary bankruptcy petition on June 16, 2000, (2) the February 16, 2000 asset purchase agreement between InaCom and Compaq Computer Corporation ("Compaq") and (3) the agreed upon and actual use of the monies paid pursuant to February 16, 2000 asset purchase agreement between InaCom and Compaq.

Joseph Grey (No. 2358)
Thomas G. Whalen Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Tel:    (302) 425-3307
Fax:    (302) 654-5181


and


Culver V. Halliday
Adam T. Goebel
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202-3377
Tel:    (502) 568-9100
Fax:    (502) 568-5700

As Counsel for Defendant and Third-Party Plaintiff Lexmark International, Inc., and for Defendants Tech Data Corporation, Dell Computer Corp., Resilien, Inc. and Ingram Entertainment Inc.

March 23, 2005

3

## CERTIFICATE OF SERVICE

I certify that the Defendants' First Notice Of Deposition Of Ben Wells was served, on March 23, 2005, by e-mailing and mailing copies by United States mail, first class postage prepaid, addressed for delivery to the following:

Sandra McLamb
Pachulski, Stang, Ziehl, Young,
  Jones & Weintraub P.C.
919 North Market Street, 16th Floor
Wilmington, Delaware 19899

and

Andrew W. Caine
Jeffrey P. Nolan
Pachulski, Stang, Ziehl, Young,
  Jones & Weintraub P.C.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067

Counsel for Plaintiff
InaCom Corp.

William J. Burnett
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, Delaware 19801-4226

and

Earl M. Forte
Blank Rome LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6998

Counsel for Statutory Committee
of Unsecured Creditors of
InaCom Corp.

James F. Harker
Herlihy, Harker & Kavanaugh
1400 North Market Street, Suite 200
P.O. Box 1597
Wilmington, Delaware 19899

and

Charles M. Tatelbaum
Stephen C. Hunt
Adorno & Yoss, P.A.
350 East Las Olas Blvd., 17th Floor
Fort Lauderdale, Florida 33301

Counsel for Defendant
Tech Data Corporation

Patricia P. McGonigle
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, Delaware 19899

and

Sabrina L. Streusand
Texas State Bar No. 11701700
Hughes & Luce, L.L.P.
111 Congress Avenue, Suite 900
Austin, Texas 78701

Counsel for Defendant
Dell Computer Corporation

William H. Sudell Jr.
Derek C. Abbott
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, Delaware 19899-1347

and

Cecily Dumas
Gail Greenwood
Friedman Dumas & Springwater, LLP
One Maritime Plaza, Suite 2475
San Francisco, California 94111

Counsel for Third-Party Defendant
Compaq Computer Corporation

William K. Harrington
Richard W. Riley
Duane Morris, LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801

and

Ted A. Berkowitz
Patrick Collins
Farrell Fritz, P.C.
EAB Plaza
Uniondale, New York 11556-0120

Counsel for Defendant
Resilien Inc.


Thomas G. Macauley
Zuckerman Spaeder LLP
919 Market Street, Suite 1705
P.O. Box 1028
Wilmington, Delaware 19899

and

Mark K. Slater
Jonathan P. Hersey
Danielle R. Merida
Bingham McCutchen LLP
3 Embarcadero Center, 18th Floor
San Francisco, California 94111

Counsel for Defendant
Ingram Entertainment Inc.

David L. Finger
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, Delaware 19801-1186

Counsel for Defendant
Sigma Data Inc.


Brett D. Fallon
Morris, James, Hitchens & Williams
222 Delaware Avenue
P.O. Box 2306
Wilmington, Delaware 19899

Counsel for Defendant
Nextel Communications, Inc.

Culver V. Halliday
Counsel for Defendant and Third-Party
Plaintiff Lexmark International, Inc.

EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INACOM CORP., et al., | Bankruptcy Case No. 00-2426(PJW) |
| Debtors | |

| | |
|---|---|
| INACOM CORP., et al. | |
| Plaintiffs | |
| v. | Civil Action No. 04-CV-148 (GMS) |
| TECH DATA CORPORATION | |
| Defendants | |

| | |
|---|---|
| INACOM CORP., et al. | |
| Plaintiffs | |
| v. | Civil Action No. 04-CV-582 (GMS) |
| DELL COMPUTER CORP. | |
| Defendants | |

| | |
|---|---|
| INACOM CORP., et al. | |
| Plaintiff | |
| v. | Civil Action No. 04-CV-583 (GMS) |
| LEXMARK INTERNATIONAL, INC. | |
| Defendant | |

| | |
|---|---|
| INACOM CORP., et al. | |
| Plaintiff | |
| v. | Civil Action No. 04-CV-584 (GMS) |
| RESILIEN, INC. | |
| Defendant | |

EXHIBIT
Wells-2
DL  3/30/05

006005.00189:171294.02

INACOM CORP, et al.

Plaintiff

v.                                                    Civil Action No. 04-CV-593 (GMS)

INGRAM ENTERTAINMENT, INC.

Defendant

## NOTICE OF RULE 30(b)(6) DEPOSITION

TO:    Compaq Computer Corporation, by and through its attorneys of record:

William H. Sudell, Jr.
Derek C. Abbott
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19899

*and*

Ellen A. Friedman
Cecily A. Dumas
David L. Suddendorf
Friedman Dumas & Springwater L.L.P.
One Maritime Plaza, Suite 2475
San Francisco, CA 94111.

Defendant and Third Party Plaintiff Tech Data Corporation, for itself and Defendants

Dell, Inc. (f/k/a Dell Computer Corporation),; Resilien, Inc.; and Ingram Entertainment, Inc.,

together with Defendant and Third Party Plaintiff Lexmark International, Inc.; (collectively

"Defendants"), gives notice pursuant to Federal Rule of Bankruptcy Procedure 2004, 9014, 7026,

7030, and 7034 that they will take the oral deposition of a representative(s) of Compaq Computer

Corporation ("Compaq") having knowledge of the matters set forth in Exhibit "A" attached

hereto.  The deposition will commence at 9:00 a.m. on March 25, 2005, or on a date to be

mutually agreed that is no later than March 25, 2005 and will be conducted in Omaha Nebraska

at a location to be mutually determined.  The deposition will be recorded by stenographic means

{210346.0002/N0524893_1}                              2

before an officer authorized to administer oaths and will continue from day to day until completed.

Dated: March 15, 2005

ADORNO & YOSS, LLP
Attorneys for Defendant and
Third Party Plaintiff, Tech Data Corporation

By: _____
Charles M. Tatelbaum (Admitted Pro Hac Vice)
Stephen C. Hunt (Admitted Pro Hac Vice)
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
954-766-7834
Telefax: 954-766-7800


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Instrument was served on the following parties via first-class mail and/or facsimile, postage prepaid, on this 15th day of March, 2005.

_____
Stephen C. Hunt

{210346.0002/N0524893_1}

3

Earl M. Forte, Esq.                                  Attorneys for Plaintiff
Blank Rome, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6998

Andrew Caine, Esq.
Jeffrey Nolan, Esq.
Pachulski, Stang, Ziehl, Young
10100 Santa Monica Blvd.
Suite 1100
Los Angeles, CA 90067

Cecily Dumas                                         Attorneys for Third Party Defendant
Friedman, Dumas & Springwater, LLP
One Maritime Plaza, Suite 2475
San Francisco, CA 94111

Patrick Collins                                      Attorneys for Resilien f/k/a Logicare,
Farrell Fritz, P.C.                                  Inc.
EAB Plaza
Uniondale, New York 11556

Jonathan P. Hersey                                   Attorneys for Ingram Entertainment,
Bingham McCutchen LLP                                Inc.
600 Anton Blvd., 18th Floor
Costa Mesa, CA 92626

Stephen C. Hunt                                      Attorneys for Tech Data Corporation
Charles M. Tatelbaum
Adorno & Yoss, P.A.
350 E. Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301

Culver Halliday                                      Attorneys for Lexmark International
Stoll, Keenon & Park, L.L.P.
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507-1801

Beth E. Levine
Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C.
919 North Market Street, 16th Floor
Wilmington, DE  19899

Rolf S. Woolner
Winston & Strawn
333 South Grand Ave
Los Angeles, CA  90071

William H. Sudell Jr. and Derek C. Abbott
Morris, Nichols, Arsht & Tunnell,
1201 North Market Street
Wilmington, DE  19899

EXHIBIT "A"

DEFINITIONS

1.    "Dell" means Dell Inc. and any director, officer, agent, employee, or representative, both past and present, thereof, and all other persons acting or purporting to act on its behalf or under its control.

2.    "Lexmark" means Lexmark International and any director, officer, agent, employee, or representative, both past and present, thereof, and all other persons acting or purporting to act on its behalf or under its control.

3.    "Tech Data" means Tech Data Corporation and any director, officer, agent, employee, or representative, both past and present, thereof, and all other persons acting or purporting to act on its behalf or under its control.

4.    "Ingram Micro" means Ingram Micro, Inc. and any director, officer, agent, employee, or representative, both past and present, thereof, and all other persons acting or purporting to act on its behalf or under its control.

5.    "Resilien" means Resilien, Inc. and any director, officer, agent, employee, or representative, both past and present, thereof, and all other persons acting or purporting to act on its behalf or under its control.

6.    "Debtor" or "Plaintiff" means Inacom Corp. and affiliated debtors and any director, officer, agent, employee, or representative, both past and present, thereof, and all other persons acting or purporting to act on its behalf or under its control.  In addition, "Debtor" or "Plaintiff" shall also mean and include any and all of their divisions, departments, subsidiaries, affiliates, and predecessors, including but not limited to any of their directors, officers, agents, employees, or representatives, both past and present, and all other persons acting or purporting to act on their behalf or under their control.

7.    The terms "you," "your," and "yours" shall refer to Compaq, including, without limitation, any director, officer, agent, employee, or representative, both past and present, thereof, and all other persons acting or purporting to act on its behalf or under its control.

8.    The term "date" or "dates" means the exact date, month, and year, if ascertainable, or, if not, Plaintiff's best approximation thereof.

9.    The term "document" as used herein shall mean and include all "documents and tangible things" to the broadest extent included and described in the Federal Rules of Civil Procedure, including but not limited to, the originals and all drafts or copies, together with any annotations or highlighted copies containing all or part of the information requested, in the possession, custody or control of you, your attorneys, representatives, employees, agents or any other natural person or business or legal entity acting or purporting to act for or on your behalf, or their respective directors, officers, representatives, employees or agents, as the case may be. Also, the term "document" or "writing" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each

copy, regardless of origin and location, of any written material, book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, e-mail, bill, order form, receipt, financial statement, accounting entry, diary, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in your possession, custody, or control. The term "document" or "writing" shall also include all copies or drafts of documents by whatever means made, including specifically but not exclusively, those copies bearing commentary or notations not appearing on the original. Without limiting the foregoing, this definition is intended to cover and extends to all items that can be the subject of production or discovery under the Federal Rules of Civil Procedure. The term "document" also expressly includes information stored or maintained in electronic or magnetic form. In such case, please produce the electronic or magnetic data in paper/hard copy form or on a CD ROM.

10.     The term "person" shall refer to any natural person, firm, association, partnership, corporation, joint venture, state agency or any other form of legal or business entity.

11.     The term "concerning" shall mean referring to, pertaining to, regarding, relating to, having any relationship to and evidencing, or constituting evidence of, in whole or in part.

12.     The term "any" includes the word "all," and "all" includes the word "any."

13.     The term "communication" means any oral, written or electronically recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, telephone calls, dialogues, discussions, interviews, consultations, agreements, and any other understandings between or among two or more persons or any document that recorded or reflected any such communication.

14.     A request for documents that "refers," "relates," is "relating" to or "related" to a specified subject matter or interrogatory response extends to each document that (i) constitutes, (ii) contains, (iii) supports or substantiates, (iv) modifies, contradicts, refutes, criticizes, discusses, mentions or describes, (v) records, reports, reflects, memorializes, pertains to or bears upon, (vi) was prepared in connection with, (vii) arises from, or (viii) is or has been collected, recorded, examined or considered by, for or on behalf in relation to the subject matter specified, directly, indirectly or in any manner whatsoever.

15.     The term "describe" when used with respect to an agreement, event, occurrence, or action shall mean the following:

      (a)     to state the time and place of the occurrence;

      (b)     to identify any and all documents or contracts relating or referring thereto;

      (c)     to identify any and all persons present or having knowledge thereof;

(d)     to state the subject matter of their knowledge and manner in which such knowledge was acquired (i.e., "John Doe" knows the terms of the contract; executed the contract on behalf of "Doe Co."); and

(e)     to state what acts were done by each identified person.

16.     The term "insolvent" or "insolvency" shall have the meaning set forth in 11 U.S.C. § 101(32).

17.     The term "Custom Edge" shall mean Compaq Computer Corporation (and/or its parent or successor in interest, HP), and/or Compaq Computer Corporation's then subsidiary, ITY Corp., subsequently known as Custom Edge, Inc.

18.     The term "Asset Purchase Agreement" shall mean the Asset Purchase Agreement dated as of January 4, 2000, and any amendments thereto, and certain related operational agreements with Compaq Computer Corporation, and its then subsidiary ITY Corp., subsequently known as Custom Edge, Inc.

19.     The term "Credit Agreement" shall mean the Credit Agreement, dated as of April 9, 1999 (as amended, modified or supplemented). The banks party to the Credit Agreement are IBM Credit Corporation as documentation agent; Banque Nationale De Paris, as syndication agent; and Deutsche Bank AG, New York Branch, as administrative agent.

20.     The term "Petition Date" shall mean June 16, 2000.

21.     The term "Solvency Opinion" shall mean and refer to the February 16, 2000 opinion by Houlihan Lokey Howard & Zukin concerning the value/solvency of Inacom Corporation and any amendments, supplements, or modifications thereto.

22.     The term "Defendants" shall collectively mean and refer to Dell, Inc, f/k/a Dell Computer Corporation; Tech Data Corporation; Lexmark International, Inc.; Resilien, Inc.; and Ingram Entertainment, Inc.

23.     Preference Period" shall mean the ninety (90) day period immediately preceding but exclusive of the Petition Date.

24.     "Pre-Preference Period" shall mean the fifteen (15) month period immediately preceding the Preference Period.

25.     "Complaint" refers to the Complaint for Avoidance and Recovery of Preferential Transfers or amendment thereof filed by the Plaintiff against each of the Defendants in the above captioned adversary proceedings.

26.     "Transfers" means the payments made by the Debtor to the Defendants during the Pre-Preference Period, Preference Period, or the Post-Petition Period. "Transfer" has the meaning set forth on 11 U.S.C. §101(54).

27.    The term "insolvent" or "insolvency" shall have the meaning set forth in 11 U.S.C. § 101(32).

## II.    SUBJECT MATTER OF DEPOSITION

1.    Due diligence Compaq did prior to entering into the Asset Purchase Agreement and all related agreements, including, but not limited to, the Service Supplies Sale Agreement.

2.    Due diligence with respect to Inacom Corporation's solvency before and after the February 2000 sale.

3.    The Solvency Opinion.

4.    The Credit Agreement.

5.    The Asset Purchase Agreement.

6.    The litigation between Inacom and Compaq after the Petition Date.

EXHIBIT 3

**Blackmore, Mary Ann**

| | |
|---|---|
| From: | Ward, Michael |
| Sent: | Thursday, February 03, 2000 12:14 PM |
| To: | Zava, Mike; Richter, Roger; Malone, Leslie; Shinnick, Suzanne; Platt, Donna |
| Subject: | FW: Copy of the 8K |

This is 60 page long....please refer to pages 53 and 54 for what John is referring to.

Thanks.

-Original Message-----
From: John Frasca [mailto:jfrasca@inacom.com]
Sent: Thursday, February 03, 2000 11:11 AM
To: mward@techdata.com
Cc: Leon Kerkman; Richard Oshlo; Dave Guenthner
Subject: Copy of the 8K


I have attached the 8K for your review. I encourage you to read page 54 thru 56
which indicates that 100% of the payables for Tech Data will be assumed by
Compaq.

I would like to discuss the opportunity to increase the credit limit based on
this contract. I do understand the risk involved in Tech Data doing this if the
Compaq/Inacom falls thru but we are 99.99% that it will close between feb 15
thru feb 21.

John

http://www.sec.gov/Archives/edgar/data/818815/0000900440-00-000003.txt



2361

-----BEGIN PRIVACY-ENHANCED MESSAGE-----
Proc-Type: 2001,MIC-CLEAR
Originator-Name: webmaster@www.sec.gov
Originator-Key-Asymmetric:
 MFgwCgYEVQgBAQICAf8DSgAwRwJAW2sNKK9AVtBzYZmr6aGjlWyK3XmZv3dTINen
 TWSM7vrzLADbmYQaionwg5sDW3P6oaM5D3tdezXMm7z1T+B+twIDAQAB
MIC-Info: RSA-MD5,RSA,
 AH6q4LVlMFw21vypxt88Wc+Jbe9sjOEshiJm7yQEK1iGHLJ165y4ba6OwzROsdE0
 gjV7Iq1xNwwT19cCae4zgA==

<SEC-DOCUMENT>0000900440-00-000003.txt : 20000110
<SEC-HEADER>0000900440-00-000003.hdr.sgml : 20000110
ACCESSION NUMBER:               0000900440-00-000003
CONFORMED SUBMISSION TYPE:      8-K
PUBLIC DOCUMENT COUNT:          3
CONFORMED PERIOD OF REPORT:     20000106
ITEM INFORMATION:
ITEM INFORMATION:
FILED AS OF DATE:               20000107

FILER:

        COMPANY DATA:
                COMPANY CONFORMED NAME:                INACOM CORP
                CENTRAL INDEX KEY:                     0000818815
                STANDARD INDUSTRIAL CLASSIFICATION:    PATENT OWNERS & LESSORS [679
                IRS NUMBER:                            470681813
                STATE OF INCORPORATION:                DE
                FISCAL YEAR END:                       1226

        FILING VALUES:
                FORM TYPE:              8-K
                SEC ACT:
                SEC FILE NUMBER:        001-13311
                FILM NUMBER:            502699

        BUSINESS ADDRESS:
                STREET 1:               10810 FARNAMDRIVE SUITE 200
                STREET 2:               10810 FARNAM DR
                CITY:                   OMAHA
                STATE:                  NE
                ZIP:                    68154
                BUSINESS PHONE:         4023923900

        MAIL ADDRESS:
                STREET 1:               10810 FARNAM DRIVE
                STREET 2:               SUITE 200
                CITY:                   OMAHA
                STATE:                  NE
                ZIP:                    68154

        FORMER COMPANY:
                FORMER CONFORMED NAME:  VALCOM INC
                DATE OF NAME CHANGE:    19910812
</SEC-HEADER>
<DOCUMENT>
<TYPE>8-K
<SEQUENCE>1
<DESCRIPTION>CURRENT REPORT
<TEXT>

http://www.sec.gov/Archives/edgar/data/818815/0000900440-00-000003

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION

Washington, D.C. 20549

- - - - - - - - - - - - -

FORM 8-K

CURRENT REPORT

Pursuant to Section 13 or 15(d) of the

Securities Exchange Act of 1934

January 4, 2000
Date of Report (Date of earliest event reported)

InaCom Corp.

(Exact name of registrant as specified in its charter)

| Delaware | 0-16114 | 47-0681813 |
|---|---|---|
| (State or other jurisdiction of incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

10810 Farnam Drive, Suite 200, Omaha, Nebraska                68154
            (Address of principal executive offices)        (Zip Code)

Registrant's telephone number, including area code
(402) 758-3900

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

<PAGE>

ITEM 5.  OTHER EVENTS.

On January 4, 2000, InaCom Corp. issued a press release announcing that it had entered into an agreement for the sale of certain assets to, and the assumption of certain liabilities by, Compaq Computer Corporation. InaCom and Compaq also agreed to enter into a supply and services agreement (attached to the purchase agreement as Exhibit C) which will provide InaCom access to the product customization and logistics capabilities of the assets sold to Compaq and provide for Compaq's use of InaCom's lifecycle and professional services offerings. Copies of the purchase agreement and the press release are attached as exhibits and are incorporated herein by reference.

ITEM 7:  FINANCIAL STATEMENTS, PRO FORMA FINANCIAL INFORMATION AND EXHIBITS.

(c)   Exhibits.

The following exhibits are filed with this Form 8-K:

2.1   Asset Purchase Agreement, dated as of January 4, 2000 by and between InaCom Corp. and Compaq Computer Corporation.

99.1  Press Release dated January 4, 2000.

<PAGE>

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

INACOM CORP.

January 6, 2000                /s/ Thomas Fitzpatrick
                               --------------------------------
                               Thomas Fitzpatrick
                               Executive Vice President and
                               Chief Finance Officer

</TEXT>
</DOCUMENT>
<DOCUMENT>
<TYPE>EX-2.1
<SEQUENCE>2
<DESCRIPTION>ASSET PURCHASE AGREEMENT
<TEXT>

EXHIBIT 2.1

ASSET PURCHASE AGREEMENT

dated as of

January 4, 2000

between

COMPAQ COMPUTER CORPORATION,

ITY CORP.

and

INACOM CORP.

<PAGE>

TABLE OF CONTENTS

-----------------------

Page

ARTICLE 1

Definitions

Section 1.01.  Definitions.......................................................1

ARTICLE 2

Purchase and Sale

Section 2.01.  Purchased Assets................................................4
Section 2.02.  Excluded Assets.................................................4
Section 2.03.  Assumed Liabilities............................................4
Section 2.04.  Excluded Liabilities...........................................4
Section 2.05.  Assignment of Contracts and Rights.............................5
Section 2.06.  Purchase Price; Allocation of Purchase Price...................6
Section 2.07.  Closing........................................................6
Section 2.08.  Closing Statement..............................................7
Section 2.09.  Adjustment of Purchase Price...................................9

ARTICLE 3

Representations and Warranties of Seller

Section 3.01.  Corporate Existence and Power.................................11
Section 3.02.  Corporate Authorization......................................11
Section 3.03.  Governmental Authorization...................................11
Section 3.04.  Noncontravention.............................................12
Section 3.05.  Required and Other Consents..................................12
Section 3.06.  Financial Statements.........................................12
Section 3.07.  Absence of Certain Changes...................................12
Section 3.08.  No Undisclosed Material Liabilities..........................14
Section 3.09.  Material Contracts...........................................14
Section 3.10.  Litigation...................................................15
Section 3.11.  Compliance with Laws and Court Orders........................16
Section 3.12.  Properties...................................................16
Section 3.13.  Sufficiency of and Title to the Purchased Assets.............17
Section 3.14.  Intellectual Property........................................17
Section 3.15.  Licenses and Permits.........................................18
Section 3.16.  Finders' Fees................................................18
Section 3.17.  Environmental Compliance.....................................19
Section 3.18.  Year 2000 Compliance ........................................20

<PAGE>

Page

Section 3.19.  No Transfer of Substantially All of Seller's Assets...........20
Section 3.20.  Financing....................................................21

ARTICLE 4

Representations and Warranties of Buyer

Section 4.01.  Corporate Existence and Power.................................21
Section 4.02.  Corporate Authorization......................................21
Section 4.03.  Governmental Authorization...................................21
Section 4.04.  Noncontravention.............................................22

2365