## 6. NONDAS VITOLS

| PAGE:LINE | PAGE:LINE |
|---|---|
| 6:13-6:15 | 13:4-13:11 |
| 7:13-7:16 | 13:14-14:9 |
| 8:2-8:12 | 14:19-14:22 |
| 8:23-8:25 | 15:17-15:20 |
| 9:22-10:25 | |

```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF DELAWARE

In re INACOM CORP., et al., ) Chapter 11
                            ) Bankruptcy Case No.
            Debtors,        ) 00-2426  (PJW)
_____)
                            )
INACOM CORP., et al.,       )
                            )
            Plaintiffs,     )
                            )
       vs.                  ) Civil Action No.
                            ) 04-CV-148   (GMS)
TECH DATA CORPORATION,      )
                            )
            Defendant,      )
_____)
                            )
INACOM CORP., et al.,       )
                            )
            Plaintiffs,     )
                            )
       vs.                  ) Civil Action No.
                            ) 04-CV-582   (GMS)
DELL COMPUTER CORP.,        )
                            )
            Defendant,      )
_____)
                   Cont'd
```

DEPOSITION TAKEN IN BEHALF OF

DEFENDANTS AND THIRD-PARTY PLAINTIFF

\* \* \* \* \*

DEPOSITION OF NONDAS L. VITOLS, taken before me, Gary A. Barnes, Court Reporter and General Notary Public within and for the State of Nebraska, commencing at the hour of 2:30 p.m., on the 23rd day of March, 2005, at the HILTON HOTEL OMAHA, Prague Room, 1001 Cass Street, Omaha, Nebraska.

**BARNES REPORTING SERVICE, INC.**
**COURT REPORTERS**

POST OFFICE BOX 144                              402-330-7796
BOYSTOWN, NEBRASKA 68010                         FAX 402-330-3227

```
 1  Cont'd

 2  ─────────────────────────────
                                  )
 3  INACOM CORP., et al.,         )
                                  )
 4           Plaintiffs,          )
                                  )
 5      vs.                       ) Civil Action No.
                                  ) 04-CV-583  (GMS)
 6  LEXMARK INTERNATIONAL, INC.,  )
                                  )
 7           Defendant,           )
                                  )
 8  ─────────────────────────────
                                  )
    INACOM CORP., et al.,         )
 9                                )
             Plaintiffs,          )
10                                )
        vs.                       ) Civil Action No.
11                                ) 04-CV-584  (GMS)
    RESILIEN, INC.,               )
12                                )
             Defendant,           )
13  ─────────────────────────────
                                  )
14  INACOM CORP., et al.,         )
                                  )
15           Plaintiffs,          )
                                  )
16      vs.                       ) Civil Action No.
                                  ) 04-CV-593  (GMS)
17  INGRAM ENTERTAINMENT, INC.,   )
                                  )
18           Defendant.           )
                                  )
19  ─────────────────────────────
20
21
22
23
24
25
```

**BARNES REPORTING SERVICE, INC.**
**COURT REPORTERS**

POST OFFICE BOX 144                           402-330-7796
BOYSTOWN, NEBRASKA 68010                      FAX 402-330-3227

```
 1   APPEARANCES:

 2

 3   Mr. Jeffrey P. Nolan
     Attorney at Law
     PACHULSKI, STANG, ZIEHL,
 4   YOUNG, JONES & WEINTRAUB, P.C.
     10100 Santa Monica Boulevard
 5   11th Floor
     Los Angeles, CA   90067           for Plaintiff,
 6                                     InaCom Corp.

 7


 8   Mr. Earl M. Forte
     Attorney at Law
 9   BLANK, ROME, L.L.P.
     One Logan Square
10   18th & Cherry Streets
     Philadelphia, PA   19103-6998     Counsel to
11                                     Executive Sounding
                                       Board Associates,
12                                     Inc., Liquidating
                                       Agent of InaCom
13                                     Corp. Committee of
                                       Unsecured Creditors
14


15
     Mr. Culver V. Halliday
16   Attorney at Law
     STOLL, KEENON & PARK, L.L.P.
17   2650 Aegon Center
     400 West Market Street
18   Louisville, KY   40202-3377       for Defendant,
                                       Lexmark
19                                     International


20

21   Mr. G. James Landon
     Attorney at Law
22   HUGHES, LUCE, L.L.P.
     111 Congress Avenue
23   Suite 900
     Austin, TX   78701                for Defendant,
24                                     Dell, Inc.

25
```

```
 1   Cont'd

 2   APPEARANCES:

 3

 4   Mr. Brandon C. Chaves
     Attorney at Law
     FRIEDMAN, DUMAS & SPRINGWATER, L.L.P.
 5   One Maritime Plaza
     Suite 3475
 6   San Francisco, CA  94111      for Defendant,
                                   Hewlett-Packard
 7                                 a/k/a Compaq
                                   Computer
 8

 9

10

11


12   VIA TELEPHONE:

13

14   Mr. Stephen C. Hunt
     Attorney at Law
     ADORNO & YOSS, P.A.
15   350 East Las Olas Boulevard
     Suite 1700
16   Fort Lauderdale, FL  33301    for Defendant,
                                   Tech Data
17                                 Corporation

18

19

20

21

22

23

24

25
```

```
                    I N D E X

WITNESS:                              EXAMINATION

                                      TYPE        PAGE

NONDAS L. VITOLS
                                     Direct         6
                                    (Halliway)

                                     Direct        19
                                    (Landon)



EXHIBITS:                             MARK      IDENTIFY

    1   Letter, February 17, 2000      7            8

    2   Letter, February 17, 2000     17           17
```

**BARNES REPORTING SERVICE, INC.**
COURT REPORTERS

POST OFFICE BOX 144                                402-330-7796
BOYSTOWN, NEBRASKA 68010                       FAX 402-330-3227

VITOLS - DIRECT (Halliday)

1   NONDAS L. VITOLS,
    Of lawful age, being first duly
2   cautioned and solemnly sworn as
    hereinafter certified, was
3   examined and testified as follows:

4   THE WITNESS: I do.

5   DIRECT EXAMINATION

6   BY MR. HALLIDAY:

7   Q. Ms. Vitols, good afternoon. My name is
8   Culver Halliday. I'm an attorney and I'm
9   representing Lexmark International, Inc. in a
10  matter brought against it by InaCom Corporation
11  and the reason why you've been asked to appear
12  here today is to answer some questions.
13          Can you please state your full name
14  for the record, ma'am?
15      A. Nondas L. Vitols.
16      Q. Vitols. And it's my understanding,
17  ma'am, that you are represented today by counsel
18  and that counsel is Mr. Brandon Chaves?
19          MR. CHAVES: (Counsel indicating by
20  moving head up and down.)
21          THE WITNESS: Yes.
22  BY MR. HALLIDAY:
23      Q. Ma'am, I do not believe that this
24  deposition, at least my part of it, will take
25  very long at all. If for any reason you, however,

1  would like to take a break, please let us know and
2  we'll do so.
3           If I ask a question in which I'm not
4  loud enough or it is confusing or if there's
5  anything else wrong, as far as you're concerned
6  with that question, which makes it difficult to
7  reasonably to answer it, please let me know and I
8  will try again.
9      A.   Okay.
10          (Whereupon, Exhibit Number 1 was
11          marked for identification.)
12 BY MR. HALLIDAY:
13     Q.   Ma'am, I'm going to hand you what's
14 been marked as Exhibit 1 to your deposition and
15 ask you to take just -- well, take whatever time
16 you need to familiarize yourself with it.
17          I'm sorry, let me show it to
18 Mr. Nolan real quickly.
19          Ms. Vitols -- Vitols, Vitols --
20     A.   Doesn't matter.
21     Q.   Well, once you learn it wrong it's so
22 hard to start saying it correctly.
23     A.   It doesn't really matter.
24     Q.   Ms. Vitols, can I ask you if you can
25 identify Exhibit 1?

VITOLS - DIRECT (Halliday)

1      A.   Yes.
2      Q.   Is that a -- well, would you please
3  identify it, ma'am?  Could you describe that for
4  us, please.
5      A.   It was a letter that was given to us in
6  a template by John Frasca to send out to our
7  vendors.
8      Q.   What is the date on that letter, ma'am?
9      A.   February 17th, 2000.
10     Q.   Ma'am, on that date were you an
11 employee of Custom Edge, Inc.?
12     A.   Yes.
13     Q.   Immediately prior to your being an
14 employee of Custom Edge, Inc., by whom were you
15 employed?
16     A.   InaCom.
17     Q.   You went directly from InaCom
18 Corporation to Custom Edge, Inc.?
19     A.   Yes.
20     Q.   And did you begin your employment with
21 Custom Edge, Inc. in February of 2000, ma'am?
22     A.   Yes.
23     Q.   Can you please identify for me, ma'am,
24 John Frasca?
25     A.   John Frasca was my direct supervisor.

VITOLS - DIRECT (Halliday)

1   Q.   What was the last position you had with
2   InaCom Corporation?
3   A.   As a buyer.
4   Q.   A buyer?
5   A.   A buyer.
6   Q.   In what area or department of the
7   company, ma'am?
8   A.   Purchasing.
9   Q.   Was Mr. Frasca in purchasing with
10  InaCom Corporation?
11  A.   Yes.
12  Q.   Did he go to Custom Edge, Inc., at or
13  about the same time that you did?
14  A.   Yes.
15  Q.   Do you know that Mr. Frasca is the
16  author or the draftsman of the template that has
17  been marked as Exhibit 1?
18  A.   No, I don't.
19  Q.   But he's the gentleman who sent this to
20  you, ma'am?
21  A.   Yes.
22  Q.   Who is that addressed to, ma'am?
23  A.   This one is to Logicare.
24  Q.   Do you recall, ma'am, if you sent such
25  a letter to Logicare?

VITOLS - DIRECT (Halliday)

1    A.   Well, it looks like I did.
2    Q.   I ask, ma'am, simply 'cause it hadn't
3  been signed and I just wondered if you recalled.
4    A.   They were sent to me e-mail, so there
5  were no signatures on e-mail.
6    Q.   Would you have sent it to Logicare, if
7  it was sent?
8    A.   Yes.
9    Q.   Do you recall, ma'am, sending it to
10 others?
11   A.   Yes.
12   Q.   Was Logicare a vendor of Custom Edge,
13 Inc.?
14   A.   Yes.
15   Q.   Had it been a vendor to InaCom
16 Corporation?
17   A.   Yes.
18   Q.   Do you know if anyone else besides you
19 at Custom Edge, Inc. sent letters based on the
20 same template that was used for Exhibit 1?
21   A.   It was given to all of the buyers to
22 send out to their vendors.
23   Q.   And these were vendors that the buyers
24 had had when they were at InaCom Corporation?
25   A.   Yes.

VITOLS - DIRECT (Halliday)

1   Q.   And bought product from vendors of
2   InaCom Corporation?
3   A.   Yes.
4   Q.   Was this template used by the buyers to
5   send a letter produced from that template to each
6   of the vendors that each buyer dealt with?
7   A.   As far as I know.
8   Q.   Do you recall, ma'am, how many buyers
9   you would have dealt with?
10  A.   That I would have dealt with?
11       MR. HALLIDAY:  Yes, ma'am.
12       MR. NOLAN:  Object to the form of the
13  question.
14       THE WITNESS:  Probably 10 or 12.
15  BY MR. HALLIDAY:
16  Q.   Was that about the same number while
17  you were at InaCom Corp., just before you went to
18  Custom Edge, Inc.?
19  A.   Yes.
20  Q.   And when you got to Custom Edge, Inc.?
21  A.   Yes.
22  Q.   And was it the same vendors?
23  A.   Yes.
24  Q.   Ma'am, if you recall, did you send a
25  letter produced from the template, which is

VITOLS - DIRECT (Halliday)

1  Exhibit 1, to each of your vendors?
2       A.  The vendors that I had at that time,
3  yes.
4       Q.  How many -- you've already told me, I
5  think, 10 to 12 vendors?
6       A.  Yes.
7       Q.  Do you recall if Lexmark International
8  Inc. was one of your vendors?
9       A.  No, it was not.
10      Q.  Was Dell Computer Corporation?
11      A.  No.
12      Q.  Was Tech Data Corporation?
13      A.  No.
14      Q.  Was Nashville Computer?
15      A.  I don't believe I ever bought anything
16 from them.
17      Q.  What about Logicare?
18      A.  Yes.
19      Q.  Ma'am, do you know whether Mr. Frasca
20 himself sent any letters, based on the template,
21 to any vendors?
22      A.  I doubt it.
23      Q.  Ma'am, when you were sent the template
24 for the letter, did you receive any instructions
25 at the same time regarding the sending of letters

VITOLS - DIRECT (Halliday)

1  based on the template?
2      A.  We were just told to send them out to
3  our vendors.
4      Q.  Were you told that at a meeting?
5      A.  No, I don't think so.
6      Q.  Do you recall if that instruction was
7  communicated to you, ma'am, by e-mail?
8      A.  If it was sent by e-mail, he also told
9  us to send them.  I mean, it was also verbal.
10     Q.  Okay.  But it wouldn't have been
11 necessarily at a meeting, a formal meeting?
12     A.  Right.
13     Q.  Is it possible or, if you recall,
14 ma'am, that he told you individually?
15     A.  That's possible, but I don't really
16 recall.
17     Q.  Do you have any recollection today,
18 ma'am, as to any reasons or explanation given as
19 to why the letter should be sent?
20     A.  No.
21     Q.  And, ma'am, I apologize if I already
22 asked you this:  Do you recall whether you sent
23 the letter to each of the vendors that you dealt
24 with?
25     A.  At that time, yes.

**BARNES REPORTING SERVICE, INC.**
**COURT REPORTERS**

POST OFFICE BOX 144                           402-330-7796
BOYSTOWN, NEBRASKA 68010                 FAX 402-330-3227

Received at: 3:16PM, 2/8/2002

Feb-08-02 15:06   Resilien                    631 420 1980              P.03

# CUSTOM EDGE
*THERE ARE NO LIMITS TO WHAT WE CAN DO TOGETHER*

February 17, 2000

Logicare, Inc
85A Marcus Blvd
Melville NY 11747

Dear Chris and Bill,

On February 16, 2000, Compaq Computer Corporation completed the purchase of key assets of Inacom Corporation. With this purchase, we are proud to announce the formation of a new, wholly owned, and separately managed Compaq subsidiary named Custom Edge Incorporated.

In preparation for the go-forward business model, please note the following:
- Compaq Corp will be sending a letter notifying you that Compaq will be behind and fund the purchases by Custom Edge Inc.
- The account payable process will continue to operate in Omaha, Nebraska. Please continue to use your established Account Payable contacts. For any immediate issues please free to contact me at 402-758-3169. Kindly do not contact Mr. Bill Francis, Accounting Manager at Compaq, as he will have no information available.
- Compaq is assuming the open accounts payable but NOT the "Held Checks".
- All "Held Checks" are the responsibility of Inacom Corp not Compaq or Custom Edge. Any and all inquiries on the "Held Checks" should be presented to Mr. Richard Oshlo at 402-758-4380.

On behalf of Custom Edge Inc, we look forward to our partnership in the year 2000 and beyond.

Sincerely,

Noni Vitols
Product Manager


EXHIBIT
VITOLS 1
2-23-05

Received at: 3:16PM, 2/8/2002

Feb-08-02  15:05    Resilien                         631 420 1980           P.02

February 17, 2000

Logicare, Inc
85A Marcus Drive
Melville NY 11747

RE:    Account Payable # 018647 of Inacom Corporation

Dear Chris and Bill,

This letter is to inform you that, effective February 16, 2000, a wholly-owned subsidiary of Compaq Computer Corporation purchased certain assets of Inacom Corporation. The Compaq subsidiary will operate under the name of Custom Edge, Inc., and its' A/P accounts will be funded by Compaq.

In connection with such purchase, Custom Edge, Inc. also assumed the obligation to pay all of the outstanding amount on the referenced account, subject to the terms and conditions of such account.

Inquiries to Custom Edge, Inc., regarding your account should be directed to Noni Vitols at 402.758.3678.

Thank you for your consideration in this matter.

Sincerely,


Bill Francis
Director, Corporate Finance
Telephone: 281.514.1223
Email: bill.francis@compaq.com



EXHIBIT
VITO 2
3/23/05