Inacom vs. Tech Data                     3/2/2005                    WILLIAM FRANCIS

Page 1

```
 1              UNITED STATES DISTRICT COURT
                  DISTRICT OF DELAWARE
 2

 3

 4   IN RE:   INACOM CORP., ET AL.,

 5                   DEBTORS                CHAPTER 11
                                           BANKRUPTCY CASE
 6   _____        NO. 00-2426 (PJW)

 7   INACOM CORP., ET AL.,

 8            PLAINTIFFS

 9       -VS-                              CIVIL ACTION
                                          NO. 04-CV-148 (GMS)
10   TECH DATA CORPORATION,

11            DEFENDANT

12   _____

13   INACOM CORP., ET AL.,

14            PLAINTIFFS

15       -VS-                             CIVIL ACTION
                                          NO. 04-CV-582 (GMS)
16   DELL COMPUTER CORP.

17            DEFENDANT

18   _____
     INACOM CORP., ET AL.,

19            PLAINTIFFS

20       -VS-                             CIVIL ACTION
                                          NO. 04-CV-583 (GMS)
21   LEXMARK INTERNATIONAL, INC.

22            DEFENDANT

23   _____

24

25
```

Case 1:04-cv-00583-GMS    Document 139-4    Filed 03/31/2006    Page 2 of 30

Inacom vs. Tech Data                    3/2/2005                    WILLIAM FRANCIS

Page 2

```
 1
 2    INACOM CORP., ET AL.,
 3            PLAINTIFFS
 4        -VS-                        CIVIL ACTION
                                     NO. 04-CV-584 (GMS)
 5    RESILIEN, INC.,
 6            DEFENDANT
 7    --------------------------------
      INACOM CORP., ET AL.,
 8            PLAINTIFFS
 9
10        -VS-                        CIVIL ACTION
                                     NO. 04-CV-593 (GMS)
11    INGRAM ENTERTAINMENT, INC.,
12            DEFENDANT
13    ---------------------------------------------------
14
15                                MARCH 2, 2005
                                  10:00 A.M.
16
17        THE DEPOSITION OF WILLIAM FRANCIS, TAKEN
18    PURSUANT TO NOTICE ON BEHALF OF THE DEFENDANT
19    AND THIRD-PARTY PLAINTIFF LEXMARK, AT THE
20    OFFICES OF DOWNTOWN REPORTING, 37 NORTH ORANGE
21    AVENUE, SUITE 500, ORLANDO, FLORIDA, BEFORE
22    CHRISTINE E. LE RETTE, REGISTERED PROFESSIONAL
23    REPORTER AND NOTARY PUBLIC, IN AND FOR THE
24    STATE OF FLORIDA AT LARGE.
25
```

Inacom vs. Tech Data                          3/2/2005                          WILLIAM FRANCIS

Page 3

```
 1   APPEARANCES:

 2

 3           ANDREW W. CAINE, ESQUIRE
             PACHULSKI, STANG, ZIEHL, YOUNG,
 4             JONES & WEINTRAUB
             10100 SANTA MONICA BOULEVARD
 5           11TH FLOOR
             LOS ANGELES, CALIFORNIA  90067-4100
 6           310-277-6910

 7                   REPRESENTING THE PLAINTIFF INACOM
                         CORP.
 8

 9           CULVER V. HALLIDAY, ESQUIRE
             STOLL, KEENON & PARK, LLP
10           2650 AEGON CENTER
             400 WEST MARKET STREET
11           LOUISVILLE, KENTUCKY  40202-3377
             502-568-9100
12
                     REPRESENTING THE DEFENDANT AND
13                       THIRD-PARTY PLAINTIFF LEXMARK.

14
             STEPHEN C. HUNT, ESQUIRE
15           ADORNO & YOSS, P.A.
             350 EAST LAS OLAS BOULEVARD, 17TH FLOOR
16           FORT LAUDERDALE, FLORIDA  33301
             954-766-7834
17
                     REPRESENTING THE DEFENDANT TECH DATA.
18

19           CECILY A. DUMAS, ESQUIRE
             FRIEDMAN, DUMAS & SPRINGWATER, LLP
20           ONE MARITIME PLAZA, SUITE 2475
             SAN FRANCISCO, CALIFORNIA  94111
21           415-834-3800

22                   REPRESENTING THE THIRD-PARTY DEFENDANT
                         COMPAQ COMPUTER/HEWLETT PACKARD
23

24

25
```

**Apx. 63**

Inacom vs. Tech Data                3/2/2005                WILLIAM FRANCIS

Page 4

```
 1   APPEARANCES (CONT'D.):

 2

 3          PATRICK COLLINS, ESQUIRE   (VIA TELEPHONE)
            FARRELL FRITZ, P.C.
 4          EAB PLAZA
            UNIONDALE, NEW YORK  11556-0120
 5          516-227-0700

 6              REPRESENTING THE DEFENDANT
                   RESILIEN, INC.
 7

 8          JAMES LANDON, ESQUIRE  (VIA TELEPHONE)
            HUGHES & LUCA, LLP
 9          111 CONGRESS AVENUE, SUITE 900
            AUSTIN, TEXAS  78701
10

11              REPRESENTING THE DEFENDANT DELL
                   COMPUTER CORPORATION.
12

13          EARL M. FORTE, ESQUIRE  (VIA TELEPHONE)
            BLANK ROME, LLP
            ONE LOGAN SQUARE
14          18TH & CHERRY STREETS
            PHILADELPHIA, PENNSYLVANIA  19103-6998
15

16              COUNSEL FOR STATUTORY COMMITTEE OF
                   UNSECURED CREDITORS OF INACOM CORP.

17

18

19

20

21

22

23

24

25
```

**Apx. 64**

Inacom vs. Tech Data                 3/2/2005                 WILLIAM FRANCIS

Page 5

1                          TABLE OF CONTENTS

2

3      DEPOSITION OF WILLIAM FRANCIS
       MARCH 2, 2005

4

5      APPEARANCES                                          3,4

6      STIPULATIONS                                          6

7

       TESTIMONY OF WILLIAM FRANCIS

8

           DIRECT EXAMINATION BY MR. HALLIDAY      7
9          CROSS EXAMINATION BY MR. HUNT          36
           CROSS EXAMINATION BY MR. COLLINS       49
10         CROSS EXAMINATION BY MR. LANDON        60
           CROSS EXAMINATION BY MR. FORTE         62
11         CROSS EXAMINATION BY MS. DUMAS         64
           RECROSS EXAMINATION BY MR. COLLINS     68
12         CROSS EXAMINATION BY MR. CAINE         69
           RECROSS EXAMINATION BY MR. HUNT        70

13

14     CERTIFICATE OF REPORTER                    73

15     SUBSCRIPTION OF DEPONENT                    74

16                     E X H I B I T S

17     FRANCIS EXHIBITS
       FOR IDENTIFICATION:

18
       NO. 1  2/16/00 LETTER, FRANCIS TO LEXMARK    17
19     NO. 2  2/17/00 LETTER, FRANCIS TO LOGICARE   27
       NO. 3  3/27/00 LETTER, VITOLS TO LOGICARE    28
20     NO. 4  2/16/00 LETTER, FRANCIS TO TECH DATA  39

21

22

23

24

25

**Apx. 65**

Inacom vs. Tech Data                 3/2/2005                 WILLIAM FRANCIS

Page 6

```
 1

 2

 3

 4

 5              S T I P U L A T I O N S

 6

 7        IT IS HEREBY STIPULATED AND AGREED BY AND

 8     BETWEEN COUNSEL PRESENT FOR THE RESPECTIVE

 9     PARTIES AND THE DEPONENT THAT THE READING AND

10     SIGNING OF THE DEPOSITION BE EXPRESSLY RESERVED.

11

12                   *      *      *

13

14     KEY TO PUNCTUATION:

15

16

17     -- AT THE END OF QUESTION OR ANSWER DENOTES AN
          INTERRUPTION.
18
       ... DENOTES A TRAILOFF BY WITNESS AND NOT AN
19        INTERRUPTION.

20     UH-HUH.  DENOTES AN AFFIRMATIVE SOUND.
       HUH-UH.  DENOTES A NEGATIVE SOUND.
21

22

23

24

25
```

Inacom vs. Tech Data                    3/2/2005                    WILLIAM FRANCIS

Page 16

1        PLEASE?

2        A.    BASICALLY MY UNDERSTANDING WAS THAT WE

3    PURCHASED SOME ASSETS AND FOR SOME CUSTOMERS IT

4    BECAME MORE SPECIFIC AS TO THE ASSETS; BUT IT WAS,

5    I'LL HAVE TO SAY, ON A GOING-FORWARD BASIS FROM THE

6    DATE OF OUR AGREEMENT.

7        Q.    AND WAS THAT YOUR UNDERSTANDING AT THAT

8    TIME IN FEBRUARY OF 2000?

9        A.    YES.

10        Q.    WITH RESPONSIBILITY FOR ACCOUNTS PAYABLE

11    WHILE YOU WERE AT COMPAQ DID YOU COMMUNICATE WITH

12    SOME OF COMPAQ'S VENDORS AND CUSTOMERS?

13        A.    ALL THE TIME.

14        Q.    AND AT THE TIME OF THE ASSET PURCHASE

15    AGREEMENT WERE YOU HAVING ANY COMMUNICATION WITH

16    CUSTOMERS OF INACOM?

17        A.    NOT AT THE TIME OF THE AGREEMENT, NO.

18        Q.    LET ME ASK YOU TO LOOK AT --

19            MR. HALLIDAY:  SHOULD I CALL THIS FRANCIS

20        NO. 1?  IS THAT WHAT WE DECIDED TO DO LAST

21        TIME?

22            MS. DUMAS:  I THINK SO.  WE'RE JUST

23        STARTING OVER WITH 1, 2, 3, WITH EACH WITNESS.

24    BY MR. HALLIDAY:

25        Q.    -- WHAT I'LL ASK THE COURT REPORTER TO

Inacom vs. Tech Data                    3/2/2005                    WILLIAM FRANCIS

Page 17

```
 1   MARK AS FRANCIS NO. 1.
 2        (FRANCIS EXHIBIT NO. 1 WAS MARKED BY THE
 3   REPORTER.)
 4        (A DISCUSSION WAS HELD OFF THE RECORD.)
 5   BY MR. HALLIDAY:
 6        Q.   SIR, TAKE YOUR TIME TO LOOK AT THAT LETTER
 7   AND LET ME KNOW WHEN YOU'VE HAD A CHANCE TO.
 8        A.   YEAH, I HAVE.
 9        Q.   CAN YOU IDENTIFY THIS DOCUMENT, SIR?
10        A.   SURE.  IT'S A LETTER THAT I SIGNED THAT IN
11   THIS CASE WENT TO LEXMARK INTERNATIONAL TALKING
12   ABOUT -- IT'S WHAT WE CALL A COMFORT LETTER THAT WAS
13   SENT TO A SELECTED NUMBER OF SUPPLIERS.
14        Q.   YOU SAY IT'S WHAT YOU REFER TO AS A
15   COMFORT LETTER?
16        A.   THAT IS CORRECT.
17        Q.   WHAT DOES THAT MEAN?
18        A.   INACOM WAS HAVING SOME TROUBLE WITH THEIR
19   SUPPLIERS WHO WERE RELUCTANT TO SHIP MATERIAL OR
20   GOODS TO INACOM BECAUSE OF PAST ISSUES THEY HAD WITH
21   INACOM SO THEY KEPT ASKING ABOUT -- THEY WANTED SOME
22   MORE ASSURANCE, SO THIS LETTER WAS DEVELOPED TO GIVE
23   THEM SOME ASSURANCE THAT COMPAQ WAS BEHIND THE CUSTOM
24   EDGE PORTION OF INACOM AND THEY COULD BE ASSURED THAT
25   THEY WOULD BE PAID FOR THE GOODS AND SERVICES THAT
```

Inacom vs. Tech Data                3/2/2005                WILLIAM FRANCIS

Page 18

1  THEY SUPPLIED.

2      Q.    DID YOU SEND THIS COMFORT LETTER IN

3  CONNECTION WITH THE ASSET PURCHASE AGREEMENT?

4      A.    NO.

5      Q.    IT WASN'T PART OF THAT TRANSACTION?

6      A.    NO.

7      Q.    WERE COMFORT LETTERS SOMETHING THAT WERE

8  SENT ROUTINELY WHILE YOU WERE AN EMPLOYEE OF COMPAQ?

9      A.    NO.

10     Q.    DO YOU RECALL SENDING A LETTER LIKE THIS,

11  A COMFORT LETTER IN CONNECTION WITH ANY OTHER

12  TRANSACTION OR EVENT?

13     A.    NO.

14     Q.    DID YOU SEND MORE THAN ONE COMFORT LETTER

15  AT OR ABOUT THE TIME YOU SENT THIS COMFORT LETTER TO

16  LEXMARK?

17     A.    YES.

18     Q.    DO YOU RECALL WHO ELSE WOULD HAVE RECEIVED

19  ONE?

20     A.    NO, I DON'T HAVE ANY RECOLLECTION NOW OF

21  THAT.

22     Q.    DO YOU RECALL IF TECH DATA RECEIVED ONE?

23     A.    THEY MAY HAVE.  I CAN'T RECALL EXACTLY

24  EACH ONE I SIGNED FIVE YEARS AGO.

25     Q.    I UNDERSTAND, SIR.  BUT YOU DO RECALL

Inacom vs. Tech Data                    3/2/2005                    WILLIAM FRANCIS

Page 21

1      A.    THAT'S CORRECT.

2      Q.    BEFORE YOU SENT THE LETTER DID YOU NEED TO

3   OBTAIN APPROVAL OR HAVE THE LETTER REVIEWED BY ANYONE

4   ELSE AT COMPAQ?

5      A.    I DID HAVE IT REVIEWED AND OBTAIN

6   APPROVAL.  WHETHER OR NOT I NEEDED TO, BY POLICY, I

7   DON'T -- I DON'T KNOW, BUT I WOULD NOT HAVE SENT IT

8   OUT ON MY OWN.

9          I WOULD HAVE -- ALTHOUGH I CAN'T REMEMBER

10  SPECIFICALLY -- CERTAINLY WOULD HAVE REVIEWED IT WITH

11  OUR ATTORNEYS WHO WERE INVOLVED WITH THE TRANSACTION

12  AND WITH MY OWN MANAGEMENT.

13     Q.    AND AS BEST YOU RECALL TODAY, SIR, YOU DID

14  DO THAT.

15     A.    ABSOLUTELY.

16     Q.    DO YOU RECALL THE NAME OR NAMES OF ANY

17  ATTORNEYS WHO MIGHT HAVE BEEN THE ONES WHO REVIEWED

18  IT?

19     A.    I WOULD SAY GREG PHILLIPS.  I CAN'T TELL

20  YOU AT THIS MOMENT WHEN AND WHERE BUT HE WAS, AS I

21  RECALL, A MEMBER OF THE TRANSITION TEAM AND ONE I

22  WOULD HAVE WORKED WITH ON THIS PARTICULAR ISSUE.

23     Q.    I'M SORRY.  WAS HE AN IN-HOUSE ATTORNEY --

24     A.    HE WAS AN IN-HOUSE COMPAQ ATTORNEY.

25     Q.    AND THE TRANSITION THAT YOU'RE REFERRING

Inacom vs. Tech Data                    3/2/2005                    WILLIAM FRANCIS

1  TO WAS?

2      A.    THERE WAS -- AFTER THE, I'LL SAY,

3  CONCLUSION OF THE AGREEMENT OR PERHAPS EVEN PRIOR TO

4  THAT A TRANSITION TEAM WAS ESTABLISHED TO INTEGRATE

5  TO THE EXTENT REQUIRED THE INACOM/CUSTOM EDGE WITH

6  COMPAQ.  I WAS ONE MEMBER OF THAT TEAM.

7          GREG, AS I RECALL, WAS A -- THE ATTORNEY

8  AND THERE WERE A NUMBER OF OTHER PEOPLE REPRESENTING

9  OTHER DISCIPLINES IN THE COMPANY.

10     Q.    AND CAN YOU RECALL ANYONE TODAY, SIR,

11  BESIDES MR. PHILLIPS WHO MIGHT HAVE REVIEWED THE

12  LETTER FOR YOU BEFORE IT WAS SENT, WHETHER AN

13  IN-HOUSE ATTORNEY OR MANAGEMENT?

14     A.    WELL, IT WOULD HAVE BEEN -- AGAIN,

15  ALTHOUGH I CAN'T -- I DON'T SPECIFICALLY REMEMBER

16  REVIEWING IT, IT WOULD HAVE BEEN EITHER MY DIRECT

17  MANAGER, MIKE BAKER, WHO WAS CONTROLLER, OR BEN

18  WELLS, WHO WAS THE C.F.O. AT THE TIME.

19          MR. HUNT:  JUST FOR THE RECORD'S CLARITY

20      WAS THAT MIKE BICKER OR BAKER?

21          THE WITNESS:  MIKE BAKER, B A K E R.

22  BY MR. HALLIDAY:

23     Q.    AND WHILE YOU DON'T SPECIFICALLY RECALL

24  IT, IT'S YOUR BELIEF THAT YOU MORE THAN LIKELY WOULD

25  HAVE HAD A LETTER LIKE THIS REVIEWED BEFORE YOU SENT

Inacom vs. Tech Data                    3/2/2005                    WILLIAM FRANCIS

Page 23

1    IT.

2         A.    OH, YES.

3         Q.    DO YOU KNOW WHETHER THIS LETTER WAS COPIED

4    TO ANYONE WITHIN COMPAQ AFTER IT WAS SENT BY YOU TO

5    MS. ATCHINSON?

6         A.    I DON'T KNOW.

7         Q.    DO YOU RECALL TALKING TO ANYONE AT ANY

8    TIME WHO WAS AN EMPLOYEE OF LEXMARK ABOUT THIS

9    LETTER?

10        A.    NO.

11        Q.    WHAT WAS YOUR UNDERSTANDING AS TO WHAT

12   YOUR RESPONSIBILITIES WERE GOING TO BE AFTER THE

13   TRANSITION WAS COMPLETED?

14        A.    WELL, LET ME BACK UP A MINUTE.  THE

15   TRANSITION TEAM WAS ESTABLISHED WITH -- AS I

16   MENTIONED, WITH THE INTENT TO INTEGRATE TO THE EXTENT

17   APPROPRIATE INACOM, SLASH, CUSTOM EDGE WITH COMPAQ.

18             AS IT TURNED OUT, THE DECISION WAS MADE

19   THAT THEY WOULD USE THEIR OWN ACCOUNTS PAYABLE

20   SYSTEMS, FOLLOW THEIR OWN PROCEDURES AND WHATNOT; SO

21   MY ROLE AT THAT POINT BECAME ONE OF SUPPORTING THEM

22   IF THEY HAD ANY POLICY, CORPORATE POLICY QUESTIONS,

23   ISSUES OF THAT NATURE.  SO I DIDN'T -- SO I HAD NO

24   DIRECT DAY-TO-DAY INVOLVEMENT IN THEIR OPERATIONS.

25             THEY CAME TO ME BECAUSE THEY HAD CONCERNS

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

In Re:  INACOM CORP, et al.          Chapter 11
        Debtors                      Bankruptcy Case No.
                                     00-2426 (PJW)
_____

INACOM CORP., et al.
        Plaintiffs

    v.
TECH DATA CORPORATION                Civil Action No.
        Defendant                    04-CV-148 (GMS)
_____

INACOM CORP., et al.
        Plaintiffs

    v.
DELL COMPUTER CORP.                  Civil Action No.
        Defendant                    04-CV-582 (GMS)
_____

INACOM CORP., et al.
        Plaintiffs

    v.
LEXMARK INTERNATIONAL, INC.          Civil Action No.
        Defendant                    04-CV-583 (GMS)
_____

INACOM CORP., et al.
        Plaintiffs

    v.
RESILIEN, INC.                       Civil Action No.
        Defendant                    04-CV-584 (GMS)
_____

INACOM CORP., et al.
        Plaintiffs

    v.                               Civil Action No.
INGRAM ENTERTAINMENT INC.            04-CV-593 (GMS)
        Defendant


*********************************************************

ORAL DEPOSITION OF

JOHN T. FRASCA

MARCH 30, 2005

*********************************************************

**Apx. 73**

ORAL DEPOSITION OF JOHN T. FRASCA, produced as a witness at the instance of the Defendants, and duly sworn, was taken in the above-styled and numbered cause on the 30th day of March, 2005, from 9:26 a.m. to 11:43 a.m., before Debbie Leonard, CSR, RMR, CRR, a Certified Shorthand Reporter in and for the State of Texas, reported by machine shorthand, at the offices of Hewlett-Packard, 20555 State Highway 249, Building CC-A6, Conference Room 6801, Houston, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

**Apx. 74**

```
 1              A P P E A R A N C E S

 2  FOR THE PLAINTIFF:
         Mr. Andrew W. Caine
 3       (via telephone)
         PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB
 4       10100 Santa Monica Boulevard
         11th Floor
 5       Los Angeles, California 90067
         FAX:  (310) 201-0760
 6       PHONE:  (310) 277-6910

 7  FOR THE DEFENDANT, TECH DATA CORPORATION:
         Mr. Stephen C. Hunt
 8       ADORNO & YOSS
         350 East Las Olas Boulevard
 9       Suite 1700
         Fort Lauderdale, Florida 33301
10       FAX:  (954) 766-7800
         PHONE:  (954) 763-1200
11
    FOR THE DEFENDANT, DELL COMPUTER CORP.:
12       Mr. G. James Landon
         HUGHES LUCE, LLP
13       111 Congress Avenue
         Suite 900
14       Austin, Texas 78701
         FAX:  (512) 482-6859
15       PHONE:  (512) 482-6880

16  FOR THE DEFENDANT, LEXMARK INTERNATIONAL, INC.:
         Mr. Culver V. Halliday
17       STOLL, KEENON & PARK, LLP
         2650 Aegon Center
18       400 West Market Street
         Louisville, Kentucky 40202-3377
19       FAX:  (502) 568-5700
         PHONE:  (502) 568-9100
20
    FOR THE DEFENDANT, INGRAM ENTERTAINMENT:
21       Mr. Jonathan P. Hersey
         (via telephone)
22       BINGHAM McCUTCHEN, LLP
         600 Anton Boulevard
23       18th Floor
         Costa Mesa, California 92626
24       FAX:  (714) 830-0719
         PHONE:  (714) 830-0619
25
```

```
 1                    A P P E A R A N C E S
                          (Continued)
 2

     FOR EXECUTIVE SOUNDING BOARD, INC., LIQUIDATING AGENTS
 3   OF DEBTOR, INACOM CORP.:

 4        Mr. Earl M. Forte
          (via telephone)
 5        BLANK ROME, LLP
          One Logan Square
 6        18th & Cherry Streets
          Philadelphia, Pennsylvania 19103
 7        FAX:   (215) 832-5618
          PHONE:  (215) 569-5618
 8

     FOR THE WITNESS AND THIRD-PARTY DEFENDANT, COMPAQ
 9   COMPUTER CORPORATION:

10        Ms. Cecily A. Dumas
          FRIEDMAN, DUMAS & SPRINGWATER, LLP
11        One Maritime Plaza
          Suite 2475
12        San Francisco, California 94111
          FAX:   (415) 834-1044
13        PHONE:  (415) 834-3800

14

15

16

17

18

19

20

21

22

23

24

25
```

1                              I N D E X

2                                                          PAGE

3   Appearances...................................     2

4
    **JOHN T. FRASCA**
5

6
        Examination by Mr. Hunt....................    7
7
        Examination by Mr. Halliday...............    66
8
        Examination by Mr. Landon.................    72
9
        Examination by Mr. Hersey.................    73
10
        Examination by Mr. Forte..................    76
11
        Further Examination by Mr. Hunt...........    77
12

13

14  Changes and Signature........................    81

15  Reporter's Certificate.......................    83

16

17

18

19

20

21

22

23

24

25

6

```
1                   E X H I B I T S

2    NUMBER              DESCRIPTION                    PAGE

3    Frasca-1        Defendants' First Notice of         7
                     Deposition of John Frasca, six
4                    pages

5    Frasca-2        Forwarding E-mail                   32
                     From: Ward, Michael
6                    Sent:  February 03, 2000
                     To:  Zava Mike et al.
7                    Subject:  Copy of the 8K

8    Frasca-3        Letter to Mr. David Guenthner       36
                     from Michael J. Ward
9                    dated February 9, 2000

10   Frasca-4        Fax Transmittal                     38
                     To:  Mr. Mike Zafa
11                   From:  Bill Francis
                     Dated:  02/16/00
12
     Frasca-5        Letter to Ms. Misty Atchinson       45
13                   from Bill Francis
                     dated February 16, 2000
14
     Frasca-6        Letter to Logicare, Inc.            45
15                   from Bill Francis, dated
                     February 17, 2000
16
     Frasca-7        Letter to The Board of              61
17                   Directors of Inacom
                     Corporation and Compaq
18                   Computer Corporation from
                     Houlihan Lokey Howard & Zukin,
19                   dated February 16, 2000

20   Frasca-8        Résumé of John T. Frasca            63

21

22

23

24

25
```

```
 1        A.    It was the same but included all of the
 2   freight costs management, all of the security, and all
 3   of the claims associated with movement of product.
 4        Q.    So your responsibilities have narrowed since
 5   you joined Hewlett-Packard?
 6        A.    It has --
 7        Q.    Categorically?
 8        A.    Categorically, yes.
 9        Q.    Do you hold a position as an officer of
10   Hewlett-Packard?
11        A.    No.
12        Q.    Did you hold a position as an officer of
13   Compaq?
14        A.    No.
15        Q.    Do you recall when you joined Compaq?
16        A.    Through acquisition, February of 2000.
17        Q.    Other than through acquisition, do you recall
18   when you actually began working for Compaq per se?
19        A.    It was upon close of Compaq purchasing the
20   assets of Inacom.  I don't know the exact date.
21        Q.    Did you have a title with Custom Edge
22   Corporation?
23        A.    Yes.
24        Q.    What was your title with Custom Edge?
25        A.    Vice president of supply chain management.
```

1    A.   Yes.

2    Q.   Who instructed you, sir?

3    A.   Leon Kerkman.

4    Q.   Do you recall what Mr. Kerkman told you to

10:28  5  do?

6    A.   I don't recall.

7    Q.   Do you know when the first time you spoke to

8  Mr. Francis was?

9    A.   I don't.

10:29  10    Q.   Do you recall the substance of the

11  conversations that you had with Mr. Francis in any

12  detail?

13    A.   The only detail was that, you know, we,

14  Inacom, wanted a letter from Compaq to provide to the

10:29  15  suppliers on the substance of the sale to clear up any

16  confusion of the sale.

17    Q.   And by saying "Inacom," is there a particular

18  person that you can say wanted this letter?

19    A.   It was -- I don't. But if you recall, there

10:30  20  was 600 vendors that I had, and a good number of them

21  was confused about the transaction.

22    Q.   And how did you reach the conclusion that a

23  good number of them were confused, sir? And I'll

24  continue with a compound question, with your

10:30  25  counsel's -- subject to your counsel's blessing.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

In re Inacom CORP., et al.,  ) Chapter 11
                             )
          Debtors,           ) Bankruptcy Case No.
_____) 00-2426 (PJW)
                             )
Inacom CORP., et al.,        )
                             )
          Plaintiffs,        )
                             )
     vs.                     ) Civil Action No.
                             ) 04-CV-148 (GMS)
TECH DATA CORPORATION,       )
                             )
          Defendant,         )
_____)
                             )
Inacom CORP., et al.,        )
                             )
          Plaintiffs,        )
                             )
     vs.                     ) Civil Action No.
                             ) 04-CV-582 (GMS)
DELL COMPUTER CORP.,         )
                             )
          Defendant,         ) Caption Continued
                             )

* * * * *

DEPOSITION OF LEON KERKMAN,

taken before me, Denise J. Lukasiewicz, Court
Reporter and General Notary Public within and
for the State of Nebraska, commencing at the
hour of 9:10 a.m., on the 25th day of March,
2005, at the HILTON HOTEL OMAHA, Prague Room,
1001 Cass Street, Omaha, Nebraska.

* * * * *

COPY

BARNES REPORTING SERVICE, INC.
COURT REPORTERS

POST OFFICE BOX 144
BOYSTOWN, NEBRASKA 68010

402-330-7796
FAX 402-330-3227

Apx. 81

```
 1    Caption Continued:

 2    _____

 3    Inacom CORP., et al.,                    )
                                               )
 4             Plaintiffs,                     )
                                               )
 5         vs.                                 )  Civil Action No.
                                               )  04-CV-583 (GMS)
 6    LEXMARK INTERNATIONAL, INC.,             )
                                               )
 7             Defendant,                      )
      _____             )
 8    Inacom CORP., et al.,                    )
                                               )
 9             Plaintiffs,                     )
                                               )
10         vs.                                 )  Civil Action No.
                                               )  04-CV-584 (GMS)
11    RESILIEN, INC.,                          )
                                               )
12             Defendant,                      )
      _____             )
13                                             )
14    Inacom CORP., et al.,                    )
                                               )
15             Plaintiffs,                     )
                                               )
16         vs.                                 )  Civil Action No.
                                               )  04-CV-593 (GMS)
17    INGRAM ENTERTAINMENT, INC.,              )
                                               )
18             Defendant.                      )
      _____             )

19

20

21

22

23

24

25
```

Apx. 82

**BARNES REPORTING SERVICE, INC.**
COURT REPORTERS

POST OFFICE BOX 144
BOYSTOWN, NEBRASKA 68010

402-330-7796
FAX 402-330-3227

APPEARANCES:


Mr. Jeffrey P. Nolan
Attorney at Law
PACHULSKI, STANG, ZIEHL,
YOUNG, JONES & WEINTRAUB, P.C.
10100 Santa Monica Boulevard
11th Floor
Los Angeles, CA  90067            for Plaintiff
                                  Inacom Corp.


Mr. Earl M. Forte
Attorney at Law
BLANK, ROME, L.L.P.
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6998   Counsel to
                               Executive Sounding
                               Board Associates,
                               Inc., Liquidating
                               Agent of Inacom
                               Corp. Committee of
                               Unsecured Creditors


Mr. Culver V. Halliday
Attorney at Law
STOLL, KEENON & PARK, L.L.P.
2650 Aegon Center
400 West Market Street
Louisville, KY 40202-3377         for Defendant
                                  Lexmark
                                  International


Mr. G. James Landon
Attorney at Law
HUGHES, LUCE, L.L.P.
111 Congress Avenue
Suite 900
Austin, TX  78701                 for Defendant
                                  Dell, Inc.

**Apx. 83**

**BARNES REPORTING SERVICE, INC.**
COURT REPORTERS

POST OFFICE BOX 144
BOYSTOWN, NEBRASKA 68010                402-330-7796
                                     FAX 402-330-3227

<u>APPEARANCES, Cont'd.:</u>

Ms. Cecily A. Dumas
    and
Mr. Brandon C. Chaves
Attorneys at Law
FRIEDMAN, DUMAS & SPRINGWATER, L.L.P.
One Maritime Plaza
Suite 2475
San Francisco, CA  94111          for Defendant
                                  Hewlett-Packard
                                  a/k/a Compaq
                                  Computer


Mr. Jonathan P. Hersey
Attorney at Law
BINGHAM, McCUTCHEN, L.L.P.
Plaza Tower
600 Anton Boulevard
18th Floor
Costa Mesa, CA  92626-1924        for Defendant
                                  Ingram Entertainment,
                                  Inc.


Mr. Stephen C. Hunt
Attorney at Law
Adorno & Yoss, P.A.
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, FL  33301        for Defendant
                                  Tech Data
                                  Corporation

Apx. 84



I N D E X

WITNESS:                              EXAMINATION

                                          TYPE          PAGE
LEON KERKMAN
                                        Direct           6
                                       (Halliday)

                                        Cross            26
                                       (Landon)

                                        Cross            52
                                       (Hunt)

EXHIBITS:                            MARK    IDENTIFY

    1   Services, Supply and         45        46
        Sales Agreement

Apx. 85

**BARNES REPORTING SERVICE, INC.**
COURT REPORTERS

POST OFFICE BOX 144                                    402-330-7796
BOYSTOWN, NEBRASKA 68010                           FAX 402-330-3227

Q.  Did you lead the audit team for that account in 1988?

A.  Yes.

Q.  Sir, in 1988, did you leave your employment with KPMG for employment elsewhere?

A.  Repeat the question.

Q.  Yes, sir.  Did you leave your employment with KPMG in order to take employment elsewhere?

A.  Yes.

Q.  Where did you go?

A.  Inacom.

Q.  And would you have begun that employment in 1988?

A.  Yes.

Q.  What position did you hold when you began working with Inacom Corp. in 1988?

A.  Corporate controller.

MR. NOLAN:  Sorry, what was the response?

(Whereupon, the requested portion of the testimony was read back by the Court Reporter.)

BY MR. HALLIDAY:

Q.  Had someone preceded you in that

BARNES REPORTING SERVICE, INC.
COURT REPORTERS
Apx. 86

POST OFFICE BOX 144
BOYSTOWN, NEBRASKA 68010
402-330-7796
FAX 402-330-3227

1    position at Inacom Corp.?

2        A.   No.

3        Q.   Is it your understanding you were the

4    first corporate controller for Inacom Corp.?

5        A.   Yes.

6        Q.   As corporate controller, was there an

7    area of the company, and I don't know the term

8    so I'll just say "department," that you headed?

9        A.   I was responsible for the day-to-day

10   operation -- or the day-to-day financial

11   operations of closing the books and accounts

12   payable.

13       Q.   How long were you employed by Inacom

14   Corp.?

15       A.   January 2000.

16       Q.   Did you hold any other positions at

17   Inacom Corp. besides corporate controller?

18       A.   Yes.

19       Q.   What was the next position that you

20   held, sir?

21       A.   Vice president of operations.

22       Q.   Was that a promotion, sir?

23       A.   Yes.

24       Q.   And when were you promoted to VP of

25   operations?

**Apx. 87**

1        A.  1995.

2        Q.  So from 1988 to 1995, approximately,

3   you were company controller?

4        A.  Correct.

5        Q.  Did you hold another position with

6   Inacom Corporation after VP of operations?

7        A.  No.

8        Q.  When you left the company, then, in

9   January 2000, you were VP of operations?

10       A.  Yes.

11       Q.  When you were promoted to VP of

12  operations, did your responsibilities change,

13  sir?

14       A.  Yes.

15       Q.  What were your responsibilities, sir,

16  in summary, as VP of operations, when you began

17  as VP of operations?

18       A.  Responsible for the supply chain

19  of the organization, which would include

20  the procurement organization as well as

21  manufacturing and distribution.

22       Q.  Sir, did your responsibilities as

23  vice president of operations change over time?

24       A.  No.

25       Q.  When you left Inacom Corp. in January

1      A.   I have knowledge of that, yes.

2      Q.   Were you interviewed by any parties

3 with respect to that SEC litigation?

4      A.   No, I was not.

5      Q.   Did you acquire any of the knowledge

6 regarding that litigation subject matter

7 firsthand, or just collaterally from people

8 you talked to?

9      A.   Collaterally, from people and

10 newspapers.

11     Q.   During the time that you were with

12 Inacom, did you ever review SEC public filings

13 after they were filed?

14     A.   Can -- what's the time frame?

15     Q.   Say your last two years with the

16 company.

17     A.   No.

18     Q.   How about after you left the company?

19     A.   No.

20     Q.   Would it pretty much have been

21 restricted to the time that you were in the

22 finance arm of Inacom?

23     A.   That's correct.

24     Q.   As a person responsible for

25 procurement at Custom Edge, was it important

```
 1    to your mission to maintain an uninterrupted

 2    supply of product to Custom Edge?

 3         A.   Yes.

 4         Q.   Do your responsibilities extend to the

 5    fabrication of product by Custom Edge at the

 6    time that you were working for Custom Edge?

 7         A.   Fabrication, what --

 8         Q.   Assembly of any product.

 9         A.   We would build -- we would buy things

10    from people and manufacture them, yes.

11         Q.   Have you ever heard the term

12    "aggregator" used in connection with Inacom?

13         A.   Yes.

14         Q.   Would you be able to explain what that

15    term means in connection with Inacom?

16         A.   Probably a number of different

17    definitions.  My definition of an aggregator is

18    you're purchasing parts or systems from a number

19    of different people, aggregating them together

20    and then sending them to a customer.

21         Q.   While at Custom Edge, did you have

22    any further need for services that might have

23    been provided by Inacom for Custom Edge?

24         A.   No.

25         Q.   Did you have any knowledge regarding a
```

**BARNES REPORTING SERVICE, INC.**   **Apx. 90**
COURT REPORTERS

POST OFFICE BOX 144
BOYSTOWN, NEBRASKA 68010

402-330-7796
FAX 402-330-3227