IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INACOM CORP., *et al.*, <br><br> Debtors. | Bankruptcy Case No. 00-2426 (PJW) |
| INACOM CORP., on behalf of all affiliated debtors, <br><br> Plaintiff, <br><br> vs. <br><br> LEXMARK INTERNATIONAL, INC., <br><br> Defendant. <br><br> LEXMARK INTERNATIONAL, INC., <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC., <br><br> Third-Party Defendants. | Civil Action No. 04-CV-583 (GMS) |

## HEWLETT-PACKARD COMPANY'S OBJECTION
## TO EVIDENCE OF LETTERS DIRECTED TO THIRD PARTIES

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
William H. Sudell, Jr. (No. 463)
Derek C. Abbott (No. 3376)
Daniel B. Butz (No. 4227)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman, Esq.
Cecily A. Dumas, Esq.
Gail S. Greenwood, Esq.
Brandon C. Chaves, Esq.
150 Spear Street, Suite 1600
San Francisco, CA  94105
(415) 834-3800

April 17, 2006

Attorneys for Hewlett-Packard Company

{00203006.DOC v 1}

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| SUMMARY OF ARGUMENT | 1 |
| ARGUMENT | 1 |
|     A.  Lexmark Withdrew Evidence at Trial of Third Party Letters Following HP's Objection. | 1 |
|     B.  Letters Directed Third Parties Are Irrelevant To Lexmark's Claims. | 2 |
|     C.  Lexmark Is Unable to Authenticate An Unsigned Letter to Logicare. | 2 |
| CONCLUSION | 3 |

# TABLE OF CITATIONS

Cases                                                                                    Page(s)

Mayer v. Angelica,
    790 F. 2d 1315, 1338 (7th Cir. 1986),
    cert. denied 479 U.S. 1037, 107 S. Ct. 891 (1987)                        3

Mutual Life Ins. Co. of New York v. Sayre,
    79 F. 2d 937, 940 (3d Cir. 1935)                                          2

Newark Bay Cereal Beverage Co. v. Wynne,
    57 F. 2d 83, 85 (3d Cir. 1932)                                            2


Statues and Other Authorities

Fed. R. Evid. 401                                                                        2

Fed. R. Evid. 402                                                                        2

Fed. R. Evid. 901(a)                                                                     2

## SUMMARY OF ARGUMENT

Hewlett-Packard Company ("HP"), as successor in interest to Compaq Computer Corporation ("Compaq"), objects to Lexmark's post-trial introduction of evidence of three letters directed by Compaq to third parties. See Appendix to Lexmark's Proposed Findings of Fact and Conclusions of Law at pp. 266-268; and Lexmark's Response to HP's Motion to Strike Testimony of Kevin Sarkisian. These letters should be excluded because they lack foundation and are irrelevant to the litigation. Letters that were directed to third parties that Lexmark never saw prior to litigation are irrelevant to prove breach of contract or detrimental reliance.

## ARGUMENT

### A. Lexmark Withdrew Evidence at Trial of Third Party Letters Following HP's Objection.

Lexmark's counsel promptly withdrew evidence proffered at trial of the very same letters from Compaq to third parties, such as Tech Data Corp. and Logicare, based upon HP's objection. Lexmark now seeks to bring these letters into evidence through briefing.

The following colloquy took place at trial:

> Ms. Dumas: Mr. Halliday is intending to show the witness letters that he can't authenticate, never saw at the time, and have no bearing on Lexmark, letters that Mr. Francis sent to other vendors at or around the same time.
>
> Lexmark's theories of liability are contractual and quasi-contractual, and therefore, based on the formation of an understanding between Inacom, Compaq and Lexmark, or based on detrimental reliance by Lexmark. Letters that may have been sent to --
>
> Mr. Halliday: I won't put the letter up --
>
> Ms. Dumas: -- Tech Data, Logicare or anybody else don't have --

>        The Court: Mr. Halliday seems to be saying the objection is well-taken.
>
>                                                  Trial Transcript at 58:8-21.

Consistent with HP's objection at trial, letters from Compaq to Tech Data Corp. or Logicare should be deemed inadmissible.

### B.      Letters Directed Third Parties Are Irrelevant To Lexmark's Claims.

Determinations of relevance and the exclusion of evidence are subject to the broad discretion of the court. See Mutual Life Ins. Co. of New York v. Sayre, 79 F. 2d 937, 940 (3d Cir. 1935). Relevancy depends upon the circumstances of each case. See Fed. R. Evid. 401-402; Newark Bay Cereal Beverage Co. v. Wynne, 57 F. 2d 83, 85 (3d Cir. 1932).

Letters directed to Tech Data Corp. and Logicare from Compaq are irrelevant to this litigation because they did not form the basis of any contract between Lexmark and Compaq, and they did not form the basis of any detrimental reliance by Lexmark. Lexmark's claims for breach of contract and indemnity are governed by the alleged contracts at issue and cannot be expanded based on communications between Compaq and third parties.

### C.      Lexmark Is Unable to Authenticate An Unsigned Letter to Logicare.

In addition to being irrelevant, Lexmark is unable to authenticate an unsigned letter that was purportedly sent by Compaq to Logicare. Fed. R. Evid. 901(a) requires a party to establish a foundation for documents or testimony prior to their admission into evidence. "The requirement of authentication as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). This threshold requirement cannot be met with respect to a proffered letter if there is no evidence of writing or

sending the letter. See, e.g., Mayer v. Angelica, 790 F. 2d 1315, 1338 (7th Cir. 1986), cert. denied 479 U.S. 1037, 107 S. Ct. 891 (1987).

Lexmark seeks to introduce an unsigned letter from Bill Francis that no witness has been able to identify. Appendix at p. 267. The purported author specifically disclaimed the letter, stating that he could neither identify the letter nor assure that it was sent. Other witnesses similarly failed to authenticate the unsigned letter. The unsigned letter should be excluded because it is both irrelevant to the litigation and because no witness is able to properly identify the document as a letter that was actually drafted or sent.

## CONCLUSION

For the foregoing reasons, HP requests that the Court exclude any evidence of letters directed to third parties from Compaq for lack of relevance and lack of foundation.

Dated: April 17, 2006
Wilmington, Delaware            MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
William H. Sudell, Jr. (No. 463)
Derek C. Abbott (No. 3376)
Daniel B. Butz (No. 4227)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200

- and -

FRIEDMAN DUMAS & SPRINGWATER LLP
Ellen A. Friedman, Esq.
Cecily A. Dumas, Esq.
Gail S. Greenwood, Esq.
Brandon C. Chaves, Esq.
150 Spear Street, Suite 1600
San Francisco, CA 94105
(415) 834-3800

Attorneys for Hewlett-Packard Company