# ATTACHMENT 3

Inacom vs. Tech Data           3/2/2005                WILLIAM FRANCIS

Page 1

```
 1            UNITED STATES DISTRICT COURT
                 DISTRICT OF DELAWARE
 2

 3

 4  IN RE:   INACOM CORP., ET AL.,
                                          CHAPTER 11
 5             DEBTORS                    BANKRUPTCY CASE
                                          NO. 00-2426 (PJW)
 6  _____

 7  INACOM CORP., ET AL.,

 8         PLAINTIFFS

 9      -VS-                              CIVIL ACTION
                                          NO. 04-CV-148 (GMS)
10  TECH DATA CORPORATION,

11         DEFENDANT

12  _____

    INACOM CORP., ET AL.,
13
           PLAINTIFFS
14
        -VS-                              CIVIL ACTION
15                                        NO. 04-CV-582 (GMS)
    DELL COMPUTER CORP.
16
           DEFENDANT
17  _____

18  INACOM CORP., ET AL.,

19         PLAINTIFFS

20      -VS-                              CIVIL ACTION
                                          NO. 04-CV-583 (GMS)
21  LEXMARK INTERNATIONAL, INC.

22         DEFENDANT

23  _____

24

25
```

DOWNTOWN REPORTING (954) 522-3376

Apx. 61

Inacom vs. Tech Data                3/2/2005                     WILLIAM FRANCIS

Page 2

```
 1
 2   INACOM CORP., ET AL.,
 3         PLAINTIFFS
 4      -VS-                          CIVIL ACTION
                                      NO. 04-CV-584 (GMS)
 5   RESILIEN, INC.,
 6         DEFENDANT
 7   _____
     INACOM CORP., ET AL.,
 8
           PLAINTIFFS
 9
10      -VS-                          CIVIL ACTION
                                      NO. 04-CV-593 (GMS)
11   INGRAM ENTERTAINMENT, INC.,
12         DEFENDANT
13   _____
14
15                               MARCH 2, 2005
                                 10:00 A.M.
16
17        THE DEPOSITION OF WILLIAM FRANCIS, TAKEN
18   PURSUANT TO NOTICE ON BEHALF OF THE DEFENDANT
19   AND THIRD-PARTY PLAINTIFF LEXMARK, AT THE
20   OFFICES OF DOWNTOWN REPORTING, 37 NORTH ORANGE
21   AVENUE, SUITE 500, ORLANDO, FLORIDA, BEFORE
22   CHRISTINE E. LE RETTE, REGISTERED PROFESSIONAL
23   REPORTER AND NOTARY PUBLIC, IN AND FOR THE
24   STATE OF FLORIDA AT LARGE.
25
```

DOWNTOWN REPORTING (954) 522-3376

Apx. 62

Inacom vs. Tech Data                    3/2/2005                    WILLIAM FRANCIS

Page 3

```
 1  APPEARANCES:
 2
 3        ANDREW W. CAINE, ESQUIRE
          PACHULSKI, STANG, ZIEHL, YOUNG,
 4          JONES & WEINTRAUB
          10100 SANTA MONICA BOULEVARD
 5        11TH FLOOR
          LOS ANGELES, CALIFORNIA  90067-4100
 6        310-277-6910
 7            REPRESENTING THE PLAINTIFF INACOM
                 CORP.
 8
 9        CULVER V. HALLIDAY, ESQUIRE
          STOLL, KEENON & PARK, LLP
10        2650 AEGON CENTER
          400 WEST MARKET STREET
11        LOUISVILLE, KENTUCKY  40202-3377
          502-568-9100
12
              REPRESENTING THE DEFENDANT AND
13               THIRD-PARTY PLAINTIFF LEXMARK.
14
          STEPHEN C. HUNT, ESQUIRE
15        ADORNO & YOSS, P.A.
          350 EAST LAS OLAS BOULEVARD, 17TH FLOOR
16        FORT LAUDERDALE, FLORIDA  33301
          954-766-7834
17
              REPRESENTING THE DEFENDANT TECH DATA.
18
19        CECILY A. DUMAS, ESQUIRE
          FRIEDMAN, DUMAS & SPRINGWATER, LLP
20        ONE MARITIME PLAZA, SUITE 2475
          SAN FRANCISCO, CALIFORNIA  94111
21        415-834-3800
22            REPRESENTING THE THIRD-PARTY DEFENDANT
                 COMPAQ COMPUTER/HEWLETT PACKARD
23
24
25
```

Case 1:04-cv-00583-GMS    Document 145-4    Filed 04/26/2006    Page 5 of 16

Inacom vs. Tech Data                3/2/2005                WILLIAM FRANCIS

Page 4

```
 1  APPEARANCES (CONT'D.):

 2

 3          PATRICK COLLINS, ESQUIRE    (VIA TELEPHONE)
            FARRELL FRITZ, P.C.
 4          EAB PLAZA
            UNIONDALE, NEW YORK  11556-0120
 5          516-227-0700

 6              REPRESENTING THE DEFENDANT
                    RESILIEN, INC.
 7

 8          JAMES LANDON, ESQUIRE    (VIA TELEPHONE)
            HUGHES & LUCA, LLP
 9          111 CONGRESS AVENUE, SUITE 900
            AUSTIN, TEXAS   78701
10
                REPRESENTING THE DEFENDANT DELL
11                  COMPUTER CORPORATION.

12
            EARL M. FORTE, ESQUIRE    (VIA TELEPHONE)
13          BLANK ROME, LLP
            ONE LOGAN SQUARE
14          18TH & CHERRY STREETS
            PHILADELPHIA, PENNSYLVANIA  19103-6998
15
                COUNSEL FOR STATUTORY COMMITTEE OF
16                  UNSECURED CREDITORS OF INACOM CORP.

17

18

19

20

21

22

23

24

25
```

Inacom vs. Tech Data                3/2/2005                WILLIAM FRANCIS

Page 5

```
 1                    TABLE OF CONTENTS
 2
 3  DEPOSITION OF WILLIAM FRANCIS
    MARCH 2, 2005
 4
 5  APPEARANCES                                        3,4
 6  STIPULATIONS                                         6
 7
    TESTIMONY OF WILLIAM FRANCIS
 8
        DIRECT EXAMINATION BY MR. HALLIDAY              7
 9      CROSS EXAMINATION BY MR. HUNT                  36
        CROSS EXAMINATION BY MR. COLLINS               49
10      CROSS EXAMINATION BY MR. LANDON                60
        CROSS EXAMINATION BY MR. FORTE                 62
11      CROSS EXAMINATION BY MS. DUMAS                 64
        RECROSS EXAMINATION BY MR. COLLINS             68
12      CROSS EXAMINATION BY MR. CAINE                 69
        RECROSS EXAMINATION BY MR. HUNT                70
13
14  CERTIFICATE OF REPORTER                            73
15  SUBSCRIPTION OF DEPONENT                           74
16                    E X H I B I T S
17  FRANCIS EXHIBITS
    FOR IDENTIFICATION:
18
    NO. 1   2/16/00  LETTER, FRANCIS TO LEXMARK       17
19  NO. 2   2/17/00  LETTER, FRANCIS TO LOGICARE      27
    NO. 3   3/27/00  LETTER, VITOLS TO LOGICARE       28
20  NO. 4   2/16/00  LETTER, FRANCIS TO TECH DATA     39
21
22
23
24
25
```

DOWNTOWN REPORTING (954) 522-3376

**Apx. 65**

S T I P U L A T I O N S

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN COUNSEL PRESENT FOR THE RESPECTIVE PARTIES AND THE DEPONENT THAT THE READING AND SIGNING OF THE DEPOSITION BE EXPRESSLY RESERVED.

\*   \*   \*

KEY TO PUNCTUATION:

-- AT THE END OF QUESTION OR ANSWER DENOTES AN INTERRUPTION.

... DENOTES A TRAILOFF BY WITNESS AND NOT AN INTERRUPTION.

UH-HUH.  DENOTES AN AFFIRMATIVE SOUND.
HUH-UH.  DENOTES A NEGATIVE SOUND.

Inacom vs. Tech Data                3/2/2005                WILLIAM FRANCIS

Page 17

```
 1  MARK AS FRANCIS NO. 1.
 2        (FRANCIS EXHIBIT NO. 1 WAS MARKED BY THE
 3  REPORTER.)
 4        (A DISCUSSION WAS HELD OFF THE RECORD.)
 5  BY MR. HALLIDAY:
 6        Q.  SIR, TAKE YOUR TIME TO LOOK AT THAT LETTER
 7  AND LET ME KNOW WHEN YOU'VE HAD A CHANCE TO.
 8        A.  YEAH, I HAVE.
 9        Q.  CAN YOU IDENTIFY THIS DOCUMENT, SIR?
10        A.  SURE.  IT'S A LETTER THAT I SIGNED THAT IN
11  THIS CASE WENT TO LEXMARK INTERNATIONAL TALKING
12  ABOUT -- IT'S WHAT WE CALL A COMFORT LETTER THAT WAS
13  SENT TO A SELECTED NUMBER OF SUPPLIERS.
14        Q.  YOU SAY IT'S WHAT YOU REFER TO AS A
15  COMFORT LETTER?
16        A.  THAT IS CORRECT.
17        Q.  WHAT DOES THAT MEAN?
18        A.  INACOM WAS HAVING SOME TROUBLE WITH THEIR
19  SUPPLIERS WHO WERE RELUCTANT TO SHIP MATERIAL OR
20  GOODS TO INACOM BECAUSE OF PAST ISSUES THEY HAD WITH
21  INACOM SO THEY KEPT ASKING ABOUT -- THEY WANTED SOME
22  MORE ASSURANCE, SO THIS LETTER WAS DEVELOPED TO GIVE
23  THEM SOME ASSURANCE THAT COMPAQ WAS BEHIND THE CUSTOM
24  EDGE PORTION OF INACOM AND THEY COULD BE ASSURED THAT
25  THEY WOULD BE PAID FOR THE GOODS AND SERVICES THAT
```

Inacom vs. Tech Data　　　　　　　　3/2/2005　　　　　　　　WILLIAM FRANCIS

Page 18

```
 1  THEY SUPPLIED.
 2       Q.   DID YOU SEND THIS COMFORT LETTER IN
 3  CONNECTION WITH THE ASSET PURCHASE AGREEMENT?
 4       A.   NO.
 5       Q.   IT WASN'T PART OF THAT TRANSACTION?
 6       A.   NO.
 7       Q.   WERE COMFORT LETTERS SOMETHING THAT WERE
 8  SENT ROUTINELY WHILE YOU WERE AN EMPLOYEE OF COMPAQ?
 9       A.   NO.
10       Q.   DO YOU RECALL SENDING A LETTER LIKE THIS,
11  A COMFORT LETTER IN CONNECTION WITH ANY OTHER
12  TRANSACTION OR EVENT?
13       A.   NO.
14       Q.   DID YOU SEND MORE THAN ONE COMFORT LETTER
15  AT OR ABOUT THE TIME YOU SENT THIS COMFORT LETTER TO
16  LEXMARK?
17       A.   YES.
18       Q.   DO YOU RECALL WHO ELSE WOULD HAVE RECEIVED
19  ONE?
20       A.   NO, I DON'T HAVE ANY RECOLLECTION NOW OF
21  THAT.
22       Q.   DO YOU RECALL IF TECH DATA RECEIVED ONE?
23       A.   THEY MAY HAVE.  I CAN'T RECALL EXACTLY
24  EACH ONE I SIGNED FIVE YEARS AGO.
25       Q.   I UNDERSTAND, SIR.  BUT YOU DO RECALL
```

Inacom vs. Tech Data                    3/2/2005                    WILLIAM FRANCIS

Page 19

```
 1  SIGNING AND SENDING THIS LETTER TO A MS. ATCHINSON AT
 2  LEXMARK?
 3       A.   I CAN'T SAY I RECALL IT.  I CAN IDENTIFY
 4  THE LETTER.  I MEAN, IT'S MY SIGNATURE SO I KNOW I
 5  SIGNED IT, I KNOW I SENT IT.
 6       Q.   DO YOU RECALL WHY THIS LETTER IN SPECIFIC
 7  WAS SENT?
 8       A.   NO.  WHAT HAPPENED IS THAT JOHN FRASCA,
 9  WHOSE NAME IS ON THE LETTER, GAVE US -- OR GAVE ME A
10  LIST OF THE CUSTOMERS -- THEIR CUSTOMERS OR
11  SUPPLIERS, I SHOULD SAY, WHO HE FELT NEEDED A COMFORT
12  LETTER.  THAT WAS THE BASIS FOR WHICH SUPPLIERS
13  RECEIVED ONE OF THESE LETTERS.
14       Q.   SO THIS LETTER WOULD HAVE GONE OR BEEN
15  SENT BY YOU AT THE REQUEST OF JOHN FRASCA?
16       A.   THAT'S CORRECT.
17       Q.   WHAT WAS MR. FRASCA'S POSITION AT THAT
18  TIME, IF YOU RECALL, SIR?
19       A.   I DON'T RECALL SPECIFICALLY.  I WANT TO
20  SAY HE WAS ON THE MARKETING SIDE OF THE HOUSE WITH
21  INACOM, SLASH, CUSTOM EDGE BUT I, I DON'T REMEMBER
22  EXACTLY.
23       Q.   HOW WOULD HE HAVE COMMUNICATED TO YOU A
24  REQUEST THAT THIS COMFORT LETTER BE SENT TO LEXMARK?
25       A.   PROBABLY VIA EITHER A PHONE CALL OR
```

Case 1:04-cv-00583-GMS    Document 145-4    Filed 04/26/2006    Page 11 of 16

Inacom vs. Tech Data                    3/2/2005                    WILLIAM FRANCIS

Page 20

```
 1  E-MAIL.
 2       Q.   DO YOU RECALL WHICH IT WAS ON THIS
 3  OCCASION?
 4       A.   NO.
 5       Q.   DID MR. FRASCA TELL YOU WHAT TO SAY IN THE
 6  LETTER?
 7       A.   HE DRAFTED THE LETTER, AS FAR AS I KNOW.
 8       Q.   DRAFTED IT FOR YOUR SIGNATURE AND FOR YOU
 9  TO SEND?
10       A.   THAT'S CORRECT.
11       Q.   THAT BEING THE CASE DO YOU RECALL NOW
12  WHETHER THIS LETTER MIGHT NOT HAVE BEEN SENT TO YOU
13  IN DRAFT FORM BY MR. FRASCA BY E-MAIL?
14       A.   I'M SURE HE DID SEND IT TO ME IN DRAFT
15  FORM BY E-MAIL.
16       Q.   WAS THIS PREPARING A LETTER FOR YOU TO
17  SIGN AND SEND SOMETHING THAT MR. FRASCA HAD DONE
18  BEFORE?
19       A.   NOT THAT I KNOW OF, NOT TO ME.
20       Q.   SO JUST SO I'M SURE THAT I UNDERSTAND,
21  SIR, WHILE THIS LETTER -- SIGNED BY YOU, CORRECT?
22       A.   UH-HUH, THAT'S CORRECT.
23       Q.   -- AND IS SENT BY YOU -- WAS SENT BY
24  YOU -- PARDON ME -- HOWEVER, THE TEXT OF THE LETTER
25  WAS PREPARED BY MR. FRASCA.
```

Inacom vs. Tech Data                  3/2/2005                  WILLIAM FRANCIS

Page 21

```
 1      A.   THAT'S CORRECT.
 2      Q.   BEFORE YOU SENT THE LETTER DID YOU NEED TO
 3  OBTAIN APPROVAL OR HAVE THE LETTER REVIEWED BY ANYONE
 4  ELSE AT COMPAQ?
 5      A.   I DID HAVE IT REVIEWED AND OBTAIN
 6  APPROVAL.  WHETHER OR NOT I NEEDED TO, BY POLICY, I
 7  DON'T -- I DON'T KNOW, BUT I WOULD NOT HAVE SENT IT
 8  OUT ON MY OWN.
 9           I WOULD HAVE -- ALTHOUGH I CAN'T REMEMBER
10  SPECIFICALLY -- CERTAINLY WOULD HAVE REVIEWED IT WITH
11  OUR ATTORNEYS WHO WERE INVOLVED WITH THE TRANSACTION
12  AND WITH MY OWN MANAGEMENT.
13      Q.   AND AS BEST YOU RECALL TODAY, SIR, YOU DID
14  DO THAT.
15      A.   ABSOLUTELY.
16      Q.   DO YOU RECALL THE NAME OR NAMES OF ANY
17  ATTORNEYS WHO MIGHT HAVE BEEN THE ONES WHO REVIEWED
18  IT?
19      A.   I WOULD SAY GREG PHILLIPS.  I CAN'T TELL
20  YOU AT THIS MOMENT WHEN AND WHERE BUT HE WAS, AS I
21  RECALL, A MEMBER OF THE TRANSITION TEAM AND ONE I
22  WOULD HAVE WORKED WITH ON THIS PARTICULAR ISSUE.
23      Q.   I'M SORRY.  WAS HE AN IN-HOUSE ATTORNEY --
24      A.   HE WAS AN IN-HOUSE COMPAQ ATTORNEY.
25      Q.   AND THE TRANSITION THAT YOU'RE REFERRING
```

Case 1:04-cv-00583-GMS   Document 145-4   Filed 04/26/2006   Page 13 of 16

Inacom vs. Tech Data                    3/2/2005                    WILLIAM FRANCIS

Page 26

```
 1  ANYONE AT LEXMARK ABOUT THE LETTER BUT -- STRIKE
 2  THAT. PARDON ME.
 3          IF YOU LOOK, SIR, AT THE SECOND-TO-LAST
 4  PARAGRAPH OF THE LETTER THAT BEGINS, "INQUIRIES TO
 5  CUSTOM EDGE, INC., REGARDING YOUR ACCOUNT SHOULD BE
 6  DIRECTED TO JOHN FRASCA," AND THEN GIVES HIS
 7  TELEPHONE NUMBER, DO YOU SEE WHERE I'M READING, SIR?
 8      A.   THAT'S CORRECT, I SEE THAT.
 9      Q.   DID YOU EVER RECEIVE AN INQUIRY FROM
10  ANYONE AT LEXMARK THAT SHOULD HAVE BEEN DIRECTED TO
11  MR. FRASCA?
12      A.   NOT THAT I CAN RECALL.
13      Q.   DID MR. FRASCA EVER REPORT TO YOU OR
14  ADVISE YOU THAT HE HAD RECEIVED AN INQUIRY FROM
15  LEXMARK RELATING TO CUSTOM EDGE, INC.?
16      A.   NOT THAT I CAN RECALL.
17      Q.   WHILE YOU DON'T RECALL, I UNDERSTAND, SIR,
18  SENDING THIS TYPE OF COMFORT LETTER TO ANY OTHER
19  VENDOR AT THE TIME HE -- DON'T RECALL BY NAME -- DO
20  YOU BELIEVE THAT YOU DID SEND LETTERS LIKE THIS
21  COMFORT LETTER TO OTHER VENDORS AT THAT TIME?
22      A.   YES.
23      Q.   WHO IS NONI VITOLS, V I T O L S?  I MAY BE
24  MISPRONOUNCING IT.
25      A.   I HAVE NO IDEA.
```

Inacom vs. Tech Data                    3/2/2005                    WILLIAM FRANCIS

Page 39

```
 1   IN THE BUSINESS WORLD BUT LET ME GIVE IT A TRY THIS
 2   WAY:
 3            DID THE TRANSITION TEAM MEET ON A FORMAL
 4   BASIS WHERE THERE HAD TO BE A CERTAIN MINIMUM NUMBER
 5   OF PEOPLE BEFORE A MEETING COULD CONVENE?
 6       A.   NO, THERE WAS NO REQUIRED MINIMUM QUORUM-
 7   TYPE SITUATION THAT I'M AWARE OF.
 8       Q.   DID PEOPLE MEET AND HAVE MINUTES OF THEIR
 9   MEETINGS TAKEN BY A SECRETARY OR SOME RECORDING
10   PERSON?
11       A.   I DO NOT RECALL ANY RECORDING PERSON. THE
12   INDIVIDUALS TOOK THEIR OWN NOTES REGARDING THEIR
13   SPECIFIC AREAS OF RESPONSIBILITY BUT THAT'S THE
14   EXTENT THAT I CAN RECALL.
15            MR. HUNT:  I WOULD LIKE TO, MADAM
16       REPORTER, ASK THAT BE MARKED AS THE NEXT
17       EXHIBIT 4, PLEASE.
18            (FRANCIS EXHIBIT NO. 4 WAS MARKED BY THE
19   REPORTER.)
20   BY MR. HUNT:
21       Q.   WOULD YOU PLEASE LOOK AT EXHIBIT 4, MR.
22   FRANCIS.
23       A.   OKAY.
24       Q.   AND FOR THE BENEFIT OF THE ATTORNEYS ON
25   THE PHONE, I'LL SAY THAT EXHIBIT 4 IS A LETTER
```

Case 1:04-cv-00583-GMS    Document 145-4    Filed 04/26/2006    Page 15 of 16

Inacom vs. Tech Data                3/2/2005                WILLIAM FRANCIS

Page 40

```
 1  FROM -- APPEARS TO BE A LETTER FROM MR. FRANCIS AT
 2  COMPAQ TO TECH DATA CORPORATION DATED FEBRUARY -- IS
 3  THAT 17, MR. FRANCIS?
 4       A.   16.
 5       Q.   FEBRUARY 16, 2000.
 6       A.   RIGHT.
 7       Q.   CAN YOU IDENTIFY WHETHER THAT'S YOUR
 8  SIGNATURE ON THE LETTER, MR. FRANCIS?
 9       A.   YES, IT IS.
10       Q.   DOES THE LETTER APPEAR TO BE SIMILAR TO
11  WHAT WAS MARKED AS EXHIBIT 1, THE LETTER DATED
12  FEBRUARY 16 FROM YOURSELF TO LEXMARK INTERNATIONAL?
13       A.   YES.
14       Q.   SO SOME OF THE QUESTIONS I MAY HAVE MAY
15  APPEAR TO BE REDUNDANT AND I APOLOGIZE IN ADVANCE FOR
16  THAT.
17            DID YOU RECEIVE THIS FORM OF LETTER AS
18  WELL FROM AND AT THE REQUEST OF MR. FRASCA?
19       A.   I DON'T RECALL.  I DON'T RECALL WHETHER HE
20  ACTUALLY SENT ME THE ENTIRE LETTER OR JUST GAVE ME
21  THE ADDRESS AND THE CONTACT THAT WE WOULD USE.
22       Q.   DO YOU RECALL WHETHER YOU WOULD THEN HAVE
23  DRAFTED THIS LETTER YOURSELF IF IT WASN'T GIVEN TO
24  YOU BY SOMEONE ELSE?
25       A.   NO.  THIS WAS -- AS I MENTIONED EARLIER,
```

Case 1:04-cv-00583-GMS    Document 145-4    Filed 04/26/2006    Page 16 of 16

Inacom vs. Tech Data                    3/2/2005                    WILLIAM FRANCIS

Page 52

1    A.    WELL, THEY WEREN'T, AS FAR AS I KNEW AT
2  THE TIME.
3    Q.    I BELIEVE YOU TESTIFIED EARLIER THAT THE
4  COMFORT LETTER TO LEXMARK, THE ONE THAT YOU
5  SPECIFICALLY REMEMBER, YOU PUT THAT IN THE MAIL
6  YOURSELF OR ARRANGED FOR IT TO BE MAILED YOURSELF.
7         DID YOU AUTHORIZE ANYBODY ELSE TO SEND THE
8  OTHER COMFORT LETTERS?
9    A.    NO.
10   Q.    SO TO YOUR KNOWLEDGE THE PERSON WHO SENT
11 ALL THE COMFORT LETTERS WAS YOU.
12   A.    I OR MY ADMIN, YES.  LET ME CLARIFY THAT.
13 THOSE THAT I SIGNED.
14   Q.    UNDERSTOOD.  DO YOU RECALL WHETHER YOU
15 EVER SIGNED A COMFORT LETTER ADDRESSED TO LOGICARE OR
16 RESILIEN?
17   A.    I, I DON'T RECALL.
18   Q.    YOU DON'T RECALL ONE WAY OR THE OTHER.
19   A.    THAT'S CORRECT.
20   Q.    THE EXHIBIT NO. 2 IS ADDRESSED TO -- OR IT
21 SAYS, "DEAR CHRIS AND BILL".  DO YOU HAVE ANY IDEA
22 WHO CHRIS AND BILL ARE?
23   A.    NO.
24   Q.    DID THE SIGNED COMFORT LETTERS THAT YOU
25 RECALL SENDING OUT GO ON CUSTOM EDGE LETTERHEAD?