# ATTACHMENT 8

FOCUS - 18 of 342 DOCUMENTS

CORINTHIAN T. CUFFEE, Appellant v. DOVER WIPES COMPANY, an
Ohio Corporation; PROCTER & GAMBLE CO., an Ohio Corporation

NO. 05-2457

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

*163 Fed. Appx. 107; 2006 U.S. App. LEXIS 462*

January 4, 2006, Submitted Under Third Circuit LAR 34.1(a)
January 9, 2006, Filed

**NOTICE:** [**1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** On Appeal From the United States District Court For the District of Delaware. (D.C. Civ. No. 03-cv-00276). District Judge: Honorable Sue L. Robinson. *Cuffee v. Dover Wipes Co., 2005 U.S. Dist. LEXIS 7300 (D. Del., Apr. 27, 2005)*

**COUNSEL:** CORINTHIAN T. CUFFEE, Appellant, Pro se, Felton, DE.

For DOVER WIPES CO, an Ohio Corporation, PROCTER & GAMBLE CO, an Ohio Corporation, Appellees: Barry M. Willoughby, Michael P. Stafford, Young, Conaway, Stargatt & Taylor, Wilmington, DE.

**JUDGES:** Before: MCKEE, FUENTES AND NYGAARD, Circuit Judges.

**OPINION:** [*108] PER CURIAM

Corinthian Cuffee appeals the District Court's order denying his motions for a new trial. Cuffee filed a complaint in the District Court for the District of Delaware alleging several claims of employment discrimina-

tion. After the District Court granted summary judgment on several claims in favor of the appellees, a trial was held on his claims under the Equal Pay Act (EPA), Title VII, and *42 U.S.C. § 1981*. The jury found in favor of the appellees on all claims. Cuffee filed motions [*109] for a new trial which the District Court [**2] denied. Cuffee filed a timely notice of appeal, and we have jurisdiction under *28 U.S.C. § 1291*.

On appeal, Cuffee argues that the District Court allowed the appellees to exercise a peremptory challenge based on race in violation of *Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986)*. He further contends that the District Court erred in allowing the admission of appellees' job classification system. Finally, Cuffee asserts that fundamental fairness requires that he been given a new trial because his attorneys were ineffective.

We review the District Court's finding that there was no intentional discrimination in the exercise of peremptory challenges for clear error. *Forrest v. Beloit Corp., 424 F.3d 344 (3d Cir. 2005)*. Because the District Court's finding depends largely on the credibility and demeanor of the attorney exercising the peremptory strike, the finding is entitled to consider-

163 Fed. Appx. 107, *; 2006 U.S. App. LEXIS 462, **

able deference. It will not be over-turned unless "it is completely devoid of minimum evidentiary support displaying some hue of credibility, . . . or bears no rational relationship to the supportive evidence." *Id at 350.* **[**3]** (citation omitted). Appellees' counsel explained that he struck the juror at issue because "he's a factory worker and in this case I don't think that's the kind of juror that I want. So I did this before he even got here, before he was even selected. I didn't know what his race was . . . ." Tr. 10/12/04 at 29. Appellees used their three strikes on jurors with occupational backgrounds similar to Cuffee. The District Court was able to observe the demeanor of the appellees' counsel, and there is evidence to support its finding that the appellees did not exercise a peremptory challenge based on race. The District Court did not commit clear error in finding that

Cuffee had not carried his burden to show a violation of Batson.

The District Court's admission of evidence is reviewed for an abuse of discretion. *Forrest, 424 F.3d at 344.* The admission of the evidence of appellees' job classification system was not an abuse of discretion. The evidence was relevant to appellees' defense and was not unfairly prejudicial to Cuffee. As for Cuffee's dissatisfaction with his attorneys' performance, the District Court did not abuse its discretion in denying Cuffee a new trial **[**4]** on that ground because civil litigants do not have a right to effective counsel. See *Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980).*

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment.