IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INACOM CORP., *et al.*, | Bankruptcy Case No. 00-2426 (PJW) |
| Debtors. | |
| INACOM CORP., on behalf of all affiliated debtors, | Civil Action No. 04-CV-583 (GMS) |
| Plaintiff, | |
| vs. | |
| INTERNATIONAL, INC., | |
| Defendant. | |
| LEXMARK INTERNATIONAL, INC., | |
| Third-Party Plaintiff, | |
| vs. | |
| COMPAQ COMPUTER CORP., ITY CORP., and CUSTOM EDGE, INC., | |
| Third-Party Defendants. | |

**HEWLETT-PACKARD COMPANY'S REPLY BRIEF
IN SUPPORT OF ITS OBJECTION TO EVIDENCE OF
<u>LETTERS DIRECTED TO THIRD PARTIES</u>**

FRIEDMAN DUMAS &
  SPRINGWATER LLP

Ellen A. Friedman
Cecily A. Dumas
Gail S. Greenwood
Brandon C. Chaves
150 Spear Street, Suite 1600
San Francisco, CA 94105
(415) 834-3800

MORRIS, NICHOLS, ARSHT &
  TUNNELL LLP

William H. Sudell, Jr. (No. 463)
Derek C. Abbott (No. 3376)
Daniel B. Butz (No. 4227)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

Attorneys for Defendant
Hewlett-Packard Company

May 3, 2006

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| SUMMARY OF ARGUMENT | 1 |
|     A. Letters Directed To Third Parties Are Not Relevant To Lexmark's Claims For Breach Of Contract And Detrimental Reliance. | 1 |
|     B. Third Party Letters Are Not Relevant To Rebut Parole Evidence Because Held Checks Were Excluded Under The Plain Terms Of The Compaq Letter. | 2 |
|     C. Lexmark's Sales Team Understood That Inacom Remained Responsible For Held Checks, Continued To Pursue Payment From Inacom, And Received Payment From Inacom. | 3 |
| CONCLUSION | 4 |

# TABLE OF CITATIONS

|  | Page(s) |
|---|---|
| **Cases** | |
| *Cf. United States v. Reilly* <br> 33 F. 3d 1396 (3d Cir. 1994) | 2 |
| *Continental Ins. Co. v. Rutledge & Co., Inc.* <br> 750 A. 2d 1219 (Del. Ch. 2000) | 2 |
| **Statutes** | |
| Restatement (Second) of Contracts § 202 (1981) | 3 |

## **SUMMARY OF ARGUMENT**

Lexmark seeks to introduce letters that were directed to third parties, Tech Data Corporation and Logicare, Inc., to support its claims against Compaq Computer Corp. ("Compaq") for alleged breach of contract and promissory estoppel. The third party letters are irrelevant and should be excluded because, as a matter of law, they did not form any part of Lexmark's contract with Compaq and were not the subject of detrimental reliance.

Contrary to Lexmark's argument, the third party letters are not relevant to rebut parole evidence because Lexmark was unaware of the letters until discovery in connection with Inacom's preference action. Regardless of any purported understanding of Compaq's letter dated February 16, 2000 ("Compaq Letter") by Tech Data or Logicare, it did not form the basis of a contract between Compaq and Lexmark. The fact remains that after its receipt of the Compaq Letter, Lexmark continued to seek payment for held checks from Inacom and ultimately received payment from Inacom.

A. **Letters Directed to Third Parties Are Not Relevant to Lexmark's Claims For Breach of Contract and Detrimental Reliance.**

Lexmark argues that Tech Data's understanding of a letter from Compaq somehow supports its claims for breach of contract and detrimental reliance. Lexmark seeks to bolster its own misreading of the Compaq Letter with that of Tech Data. The letter directed to Tech Data is irrelevant because communications between Tech Data and Compaq did not form the basis for any contract between Lexmark and Compaq. Letters directed to Logicare, Inc. from Compaq, including an unsigned letter from Bill Francis

that Lexmark cannot authenticate,[1] are likewise irrelevant to a claim for breach of contract between Lexmark and Compaq.

The third party letters are also irrelevant to Lexmark's claim of detrimental reliance because Lexmark was unaware of the letters, or of the third parties' purported interpretations, prior to litigation. To succeed on a claim for promissory estoppel, the promisee must prove by clear and convincing evidence 1) that the promisor made a clear and definite promise, 2) with the intent to induce action or forbearance, 3) that the promisee actually relied on the promise, and 4) that the promisee suffered an injury. *Continental Ins. Co. v. Rutledge & Co., Inc.,* 750 A. 2d 1219, 1233 (Del. Ch. 2000) (denying promissory estoppel because statements did not amount to promises on which defendant could rely). Compaq's actions vis a vis third parties, and any representations made to the third parties with respect to liabilities that had been assumed under the asset purchase agreement with Inacom, did not affect Lexmark's alleged understanding or reliance on the Compaq Letter.

### B. Third Party Letters Are Not Relevant to Rebut Parole Evidence Because Held Checks Were Excluded Under the Plain Terms of the Compaq Letter.

Third party letters are not relevant to rebut parole evidence because held checks were excluded under the plain terms of the Compaq Letter. HP is not seeking to "rewrite" the terms of the Compaq letter with parole evidence, as alleged by Lexmark.

---

[1] Compaq disputes that Lexmark has presented sufficient evidence to authenticate a letter to Logicare, Inc. from Bill Francis (Lexmark's Apx. 267). Francis denies any knowledge of the letter, and there is no evidence that it was sent or received. *Cf. United States v. Reilly,* 33 F. 3d 1396, 1408 (3d Cir. 1994) (discussing circumstantial evidence supporting authentication, including reply doctrine) (cited by Lexmark).

The Court must look to the meaning of the words in light of the circumstances as they existed at the time of the contract. Restatement (Second) of Contracts § 202 (1981). The plain terms of the Compaq Letter exclude any liability for held checks.

Lexmark argues that the following sentence constitutes an unambiguous promise by Compaq to assume all liabilities owed by Inacom to Lexmark: "In connection with such purchase, Custom Edge, Inc. also assumed the obligation to pay all of the outstanding amount on the referenced account, subject to the terms and conditions of such account." The referenced account is "Account Payable #117403 of Inacom Corporation." It is a fundamental principle of accounting that once a check is issued for an invoice, the invoice is no longer listed as an account payable. Checks that have been written are not among accounts payable. Lexmark was fully aware that Inacom's treasurer was holding in a drawer checks that were payable to Lexmark to be released after Inacom completed its sale of assets. (Trial Exh. 7; Kendrick Depo. at 71:1-11 and Schuette Depo. at 70:13-72:9). Testimony by members of Lexmark's sales team is consistent with terms of the letter and simply demonstrates their understanding that Compaq assumed Inacom's open accounts payable and Inacom remained responsible for held checks that were payable to Lexmark.

   C. **Lexmark's Sales Team Understood That Inacom Remained Responsible For Held Checks, Continued To Pursue Payment From Inacom, and Received Payment From Inacom.**

Lexmark's sales team understood that Compaq did not assume liability for checks that were held by Inacom and payable to Lexmark in connection with the asset purchase agreement. The purported understandings of third parties regarding held checks are unnecessary for purposes of concluding that Lexmark did not detrimentally rely on the Compaq Letter.

Lexmark's most knowledgeable witness regarding the Inacom account, Robert Kendrick (Vice President of Sales for North America) testified that the Compaq Letter was not an assumption of held check liabilities and was instead a guarantee of payment for future liabilities. (Kendrick Depo. at 100:1-19 and 111:2-20) ("Q: Was it your understanding that Compaq would assume the liability for payment of amounts that were reflected by held checks? A: Not in my mind…"). It is undisputed that Lexmark continued to pursue payment of held checks from Inacom after its receipt of the Compaq Letter, and that Lexmark ultimately received payment from Inacom. (Kendrick Depo at 101:2-5; Sarkisian Trial Testimony at 42:17-21). Lexmark merely seeks to re-interpret the Compaq Letter as part of a litigation strategy to reduce losses arising from Inacom's bankruptcy and preference action against Lexmark.

## CONCLUSION

Letters directed to Tech Data and Logicare from Compaq are irrelevant to Lexmark's breach of contract and promissory estoppel claims, and should be excluded on procedural grounds. In addition, the letters should be rejected on factual grounds because they fail to support Lexmark's claims that it detrimentally relied on an understanding that Compaq had assumed all liabilities of Inacom, including liabilities for held checks.

For the foregoing reasons, HP requests that the Court exclude any evidence of letters directed to third parties from Compaq.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        /s/ DCB
        _____
        William H. Sudell, Jr. (No. 463)
        Derek C. Abbott (No. 3376)
        Daniel B. Butz (No. 4227)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE 19899-1347
        Telephone: (302) 658-9200
        Facsimile: (302) 658-3989

        - and –

        FRIEDMAN DUMAS & SPRINGWATER LLP
        Ellen A. Friedman
        Cecily A. Dumas
        Gail S. Greenwood
        Brandon C. Chaves
        150 Spear Street, Suite 1600
        San Francisco, CA 94105
        (415) 834-3800

        Attorneys for Defendant
        Hewlett-Packard Company

May 3, 2006

518724