UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| INACOM CORP., *et al.*, ) | |
| ) | Lead Case No. 00-02426 (PJW) |
| Debtors. ) | |
| _____) | |
| ) | |
| INACOM CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 04-CV-583 (GMS) |
| v. ) | |
| ) | |
| LEXMARK INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |
| ) | |
| LEXMARK INTERNATIONAL, INC., ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COMPAQ COMPUTER CORP., ITY ) | |
| CORP., and CUSTOM EDGE, INC., ) | |
| ) | |
| Third Party Defendants. ) | |
| _____) | |

## **ORDER**

1.  On June 16, 2000, Inacom Corp. ("Inacom") and its Affiliate Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. (See D.I. 29, at 2.) Thereafter, Inacom filed an adversary proceeding complaint against Lexmark International, Inc. ("Lexmark"), alleging that Lexmark received payments from it within

    the ninety day period preceding the filing of its bankruptcy petition and, as such, it was entitled to avoid and recover those payments as preferences pursuant to 11 U.S.C. §§ 547 and 550. (See id.) Lexmark answered the complaint and filed a third-party complaint against ITY Corp. ("ITY"), Custom Edge Inc. ("Custom Edge"), Compaq Computer Corp. ("Compaq"), and Hewlett-Packard Company ("HP"),[1] seeking reimbursement should the court determine that Inacom can recover the payments the defendants made to it. (See D.I. 26, at 4-5.)[2]

2.    The court held a bench trial of Lexmark's third party complaint against HP on February 16, 2006. (D.I. 121.) On March 31, 2006, HP filed a motion (D.I. 140), asking the court to strike the trial testimony of Kevin Sarkisian ("Sarkisian") regarding his alleged understanding of a letter dated February 16, 2000 from Bill Francis of Compaq to Misty Atchison of Lexmark (the "Letter").[3]

3.    The Letter was sent after Sarkisian learned that Inacom was delinquent in payment on its accounts payable with Lexmark in December, 1999. (D.I. 121, at 7:15-17.) The Letter states that Compaq "assumed the obligation to pay all of the outstanding amount on the

---

[1] After Lexmark filed its third-party complaint, ITY changed its name to Custom Edge and was merged with Compaq, Compaq being the surviving company. Subsequently, Compaq was merged with HP, HP being the surviving company and successor in interest for ITY, Custom Edge, and Compaq. The issues relevant to this motion involve events taking place prior to the HP merger. Thus, the court will refer to Compaq and HP interchangeably as the third-party defendant.

[2] Inacom subsequently settled its claim with Lexmark. Thus, only Lexmark's third-party claim against HP remains in this action.

[3] HP withdrew a previous motion *in limine*, reserving the right to object after Sarkisian completed his trial testimony. (D.I. 71, D.I. 140, at 2.) HP now renews the substance of the motion *in limine,* claiming that Sarkisian "lacks any personal knowledge of the letter at issue and his testimony constitutes improper opinion." (D.I. 140, at 2.)

referenced account, subject to the terms and conditions of such account." (D.I. 142, at 2.) At trial, Sarkisian testified that, "[a]s [he] recall[s], since we received the letter from Compaq [now HP] it gave us a great deal of comfort knowing that they were going to be responsible for that payment – for those amounts due from Inacom." (D.I. 121, at 46:3-7.) Sarkisian further testified that, "Inacom . . . continued to make promises to pay. And we felt if they didn't pay us, then we could go back and ask Compaq to pay based on this letter." (Id. at 46:8-10.) According to Sarkisian, Lexmark "continued to ship because [he] got a letter from Compaq saying that they would be responsible." (Id. at 47:10-11.)

4. Federal Rule of Evidence 602 states in pertinent part: "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony." Fed. R. Evid. 602.

5. Evidentiary decisions are in the sound discretion of the district court, as the court's "determinations concerning the admissibility of evidence are reviewed for an abuse of discretion." *Forrest v. Beloit Corp.*, 424 F.3d 344, 349 (3d Cir. 2005).

6. HP contends that Sarkisian's testimony should be stricken, because it is not based on any personal knowledge. (D.I. 140, at 2.) HP's contention rests on the fact that Sarkisian, U.S. Credit Manager of Lexmark, and his department had no contact of any kind with Inacom or Compaq regarding Inacom's delinquent account. (Id. at 3.) Further, HP believes that Sarkisian's interpretation of the Letter is opposed to the interpretation of the Letter given by Messrs. Kendrick and Schuette, individuals on Lexmark's sales team who had communications with Inacom, and were responsible for the Inacom account and

3

       collections of outstanding receivables. (Id.)

7. Conversely, Lexmark believes Sarkisian's testimony establishes that the Letter confirmed that Compaq would pay anything that was due on Inacom's accounts payable with Lexmark. (D.I. 142, at 4.) Sarkisian considered the Letter an assurance of payment and as a result, continued the flow of products despite the fact that Inacom was delinquent in payment on its accounts payable. (Id. at 4-5.) Lexmark contends that Sarkisian has the necessary personal knowledge to give testimony on his reliance upon the Letter, and his testimony does not contradict that of Lexmark's sales team.

8. After having considered the parties' submissions (D.I. 140, 142, 143) and relevant law, the court will deny Lexmark's motion to strike. It is of little or no import that Sarkisian had no communications with Inacom and Compaq. Sarkisian's testimony demonstrates that, given his reading of the Letter, he was under the impression that Compaq had assumed Inacom's obligations. Sarkisian relied upon the Letter and continued to ship goods to Inacom on credit. Sarkisian, therefore, has the personal knowledge necessary according to Rule 602 to testify regarding his understanding of the Letter and the reliance he placed upon it.

Therefore, IT IS HEREBY ORDERED that:

1.  Hewlett-Packard Company's Motion To Strike Testimony of Kevin Sarkisian (D.I. 140) is DENIED.

Dated: March 29, 2007                                /s/ Gregory M. Sleet
                                                                                          UNITED STATES DISTRICT JUDGE